UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEADENHALL CAPITAL PARTNERS LLP and LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC,<br><br>  Plaintiffs,<br><br>vs.<br><br>JOSH WANDER, STEVEN PASKO, KENNETH KING, 777 PARTNERS LLC, 600 PARTNERS LLC, SPLCSS III LLC, SIGNAL SML 4 LLC, INSURETY AGENCY SERVICES LLC, DORCHESTER RECEIVABLES II LLC, SUTTONPARK CAPITAL LLC, SIGNAL MEDICAL RECEIVABLES LLC, INSURETY CAPITAL LLC, SUTTONPARK SERVICING LLC, SIGNAL SERVICING LLC, INSURETY SERVICING LLC, and ADVANTAGE CAPITAL HOLDINGS LLC,<br><br>  Defendants. | Civil Action No. 1:24-cv-03453<br><br>[PROPOSED] ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER |

Upon the Complaint by Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (together, "Leadenhall" or "Plaintiffs"); the accompanying declarations of Craig Gillespie, Phil Kane, Luca Albertini, and Leigh M. Nathanson; and the Memorandum of Law in Support of Plaintiffs' Application for a (i) Temporary Restraining Order, and (ii) a Receivership or, Alternatively, a Preliminary Injunction, all annexed thereto, it is

**ORDERED**, that Defendants 777 Partners LLC ("777 Partners"), 600 Partners LLC ("600 Partners"), SPLCSS III LLC (the "SuttonPark Borrower"), Dorchester Receivables II LLC (the "Dorchester Borrower"), Signal SML 4 LLC (the "Signal Borrower"), Insurety Agency Services

LLC (the "Insurety Borrower," and together with the other above-referenced Defendants, the "Borrowers and Guarantors"[1]) show cause before this Court, at Room __, United States Courthouse, 500 Pearl Street, New York County, New York, on the ___ of _____, 2024, at _____ a.m./p.m., why an Order shall not be entered:

(1) Appointing a receiver pursuant to Rule 66 of the Federal Rules of Civil Procedure with the power to:

(A) take possession, custody, and control of any assets pledged as collateral by the Borrowers to Leadenhall under the Loan and Security Agreement dated May 7, 2021;

(B) to the extent the value of the assets pledged as collateral to Leadenhall by the Borrowers is less than the outstanding debt which Leadenhall accelerated on March 15, 2024 ($609,529,966.82 or the "Accelerated Debt"), take possession, custody, and control of any cash or cash equivalents owned by the Borrowers and Guarantors sufficient to cover the full amount of the Accelerated Debt;

(C) to the extent the value of (i) the assets pledged as collateral to Leadenhall by the Borrowers, plus (ii) any cash or cash equivalents owned by the Borrowers and Guarantors is insufficient to cover the full amount of the Accelerated Debt, take possession, custody, and control of the proceeds of any sale or transaction by the Borrowers and Guarantors sufficient to cover the full amount of the Accelerated Debt;

---

[1] "Borrowers and Guarantors" as used herein includes any and all affiliates, agents, employees, and attorneys of, and any and all persons who are in active concert or participation with, 777 Partners, 600 Partners, the SuttonPark Borrower, the Dorchester Borrower, the Signal Borrower, and the Insurety Borrower.

(D) prevent the Borrowers and Guarantors from taking any action to dissipate the value of their assets, including by transferring assets to any other Defendant[2];

(E) provide notice to Leadenhall to the extent any Defendant makes any attempt to foreclose on, repossess, or exercise remedial action against the assets of the Borrowers and Guarantors and/or prevent any Defendant from foreclosing on, repossessing, or exercising remedial actions against the assets of the Borrowers and Guarantors;

(2)   In the alternative to appointing a receiver pursuant to paragraph (1), issuing a preliminary injunction pursuant to Rule 64 or 65 of the Federal Rules of Civil Procedure which:

(A) prohibits selling, transferring, converting, pledging, or encumbering the assets pledged as collateral by the Borrowers to Leadenhall under the Loan and Security Agreement dated May 7, 2021;

(B) to the extent the value of the assets pledged as collateral by the Borrowers to Leadenhall is less than the full amount of the Accelerated Debt, prohibits the expenditure or dissipation of any cash or cash equivalents owned by the Borrowers and Guarantors sufficient to cover the full amount of the Accelerated Debt;

(C) to the extent the value of (i) the assets pledged as collateral by the Borrowers, plus (ii) the value of any cash or cash equivalents owned by the Borrowers and Guarantors is insufficient to cover the full amount of the Accelerated Debt, prohibits the expenditure or dissipation by the Borrowers and Guarantors of any cash or cash equivalents received from any sale or transaction up to the full amount of the Accelerated Debt;

---

[2] "Defendant" or "Defendants" as used herein includes any and all affiliates, agents, employees, attorneys of, and any and all persons who are in active concert or participation with, the individuals or entities named as defendants in the Complaint.

(D) prohibits the Borrowers and Guarantors from taking any action to dissipate the value of their assets, including by transferring assets to any Defendant;

(E) requires the Borrowers and Guarantors to provide notice to Leadenhall of any attempt by any Defendant to foreclose on, repossess, or exercise remedial actions against the assets of the Borrowers and Guarantors and/or prevent any Defendant from foreclosing on, repossessing, or exercising remedial actions against the assets of the Borrowers and Guarantors;

**FURTHER ORDERED** that pending a hearing and decision on the Order to Show Cause, the Borrowers and Guarantors are enjoined from committing any of the acts set forth in paragraph (2) above; and it is

**FURTHER ORDERED** that the Borrowers and Guarantors shall file and serve their answering papers, if any, so as to be received by the Court and Plaintiffs' counsel by 5:00 p.m. ET on May ___, 2024; and it is

**FURTHER ORDERED** that Plaintiffs shall file and serve their reply papers, if any, so as to be received by the Court and defense counsel by 5:00 p.m. ET May ___, 2024; and it is

**FURTHER ORDERED** that service of this Order and all papers submitted in support of Plaintiffs' application, by email or overnight delivery and addressed to the Defendants or their respective counsel, within one (1) day of the date hereof, shall be deemed good and sufficient service thereof.

Issued at New York, New York on May ___, 2024, at _____ a.m/p.m.

_____
United States District Judge