UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------- X
:
LEADENHALL CAPITAL PARTNERS LLP :
and LEADENHALL LIFE INSURANCE :
LINKED INVESTMENTS FUND PLC, : Civil Action No. 1:24-CV-03453
:
Plaintiffs, :
: ECF Case
v. :
:
JOSH WANDER, STEVEN PASKO, :
KENNETH KING, 777 PARTNERS LLC, 600 :
PARTNERS LLC, SPLCSS III LLC, SIGNAL :
SML 4 LLC, INSURETY AGENCY SERVICES :
LLC, DORCHESTER RECEIVABLES II LLC, :
SUTTONPARK CAPITAL LLC, SIGNAL :
MEDICAL RECEIVABLES LLC, INSURETY :
CAPITAL LLC, SUTTONPARK SERVICING :
LLC, SIGNAL SERVICING LLC, INSURETY :
SERVICING LLC, and ADVANTAGE :
CAPITAL HOLDINGS LLC :
:
Defendants. :
----------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO INTERVENE**

National Founders LP ("National Founders"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion to intervene.

## PRELIMINARY STATEMENT

Plaintiffs, without any advance notice to National Founders, have filed a motion seeking emergency injunctive relief with respect to assets as to which Plaintiffs acknowledge that National Founders has a substantial interest. Indeed, Plaintiffs' Complaint alleges that Plaintiffs "double-pledged" approximately $185 million of collateral to Plaintiffs and National Founders. National Founders now understands that a hearing on Plaintiffs' emergency motion has been scheduled for May 14, 2024, at 4:30 p.m. National Founders has a right to be heard with respect to Plaintiffs' motion and to participate in further proceedings in this action because it meets all the requirements of Fed. R. Civ. P. 24(a)(2): (1) it is making a timely request; (2) it has an interest in the property that is the subject of the action; (3) that interest may be impaired; and (4) its interests are not adequately represented by the current parties.

Accordingly, National Founders respectfully requests the Court's permission to intervene in this action.

## FACTUAL BACKGROUND

### A. The Parties to the Action

On information and belief, Plaintiffs are secured creditors of four borrowers, the parent entities of which are Defendants 777 Partners LLC and 600 Partners LLC. For additional information regarding the parties to the action, National Founders respectfully refers to the pleadings and other filings in this action, including the Complaint and Plaintiffs' motion for emergency relief. Dkt. Nos. 1 and 57.

B. The Proposed Intervenor

National Founders is a Delaware limited partnership with its principal place of business in Delaware. The Complaint alleges that Defendant 777 Partners LLC (or one or more subsidiaries thereof) pledged assets to "Credigy" in the amount of approximately $185 million that it also had pledged to Plaintiffs. Compl. ¶ 10. "Credigy," as alleged in the Complaint, is a general reference to the Credigy consolidated group. With respect to the pledged assets at issue, "Credigy" is a reference to National Founders, which is a wholly owned subsidiary within the Credigy consolidated group and ultimately wholly owned by the National Bank of Canada. National Founders is a secured lender with respect to the approximately $185 million of assets referenced in the Complaint.

C. Plaintiffs' Complaint and Motion for Injunction

On May 3, 2024, Plaintiffs filed a Complaint asserting various causes of action against the Defendants. Dkt. 1 On May 13, 2024, Plaintiffs filed a motion seeking a temporary restraining order and the appointment of a receiver. Dkt. 57. A hearing on Plaintiffs' motion is scheduled for May 14, 2024, at 4:30 p.m. Dkt. 63.

## ARGUMENT

I. **NATIONAL FOUNDERS IS ENTITLED TO INTERVENE AS OF RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(A)**

Federal Rule of Civil Procedure 24(a) provides in relevant part:

> On timely motion, the court must permit anyone to intervene who: … (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The standard for intervention as a matter "of right" is well established. In order to intervene as of right under Rule 24(a), a movant must "(1) timely file an application, (2) show an interest in

the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *New York News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992) (citation omitted).

Rule 24 is to be construed liberally. *See Int'l Equity Inv. Inc. v. Opportunity Equity Partners Ltd.*, No. 05 Civ. 2745, 2010 WL 779314, at *2 (S.D.N.Y. Mar 2, 2010). "When considering a motion to intervene, the court 'must accept as true the non-conclusory allegations of the motion.'" *Bay Casino, LLC v. MIV Royal Empress*, 199 F.R.D. 464, 466 (E.D.N.Y. 1999) (citation omitted). "[A]ll reasonable doubts should be resolved in favor of allowing the absentee, who has an interest different from that of any existing party, to intervene so that he may be heard in his own behalf." 7C Charles A. Wright, et al., Federal Practice and Procedure: Civil 3d §1909 (2012).[1]

Here, National Founders satisfies all requirements for intervention as of right.

A. <u>This Motion to Intervene Is Timely</u>

In this Circuit, timeliness is evaluated based on "(a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to [the] applicant if the motion is denied; and

---

[1] Rule 24(c) provides that a movant's intervention application "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Here, this memorandum of law clearly states the grounds for intervention. Given the early stages of this proceeding and Plaintiffs' request for emergency relief, National Founders submits that no formal "pleading" should be required for purposes of intervention. *See Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002) ("In general, Rule 24(c) requires the submission of a formal motion and supplemental pleadings in order to trigger the motion. Where, however, the position of the movant is apparent from other filings and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements."); *Nelson v. Greenspoon*, 103 F.R.D. 118, 121 (S.D.N.Y. 1984) ("[Movant] has not met the formalities required by Rule 24(c); however, denying its motion on that ground would exalt form over substance.").

3

(d) presence of unusual circumstances militating for or against a finding of timeliness." *United States v. New York*, 820 F.2d 554, 557 (2d Cir. 1987). Evaluation of an application's timeliness must be based on "the totality of the circumstances before the court" and involves an exercise of the trial court's discretion. *Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agri. and Markets*, 847 F.2d 1038, 1044 (2d Cir. 1988).

National Founders has taken prompt action to intervene in this case upon learning of the filing of the Complaint and emergency motion. Plaintiffs filed the Complaint on May 3, 2024 and filed the emergency motion on May 13, 2024. National Founders filed this instant motion the very next morning. Such promptness easily satisfies the timeliness standard. *See*, *e.g.*, *Herdman v. Town of Angelica*, 163 F.R.D. 180, 185 (W.D.N.Y. 1995) (motion timely when filed 10 weeks after complaint and after substantive motions filed); *Williston v. Feliz*, No. 04 Civ. 4454 (RWS), 2005 WL 1669008, at *2 (S.D.N.Y. July 14, 2005) ("[S]ince no answers have been filed and no discovery had, the proposed intervention will not delay the proceedings or prejudice the [opposing party].").

Moreover, given that this action was just filed, there is no risk of prejudice or delay to the parties. National Founders is prepared to participate in the May 14, 2024 show cause hearing concerning Plaintiffs' emergency motion. The prejudice to National Founders, should intervention be denied, however, is apparent and substantial. As discussed further below, National Founders has a direct interest in the very assets as to which relief is being sought.

B. National Founders Has a Legally Protectable Interest in this Action

The type of interest necessary to support intervention under Rule 24(a) is one which is "direct, substantial, and legally protectable." *Brennan v. New York City Board of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001). In contrast, an interest will be insufficient if it is "remote from the subject matter of the proceeding[] or … is contingent upon the occurrence of a sequence of

events before it becomes colorable." *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990). Here, the Court's adjudication of the dispute undoubtedly will have a direct, immediate and substantial effect on National Founders' rights with respect to, at least, the "double-pledged" collateral that is the subject of Plaintiffs' Complaint. *See*, *e.g.*, ¶ 10 ("Leadenhall discovered that over 1,600 assets worth approximately $185 million, which 777 Partners had purportedly pledged to Leadenhall, had in fact been 'double-pledged' – *i.e.*, the same collateral had been pledged to *both* Credigy and Leadenhall.") (emphasis in original). Moreover, Plaintiffs are seeking emergency relief that would prevent Defendants from taking actions that would "dissipate the value of their assets" and would otherwise impose restrictions on Defendants' ability to engage in financial transactions, which could preclude payments owed to National Founders. *See* Dkt. 56 (proposed order to show cause and temporary restraining order).

Plainly, National Founders has a direct, substantial, and legally protectable interest in the Court's determination. *See CARS (Citizens Against Retail Sprawl) v. U.S. Army Corps of Engineers*, 04-CV-0328E (SR), 2007 WL 2778605, at *3 (W.D.N.Y. Sept. 18, 2007) (granting intervention where rights of intervenor were "directly connected to the outcome of litigation").

### C. The Disposition of this Action May Impair National Founders' Interests

Similarly, National Founders' interests clearly will be impaired if the Court, or a receiver appointed thereby, were to take action with respect to the "double-pledged" assets without providing National Founders an opportunity to be heard. Likewise, National Founders may be affected by the issuance of any injunction, as it may prevent National Founders from being timely paid under its own debt documents.

D. National Founders' Interests May Not Be Adequately Represented

National Founders' interests may not be "adequately represented by the existing parties" (Fed. R. Civ. P. 24(a)) because Plaintiffs and National Founders have different – and possibly competing – interests in the very same assets. As an initial matter, courts hold that a movant's burden of demonstrating inadequate representation is minimal. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n10 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest '*may be*' inadequate; and the burden of making that showing should be treated as minimal.") (emphasis added) (quoting 3B J. Moore, Federal Practice § 24.09 (1969)). Moreover, "[t]he burden of persuasion to demonstrate adequacy of representation falls on the party opposing intervention." *CBS Inc. v. Snyder*, 136 F.R.D. 364, 368 (S.D.N.Y. 1991).

Plaintiffs are seeking to protect no interest other than their own. Indeed, Plaintiffs did not even notify National Founders before seeking emergency relief that could impinge on National Founders' rights. Nor can National Founders reasonably expect any of the Defendants to advocate on National Founders' behalf. But even if there were some overlap in positions, National Founders should have the right to advocate on its own behalf, given its direct, substantial, and legally protectable interest in the assets at issue. *See* 7C Charles A. Wright, et al., Federal Practice and Procedure: Civil 3d §1909 (2012) ("[I]f the absentee's interest is similar to, but not identical with, that of one of the parties, a discriminating judgment is required on the circumstances of the particular case, although *intervention ordinarily should be allowed* unless it is clear that the party will provide adequate representation for the absentee.") (emphasis added); *id.* ("[A]ll reasonable doubts should be resolved in favor of allowing the absentee, who has an interest different from that of any existing party, to intervene so that the absentee may be heard in his own behalf.").

## II. ALTERNATIVELY, NATIONAL FOUNDERS IS ENTITLED TO PERMISSIVE INTERVENTION UNDER RULE 24(B)

Even if this Court were to find that National Founders is not entitled to intervene in this action as a matter of right, the Court should grant permissive intervention pursuant to Federal Rule of Civil Procedure 24(b), which provides, in pertinent part:

> On timely motion, the court may permit anyone to intervene who: … (B) has a claim or defense that shares with the main action a common question of law or fact…. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1)((B) and (3). The timeliness analysis with respect to permissive intervention is the same as for intervention as of right. *See U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 74 (2d Cir. 1994). "The words claim or defense are not to be read in a technical sense, but only require some interest on the part of the applicant." *Dow Jones & Co., Inc. v. U.S. Dept. of Justice*, 161 F.R.D. 247, 254 (S.D.N.Y. 1995) (granting permissive intervention); *see also In re Bank of N.Y. Deriv. Litig.*, 320 F.3d 291, 300 n.5 (2d Cir. 2003) ("Substantially the same factors are considered in determining whether to grant an application for permissive intervention" pursuant to Rule 24(b)).

For the reasons discussed above, National Founders' motion is timely and no party will suffer any prejudice as a result of intervention. Moreover, it is clear that the "claims and defenses" of National Founders, Plaintiffs, and Defendants share common questions of law and fact given that their rights to the very same assets are at issue. Accordingly, not only will intervention *not* result in any prejudice to any party, but it will ensure that the rights of all parties with a significant interest in the matter are represented adequately, and the Court is provided with a complete picture of the issues raised and matters in dispute. *See Consol. Edison, Inc. v.*

*Ne. Utilities*, 57 Fed. R. Serv. 3d 455, at *7 (S.D.N.Y. 2004) ("Allowing [movant] to intervene will promote judicial efficiency, fairness, and finality.").

## CONCLUSION

For the foregoing reasons, the Court should grant National Founders' motion to intervene.

Dated: New York, New York
      May 14, 2024

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ Nicholas P. Crowell
    Nicholas P. Crowell
    ncrowell@sidley.com
    Jon W. Muenz
    jmuenz@sidley.com
    787 Seventh Avenue
    New York, New York 10019
    Telephone: (212) 839-5300

*Attorneys for the proposed Intervenor National Founders LP*