UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X
: 
LEADENHALL CAPITAL PARTNERS LLP :
and LEADENHALL LIFE INSURANCE :
LINKED INVESTMENTS FUND PLC, : Civil Action No. 1:24-CV-03453
:
Plaintiffs, :
: ECF Case
v. :
:
JOSH WANDER, STEVEN PASKO, :
KENNETH KING, 777 PARTNERS LLC, 600 :
PARTNERS LLC, SPLCSS III LLC, SIGNAL :
SML 4 LLC, INSURETY AGENCY SERVICES :
LLC, DORCHESTER RECEIVABLES II LLC, :
SUTTONPARK CAPITAL LLC, SIGNAL :
MEDICAL RECEIVABLES LLC, INSURETY :
CAPITAL LLC, SUTTONPARK SERVICING :
LLC, SIGNAL SERVICING LLC, INSURETY :
SERVICING LLC, and ADVANTAGE :
CAPITAL HOLDINGS LLC :
:
Defendants. :
---------------------------------- X

**MEMORANDUM OF LAW IN LIMITED OPPOSITION TO PLAINTIFFS' APPLICATION FOR (1) A TEMPORARY RESTRAINING ORDER, AND (2) AN ORDER TO SHOW CAUSE FOR A RECEIVER OR, ALTERNATIVELY, A PRELIMINARY INJUNCTION**

i

**PRELIMINARY STATEMENT**

The Court has permitted National Founders LP ("National Founders") to intervene in this action with respect to Plaintiffs' pending application for emergency injunctive relief and for appointment of a receiver (Dkt. 57). National Founders has a substantial interest in this matter given that Defendants are alleged to have "double-pledged" approximately $185 million of collateral to Plaintiffs and National Founders as to which National Founders is the senior secured lender.

National Founders takes no position with respect to the appointment of a receiver, nor is it opposed in principle to the issuance of emergency or preliminary injunctive relief. National Founders submits this limited opposition solely to ensure that, to the extent the Court determines that injunctive relief is warranted, the Court issue relief that is narrowly tailored so as not to prejudice National Founders or other non-party creditors who may be affected by such an order but will not have an opportunity to be heard in connection therewith.

**FACTUAL BACKGROUND**

A.   The Parties to the Action

On information and belief, Plaintiffs are secured creditors of four borrowers, the parent entities of which are Defendants 777 Partners LLC and 600 Partners LLC. For additional information regarding the parties to the action, National Founders respectfully refers to the pleadings and other filings in this action, including the Complaint and Plaintiffs' motion for emergency relief. Dkt. Nos. 1 and 57.

National Founders is a Delaware limited partnership with its principal place of business in Delaware. *See* Declaration of Jason S. Williams ("Williams Decl.") ¶ 3. The Complaint alleges that Defendant 777 Partners LLC (or one or more subsidiaries thereof) pledged assets to "Credigy" in the amount of approximately $185 million that it also had pledged to Plaintiffs.

Compl. ¶ 10 ("Leadenhall discovered that over 1,600 assets worth approximately $185 million, which 777 Partners had purportedly pledged to Leadenhall, had in fact been 'double-pledged' – *i.e.*, the same collateral had been pledged to *both* Credigy and Leadenhall.") (emphasis in original).[1]  "Credigy," as alleged in the Complaint, is a general reference to the Credigy consolidated group.  With respect to the pledged assets at issue, "Credigy" is a reference to National Founders, which is a wholly owned subsidiary within the Credigy consolidated group.  Williams Decl. ¶ 3.

National Founders has provided two financing facilities – the "Volans Facility" and the "Chiller Island Facility" – to defendant 777 Partners LLC and various subsidiaries and affiliates thereof.  *Id*. ¶ 4.  Each of the financing facilities remains outstanding.  *Id*.

Under the Volans Facility, which is most relevant with respect to the purported "double-pledged" collateral, National Founders provided a credit facility secured directly or indirectly by, among other assets, various structured settlement payment rights, lottery prize receivables and annuity contracts.  *Id*. ¶ 5.  The borrower under the Volans Facility is Volans 2018 LLC, a wholly owned subsidiary of 777 Partners LLC.  *Id*.  In addition, a number of other entities, including certain of the defendants, guaranty all obligations under the Volans Facility.  *Id*.  The collateral under the Volans Facility is primarily serviced by defendant SuttonPark Servicing LLC, a wholly owned subsidiary of 777 Partners LLC.  *Id*.  National Founders has a contractual right to transfer servicing to another entity.  *Id*.  Under the Volans Facility, National Founders is a secured lender with respect to, among other collateral assets, the approximately $185 million of assets referenced in the Complaint.  *Id*.

---

[1] National Founders has requested that Plaintiffs identify the 1,600 allegedly double-pledged assets, but Plaintiffs have to date ignored that request.  Plaintiffs have informed National Founders, however, that they believe the collateral to be properly pledged to National Founders, not Plaintiffs.

The Volans Facility and Chiller Island Facility are cross-collateralized such that (i) the collateral securing the Volans Facility also secures the obligations under the Chiller Island Facility and (ii) the collateral securing the Chiller Island Facility also secures the obligations under the Volans Facility. *Id.* ¶ 6.

### B. Plaintiffs' Complaint and Motion for Injunction

On May 3, 2024, Plaintiffs filed a Complaint asserting various causes of action against the Defendants. Dkt. 1  On May 13, 2024, Plaintiffs filed a motion seeking a temporary restraining order and the appointment of a receiver. Dkt. 57. An initial hearing on Plaintiffs' motion took place on May 14, 2024. Dkt. 63. During the May 14, 2024 hearing, the Court permitted National Founders to intervene for the portion of the case involving Plaintiffs' request for emergency and preliminary injunctive relief. The Court thereafter ordered briefing on Plaintiffs' motion, in which National Founders now participates.

## ARGUMENT

**I. SHOULD THE COURT ORDER EMERGENCY OR PRELIMINARY INJUNCTIVE RELIEF, IT SHOULD BE NARROWLY TAILORED TO AVOID PREJUDICE TO NATIONAL FOUNDERS AND ABSENT CREDITORS**

National Founders does not take a position on whether the Court should order some type of emergency or preliminary injunctive relief. Rather, National Founders seeks only to ensure that any injunctive relief is narrowly tailored. Plaintiffs' proposed injunctive relief would, on its face, broadly prevent Defendants from taking actions to "dissipate the value of their assets" and would otherwise impose restrictions on Defendants' ability to engage in ordinary-course financial transactions, which could preclude payments owed to National Founders and restrict National Founders' and others' abilities to take actions to ensure the servicing of their collateral, including the transfer of servicing responsibilities to a third party. *See* Dkt. 56 (proposed order to show cause and temporary restraining order). Such an injunction is overbroad and improper.

3

The Second Circuit has explained that "[i]n all cases, the [injunctive] relief should be 'narrowly tailored to fit specific legal violations' and avoid 'unnecessary burdens on lawful commercial activity.'" *KCG Holdings, Inc. v. Khandekar*, No. 17-CV-3533 (AJN), 2020 WL 1189302, at *17 (S.D.N.Y. Mar. 12, 2020) (quoting *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 785 (2d Cir. 1994)) (narrowing proposed injunctive relief).  National Founders is not alleged to have engaged in any unlawful activity, nor is there any allegation that ordinary course payments to National Founders under the Volans Facility would be unlawful.  Accordingly, any injunctive relief should be narrowly tailored to fit only the conduct alleged by Plaintiffs to have violated the law, without imposing an unnecessary burden on National Founders.

In addition, as Plaintiffs acknowledge, any injunction must be in the "public interest." *See* Dkt. 57 at 23.  In that regard, "[t]he focus of the [public interest] inquiry is . . . whether the injunction would impair or impede some right or interest of non-parties." *Silberberg v. Bd. of Elections of the State of New York*, 216 F. Supp. 3d 411, 421 (S.D.N.Y. 2016).  Plaintiffs' moving brief does not address the rights or interest of non-parties at all, but instead focuses only on the *parties'* relationship and conduct. *See* Dkt. 57 at 23 (asserting a public interest "in enforcing contracts" and arguing that Defendants' "companies do nothing to serve the public").

Putting the "focus" back where it belongs, the Court should consider the interests of National Founders as well as other non-parties who may not have received notice of the relief that Plaintiffs seek.  To National Founders' knowledge, there are various other creditors (securitization noteholders and/or other financing facility providers) with collateral of similar types to the collateral for the Volans Facility.  Williams Decl. ¶ 7.  To National Founders' knowledge, certain proceeds of the collateral for the Volans Facility, as well as for those other creditors are, from time to time in the ordinary course, temporarily commingled. *Id*. ¶ 8.  In the

4

ordinary course, defendant SuttonPark Servicing LLC identifies the applicable pledgee of those collateral payments and remits (or causes the remittance of) those payments to the applicable payee, although National Founders has the right to transfer those servicing responsibilities to another entity.  *Id*. ¶ 9.  An overly-broad injunction could disrupt such ordinary course servicing activities, interfere with National Founders' contractual right to transfer servicing, and preclude, delay or result in the potential misdirection of collateral payments due to all such creditors (including National Founders).  *Id*. ¶ 10.  That result would be contrary to the public interest and the Court should avoid that result if it decides to issue injunctive relief.  *See Silberberg*, 216 F. Supp. at 421 (S.D.N.Y. 2016).

## **CONCLUSION**

For the foregoing reasons, should the Court choose to issue emergency or preliminary injunctive relief, it should do so narrowly and without prejudice to the rights of National Founders and other non-parties.

Dated:  New York, New York
        May 24, 2024

Respectfully submitted,

SIDLEY AUSTIN LLP

By:  /s/ Nicholas P. Crowell
    Nicholas P. Crowell
    ncrowell@sidley.com
    Jon W. Muenz
    jmuenz@sidley.com
    787 Seventh Avenue
    New York, New York 10019
    Telephone:  (212) 839-5300

*Attorneys for limited Intervenor National Founders LP*