*1301 Avenue of the Americas*
*21st Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*



*John G. McCarthy*
*Direct Tel:  212-907-9703*
*Direct Fax:  212-907-9803*
*jmccarthy@sgrlaw.com*

May 24, 2024

_____

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
500 Pearl St.
New York, NY 10007

Application granted. **SO ORDERED.**

```
Dated May 27, 2024           /s/ John G. Koeltl
New York, New York       John G. Koeltl, U.S.D.J.
```
_____

Re:   *Leadenhall Capital Partners LP, et ano. v. Wander, et al.*
       24 Civ. 3453 (JGK)

Dear Judge Koeltl:

    We represent 777 Partners LLC, 600 Partners LLC (together, "HoldCos"), SPLCSS III LLC, Dorchester Receivables II LLC, Insurers Agency Services LLC, Signal SML 4 LLC, SuttonPark Capital LLC, Signal Medical Receivables LLC, Insurety Capital LLC, SuttonPark Servicing LLC, Signal Servicing LLC, and Insurety Servicing LLC (collectively, the "777 Defendants") in the above-entitled action.

    We write to respectfully request the sealing of the 777 Defendants' opposition papers (the "Opposition") to the motion by Plaintiffs Leadenhall Capital Partners LLP, Leadenhall Life Insurance and Linked Investments Fund PLC (collectively, "Plaintiffs") for the appointment of a receiver or, alternatively, a preliminary injunction, that the 777 Defendants will file today.

    The papers include 777 Defendants' memorandum of law in support of its Opposition, declarations of various professionals on behalf of B. Riley Advisory Services, and declarations of John G. McCarthy and general counsel on behalf of the HoldCos. The majority of the content includes intimate details about the 777 Defendants' confidential finances and business relationships, confidential information about non-parties and their business relationships, and confidential and detailed information about ongoing restructuring. All of this information could seek to provide an economic advantage to the 777 Defendants' competitors and could impair its relationship with its non-party business relationships by disclosing confidential details about the relationship.

Honorable John G. Koeltl
May 24, 2024
Page 2

      Good cause exists to seal the Opposition in its entirety. Sealing is warranted under Second Circuit law. Notwithstanding the presumption of public access, courts may deny access to records that are "sufficiently valuable and secret to afford an actual or potential economic advantage over others." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 245 (SDNY 2009). Sealing is warranted where "[r]eputations would be impaired, personal relationships ruined, and businesses destroyed on the basis of misleading or downright false information." *United States v. Amodeo*, 71 F.3d 1044, 1048–49 (2d Cir. 1995). *See Pro. Sound Servs., Inc. v. Guzzi*, No. 02 CIV. 8428 (DC), 2003 WL 22097500, at *1 (S.D.N.Y. Sept. 10, 2003), *aff'd*, 159 F. App'x 270 (2d Cir. 2005) (complaint filed under seal to keep customer names confidential); *see also Leonard as Tr. of Poplawski 2008 Ins. Tr. v. John Hancock Life Ins. Co. of New York*, No. 18-CV-4994-AKH, 2020 WL 1547486, at *1-*2 (S.D.N.Y. Mar. 31, 2020) (granting motion to seal where document quotes or paraphrases information protected from disclosure by law).

      The Plaintiffs have asked for an opportunity to meet and confer on the details of this letter-motion before consenting and the remainining defendants have consented.

      For the foregoing reasons, the 777 Defendants respectfully request that the Court seal its Opposition.

      Respectfully yours,

      */s/John G. McCarthy*
      John G. McCarthy

cc:    Attorneys of Record (via ECF)