# KING & SPALDING

King & Spalding LLP
118 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Leigh M. Nathanson
Direct Dial: +1 212 790 5359
Direct Tax: +1 212 556 2222
lnathanson@kslaw.com

```
Application granted. SO ORDERED.

Dated May 31, 2024         /s/ John G. Koeltl
New York, New York         John G. Koeltl, U.S.D.J.
```

May 30, 2024

The Honorable John G. Koeltl, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

   Re: *Leadenhall Capital Partners LLP et al. v. Wander et al.*, 1:24-cv-03453-JGK

Dear Judge Koeltl:

  We represent Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (together, "Leadenhall") in the above-referenced matter. Pursuant to Rule VI.A.2 of the Court's Individual Rules of Practice, we write to request leave to file a redacted version of Leadenhall's Reply Memorandum of Law in Further Support of Plaintiff's Application for (1) a Temporary Restraining Order and (2) an Order to Show Cause for a Receiver or, Alternatively, a Preliminary Injunction (the "Reply"), and to file the unredacted version of the Reply under seal.

  On May 24, 2024, the 777 Defendants[1] and the A-CAP Defendants[2] filed papers in opposition to Leadenhall's motion for preliminary relief (ECF 86–90). The A-CAP Defendants filed their memorandum of law and supporting papers with redactions, while the 777 Defendants filed their memorandum and supporting documents entirely under seal. Both groups of Defendants moved to seal (ECF 83, 85). On May 27, 2024, the Court granted Defendants' motions to seal (ECF 91, 92).

  On May 28, 2024, counsel for Leadenhall met and conferred by telephone with counsel for the 777 Defendants and the A-CAP Defendants, including about Leadenhall's anticipated inclusion in the Reply of information Defendants had filed under seal, in an effort to narrow the scope of any sealing request, pursuant to § VI.A.2 of the Court's Individual Practices. Because the 777 Defendants filed their opposition papers entirely under seal, Leadenhall asked the 777 Defendants to identify or provide more specific guidance about the information they contend requires sealing under the governing legal test. The 777 Defendants responded that they would provide such guidance.

---

[1] The 777 Defendants include Defendants 777 Partners LLC, 600 Partners LLC, SPLCSS III LLC, Signal SML 4 LLC, Insurety Agency Services LLC, Dorchester Receivables II LLC, SuttonPark Capital LLC, Signal Medical Receivables LLC, Insurety Capital LLP, SuttonPark Servicing LLC, Signal Servicing LLC, and Insurety Servicing LLC. Counsel for the 777 Defendants has represented that he anticipates entering a Notice of Appearance on behalf of Defendants Josh Wander and Steven Pasko.

[2] The A-CAP Defendants include Defendants Kenneth King and Advantage Capital Holdings LLC ("A-CAP").

May 30, 2024
Page 2 of 2

  As of this writing, the 777 Defendants have not provided any further explanation of which information in their opposition papers merits sealing.  Thus, Leadenhall seeks leave to redact (1) information that the A-CAP Defendants redacted in their opposition papers and (2) information pertaining to the 777 Defendants' businesses referenced in the 777 Defendants' opposition brief that Leadenhall believes to be non-public.  Leadenhall has no independent basis for seeking a sealing order with respect to such material but seeks leave to file under seal to allow Defendants the opportunity to move the Court for a sealing order consistent with § VI.A.2 of the Court's Individual Practices.  Leadenhall has notified Defendants that they must file, within three days, a letter or letters explaining the need for such redactions.

  In the event Defendants seek to maintain the redacted material under seal, Leadenhall reserves the right to oppose such request(s) and to seek unsealing of material already filed under seal, including on the grounds that Defendants' sealing requests are not "narrowly tailored" to "preserve higher values" than the public's presumptive First Amendment right to access judicial documents in civil proceedings.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *accord Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663, 666 (S.D.N.Y. 2019) (applying "the First Amendment's presumptive right of access" to papers filed in support of a TRO application).

            Respectfully submitted,

            */s/ Leigh M. Nathanson*
            Leigh M. Nathanson