UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEADENHALL CAPITAL PARTNERS LLP, ET AL.,

                Plaintiffs,

  - against -

JOSH WANDER, ET AL.,

                Defendants.

24-cv-3453 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

    Upon the Complaint by Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (together, "Leadenhall"); the accompanying declarations of Craig Gillespie, Phil Kane, Luca Albertini, and Leigh M. Nathanson; and the Memorandum of Law in Support of Plaintiffs' Application for a (i) Temporary Restraining Order, and (ii) a Receivership or, Alternatively, a Preliminary Injunction, it is ordered, that Defendants 777 Partners LLC, 600 Partners LLC, SPLCSS III LLC, Dorchester Receivables II LLC, Signal SML 4 LLC, and Insurety Agency Services LLC (together, the "Borrowers and Guarantors") are hereby subject to the following preliminary injunction:

    Pursuant to Federal Rule of Civil Procedure 65, and based on the findings of fact and conclusions of law stated on the record on June 7, 2024, ECF No. 128, the Court finds that the Temporary Restraining Order previously entered, ECF No. 114, should be issued as a preliminary injunction. The Court enters a preliminary

injunction that, other than in the normal and ordinary course of business:

(A) prohibits selling, transferring, converting, pledging, or encumbering the assets pledged as collateral by the Borrowers to Leadenhall under the Loan and Security Agreement dated May 7, 2021;

(B) to the extent the value of the assets pledged as collateral by the Borrowers to Leadenhall is less than the full amount of the Accelerated Debt, prohibits the expenditure or dissipation of any cash or cash equivalents owned by the Borrowers and Guarantors sufficient to cover the full amount of the Accelerated Debt;

(C) to the extent the value of (i) the assets pledged as collateral by the Borrowers, plus (ii) the value of any cash or cash equivalents owned by the Borrowers and Guarantors is insufficient to cover the full amount of the Accelerated Debt, prohibits the expenditure or dissipation by the Borrowers and Guarantors of any cash or cash equivalents received from any sale or transaction up to the full amount of the Accelerated Debt;

(D) prohibits the Borrowers and Guarantors from taking any action to dissipate the value of their assets, including by transferring assets to any Defendant;

(E) requires the Borrowers and Guarantors to provide notice to Leadenhall, ING Capital LLC, National Founders LP, Haymarket

Insurance Company, and ACM Delegate LLC of any attempt by any Defendant to foreclose on, repossess, or exercise remedial actions against the assets of the Borrowers and Guarantors and/or prevent any Defendant from foreclosing on, repossessing, or exercising remedial actions against the assets of the Borrowers and Guarantors.

**SO ORDERED.**

Dated:    New York, New York
         July 8, 2024

_____
John G. Koeltl
**United States District Judge**

3