UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEADENHALL CAPITAL PARTNERS LLP and LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC,<br><br>Plaintiffs,<br><br>vs.<br><br>JOSH WANDER, STEVEN PASKO, KENNETH KING, 777 PARTNERS LLC, 600 PARTNERS LLC, SPLCSS III LLC, SIGNAL SML 4 LLC, INSURETY AGENCY SERVICES LLC, DORCHESTER RECEIVABLES II LLC, SUTTONPARK CAPITAL LLC, SIGNAL MEDICAL RECEIVABLES LLC, INSURETY CAPITAL LLC, SUTTONPARK SERVICING LLC, SIGNAL SERVICING LLC, INSURETY SERVICING LLC, and ADVANTAGE CAPITAL HOLDINGS LLC,<br><br>Defendants. | Civil Action No. 1:24-cv-03453<br><br>**JOINT RULE 26(f) REPORT AND PROPOSED SCHEDULING ORDER** |

In accordance with Federal Rule of Civil Procedure 26(f), Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC ("Leadenhall"), Defendants 777 Partners LLC, 600 Partners LLC, SPLCSS III LLC, Dorchester Receivables II LLC, Insurety Agency Services LLC, Signal SML 4 LLC, SuttonPark Capital LLC, Signal Medical Receivables LLC, Insurety Capital LLC, SuttonPark Servicing LLC, Signal Servicing LLC, and Insurety Servicing LLC (the "777 Entity Defendants"), Defendant Advantage Capital Holdings LLC ("A-CAP"), Defendant Josh Wander, Defendant Steven Pasko, and Defendant Kenneth King have conferred and jointly submit the following Report, which includes a proposed Scheduling Order.

1

**I.     Changes to Timing, Form, or Requirement for Rule 26(a) Disclosures**

The parties do not seek any changes to the timing, form, or requirements for disclosures under Federal Rule of Civil Procedure 26(a). As set forth below, the deadline for initial disclosures shall be fourteen (14) days after entry of the proposed Scheduling Order.

**II.    Subjects on Which Discovery May Be Needed**

The parties anticipate seeking discovery on the following subjects but expressly reserve the right to seek discovery on additional relevant subjects and to oppose all other parties' requests for discovery on any topic:

<u>Plaintiffs' Statement</u>

a. Assets pledged, procured, and/or held as security by the 777 Entity Defendants to other parties, including the process and systems used in such pledging, procuring, or holding of assets;

b. Statements, representations, and reports made by Defendants concerning assets procured, held, and/or pledged as collateral to other parties, including Leadenhall;

c. Formal, informal, written, or oral agreements, arrangements, or understandings by and between Defendants, including agreements, arrangements, or understandings memorializing A-CAP's purported rights, liens, and claims as to any assets or businesses affiliated with the 777 Entity Defendants.

d. Sales, transfers, assignments, foreclosures, and/or exercises of remedies with respect to assets by and between Defendants;

e. The financial condition and capitalization of Defendants, including Defendants' assets, liabilities, receivables, debt, equity, and cash flows;

    f. Funding agreements and arrangements among the Defendants, including any funding made by any of the Defendants on behalf of, or for the benefit of assets owned by, other Defendants;

    g. Corporate governance, voting, and decision-making of the Defendants, including any changes in the corporate governance of the 777 Entity Defendants and the retention of B. Riley;

    h. The marketing, sale, liquidation, or other monetization of any assets in which any of the Defendants possess, or purport to possess, any ownership interest;

    i. Restructuring negotiations related to Leadenhall; and

    j. Any defenses which may be asserted by the Defendants, including but not limited to defenses concerning lack of jurisdiction and/or Defendants' knowledge or intent as to the alleged falsity of statements to Leadenhall.

<u>Defendants A-CAP and Mr. King's Statement</u>[1]

    a. The purported bases for the Complaint's claims and allegations concerning A-CAP and Mr. King, including those made on "information and belief" and/or purportedly based on anonymous or unnamed sources;

    b. Plaintiffs' agreements, including the alleged loan agreements and guaranties, with the 777 Entity Defendants;

    c. Plaintiffs' security interests, if any, in assets of each of the 777 Entity Defendants and efforts, if any, to perfect them;

    d. The calculation of, and basis for, Plaintiffs' purported damages;

---

[1] As set forth below, A-CAP and Mr. King intend to move to stay discovery against them pending a decision on their motion to dismiss the Complaint, and provide this statement without prejudice to that anticipated motion.

3

  e. The value of Plaintiffs' collateral and the calculation of Plaintiff's alleged collateral shortfall;

  f. The cause of any collateral shortfall or other purported harm to Plaintiffs, including the impact of interest rate fluctuations or other factors;

  g. Due diligence conducted and information received by Plaintiffs in connection with their loans to the 777 Entity Defendants, including Plaintiffs' knowledge of liens held by A-CAP's affiliates or other parties;

  h. Plaintiffs' efforts, if any, to monitor their loans to the 777 Entity Defendants and the collateral securing those loans;

  i. The timing and manner of Plaintiffs' discovery of the collateral shortfall alleged in the Complaint;

  j. Communications between Plaintiffs and (a) 777 Defendants, and (b) A-CAP, including notes and recordings; and

  k. Plaintiffs' knowledge of, communications with, and relationship with 777 Re, including through board representation.

Defendant Steven Pasko's Statement[2]

  a. The alleged bases or purported support for the allegations and claims against or related to Mr. Pasko in Plaintiffs' Complaint;

  b. Communications between Plaintiffs and Mr. Pasko;

  c. Communications involving Plaintiffs concerning the agreements cited in the Complaint;

---

[2] As set forth below, Mr. Pasko intends to move to stay discovery against him, and provides this statement without prejudice to that anticipated motion.

4

    d. Communications involving Plaintiffs concerning the purported representations or other statements made to Plaintiffs as alleged in the Complaint;

    e. Plaintiffs' internal documents and communications concerning the subject matter of Plaintiffs' allegations and claims (including without limitation, the collateral referenced in the Complaint);

    f. Plaintiffs' communications with third parties concerning the subject matter of Plaintiffs' allegations and claims (including without limitation, Plaintiffs' alleged communications with Credigy); and

    g. Plaintiffs' purported damages, including Plaintiffs' internal documents and communications relevant to its purported damages.

Defendant Joshua Wander's Statement[3]

    a. The purported bases for the Complaint's claims and allegations concerning Mr. Wander;

    b. Communications between Plaintiffs and Mr. Wander, including the recorded calls referenced in the Complaint;

    c. Communications reflecting Mr. Wander's permission to record phone calls;

    d. Internal communications among Leadenhall employees involving the collateral, including credit memos and due diligence materials;

    e. Communications and documents reflecting Leadenhall's investigation following the anonymous tip;

    f. Communications between Leadenhall and Credigy;

---

[3] These categories are in addition to categories outlined by other defendants above. In addition, Mr. Wander also intends to move to stay discovery against him, and provides this statement without prejudice to that anticipated motion.

5

    g. Internal communications among Leadenhall employees involving the negotiations between Leadenhall and 777 Partners in 2023 and early 2024; and

    h. Internal communications among Leadenhall employees reflecting the revenues Leadenhall expected from the relationship with 777 Partners.

The 777 Entity Defendants' Statement[4]

In addition to the subjects outlined by other defendants, the 777 Entity Defendants will seek:

    a. The purported bases for the Complaint's claims and allegations concerning the 777 Entity Defendants, including any evidence concerning the alleged predicate acts, formation of conspiracy, and identities of any declarant alleged to have made a fraudulent statement;

    b. Communications between Plaintiffs and the 777 Entity Defendants;

    c. Information received by Plaintiffs, or to which it had access, regarding its loans to the 777 Entity Defendants and collateral concerning such loans; and

    d. Communications between Plaintiffs and third parties regarding Defendants or Plaintiffs' loans to Defendants and collateral concerning such loans.

**III.   Issues Concerning Disclosure, Discovery, or Preservation of Electronically Stored Information, and Claims of Privilege or Protection**

If and when discovery proceeds, the parties anticipate seeking the entry of (i) a protocol for the production of electronically stored information, and (ii) a protective order, which will address issues relating to document productions, privileges, protections, and confidentiality. As appropriate, the parties will negotiate over the form and production of a privilege log. The parties

---

[4] The 777 Entity Defendants intend to move to stay discovery against them pending a decision on their motion to dismiss the complaint, and provide this statement without prejudice to that anticipated motion.

are not presently aware of any document preservation or storage issues which would hinder the collection and production of relevant documents and communications in this action.

### IV. Changes to Discovery Limitations

The parties are not currently seeking changes to the default number of depositions or interrogatories but reserve the right to seek such modifications from the Court.

### V. Proposed Scheduling Order

a. **Pleadings and Parties:** Except for good cause shown, no additional parties may be joined or cause of action asserted by Plaintiffs after October 31, 2024. Defendants reserve their rights to assert cross-claims, third-party claims, and counterclaims in their respective answers and any amendments thereto, should the complaint survive a motion to dismiss against them.

b. **Fact Discovery:** Except for good cause shown:

  i. Plaintiffs believe that discovery should proceed during the pendency of any motion(s) to dismiss filed by the Defendants. On August 9, 2024, each Defendant filed a motion to dismiss the Complaint in its entirety (*see* ECF Nos. 160-196), and each Defendant anticipates filing a motion to stay discovery from them during the pendency of those motions to dismiss.

  ii. Initial disclosures required pursuant to Federal Rule of Civil Procedure 26(a) shall be produced within fourteen (14) days of entry of this proposed Scheduling Order. Production of such initial disclosures shall not act as a waiver of any jurisdictional defenses.

  iii. To the extent any claims remain following the resolution of Defendants' motions to dismiss, all fact discovery shall be completed no later than nine (9)

        months from the date the Court resolves the relevant motion(s) to dismiss. The parties agree to meet and confer regarding interim deadlines for discovery requests, document production, and depositions upon entry of this proposed Scheduling Order.

    c. **Expert Disclosure and Summary Judgment Motions:** Thirty (30) days before the close of fact discovery, any remaining parties shall submit a joint letter containing a proposed Scheduling Order concerning expert disclosure and the filing of summary judgment motions.

    d. **Pretrial Order:** A joint pretrial order shall be filed sixty (60) days after the Court's decision on any dispositive summary judgment motion. Any remaining parties will include with their submission of the joint pretrial order (i) a list of dates during the following six months during which they are unavailable for trial, and (ii) their current estimate of the number of days required for trial.

    e. **Trial:** Trial, if necessary, shall be scheduled for a mutually available set of dates convenient to the Court following the submission of the joint pretrial order.

**VI. Other**

On June 14, 2024, the case was referred to Judge Moses for a settlement conference, which took place on July 10, 2024. The parties will notify Judge Moses if they believe additional settlement conferences would be useful.

Dated: August 19, 2024

| | |
|---|---|
| */s/ Jonathan Watkins* | */s/ Leigh Nathanson* |
| **CADAWLADER, WICKERSHAM, & TAFT LLP** | **KING & SPALDING LLP** |
| Jonathan M. Watkins | Craig Carpenito |
| Michael E. Petrella | Leigh Nathanson |
| Matthew M. Karlan | Brian Donovan |
| Mark A. Singer | 1185 Avenue of the Americas |
| 200 Liberty Street | New York, NY 10036 |
| New York, NY 10281 | Tel: 212-556-2100 |
| Tel: (212) 504-6000 | ccarpenito@kslaw.com |
| jonathan.watkins@cwt.com | lnathanson@kslaw.com |
| michael.petrella@cwt.com | bdonovan@kslaw.com |
| matthew.karlan@cwt.com | |
| mark.singer@cwt.com | *Attorneys for Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC* |
| *Attorneys for Advantage Capital Holdings LLC and Kenneth King* | |

| | |
|---|---|
| */s/ John G. McCarthy* | */s/ Christopher B. Harwood* |
| **SMITH, GAMBRELL & RUSSELL, LLP** | **MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.** |
| John G. McCarthy | Christopher B. Harwood |
| David A. Pellegrino | Jenna Jones |
| Katie L. Schwartz | 565 Fifth Avenue |
| Ryan J. Solfaro | New York, New York 10017 |
| 1301 Avenue of the Americas | Tel. 212.856.9600 |
| New York, New York 10019 | |
| Tel: (212) 907-9700 | *Attorneys for Steven Pasko* |
| jmccarthy@sgrlaw.com | |
| dpellegrino@sgrlaw.com | |
| kschwartz@sgrlaw.com | |
| rsolfaro@sgrlaw.com | |
| *Attorneys for the 777 Entity Defendants* | |

*/s/ Jordan Estes*

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Jordan Estes
Marjorie E. Sheldon
1177 Avenue of the Americas

9

New York, New York 10036
Tel: (212) 715-9100
JEstes@kramerlevin.com
MSheldon@kramerlevin.com

*Attorneys for Joshua Wander*

**SO ORDERED this \_\_\_ day of _____, 2024.**

**Dated: New York, New York**

                                                                                         _____
                                                                                         **JOHN G. KOELTL**
                                                                                         **UNITED STATES DISTRICT JUDGE**