# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Leigh M. Nathanson
Direct Dial: +1 212 790 5359
Direct Fax: +1 212 556 2222
lnathanson@kslaw.com

September 6, 2024

**APPLICATION GRANTED**
**SO ORDERED**

/s/ John G. Koeltl
9/9/24
John G. Koeltl, U.S.D.J.

The Honorable John G. Koeltl, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

Re: *Leadenhall Capital Partners LLP et al v. Wander et al*, 24-cv-03453-JGK

Dear Judge Koeltl:

We represent Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (together, "Leadenhall") in the above-captioned matter. Pursuant to your Honor's Individual Practices § VI.A.2, and in response to the August 26, 2024 letter motion to seal filed by Defendants Advantage Capital Holdings LLC and Kenneth King (together, the "A-CAP Defendants") (ECF 177), Leadenhall seeks to maintain under seal certain portions of the Loan and Security Agreement ("LSA"), which the A-CAP Defendants filed under seal at Leadenhall's request as Exhibit A to the Declaration of Jonathan Watkins in Support of the A-CAP Defendants' Reply Memorandum of Law in Further Support of Motion to Modify the Preliminary Injunction (ECF 178-1). Filed contemporaneously to this letter, pursuant to the Court's standing order, 19-mc-00583, as Exhibit 1, is a version of the LSA in which Leadenhall has redacted the narrowly tailored portions that Leadenhall seeks to maintain under seal. As set forth in more detail below, Leadenhall respectfully requests that the redacted portions of the LSA remain under seal because they contain competitively sensitive non-public financial and proprietary commercial information.[1]

## I. Legal Standard

Although judicial documents are subject to a "presumption of public access," judicial documents may be sealed to the extent "necessary to preserve higher values." *Lugosch v.*

---

[1] Leadenhall does not seek to maintain under seal the Pledge Agreements that were attached as Exhibits B, C, D, and E to the Watkins Declaration, which are attached to this letter in unredacted form as Exhibits 2, 3, 4, and 5.

Hon. John G. Koeltl, U.S.D.J.
September 6, 2024

*Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit utilizes a three-part inquiry to determine whether judicial documents should be sealed.

*First*, the court determines whether the document "is one that has been placed before the court by the parties and that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (citing *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995) (holding that "mere filing of a [ ] document with the court is insufficient to render [it] subject to the right of public access")).

*Second*, the court determines the weight of the presumption of access for the record at issue. *Lugosch*, 435 F.3d at 119; *Mirlis*, 952 F.3d at 59 ("The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" (internal citation omitted)). Here, the weight due the presumption of access is low. Even assuming the LSA is itself a judicial document and some portions of it may become relevant to this Court's determination of the A-CAP Defendants' motion (and other matters in this case), the portions of the LSA that Leadenhall seeks to redact are irrelevant to the A-CAP Defendants' pending motion and are unlikely to be relevant to the Court's consideration of the case writ large. *See United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1050 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."). Leadenhall's proposed narrowly tailored redactions cover details pertaining to the names and identities of the non-Administrative Agent Lenders, private financial account information of certain parties to the contract, and confidential financial details of the agreement—ultimately accounting for a small fraction of the 470-plus-page contract. Furthermore, Leadenhall proposes redacting two underwriting and collection policy manuals attached to the LSA (*see* Schedule II), which were deemed confidential by other parties and contain underwriting materials not pertinent to the Court's disposition of the issues in this case.

*Third*, the court identifies the factors that counsel against disclosure of the judicial document and balances those factors against the weight given to the presumption of access. *Amodeo II*, 71 F.3d at 1050. Here, Leadenhall's overriding interests in the (a) confidentially of the competitively sensitive financial details within the LSA, (b) protecting its present and future business interests and those of the non-Administrative Agent Lenders, and (c) the confidentiality of financial account details, weigh in favor of maintaining those portions of the LSA under seal and outweigh the relatively weak presumption of access, as described below.

## II.    The Privacy Interest in Confidential Financial Account Information and Commercial Details Outweighs the Presumption of Public Access.

Documents disclosing sensitive information such as account numbers "epitomize" the principle that sealing business information is justified where disclosure "would result in an injury sufficiently serious to warrant protection." *Frontier Airlines v. AMCK Aviation*, No. 20-CV-

Hon. John G. Koeltl, U.S.D.J.
September 6, 2024

9713-LLS, 2022 WL 17718338, at *2 (S.D.N.Y. Dec. 13, 2022) (narrow redactions of sensitive business information, such as account numbers, could remain under seal). Here, public disclosure of bank details, routing and account numbers, and lock-box account details is likely to harm parties to the LSA. Redaction is warranted to protect against that risk.

Sensitive business information contained in confidential contracts, including confidential non-party names, sensitive deal-making information, and specific financial details and payment amounts, also may be sealed. *See Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) ("Ripple's business relationships and interests, and the privacy interests of non-parties, would be detrimentally affected by the disclosure of confidential contracts that the parties expect to remain private."); *see also United States v. Ferguson*, 2008 WL 113654, at *1 (D. Conn. Jan. 5, 2008) (granting motion to seal "detailed, confidential business information that is unrelated to the charge[s] in this case, and because the disclosure of this confidential information would cause undue harm to the businesses involved"). Here, Leadenhall seeks to redact the names of non-party Lenders under the LSA that could be competitively harmed through disclosure, as well as commercial details contained in the LSA that are ancillary to this case but could cause competitive harm to Leadenhall or other parties if disclosed publicly. Disclosure of the redacted portions of the LSA would afford Leadenhall's competitors insight into Leadenhall's lending practices and allow those competitors to undercut Leadenhall on key financial terms and would also prejudice Leadenhall in future negotiations with third parties if the public at large had access to the cost of financing and other key terms on which Leadenhall would be prepared to advance debt on receivables. Leadenhall's overriding interest in narrowly tailored redactions to protect sensitive business information in this context outweigh a presumption of access to incidental information contained in judicial documents.

For the reasons stated above, Leadenhall respectfully requests this Court grants its application to maintain Exhibit A to the Watkins Declaration (ECF 178-1) under seal, to protect from disclosure those portions of the LSA that are redacted in Exhibit 1 attached hereto. We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Leigh M. Nathanson*
Leigh M. Nathanson