# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

charwood@maglaw.com
212-880-9547

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

October 17, 2024

**By ECF**
Honorable John G. Koeltl

  Re: *Leadenhall Capital Partners LP, et ano. v. Wander, et al.* 24-CV-3453 (JGK)

Dear Judge Koeltl:

  I represent Steven Pasko in this case, and write respectfully to request a stay of discovery pending resolution of Mr. Pasko's pending and fully-dispositive motion to dismiss for lack of personal jurisdiction and failure to state a claim (*see* Dkt. 211), or alternatively, a pre-motion conference in connection with this stay request. A stay is appropriate based on (i) the strength of Mr. Pasko's motion to dismiss (Mr. Pasko's dismissal arguments are summarized below and addressed fully at Docket 212), (ii) the lack of prejudice to Plaintiffs from a stay, (iii) the breadth of Plaintiffs' pending document requests (which include 47 distinct requests), and (iv) the prejudice to Mr. Pasko if he were required to respond to them and/or participate in deposition discovery while his motion to dismiss is pending. *See, e.g.*, *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (identifying the foregoing factors as those relevant to a stay application).

    **A. Plaintiffs Have Failed to Establish Personal Jurisdiction Over Mr. Pasko**

  Both general jurisdiction and specific jurisdiction over Mr. Pasko are lacking because Plaintiffs (i) concede that he is domiciled in Florida, and (ii) have not alleged that he engaged in a single act in New York, much less an act that is tied to their claims. (*See* Dkt. 212 at 6-10.) Plaintiffs' only allegation seeking to link Mr. Pasko to New York—that, "[u]pon information and belief," he "carried out the business of 777 Partners and 600 Partners from his [supposed Staten Island] home and from 777 Partners' [New York] offices" (Compl. ¶43)—is insufficient because it is wholly conclusory. (*See* Dkt. 212 at 8-10.) Plaintiffs' allegations that Mr. Pasko supposedly "control[led] and manage[d]" the 777 Entity Defendants (Compl. ¶32), and that one of the 777 Entity Defendants (SuttonPark Servicing) had a principal place of business in New York (*id.* ¶33), likewise are insufficient for a variety of reasons, including because Plaintiffs have not alleged that any 777 Entity Defendant engaged in an act in New York that is tied to their claims, much less that Mr. Pasko was involved in any such act. (*See* Dkt. 212 at 7-8.)

Morvillo Abramowitz Grand Iason & Anello P.C.

Plaintiffs thus are left with their allegation that jurisdiction exists because, in his capacity as an authorized signatory of the 777 Entity Defendants, Mr. Pasko signed the contract out of which their claims arise (*i.e.*, the "LSA"). (*Id.* ¶43.) But exercising personal jurisdiction over a non-party signatory to an agreement (like Mr. Pasko here) is appropriate only when the plaintiff has alleged facts sufficient to establish that "the non-party is . . . bound to the agreement, as for example under the ordinary law of . . . alter ego," or the non-party has sufficient contacts with the forum to satisfy due process. *HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, 2021 WL 918556, at *9 (S.D.N.Y. Mar. 10, 2021). (*See* Dkt. 212 at 10-13.) Here, Plaintiffs have not (i) alleged sufficient contacts between Mr. Pasko and New York (*see supra*), or (ii) any facts to support a claim that Mr. Pasko is the alter ego of any of the 777 Entity Defendants. Courts consider four factors in evaluating alter ego claims, and Plaintiffs have not alleged facts to satisfy any of those factors with respect to Mr. Pasko. Specifically, they have not alleged that Mr. Pasko: (i) failed to maintain separate books and records or other corporate formalities, (ii) intermingled his personal funds with corporate assets, (iii) took actions to render any of the 777 Entity Defendants undercapitalized, or (iv) otherwise used the 777 Entity Defendants to further his personal interests rather than pursue corporate ends. (*See* Dkt. 212 at 13-19.)

Instead, as demonstrated at pages 14 through 19 of Mr. Pasko's moving brief at Docket 212, Plaintiffs make six allegations that whether considered individually or collectively, fall short of supporting an inference of alter ego status. In particular, they allege that: (i) in a June 2023 memo, Mr. Pasko and co-defendant Joshua Wander described one of the 777 Entity Defendants (SuttonPark Capital) as "lack[ing]" a board of managers and specific types of internal controls, *but existing case law finds such allegations to be a non-factor in the alter-ego analysis*, (ii) Messrs. Wander and Pasko reorganized one of their companies (Sutton National) to make it wholly owned by Mr. Pasko, *but Sutton National is not a 777 Entity Defendant, and regardless, Plaintiffs do not allege that the reorganization was done for a reason bearing on any alter ego factor*, (iii) "777 Partners [allegedly] placed airplanes as financial assets on 777 Re's balance sheet—for no consideration—in order to assist 777 Re in meeting certain regulatory capital requirements," *but Plaintiffs do not allege that Mr. Pasko was involved in the purported transaction, and regardless, existing case law finds this type of transaction to be a non-factor when, as here, no other allegations are made suggesting that the transaction has any bearing on an alter ego factor*, (iv) Messrs. Wander and Pasko reorganized another of their companies (SuttonPark Capital) to make it wholly owned by Mr. Pasko in order to address a bank's KYC-related concern with Mr. Wander, *but here too Plaintiffs do not allege that the reorganization was done for a reason bearing on any alter ego factor*, (v) the above-referenced June 2023 memo supposedly shows that "777 Partners raided the assets of several of its other subsidiaries," *but Plaintiffs again do not allege that Mr. Pasko was involved in the purported conduct, and regardless, the memo itself does not support the allegation (it shows only that three of the subsidiaries' credit facilities were undercollateralized for a short time—for benign reasons that the memo explains—and that prompt "Corrective Actions" were taken by doing things that undermine any claim that the 777 Entity Defendants were undercapitalized (i.e., they "borrow[ed] funds, s[old] aircraft and us[ed] excess cash")*, and (vi) Mr. Pasko supposedly was "an active participant in Defendants' scheme" and "was willing to take personal ownership of cash-rich subsidiaries in order to shield those subsidiaries from creditors," *but those allegations are conclusory and based entirely on allegations from another lawsuit, and thus properly are*

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

*disregarded*. (*See* Dkt. 212 at 14-19 (citing cases, the relevant paragraphs from the Complaint, and the referenced June 2023 memo).)

Because the Complaint does not allege any facts from which this Court could conclude that Mr. Pasko (i) appropriately is bound to the LSA's forum selection clause as an alter ego of the 777 Entity Defendants, or (ii) has sufficient contacts with New York in connection with Plaintiffs' claims to satisfy due process, Mr. Pasko's motion to dismiss for lack of personal jurisdiction is likely to succeed.

### B. Plaintiffs Have Failed to State a Claim Against Mr. Pasko

Plaintiffs' claims against Mr. Pasko also are likely to be dismissed for failure to state a claim. (*See* Dkt. 212 at 21-23.) Plaintiffs' RICO and fraud claims are intent-based claims, which fail as to Mr. Pasko because (i) they are premised entirely on his having signed reports that allegedly contained false information (*see, e.g.*, Compl. ¶¶161, 363(f)), but (ii) Plaintiffs have not alleged facts to support an inference that Mr. Pasko knew (or had reason to know) that any issues existed with the reports. To the contrary, Plaintiffs concede that the reports were prepared by others who, in doing so, "carri[ed] out Wander's wishes" and were "personally directed . . . by Wander." (*E.g.*, Compl. ¶¶202, 363(d), 397(b).) Plaintiffs' breach of contract claims fail (along with any of their other claims against Mr. Pasko that may be based on an alter ego theory) because, as summarized above, Plaintiffs have not alleged facts sufficient to treat Mr. Pasko as the alter ego of any of the 777 Entity Defendants. Plaintiffs' remaining unjust enrichment claim fails as duplicative of their breach of contract claims.

### C. The Remaining Stay Factors Also Favor a Stay

In addition to the strength of Mr. Pasko's dismissal arguments, the remaining stay factors also favor a stay. Plaintiffs would not be prejudiced by a stay because (i) the stay will be in a place for only a short time (Mr. Pasko's motion to dismiss will be fully briefed by December 12, 2024), (ii) a preliminary injunction is in place maintaining the status quo until the motion to dismiss is decided, and (iii) Plaintiffs have shown themselves to be in no hurry to take discovery, having waited until September 28, 2024 to serve their document requests. *See Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 275 (E.D.N.Y. 2024) (finding plaintiffs would not be prejudiced by a stay where the motion to dismiss briefing would be complete in two months and discovery had not yet occurred). By contrast, Mr. Pasko would be prejudiced absent a stay because Plaintiffs have served broad document requests on him, *see* Dkt. 207-1, which given their lack of factual allegations directed at him, are nothing more than a fishing expedition as to him, and it would be unfair to subject him to the burden of responding (or participating in deposition discovery) when his motion to dismiss may obviate his need to do so. *See Apuzza v. NYU Langone Long Island*, 2023 WL 4471956, at *5 (E.D.N.Y. July 11, 2023) (citing avoidance of "contentious and expensive discovery" as a relevant consideration).

Mr. Pasko thus respectfully requests a stay of discovery pending resolution of his motion to dismiss, or alternatively, a pre-motion conference to address the request.

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

                                                          Respectfully submitted,

                                                          *s/ Christopher Harwood*
                                                          Christopher Harwood

cc:     Attorneys of Record (via ECF)