# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

October 18, 2024

VIA ECF

The Hon. John G. Koeltl
Daniel Patrick Moynihan Courthouse
United States Courthouse
500 Pearl St
New York, New York 10007

**APPLICATION GRANTED**
**SO ORDERED**

*/s/ John G. Koeltl*
John G. Koeltl, U.S.D.J.
10/18/24

Re: *Leadenhall Capital Partners LLP, et al. v. Wander, et al.*,
   No. 24-cv-3453 (JGK)

Dear Judge Koeltl:

      We write on behalf of Defendants Advantage Capital Holdings LLC and Kenneth King (together, "the A-CAP Defendants") in accordance with Practice VI(A)(2) of Your Honor's Individual Practices to respectfully request the sealing of (1) the A-CAP Defendants' October 18, 2024 letter (the "Letter") regarding a contemplated transaction (the "Transaction"), (2) the accompanying Declaration of Michael Saliba, and (3) exhibits thereto. Sealed versions of the Letter, Declaration, and exhibits are being electronically filed concurrently herewith.

      As more fully detailed in the Letter, the A-CAP Defendants conferred with counsel for Plaintiffs concerning a proposed non-disclosure agreement but those efforts have been unsuccessful. Due to the commercial necessity of bringing this matter to the Court's attention promptly, the parties were unable to meet and confer further in advance of this sealing request.

      In deciding whether documents should be filed under seal, courts in this Circuit employ a three-part analysis: (1) the court determines whether the documents are judicial documents subject to a presumptive public right of access; (2) the court evaluates the weight of the public's presumptive right of access; and (3) once the weight of the presumption is determined, a court must balance competing considerations. *Mercantile Glob. Holdings, Inc. v. Hamilton M&A Fund, SP*, No. 23-CV-8446, 2024 WL 1974276, at *1 (S.D.N.Y. May 3, 2024) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) and *Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 70 (2d Cir. 2023)). That a document has been filed with the court is alone insufficient to render it a judicial document—the document must "be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 115.

CADWALADER

The Hon. John G. Koeltl
October 18, 2024

Here, the Letter, Declaration and exhibits are not pertinent to the Court's resolution of the underlying claims at issue in this case. But even if they were, nonetheless, deemed judicial documents, they contain sensitive, non-public commercial information about a presently contemplated (not yet completed) significant transaction, including information that implicates non-parties to this litigation. As a result, the public release of this information raises a significant risk of subjecting both the Parties and non-parties involved in the Transaction to potential harm.

The need to safeguard such "truly confidential commercial information" weighs in favor of sealing. *Mercantile Glob. Holdings*, 2024 WL 1974276, at *1. *See Athena Art Fin. Corp. v. Certain Artwork by Jean-Michel Basquiat Entitled Humidity, 1982*, 2024 WL 1195279, at *2 (S.D.N.Y. Mar. 20, 2024) ("Courts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information."); *Regeneron Pharmaceuticals, Inc. v. Novartis Pharma AG*, 2021 WL 243943, at *2 (S.D.N.Y. Jan. 25, 2021) (finding that the "disclosure of [] confidential business contracts would likely result in competitive harm to" the parties.).

For all the foregoing reasons, the A-CAP Defendants respectfully request that the Court permit the above-described documents to be filed under seal, and permit only counsel and court personnel to view the proposed sealed documents.

Respectfully submitted,

*/s/ J. W. T.*

Jonathan M. Watkins

JMW

cc:   All Counsel of Record via ECF

Page 2