# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

October 21, 2024

**VIA ECF**

The Hon. John G. Koeltl
Daniel Patrick Moynihan Courthouse
United States Courthouse
500 Pearl St.
New York, New York 10007

Re:   <u>Leadenhall Capital Partners LLP et al. v. Wander et al.</u>, No. 24-cv-3453 (JGK)

Dear Judge Koeltl:

On behalf of Defendants Advantage Capital Holdings LLC ("A-CAP") and Kenneth King, we respectfully submit this letter motion to stay discovery, or alternatively for a pre-motion conference, pending a decision on A-CAP's October 10, 2024 motion to dismiss the Amended Complaint. (*See* ECF No. 215, the "MTD.") If the Court believes a conference is appropriate, we request that A-CAP and Mr. King's stay motion be addressed during the previously scheduled October 24, 2024 discovery conference. (ECF No. 223.)

"Good cause" for a stay exists where, as here, (1) "a party has filed a dispositive motion" asserting "substantial arguments for dismissal," (2) the proposed discovery is "burden[some]," and (3) the "opposing party will not be prejudiced" by a short stay. *Spencer Trask Software and Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Good cause exists here to stay discovery from A-CAP and Mr. King.

*First*, A-CAP and Mr. King's motion to dismiss demonstrates that all claims against them should be dismissed. Most notably, controlling Second Circuit precedent dictates that the purported fraud and RICO claims against A-CAP and Mr. King are, at a minimum, unripe. (*See* MTD at 14-16.) In *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2d Cir. 1994), the Second Circuit held that lenders, such as Leadenhall, can pursue RICO claims "only after the lender has exhausted the bargained-for remedies available to it"—"and then only to the extent of the deficiency." *Id.* at 768. The Second Circuit has repeatedly reaffirmed this principle, emphasizing that it holds firm even where collection is a "'forlorn hope.'" *Harbinger Cap. Partners Master Fund I, Ltd. v. Wachovia Cap. Markets, LLC*, 347 F. App'x 711, 713 (2d Cir. 2009); *see also Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 398 (S.D.N.Y. 2000) (holding that "adjudication of the State law claims" was "a necessary predicate to ripeness and standing").

CADWALADER

The Hon. John G. Koeltl
October 21, 2024

These "substantial arguments" for dismissal—and others set forth more fully in A-CAP and Mr. King's motion to dismiss[1]—strongly support a stay. *Spencer Trask*, 206 F.R.D. at 368. Indeed, the Court need not make a finding "as to whether [the motion to dismiss] will ultimately succeed or fail." *Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015). Instead, a stay is appropriate where the motion "is potentially dispositive, and appears to be not unfounded in the law." *Id.*; *see also Boelter v. Hearst Commc'ns., Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting stay where dismissal arguments were not "frivolous"); *see Magee v. Walt Disney Co.*, 2020 WL 8815489, at *1 (S.D.N.Y. June 10, 2020) (granting stay because "the disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in th[e] case"). A-CAP and Mr. King's motion easily clears this bar.

*Second*, despite having no viable claims against A-CAP or Mr. King, Leadenhall seeks burdensome discovery implicating years of sensitive commercial information and transactions. Indeed, while acknowledging A-CAP and its affiliates' substantial lending relationship with 777 (Amended Complaint ("AC") ¶ 241) and "all-asset lien" (AC ¶ 243), Leadenhall seeks virtually *all documents* concerning every aspect of that relationship:

- "***All*** Documents and Communications related to any formal or informal agreements between any of the 777 Entity Defendants . . . and A-CAP."[2] (Request 19.)

- "***All*** Documents and Communications concerning the insurance liabilities ceded by A-CAP and A-CAP's affiliates to 777 Re" (Request 18), with which Leadenhall alleges A-CAP formerly maintained a "complex 'modified coinsurance'" arrangement involving billions of dollars in investments. (AC ¶¶ 236-237.)

- "***All*** Documents and Communications concerning . . . protective advances made by A-CAP or any A-CAP affiliate for or on behalf of" the 777 Defendants. (Request 33.)

- For "***any*** equity and debt investments in the 777 Entity Defendants or their assets," "the amount, nature, terms of, and assets securing any [such] Investments," and any "plan,

---

[1] A-CAP and Mr. King respectfully refer the Court to the additional arguments presented in their motion to dismiss, which also merit a stay, including that Leadenhall fails to allege predicate acts (MTD at 17), proximate cause (*id.* at 25), domestic injury (*id.* at 26), an enterprise (*id.* at 27), a pattern of racketeering (*id.* at 28), a conspiratorial agreement (*id.* at 30), or viable state-law claim against them (*id.* at 31-36).

[2] Leadenhall's document requests appear at ECF No. 207-1. All emphasis above is supplied.

CADWALADER

The Hon. John G. Koeltl
October 21, 2024

strategy, or intention with respect to exercising any remedies." (Definition 2; Requests 20-22.)[3]

Such vastly overbroad requests implicate commercially sensitive transactions having no bearing on Leadenhall's contract claims (or indeed, any claim). The details of A-CAP's affiliates' loans to 777—much less "*all documents*" about such transactions—will not make it any more or less probable that a borrowing base deficiency did (or did not) exist under the LSA. Nor will they have any bearing on whether 777 overstated the value of Leadenhall's collateral in compliance reports. Thus, they are not relevant to any potentially ripe claim for breach of the LSA (first claim for relief), or the Sale Agreement (second claim), or the Servicing Agreement (third claim), or the Guaranty (fourth claim), each of which turns on whether the relevant 777 Entity Defendant complied with its contractual obligations to Leadenhall, not A-CAP.[4]

The fact that "[t]he discovery requested by Plaintiffs is likely to be significant in scope and expensive to comply with" further supports a stay. *Negrete*, 2015 WL 8207466, at *2; *see Boelter*, 2016 WL 361554, at *5 (granting a stay where "the breadth of discovery is broad, and the burden of responding . . . is substantial.").[5]

*Finally*, a brief discovery stay will not prejudice Leadenhall. This case is still in its infancy, and the motion to dismiss will be fully briefed on December 12, 2024. Waiting to begin discovery from A-CAP and Mr. King until after the Court decides their pending motion will not prejudice Plaintiffs' ability to prosecute any claims that survive dismissal, nor does it preclude staged discovery from other parties on the contract claims in the interim. *See O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) (granting a stay even where it "may delay the case by as much as one year" and observing that "[t]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice"). To the extent there was any exigency at the time Leadenhall filed suit, it sought and obtained a preliminary injunction protecting its collateral. Indeed, any purported urgency is belied by the fact that Leadenhall waited nearly *five months* to serve discovery (and requested six weeks to respond to Defendants' motions to dismiss the Amended Complaint).

---

[3] Leadenhall alleges that A-CAP, through an affiliate, holds liens on the assets of about 40 different 777-affiliated entities—all of which it presumably views as fair grounds for discovery. (AC ¶ 243.)

[4] Leadenhall's contract claims are not properly asserted against A-CAP and Mr. King. *See* MTD at 36. And the documents relevant to those claims are in Leadenhall's and 777's possession, not A-CAP's.

[5] A-CAP and Mr. King dispute the appropriateness of Leadenhall's requests. Litigating their scope, however, presents a burden for the parties and the Court that may ultimately prove unnecessary.

C A D W A L A D E R

The Hon. John G. Koeltl
October 21, 2024

Respectfully submitted,

*/s/ J.W.T.*

Jonathan M. Watkins

JMW


cc:     All Counsel of Record via ECF