# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

October 23, 2024

**VIA ECF**

The Hon. John G. Koeltl
Daniel Patrick Moynihan Courthouse
United States Courthouse
500 Pearl St.
New York, New York 10007

Re:    *Leadenhall Capital Partners LLP et al. v. Wander et al.*, No. 24-cv-3453 (JGK)

Dear Judge Koeltl:

On behalf of Defendant Advantage Capital Holdings LLC ("A-CAP"), we write in advance of the Pretrial Conference scheduled for October 23, 2024 at 3:30 PM. We understand that the conference relates to A-CAP's October 18, 2024 letter to the Court concerning a contemplated transaction (the "Transaction") (*see* ECF Nos. 219, 220). The Court previously granted A-CAP's request to file that letter and supporting materials under seal. (ECF No. 222.) Consistent with the Court's sealing order, A-CAP respectfully requests that the Court conduct the upcoming conference in chambers or a closed courtroom to avoid unnecessary public disclosure of sealed, commercially sensitive information regarding the contemplated Transaction.

As set forth in the Declaration of A-CAP's COO, Michael Saliba, A-CAP's submissions regarding the Transaction discuss details of a number of confidential financing arrangements, commercial negotiations, and actual and proposed transactions, largely as background to the presently contemplated Transaction. (*See* ECF No. 220 ¶¶ 5-21.) While A-CAP does not believe it should prove necessary for these non-public, commercially sensitive details to be discussed in open court in order to resolve any remaining issues concerning the Transaction, we respectfully seek to seal the courtroom to avoid any potential disclosure that would cause harm to A-CAP and third-parties involved in the Transaction. *See Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163 n.8 (2d Cir. 2013) (noting that "[a] district judge considering whether to close a courtroom is necessarily engaged in an exercise of prediction regarding the *potential* for disclosure of material that may justifiably be protected" and thus "the unpredictable vagaries of the courtroom do justify some caution," even if "transcripts can be released after the fact" with the "benefit of hindsight") (emphasis in original). As set forth in A-CAP's letter (ECF No. 219), the Transaction does not implicate the Court's preliminary injunction. Thus, these materials

# CADWALADER

The Hon. John G. Koeltl
October 23, 2024

"come within [the] court's purview solely to insure their irrelevance," diminishing any weight afforded to the presumption of in public access. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). A cautious approach is particularly appropriate here, given that the Transaction implicates "[t]he privacy interests of innocent third parties," which "should weigh heavily in a court's balancing equation." *Id.* at 1050-51; *see Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents").

Alternatively, if the Court is not inclined to seal the courtroom entirely, A-CAP seeks to be heard, prior to the start of the conference, on the establishment of appropriate procedures for avoiding the public dissemination of confidential information concerning the Transaction. *See, e.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *1 (S.D.N.Y. Nov. 5, 2014) (noting that the court "took precautions—after consulting the parties—to restrict the dissemination of highly confidential information" during a preliminary injunction hearing).

Respectfully submitted,

*/s/ J.W.T.*

Jonathan M. Watkins

JMW

cc:   All Counsel of Record via ECF

Page 2