```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

LEADENHALL CAPITAL PARTNERS
LLP, et al.,

                Plaintiffs,

           v.                            24 Civ. 3453 (JGK)

JOSH WANDER, ET AL.,
                                         Conference
                Defendants.

------------------------------x
                                         New York, N.Y.
                                         October 24, 2024
                                         3:15 p.m.
Before:

                   HON. JOHN G. KOELTL,

                                         District Judge

                         APPEARANCES

KING & SPALDING LLP
     Attorney for Plaintiff
BY:  LEIGH M. NATHANSON
     BRIAN K. DONOVAN
     MICHAEL S. TAINTOR

SMITH GAMBRELL & RUSSELL LLP
     Attorney for Defendant 777 Partners (entities)
BY:  DAVID A. PELLEGRINO
     JOHN G. McCARTHY, SR.
     RYAN J. SOLFARO

CADWALADER WICKERSHAM & TAFT LLP
     Attorney for Defendant Advantage Cap. and King
BY:  JONATHAN M. WATKINS
     MATTHEW M. KARLAN

O'MELVENY & MYERS LLP
     Attorneys for Intervenor ING
BY:  JASON R. ALDERSON
```

OAOJLEAC

APPEARANCES (Continued)

KRAMER, LEVIN, NAFTALIS & FRANKEL, LLP
     Attorney for Defendant Wander
BY:  JORDAN L. ESTES

MORVILLO, ABRAMOWITZ, GRAND, IASON, & ANELLO P.C.
     Attorneys for Defendant Steven Pasko
BY:  CHRISTOPHER B. HARWOOD

1          (Case called)

2          MS. NATHANSON:  Good afternoon, your Honor.

3          Leigh Nathanson from King & Spalding for plaintiffs
4    Leadenall, and I'm here with my colleagues Brian Donovan and
5    Michael Taintor.

6          MR. WATKINS:  Good afternoon, your Honor.

7          Jonathan Watkins with Cadwalader.  Here on behalf of
8    Mr. King and Advantage Capital, and I'm here with my partner
9    Matthew Karlan.

10         MR. MCCARTHY:  Good afternoon, your Honor.

11         John McCarthy, David Pellegrino, and Ryan Solfaro from
12   Smith Gambrell & Russell on behalf of the 777 entity
13   defendants.

14         MS. ESTES:  Good afternoon, your Honor.

15         Jordan Estes from Kramer Levin on behalf Mr. Wander.

16         MR. HARWOOD:  Good afternoon, your Honor.

17         Chris Harwood from Morvillo Abramowitz on behalf of
18   defendant Pasko.

19         THE COURT:  Okay.  Good afternoon, all.

20         I had originally scheduled this conference because of
21   the flurry of letters over the issues of discovery and whether
22   discovery should be stayed pending a decision on the motions to
23   dismiss, so let me just go over that.

24         There is a stipulation with respect to the scheduling
25   on the motions to dismiss.  They were all scheduled to be

1    filed.  I assume that they were filed on October 10.  The

2    responses are due November 21.  The replies are due

3    December 12.

4             Then there were several motions to stay discovery

5    pending a decision on the motions to dismiss.  I had thought

6    that I might be able to decide those motions without extensive

7    briefing, but hope springs eternal only to be dashed in this

8    case, so the parties want full briefing on the motions to stay

9    discovery.  And you all, so far as I can tell, didn't come to

10   any agreement with respect to that.  Am I right?

11            All of the defendants are seeking to stay discovery

12   pending a decision on the motions to dismiss; is that right?

13            MR. MCCARTHY:  That's correct, your Honor.

14            THE COURT:  Okay.  You all didn't agree on any

15   schedule.  Am I right that all of the motions to stay discovery

16   have now been filed?

17            MS. ESTES:  Yes, your Honor.  That's my understanding.

18            THE COURT:  Okay.  And so the only issue is the date

19   for the plaintiff to file responses to all of those motions.  I

20   couldn't agree more that there should be a consolidated

21   response to all of the motions to stay.  So what date does the

22   plaintiff want to respond?

23            MS. NATHANSON:  We had asked for three weeks from the

24   last filed motions, so I think that would take us to

25   mid-November.  It would help probably to have an additional

1     week on top of that now that we have a fourth motion filed and

2     that we're responding to four separate motions to dismiss at

3     the same time.  But something in the mid to late November range

4     makes sense to us.

5              THE COURT:  Like November 21?

6              MS. NATHANSON:  We can do the same date, sure.

7              THE COURT:  Okay.  So plaintiff's response on the

8     motions to stay discovery due November 21.

9              Normally, these are just discovery motions.  I'm sure

10    if I ask whether the defendants want to file replies, the

11    answer to that will be yes, right?  Replies?

12             MS. ESTES:  Yes, your Honor.

13             MR. HARWOOD:  Yes, your Honor.

14             THE COURT:  Yes, yes, yes.

15             So these really are discovery motions, so I don't want

16    to wait until December 12.  So reply is due December 2.

17             One issue I should note for you is -- I'm sorry.  Is

18    there --

19             MR. MCCARTHY:  Yes, your Honor.

20             So the 777 entity defendants are in a little bit of a

21    different boat from the other defendants because we've actually

22    already moved.  Technically their papers, under even their

23    reading of the rules, are due today subject to obviously what

24    your Honor does.  We have and we included with our papers

25    responses due to their extensive document request due on

1  Monday.  And we had asked the plaintiffs to -- we would agree
2  to the schedule that they were proposing if they would agree to
3  essentially adjourn our time to have to respond to the document
4  request until the motion was decided so that the companies
5  didn't have to spend the time of responding to the -- objecting
6  and going back and forth.  So I guess I'll orally ask your
7  Honor for an extension of time to respond to the discovery
8  request until the motion is decided.
9           MS. NATHANSON:  Just to be clear, for plaintiffs we
10 would consent to an extension of time for the response to the
11 discovery request.  But what we won't consent to is an interim
12 stay of discovery pending adjudication on the discovery motions
13 because --
14          THE COURT:  What's the difference between those two?
15          MS. NATHANSON:  Well, the discovery motions are
16 presumably not going to be decided now until after December 2.
17 And I think they've had a month now with the discovery requests
18 to submit --
19          THE COURT:  But there's a motion to stay discovery.
20          MS. NATHANSON:  But a motion to stay discovery doesn't
21 automatically stay discovery by the making of the motion.
22          THE COURT:  Yes.  But I -- you know --
23          MS. NATHANSON:  So if they want a few more weeks to
24 respond, we would consent to that.
25          THE COURT:  That's gracious of you.  But I really

would have expected more cooperation among the parties.  That doesn't make any sense.  Yes, the filing of the motion doesn't automatically stay responses to the outstanding discovery.

Was the outstanding discovery, by the way, timely?  I thought that discovery shouldn't proceed until you all have had the 26(f) conference.

MS. NATHANSON:  We have, and that's been ordered.  And we issued the discovery requests thereafter.  A-CAP also issued discovery requests for us for which we're on the clock and preparing responses for which are also due next week.

MR. MCCARTHY:  I agree with that, your Honor.  They were properly timely served.

MR. WATKINS:  We, A-CAP, your Honor, would be happy to stay and adjourn for the plaintiff's responses to our request.

THE COURT:  Okay.  Thank you.  I will adjourn the response dates on any of the pending discovery until December 20.  Mutually, you've all done it to both sides.  That doesn't give much time for all of you to respond, or from what you've told me, you're going to be objecting in any event, so they're not going to produce very much.

MS. NATHANSON:  Part of the reason we wanted to get moving.

THE COURT:  And I assume that's going to happen on both sides.  So discovery responses to any pending discovery stayed or adjourned until December 20.  And again, I'll try and

1  get to this.

2  MS. NATHANSON:  Your Honor, if the Court would prefer
3  to adjourn the discovery response date until after at least the
4  briefing on the motion, we're happy to put our responsive
5  briefs in earlier.

6  THE COURT:  I did.  I mean, the replies on the motion
7  I thought were December 2, and I adjourned the discovery
8  responses until December 20.

9  MS. NATHANSON:  Yes, totally understood.  But what I'm
10  saying is we would forego some of the time between now and
11  November 21, put in our responses earlier so we can accelerate
12  this a little bit, giving them the same amount of time on
13  reply.

14  THE COURT:  Okay.  November 8?

15  MS. NATHANSON:  That works.

16  THE COURT:  November 8 for the response on the motions
17  to stay discovery, and then the reply November 18.  And I'll
18  stay the responses on outstanding discovery requests until
19  December 6.  Okay.  Done.

20  Going over the docket sheet, I indicated in my last
21  order that there was, according to the docket sheet, an open
22  motion to intervene by Haymarket, and I took that motion to be
23  a motion to -- and it was a motion to intervene for purposes of
24  the preliminary injunction.  And I allowed Haymarket to
25  intervene for purposes of the motion for preliminary

1  injunction.  And so the motion was granted to that extent, and
2  I then closed the motion as an open motion on the docket sheet.
3         I also noticed that the other two motions by National
4  Founders and ING had not actually been closed on the docket,
5  but I plainly allowed them to intervene for purposes of motion
6  for preliminary injunction.  So I closed those motions on the
7  docket.  Anyone want to be heard on any of that?  No?  Okay.
8         So then I've gotten correspondence with respect to
9  A-CAP's request for guidance on a proposed transaction.  I know
10 from the submissions that the proposed transaction is a matter
11 of public record, yes?
12        MR. WATKINS:  Your Honor, the transaction itself is
13 not.  The belated proposed acquisition of a football team is,
14 but not the contemplated transaction per se.
15        THE COURT:  Okay.  So the parties shouldn't discuss
16 anything which is not public.
17        A-CAP has submitted the correspondence for guidance on
18 whether the proposed transaction would be a violation of the
19 preliminary injunction and argues in the papers that it would
20 not be a violation of the preliminary injunction and wants
21 guidance from the Court to give it comfort that it would not be
22 a violation of the preliminary injunction.
23        Leadenhall wants discovery into whether there's
24 anything about the transaction that would violate the
25 preliminary injunction.

My reaction to all of the correspondence is I don't give advisory opinions, and I couldn't possibly advise whether the transaction would be a violation of the preliminary injunction or not.  I have suggested at various points that if there were contemplated transactions that were at issue, the parties should discuss them.

Leadenhall has no desire to interfere with transactions that don't interfere with the ability of either the borrowers or the guarantors to make good on their promises to Leadenhall.  And the other creditors who intervene for purposes of the preliminary injunction and who are also entitled to notice with respect to certain transactions, I'm sure share that view.

My reaction to the papers was I don't give advisory opinions.  I had thought that's what lawyers do, they write opinion letters in which they say that it's the opinion of the firm that the transaction does not run afoul of any laws or in this case an order of the Court.  But I couldn't make that decision without an adversary process in which, if necessary, evidence was taken, expert opinions were offered, and the like.

It's possible to conceive — but I'm not suggesting it — that some declaratory relief could be sought.  But even if declaratory relief would be sought, it would be sought in the context of an adversary proceeding.  And whether there's discovery attached to that or not, I don't know.  I'm not going

to outline such a proceeding.

But it's crystal clear to me that I don't give advisory opinions. That's not my role. And I should also note, as I've sort of adverted earlier, that the parties -- and I'm not attempting to assess blame, but the parties can't even agree on a nondisclosure agreement, much less what would be necessary to convince either side that their side is correct.

So there you have it. That's where we stand. The parties have to make their own decisions. I mean, the preliminary injunction is clear. No one has suggested that it's not. A-CAP says it's clear to A-CAP that the transaction doesn't violate the preliminary injunction. Leadenhall is not so sure or at least they haven't said that. They ask for more information and criticize other leadups to the transaction.

If the transaction were to go forward, then it would be a question whether it is argued that it's in violation of the preliminary injunction. If A-CAP is so sure that it's not, A-CAP would act accordingly. If Leadenhall thought that it was in violation of the preliminary injunction, Leadenhall could in turn take action. If Leadenhall took action and Leadenhall was wrong, there are consequences to that also. But I can't judge these matters on the basis of a requested advisory opinion.

So there is one additional point that I want to raise with A-CAP and Leadenhall at the sidebar.

(Pages 12-25 SEALED)

```
 1              (In open court)
 2              THE COURT:  All right.  Anything further?
 3              MS. NATHANSON:  Nothing from plaintiffs, your Honor.
 4              MR. WATKINS:  Nothing from A-CAP, your Honor.
 5              MR. MCCARTHY:  Nothing from the 777 defendants, your
 6    Honor.
 7              MS. ESTES:  Nothing from Mr. Wander, your Honor.
 8              MR. HARWOOD:  Or from Mr. Pasko.  Thank you, your
 9    Honor.
10              THE COURT:  Thank you all.
11              (Adjourned)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```