# EXHIBIT A

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, New York 10036-4003
Tel: (212) 556-2100
Fax: (212) 556-2222
www.kslaw.com

Leigh M. Nathanson
Direct Dial: 212-790-5359
lnathanson@kslaw.com

September 9, 2024

**VIA E-MAIL**

John G. McCarthy, Esq.
Smith, Gambrell & Russell, LLP
1301 Avenue of the Americas, 21st Floor
New York, NY 10019
(212) 907-9703
jmccarthy@sgrlaw.com

Re:   *Leadenhall Capital Partners LLP et al. v. Wander et al.*, No. 24-cv-03453-JGK (S.D.N.Y.) – Potential Violations of Preliminary Injunction

Dear John,

I write on behalf of my clients, Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (together, "Leadenhall"), regarding transactions involving Defendants in the above captioned action that may violate the preliminary injunction currently in place, *see* ECF No. 146. Multiple media outlets have reported that, during the pendency of the preliminary injunction, Defendant A-CAP has taken control and/or ownership of your clients' interests in various football assets, including most recently Belgium's Standard Liège, and is marketing those assets for sale. *See, e.g.*, "A-Cap put Standard Liège up for sale after taking control from 777 Partners," Inside World Football, *available at* https://www.insideworldfootball.com/2024/09/06/cap-put-standard-liege-sale-taking-control-777-partners/.

As you know, pursuant to their rights under the parties' contractual agreements, my clients have repeatedly requested basic information from your clients concerning, among other things, 777 Partners' and its affiliates' (referenced collectively herein as "777 Partners") assets and liabilities; liens and claims against 777 Partners' assets; an explanation of how such liens and claims came to exist against 777 Partners' assets; and what remedies have been enforced against 777 Partners' assets resulting in a diminution or elimination of 777 Partners' interests in any such assets (collectively, the "Information Requests"). Although some of these requests had been outstanding since before this litigation was filed, Leadenhall specifically raised and reasserted the Information Requests with B. Riley during the initial days of B. Riley's engagement as chief

John G. McCarthy, Esq.
September 9, 2024
Page **2** of **3**

restructuring officer for 777 Partners in connection with Leadenhall's efforts to protect and preserve its collateral and to progress good faith settlement discussions in connection with the pending litigation. The Information Requests have been made formally and informally, orally and in writing, and on multiple occasions. *See, e.g.*, June 17, 2024 E-mail from R. Schwartz to I. Ratner, M. Shapiro, J. Guso, and C. Jarvinen re: Follow Up; June 21, 2024 E-mail from P. Kane to J. Howard and M. Shapiro re: Leadenhall Information requests regarding 777; June 26, 2024 E-mail from R. Schwartz to C. Jarvinen re: Payoff and release agreements needed; July 3, 2024 E-mail from R. Schwartz to C. Jarvinen re: Agenda for Call/Availability; July 15, 2024 E-mail from R. Schwartz to J. Guso and C. Jarvinen re: 777 – Information Requests; July 25, 2024 E-mail from G. King to C. Jarvinen and J. Guso re: 777-Information Requests Related to BIH. As those communications make clear, Leadenhall is entitled to the information it seeks in the Information Requests under the express terms of its financing agreements with 777 Partners and its affiliates, including the MLSA (*see* Sections 5.01(j)(xii), 5.02), the Guaranty Agreement (*see* Section 6), and the NPA (*see* Sections 13.5, 13.6).

The Information Requests have now been outstanding for at least four months. To date, none of 777 Partners, B. Riley, or their respective counsel or advisors have contested Leadenhall's rights to request and receive responses to the Information Requests. Nonetheless, 777 Partners has not provided substantive responses to any of the Information Requests. Rather than citing any legal or contractual dispute, 777 Partners and its advisors have represented that they will not provide responses to the Information Requests (i) because of the existing litigation and (ii) because A-CAP has directed them not to respond to the Information Requests. Neither of these reasons constitutes a legitimate basis for refusing to respond to the Information Requests.

As the Court has repeatedly cautioned, most recently at the August 1, 2024 conference on A-CAP's pending motion to amend the preliminary injunction, "if there is a transaction, it were better that the transaction be disclosed and brought to the attention of the other side and to the Court. And if there is no problem in terms of the injunction with the transaction, one would think the transaction would go forward. But A-CAP hasn't done that." Aug. 1, 2024 Hr'g Tr. 9:20-25.

Your client's refusal to provide information to which Leadenhall is undisputedly entitled prevents Leadenhall from being able to assess whether or not the transaction(s) that Defendants seek to effectuate, or are in the process of effectuating, violate the terms of the preliminary injunction. Whether Defendants are withholding information deliberately to conceal transactions they know to be violative of the preliminary injunction or whether they wish to avoid scrutiny for some other reason, Defendants' conduct is impeding enforcement of the preliminary injunction and posing harm to creditors including Leadenhall.

To the extent 777 Partners intends to take the position—contrary to the Court's repeated admonishments—that transparency is not required here because B. Riley is an independent fiduciary and can unilaterally determine whether a prospective transaction would violate the preliminary injunction, B. Riley's conduct to date belies that contention. As you know, Leadenhall has repeated asked whether B. Riley, its counsel, and/or any independent fiduciary of

John G. McCarthy, Esq.
September 9, 2024
Page **3** of **3**

777 Partners has conducted any review, analysis, and/or investigation of the asserted liens and claims purportedly encumbering 777 Partners' assets, and the circumstances giving rise to such liens and claims both before and after commencement of the litigation. To date, 777 Partners has not confirmed that any such investigation has been, or is currently being, conducted, notwithstanding B. Riley's purported role as an independent fiduciary for 777 Partners and its various creditors and stakeholders. By this letter, Leadenhall once again requests confirmation as to whether any investigation of the asserted liens and claims purportedly encumbering 777 Partners' assets, and the circumstances giving rise to such liens and claims both before and after commencement of the litigation, has been, or is currently being, conducted by B. Riley, its counsel, and/or any independent fiduciary of 777 Partners.

In light of your clients' current posture, Leadenhall therefore intends to make an application to the Court compelling Defendants to comply with their contractual obligations to respond to the Information Requests and to disclose the terms of any pending or contemplated transactions involving 777 assets taken over, or otherwise now controlled, by A-CAP. Please let us know by 5 PM Eastern Time on Tuesday, September 10, 2024, whether your clients will produce this information voluntarily so we can avoid seeking the Court's intervention.

We are available to discuss at your convenience.

Sincerely,

Leigh M. Nathanson

CC: David Pellegrino, Esq.
Roger G. Schwartz, Esq.