# EXHIBIT B

*1301 Avenue of the Americas*
*21st Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
www.sgrlaw.com



*John G. McCarthy*
*Direct Tel:  212-907-9703*
*Direct Fax:  212-907-9803*
jmccarthy@sgrlaw.com

September 11, 2024

**VIA EMAIL**

Leigh Nathanson, Esq.
King & Spalding LLP
1185 Avenue of the Americas, 34th Flor
New York, New York 10036

Re:   *Leadenhall Capital Partners LLP, et ano. v. Wander, et al.*
       24 Civ. 3453 (JGK)

Dear Leigh:

We write on behalf of our clients the 777 Entity Defendants in response to your letter dated September 9, 2024.  The 777 Entity Defendants disagree with your assertion that a potential violation of the preliminary injunction has occurred. While your letter makes assertions regarding a number of irrelevant matters, including "football assets" that are not at issue in this litigation and requests for information outside of the formal litigation channels, we have endeavored to respond as promptly as possible to raise a number of more urgent and substantial matters, including what appear to be criminal acts committed by Leadenhall's retained agents in connection with this litigation.

*First*, while we have previously advised you about the data intrusion investigation, it now appears clear that one of the employees of Leadenhall's agent, Saiph Group, has misappropriated 777 Partners' physical property and proprietary information in violation of state and federal law. While our investigation is still ongoing, it appears that Saiph Group employee Noah Davis, who was formerly the head of information technology for 777 Partners, and is now working for Saiph Group in connection with its purported collateral audit on behalf of Leadenhall, has engaged in unauthorized access to 777 Partners' computer systems through illegal means.

Employing the user ID and password given to another individual at Saiph Group in connection with the purported collateral audit, and other credentials that he may have obtained while an employee at 777 Partners, it appears Mr. Davis then exceeded Saiph's authorization to gain access to information beyond Leadenhall's collateral, including in servers belonging to other

Leigh Nathanson, Esq.
September 11, 2024
Page 2

entities. 777 Partners is in the process of determining the full scope of Mr. Davis's unauthorized access, but at a minimum, it appears that he improperly accessed two company laptops, including one assigned to Defendant Steven Pasko. Mr. Davis appears to have made a copy of Mr. Pasko's Outlook file in an attempt to abscond with stolen documents and information. It appears that he also accessed the laptop of Jen Logee, Chief Compliance Officer of Brickell Insurance Group, to gain access to her records and access the 777 Partners network. We understand data intrusions occurred during July and August of this year, well after Mr. Davis ceased to be a 777 Partners employee in April and joined Saiph Group as Leadenhall's agent.

In addition to data intrusions, and after we advised you about them, we have identified video surveillance footage that appears to show Mr. Davis physically trespassing at Sutton Park's headquarters and stealing physical equipment, including laptops from the desk of 777 Partners' current head of IT. 777 Partners has alerted law enforcement authorities to these illegal activities and reserves all rights and remedies, civil and criminal.

Needless to say under the circumstances, 777 Partners has taken steps to terminate all access by Saiph Group, Mr. Davis, and Leadenhall (and any of its other agents) to 777 Partners' personnel, data, and facilities. Please be advised that:

- 777 Partners demands that Leadenhall and its agent Saiph Group immediately return all documents, information, devices, and other property misappropriated from the 777 Entities and their affiliates.

- Pending the return of 777 Partners' property, you are directed to segregate and not view or make use of the misappropriated materials for any purposes whatsoever.

- Any and all prior authorization for Leadenhall to speak or otherwise communicate directly with employees and officers of the 777 Entities is hereby withdrawn and revoked.

- Employees and officers of the 777 Entities are only to be contacted through undersigned counsel.

- All communications between Leadenhall, and Saiph (including Paul Kosinski, Lauren Boersig, and Noah Davis) should be preserved and all devices (such as computers and mobile devices) used by Leadenhall and its agents to access Leadenhall collateral information at the 777 Entity Defendants should be preserved through forensic imaging.

*Second*, we note that Paul Hastings LLP continues to be intimately involved in Leadenhall's prosecution of this lawsuit, including in connection with your September 9 letter, as you copied one of its partners on your letter. Paul Hastings LLP has done work related to A-CAP and Defendant 777 Partners LLC, including the recent transactions involving STX Financing LLC. We have recently been informed that Paul Hastings LLP has represented that its attorneys will not be involved in this lawsuit and that you would no longer include its attorneys

Leigh Nathanson, Esq.
September 11, 2024
Page 3

on emails or correspondence among counsel of record to this litigation. We must insist that you abide by the representations that have been made by Paul Hastings LLP.

*Third*, your letter references news reports concerning "various football assets," suggesting that these alleged transactions could potentially violate the preliminary injunction entered by the court in this matter. As you should be aware, Leadenhall's collateral does not include any "football assets," nor are any such assets implicated by the court's preliminary injunction order. If you believe otherwise, we would welcome your explanation.

*Finally*, with respect to your client's information requests, the 777 Entity Defendants disagree that Leadenhall is contractually entitled to the information it seeks under any of the contractual provisions cited in your letter. In any event, Leadenhall has opted to file a lawsuit instead of pursuing its rights outside of court—purporting to accelerate its debt and seek recourse through litigation, including purported treble damages based on alleged fraud and RICO violations. Accordingly, we are forced to address Leadenhall's demands through the formal litigation process and will do so in response to any properly served and permissible requests for documents and information, in the event that any claims survive defendants' renewed motions to dismiss.

The 777 Entities and their affiliates reserve all rights and remedies.

Very truly yours,

John G. McCarthy

cc:    All counsel of record