# EXHIBIT C

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEADENHALL CAPITAL PARTNERS LLP and LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC,<br><br>                Plaintiffs,<br><br>    vs.<br><br>JOSH WANDER, STEVEN PASKO, KENNETH KING, 777 PARTNERS LLC, 600 PARTNERS LLC, SPLCSS III LLC, SIGNAL SML 4 LLC, INSURETY AGENCY SERVICES LLC, DORCHESTER RECEIVABLES II LLC, SUTTONPARK CAPITAL LLC, SIGNAL MEDICAL RECEIVABLES LLC, INSURETY CAPITAL LLC, SUTTONPARK SERVICING LLC, and ADVANTAGE CAPITAL HOLDINGS LLC,<br><br>                Defendants. | Civil Action No. 1:24-cv-03453<br><br>**ADVANTAGE CAPITAL HOLDINGS LLC AND KENNETH KING'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS** |

       In accordance with Federal Rules of Civil Procedure 26 and 34, as well as the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendants Advantage Capital Holdings LLC ("A-CAP") and Kenneth King hereby request that Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (collectively, "Leadenhall" or "Plaintiffs"), produce the documents and things identified in the document requests set forth below (collectively, the "Requests," and each individually, a "Request"), in accordance with the Definitions and Instructions herein, at the offices of Cadwalader, Wickersham & Taft LLP, 200 Liberty Street, New York, New York 10281, within thirty (30) days of service of these Requests.

       These Requests are made without prejudice to A-CAP and Mr. King's position that all discovery against them should be stayed pending a ruling on their forthcoming Motion to Dismiss the Amended Complaint. A-CAP and Mr. King reserve all rights to pursue such a stay.

1

## DEFINITIONS AND RULES OF CONSTRUCTION

1. These Requests should be construed to require broad disclosure consistent with the Local Rules.

2. The definitions and rules of construction stated in Local Rule 26.3 are incorporated as if fully set forth herein. This includes, without limitation, the definitions and rules of construction with respect to the following: Communication, Document, Identify, Parties, Person, Concerning, All/Any/Each, And/Or, Number.

3. Additionally, to the extent necessary to bring within the scope of a Request any Documents or things that might otherwise be construed to be outside of its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all tenses; (ii) the use of the masculine gender shall include the feminine and neuter genders and vice versa, and (iii) "including" shall be construed to mean "including, but not limited to."

4. The following case-specific definitions also apply to each Request:

5. "**The 777 Entity Defendants**" refers to all defendants except A-CAP, Kenneth King, Josh Wander, and Steven Pasko.

6. "**777 Partners**" refers to 777 Partners LLC.

7. "**Borrower(s)**" refers to the SPLCSS Borrower, the Signal Borrower, the Insurety Borrower, and/or the Dorchester Borrower.

8. "**Guarantor(s)**" refers to 777 Partners LLC and 600 Partners LLC.

9. "**The LSA**" refers to the May 7, 2021 Loan and Security Agreement.

10. "**The JARM Loan**" refers to the alleged December 2020 loan made by Haymarket Insurance Company to JARM Capital LLC referred to in paragraph 221 of the Amended Complaint.

11.     Each of the following terms has the meaning ascribed to such terms in the LSA and ancillary documents: "**Borrowing Base**"; "**Borrowing Base Deficiency**"; "**Collateral**"; "**Compliance Report**"; and "**Monthly Report**."

12.     The "**Alleged Anonymous Tip**" refers to the alleged anonymous email received in September 2022 stating that Josh Wander "'either never bought' the assets that he had pledged to [Plaintiffs] as collateral 'or already pledged them to another lender'" referred to in paragraph 8 of the Amended Complaint.

13.     The "**Alleged Insider Tip**" refers to the early 2024 alleged disclosure by an employee of a 777 Partners LLC subsidiary of an "express agreement with 777 Partners whereby A-CAP has the right to control 777 Partners' operations," referred to in paragraph 215 of the Amended Complaint.

14.     "**Amended Complaint**" means the Corrected Amended Complaint filed on September 6, 2024 in the above-captioned action.

15.     "**Party**" or "**parties**" refers to all plaintiffs, defendants, and intervenors in the above-captioned action.

16.     "**You**," "**Your**," or "**Yours**" refer to Plaintiffs, including Plaintiffs' current or former agents, employees, officers, directors, representatives, or anyone else acting on Plaintiffs' behalf.

## INSTRUCTIONS

1.     These Requests shall be answered in accordance with the Instructions and Definitions stated herein, which are incorporated in full into each Request.

2.     In responding to these Requests, You must furnish all responsive Documents within Your possession, custody or control, regardless of whether such Documents are possessed directly

by You or Your agents, employees, representatives, investigators or by Your attorneys or their agents, employees, representatives, or investigators. If You believe any responsive Documents to be beyond Your possession, custody, or control, please identify the person(s) in whose custody You believe those documents to be located and state the reasons why You are not producing those Documents in response to these Requests.

3.   If there are no Documents responsive to any particular Request or subpart thereof, You shall state so in writing in Your response.

4.   Your obligations pursuant to these Requests are not limited or affected by the availability of any Document through any other source. The fact that a Document could be produced or retrieved by another person does not relieve You of Your obligation to produce any copies of such Document in Your possession, custody, or control.

5.   All electronically stored information shall be produced in a format mutually agreed upon by the parties or ordered by the Court.

6.   If any portion of a Document is responsive to any Request, the entire Document must be produced, including all attachments, appendices, enclosures, and exhibits, which shall not be separated from the item to which they are attached or enclosed.

7.   All Documents shall be produced in the manner, form, and position in which they are kept in the ordinary course of business, as required by the Federal Rules of Civil Procedure, including, where applicable, any index tabs, file dividers, designations, file paths, or other information as to the location of the Documents.

8.   No portion of any Request may be left unanswered, or Documents not produced, merely because an objection is interposed as to any other part of a Request. Where an objection is made to any Request, or any subpart thereof, the objection must state with specificity all grounds.

All objections to the production of Documents requested herein must be made in writing and delivered to counsel of record for A-CAP and Mr. King. If You object to any Request, Your response shall state whether Documents are being withheld from production on the basis of such objection, or whether You will produce documents responsive to that Request notwithstanding such objection.

9. If documents or things are withheld on the basis of the attorney-client privilege, work product doctrine, or any other claimed immunity from disclosure, You must provide a privilege log of the withheld documents satisfying the requirements of the Federal Rules of Civil Procedure and Local Rule 26.2. Counsel for A-CAP and Mr. King are available to meet and confer regarding the appropriate scope, format, and timing of privilege logs.

10. For any responsive Documents stored in paper format, all Documents must be logically unitized; meaning that, in scanning paper Documents, distinct Documents must not be merged into a single record, and single Documents must not be split into multiple records. You must make Your best efforts to unitize documents correctly.

11. If any responsive Documents or data at one time existed but no longer exist, please so state, specifying for each Document or electronic device (a) the type of Document; (b) the types of information contained in the Document; (c) the date when it ceased to exist; (d) the circumstances under which it ceased to exist; (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (f) the identity of all persons having knowledge or who had knowledge of the contents.

12. For any Request to which You object, in whole or in part, state whether Documents exist that are responsive to the Request as served but are being withheld from production by You pursuant to Your objection.

13. These Requests are continuing in nature. If, after making an initial response, You obtain or become aware of additional documents or information responsive to these Requests, You are required to supplement Your response in a timely manner pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Such supplemental responses shall be served as soon as practical after Your receipt of such documents or information.

## DOCUMENT REQUESTS

1. All Documents concerning the LSA, its amendments, and ancillary agreements, including, but not limited to, the drafting, negotiation, implementation, interpretation or alleged breach thereof.

2. All Documents concerning the JARM Loan, its amendments, ancillary agreements, and restructuring.

3. All Documents concerning any agreements between You and any of the parties.

4. All Documents concerning due diligence conducted or performed in connection with Your loans to the 777 Entity Defendants or any affiliate thereof, including documents concerning Your knowledge of liens held by A-CAP affiliates and/or other parties.

5. All Documents concerning the Borrowing Base of each Borrower, including the value and interest rate sensitivity of each Borrowing Base over time.

6. All Documents concerning all assets of the 777 Entity Defendants in which You have, or at any time had, a security interest.

7. All Documents concerning any attempts You have made to perfect Your security interests in the assets of the 777 Entity Defendants.

8. All Documents concerning any due diligence or monitoring You performed with respect to the Collateral.

9. All Documents concerning Your efforts, if any, to verify the existence of the Collateral, or check for existing liens on the Collateral.

10. All Documents concerning the Monthly Reports and Compliance Reports, including, but not limited to, the confirmation emails that accompanied the reports.

11. All Documents concerning draws made by the Borrowers from the credit facility established by the LSA, including, but not limited to, all Borrowing Requests.

12.     All Documents concerning Your alleged on-site visit to offices of 777 Partners in November 2022.

13.     All Documents concerning Communications, including notes and recordings, between You and any Defendant concerning A-CAP, the Collateral, or any transactions involving the 777 Entity Defendants.

14.     All Documents, including notes and recordings, concerning discussions involving Leadenhall or Josh Wander or any other representative of 777 Partners, including, but not limited to, discussions regarding the alleged Borrowing Base deficits, misrepresentation of the value of the Collateral, double-pledging of the Collateral, or non-existent Collateral.

15.     All Documents, including notes and recordings, concerning Communications between You and ING Capital LLC, or Credigy or National Founders LP, or any other creditor of any 777 Partners' entity, concerning the 777 Entity Defendants, Josh Wander, or Steven Pasko.

16.     All Documents concerning the Alleged Anonymous Tip, including all Documents concerning Your investigation into the accusations made in the Alleged Anonymous Tip.

17.     All Documents concerning the timing and manner of Your discovery of the alleged Borrowing Base deficits, misrepresentations of the value of the Collateral, double-pledging of the Collateral, or non-existent Collateral.

18.     All Documents concerning any Collateral purportedly double-pledged to Credigy.

19.     All Documents concerning or referencing Your negotiations with any Defendant following discovery of the alleged Borrowing Base deficit, misrepresentation of the value of the Collateral, non-existent Collateral, and/or double-pledged Collateral.

20.     All Documents concerning Your allegation that A-CAP has an express agreement with 777 Partners which allows A-CAP the right to control 777 Partners' operations, as alleged in paragraph 16 of the Amended Complaint.

21.     All Documents concerning Your allegation that A-CAP employees moved into the offices of 777 Partners and began supervising certain employees in March 2023, as alleged in paragraphs 202 and 203 of the Amended Complaint.

22.     All Documents concerning the alleged "Steering Committee" described in paragraph 201 of the Amended Complaint.

23.     All Documents concerning the alleged "formal[] memorializ[ation]" of A-CAP's alleged "control of 777 Partners' operations," referred to in paragraph 201 of the Amended Complaint.

24.   All Documents concerning Your allegation that A-CAP and Mr. King "participated in and directed" the transmission of false Compliance Reports, as alleged in paragraph 363(g) and (h) of the Amended Complaint.

25.   All Documents concerning your allegation that A-CAP made, at Mr. King's direction, false representations to You with respect to 777 Partners' liquidity, as alleged in paragraph 363(g) and (h) of the Amended Complaint.

26.   All Documents concerning the Alleged Insider Tip, referred to in paragraph 215 of the Amended Complaint.

27.   All Documents concerning Your alleged negotiations with A-CAP in the summer of 2023.

28.   All Documents, including notes and recordings, concerning Communications between You and A-CAP concerning the 777 Entity Defendants, the alleged Borrowing Base deficits, alleged double-pledging of the Collateral, or alleged non-existent Collateral.

29.   All Documents concerning Your allegation that A-CAP "must have been well aware and 'in the know' for months" about the 777 Entity Defendants' alleged fraud by June or July 2023, as alleged in paragraph 212 of the Amended Complaint.

30.   All Documents concerning Your allegation that A-CAP pays off 777 Partners' "last-minute obligations" in order to "avoid the entire scheme from being laid bare in public," as alleged in paragraph 20 of the Amended Complaint.

31.   All Documents concerning Your allegation that A-CAP "prevented 777 Partners from committing to repay the obligations owed to" You, as alleged in paragraph 21 of the Amended Complaint.

32.   All Documents concerning Your allegation that Mr. King "interrupted" Josh Wander "during nearly every single phone call that Wander had with [You] over the course of" the restructuring negotiations, as alleged in paragraph 191 of the Amended Complaint.

33.   All Documents concerning Your proposal for Paul Kosinski to perform an "asset review" of the Collateral, as alleged in paragraph 216 of the Amended Complaint.

34.   All Documents concerning Your allegation that A-CAP "interjected itself" into Your discussions with 777 Partners about the proposed "asset review" of the Collateral by Paul Kosinski, as alleged in paragraph 216 of the Amended Complaint.

35.   All Documents concerning Your allegation that, "[t]hrough a series of insider transactions, A-CAP funds Wander and Pasko's businesses at wildly above-market interest rates in conjunction with essentially unlimited rights with respect to those entities' assets and total control and dominion over its enterprise," as alleged in paragraph 194 of the Amended

8

Complaint, including, but not limited to, Documents concerning the examples of this "influence" alleged in paragraph 194(a)–(n).

36. All Documents concerning Your allegation that the "missing Collateral" owed to You has been used to pay "principal, fees, and interest on A-CAP loan facilities with 777 Partners or reduce borrowings on assets in which A-CAP has an interest," as alleged in paragraph 212, note 10 of the Amended Complaint.

37. All Documents concerning Your allegation that 777 Re has used premium payments from A-CAP to "make loans directly to 777 Partners" and its subsidiaries, as alleged in paragraph 238 Amended Complaint.

38. All Documents concerning Your allegation that A-CAP is "controlled and dominated by" Mr. King, as alleged in paragraph 37 of the Amended Complaint.

39. All Documents concerning Your allegations that A-CAP and Mr. King exercise "excessive and improper control" over the 777 Entity Defendants as alleged in paragraphs 322, 332, 345, 354, and 363(g) and (h) of the Amended Complaint.

40. All Documents concerning Your allegation that A-CAP and Mr. King must approve "every material decision" made by 777 Partners, including "the decisions to commit fraud," as alleged in paragraph 396 of the Amended Complaint.

41. All Documents concerning Your allegation that A-CAP "induced 777 Partners" to restructure "the JARM loan obligation" "for no apparent consideration," as alleged in paragraph 225 of the Amended Complaint.

42. All Documents concerning Your allegation that A-CAP "move[s] its liens from the assets of 777 Partners itself to the assets of 777 Partners' operating companies," as alleged in paragraph 228 of the Amended Complaint.

43. All Documents concerning Your allegation that, at the time the JARM loan was restructured, or shortly after, 777 Partners was "insolvent or became insolvent," as alleged in paragraph 407(d) of the Amended Complaint.

44. All Documents concerning Your allegation that, before the JARM loan was restructured, "777 Partners had been sued or threatened with suit by creditors including Leadenhall," as alleged in paragraph 407(b) of the Amended Complaint.

45. All Documents concerning Your allegations that any defendant engaged in misconduct with respect to any alleged Borrowing Base deficiency, misrepresentation of the value of the Collateral, double-pledging, or pledging of nonexistent Collateral.

46. All Documents concerning Your allegation that A-CAP or Mr. King is liable for the contractual breaches, torts, or other alleged misconduct of any other defendant in this action.

9

47. All Documents concerning any predicate acts that A-CAP or Mr. King are alleged to have committed, including, but not limited to, those alleged in paragraph 363(g) and (h) of the Amended Complaint.

48. All Documents concerning any ways in which A-CAP and Mr. King are alleged to have substantially assisted the alleged fraud, including, but not limited to, those alleged in paragraph 397(e) and (f) of the Amended Complaint.

49. All Documents concerning any misconduct You claim A-CAP or Mr. King have engaged in.

50. All Documents concerning Your allegation that A-CAP and Mr. King "actively participated in" a civil conspiracy to commit fraud, as alleged in paragraph 392 of the Amended Complaint.

51. All Documents concerning Your allegation that A-CAP and Mr. King "aided and abetted" fraud, as alleged in paragraph 395 of the Amended Complaint.

52. All Documents concerning any misconduct Josh Wander, Steven Pasko, or the 777 Entity Defendants are alleged to have engaged in, including documents concerning anonymous tips about their misconduct.

53. All Documents concerning Your knowledge of and/or Communications with 777 Re.

54. All Documents concerning Your relationship with 777 Re, including through board representation.

55. All Documents concerning the calculation of the alleged Borrowing Base deficiency.

56. All Documents concerning the impact of factors, other than the alleged fraud, on the value of the Borrowing Base.

57. All Documents concerning the impact of interest rate fluctuations on the value of the Borrowing Base.

58. All Documents concerning the impact of the JARM loan restructuring on the value of Leadenhall's Guaranty.

59. All Documents concerning negotiations between You and 777 Partners over a Forbearance Agreement.

60. All Documents concerning Your computation of the damages sought in this action.

61. All Documents concerning any allegation against A-CAP or Mr. King in the Amended Complaint.

62. All Documents upon which You intend to rely at trial or at any other stage in litigating this action.

63. Documents sufficient to show Leadenhall Capital Partners LLP's legal identity and organization, including articles of incorporation, bylaws, and organizational charts.

64. Documents sufficient to show Leadenhall Life Insurance Linked Investments Fund PLC's legal identity and organization, including articles of incorporation, bylaws, and organizational charts.

65. All Documents concerning Your communications with any reporter, publication, or news organization regarding A-CAP or Mr. King.

66. All Documents concerning Your communications with any of your affiliates or subsidiaries regarding A-CAP or Mr. King.

67. All Documents concerning any other litigation in which You are or have previously been a party.

68. All Documents concerning Your current financial condition.

69. All Documents concerning Your current sources of funding.

70. All Documents concerning Your policies regarding document retention, storage, and destruction.


Dated: New York, New York  
September 30, 2024

CADWALADER, WICKERSHAM & TAFT LLP

By: /s/ *Jonathan M. Watkins*  
Jonathan M. Watkins  
Michael E. Petrella  
Matthew M. Karlan  
Mark A. Singer  
200 Liberty Street  
New York, NY 10281  
Telephone: (212) 504-6000  
Fax: (212) 504-6666  
jonathan.watkins@cwt.com  
michael.petrella@cwt.com  
matthew.karlan@cwt.com

11

mark.singer@cwt.com

*Counsel for Advantage Capital Holdings LLC and Kenneth King*