OAOJLEAC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

LEADENHALL CAPITAL PARTNERS
LLP, et al.,

               Plaintiffs,

         v.                            24 Civ. 3453 (JGK)

JOSH WANDER, ET AL.,
                                       Conference
               Defendants.

------------------------------x
                                       New York, N.Y.
                                       October 24, 2024
                                       3:15 p.m.
Before:

                   HON. JOHN G. KOELTL,

                                       District Judge

                        APPEARANCES

KING & SPALDING LLP
     Attorney for Plaintiff
BY:  LEIGH M. NATHANSON
     BRIAN K. DONOVAN
     MICHAEL S. TAINTOR

SMITH GAMBRELL & RUSSELL LLP
     Attorney for Defendant 777 Partners (entities)
BY:  DAVID A. PELLEGRINO
     JOHN G. McCARTHY, SR.
     RYAN J. SOLFARO

CADWALADER WICKERSHAM & TAFT LLP
     Attorney for Defendant Advantage Cap. and King
BY:  JONATHAN M. WATKINS
     MATTHEW M. KARLAN

O'MELVENY & MYERS LLP
     Attorneys for Intervenor ING
BY:  JASON R. ALDERSON
```

APPEARANCES (Continued)

KRAMER, LEVIN, NAFTALIS & FRANKEL, LLP
    Attorney for Defendant Wander
BY:  JORDAN L. ESTES

MORVILLO, ABRAMOWITZ, GRAND, IASON, & ANELLO P.C.
    Attorneys for Defendant Steven Pasko
BY:  CHRISTOPHER B. HARWOOD

1            (Case called)
2            MS. NATHANSON:  Good afternoon, your Honor.
3            Leigh Nathanson from King & Spalding for plaintiffs
4    Leadenall, and I'm here with my colleagues Brian Donovan and
5    Michael Taintor.
6            MR. WATKINS:  Good afternoon, your Honor.
7            Jonathan Watkins with Cadwalader.  Here on behalf of
8    Mr. King and Advantage Capital, and I'm here with my partner
9    Matthew Karlan.
10           MR. MCCARTHY:  Good afternoon, your Honor.
11           John McCarthy, David Pellegrino, and Ryan Solfaro from
12   Smith Gambrell & Russell on behalf of the 777 entity
13   defendants.
14           MS. ESTES:  Good afternoon, your Honor.
15           Jordan Estes from Kramer Levin on behalf Mr. Wander.
16           MR. HARWOOD:  Good afternoon, your Honor.
17           Chris Harwood from Morvillo Abramowitz on behalf of
18   defendant Pasko.
19           THE COURT:  Okay.  Good afternoon, all.
20           I had originally scheduled this conference because of
21   the flurry of letters over the issues of discovery and whether
22   discovery should be stayed pending a decision on the motions to
23   dismiss, so let me just go over that.
24           There is a stipulation with respect to the scheduling
25   on the motions to dismiss.  They were all scheduled to be

filed. I assume that they were filed on October 10. The responses are due November 21. The replies are due December 12.

Then there were several motions to stay discovery pending a decision on the motions to dismiss. I had thought that I might be able to decide those motions without extensive briefing, but hope springs eternal only to be dashed in this case, so the parties want full briefing on the motions to stay discovery. And you all, so far as I can tell, didn't come to any agreement with respect to that. Am I right?

All of the defendants are seeking to stay discovery pending a decision on the motions to dismiss; is that right?

MR. MCCARTHY: That's correct, your Honor.

THE COURT: Okay. You all didn't agree on any schedule. Am I right that all of the motions to stay discovery have now been filed?

MS. ESTES: Yes, your Honor. That's my understanding.

THE COURT: Okay. And so the only issue is the date for the plaintiff to file responses to all of those motions. I couldn't agree more that there should be a consolidated response to all of the motions to stay. So what date does the plaintiff want to respond?

MS. NATHANSON: We had asked for three weeks from the last filed motions, so I think that would take us to mid-November. It would help probably to have an additional

1   week on top of that now that we have a fourth motion filed and
2   that we're responding to four separate motions to dismiss at
3   the same time.  But something in the mid to late November range
4   makes sense to us.
5              THE COURT:  Like November 21?
6              MS. NATHANSON:  We can do the same date, sure.
7              THE COURT:  Okay.  So plaintiff's response on the
8   motions to stay discovery due November 21.
9              Normally, these are just discovery motions.  I'm sure
10  if I ask whether the defendants want to file replies, the
11  answer to that will be yes, right?  Replies?
12             MS. ESTES:  Yes, your Honor.
13             MR. HARWOOD:  Yes, your Honor.
14             THE COURT:  Yes, yes, yes.
15             So these really are discovery motions, so I don't want
16  to wait until December 12.  So reply is due December 2.
17             One issue I should note for you is -- I'm sorry.  Is
18  there --
19             MR. MCCARTHY:  Yes, your Honor.
20             So the 777 entity defendants are in a little bit of a
21  different boat from the other defendants because we've actually
22  already moved.  Technically their papers, under even their
23  reading of the rules, are due today subject to obviously what
24  your Honor does.  We have and we included with our papers
25  responses due to their extensive document request due on

1  Monday. And we had asked the plaintiffs to -- we would agree
2  to the schedule that they were proposing if they would agree to
3  essentially adjourn our time to have to respond to the document
4  request until the motion was decided so that the companies
5  didn't have to spend the time of responding to the -- objecting
6  and going back and forth. So I guess I'll orally ask your
7  Honor for an extension of time to respond to the discovery
8  request until the motion is decided.
9           MS. NATHANSON: Just to be clear, for plaintiffs we
10  would consent to an extension of time for the response to the
11  discovery request. But what we won't consent to is an interim
12  stay of discovery pending adjudication on the discovery motions
13  because --
14           THE COURT: What's the difference between those two?
15           MS. NATHANSON: Well, the discovery motions are
16  presumably not going to be decided now until after December 2.
17  And I think they've had a month now with the discovery requests
18  to submit --
19           THE COURT: But there's a motion to stay discovery.
20           MS. NATHANSON: But a motion to stay discovery doesn't
21  automatically stay discovery by the making of the motion.
22           THE COURT: Yes. But I -- you know --
23           MS. NATHANSON: So if they want a few more weeks to
24  respond, we would consent to that.
25           THE COURT: That's gracious of you. But I really

1    would have expected more cooperation among the parties.  That
2    doesn't make any sense.  Yes, the filing of the motion doesn't
3    automatically stay responses to the outstanding discovery.
4              Was the outstanding discovery, by the way, timely?  I
5    thought that discovery shouldn't proceed until you all have had
6    the 26(f) conference.
7              MS. NATHANSON:  We have, and that's been ordered.  And
8    we issued the discovery requests thereafter.  A-CAP also issued
9    discovery requests for us for which we're on the clock and
10   preparing responses for which are also due next week.
11             MR. MCCARTHY:  I agree with that, your Honor.  They
12   were properly timely served.
13             MR. WATKINS:  We, A-CAP, your Honor, would be happy to
14   stay and adjourn for the plaintiff's responses to our request.
15             THE COURT:  Okay.  Thank you.  I will adjourn the
16   response dates on any of the pending discovery until
17   December 20.  Mutually, you've all done it to both sides.  That
18   doesn't give much time for all of you to respond, or from what
19   you've told me, you're going to be objecting in any event, so
20   they're not going to produce very much.
21             MS. NATHANSON:  Part of the reason we wanted to get
22   moving.
23             THE COURT:  And I assume that's going to happen on
24   both sides.  So discovery responses to any pending discovery
25   stayed or adjourned until December 20.  And again, I'll try and

1   get to this.

2           MS. NATHANSON:  Your Honor, if the Court would prefer
3   to adjourn the discovery response date until after at least the
4   briefing on the motion, we're happy to put our responsive
5   briefs in earlier.

6           THE COURT:  I did.  I mean, the replies on the motion
7   I thought were December 2, and I adjourned the discovery
8   responses until December 20.

9           MS. NATHANSON:  Yes, totally understood.  But what I'm
10  saying is we would forego some of the time between now and
11  November 21, put in our responses earlier so we can accelerate
12  this a little bit, giving them the same amount of time on
13  reply.

14          THE COURT:  Okay.  November 8?

15          MS. NATHANSON:  That works.

16          THE COURT:  November 8 for the response on the motions
17  to stay discovery, and then the reply November 18.  And I'll
18  stay the responses on outstanding discovery requests until
19  December 6.  Okay.  Done.

20          Going over the docket sheet, I indicated in my last
21  order that there was, according to the docket sheet, an open
22  motion to intervene by Haymarket, and I took that motion to be
23  a motion to -- and it was a motion to intervene for purposes of
24  the preliminary injunction.  And I allowed Haymarket to
25  intervene for purposes of the motion for preliminary

1    injunction.  And so the motion was granted to that extent, and
2    I then closed the motion as an open motion on the docket sheet.
3            I also noticed that the other two motions by National
4    Founders and ING had not actually been closed on the docket,
5    but I plainly allowed them to intervene for purposes of motion
6    for preliminary injunction.  So I closed those motions on the
7    docket.  Anyone want to be heard on any of that?  No?  Okay.
8            So then I've gotten correspondence with respect to
9    A-CAP's request for guidance on a proposed transaction.  I know
10   from the submissions that the proposed transaction is a matter
11   of public record, yes?
12           MR. WATKINS:  Your Honor, the transaction itself is
13   not.  The belated proposed acquisition of a football team is,
14   but not the contemplated transaction per se.
15           THE COURT:  Okay.  So the parties shouldn't discuss
16   anything which is not public.
17           A-CAP has submitted the correspondence for guidance on
18   whether the proposed transaction would be a violation of the
19   preliminary injunction and argues in the papers that it would
20   not be a violation of the preliminary injunction and wants
21   guidance from the Court to give it comfort that it would not be
22   a violation of the preliminary injunction.
23           Leadenhall wants discovery into whether there's
24   anything about the transaction that would violate the
25   preliminary injunction.

1        My reaction to all of the correspondence is I don't
2   give advisory opinions, and I couldn't possibly advise whether
3   the transaction would be a violation of the preliminary
4   injunction or not.  I have suggested at various points that if
5   there were contemplated transactions that were at issue, the
6   parties should discuss them.
7        Leadenhall has no desire to interfere with
8   transactions that don't interfere with the ability of either
9   the borrowers or the guarantors to make good on their promises
10  to Leadenhall.  And the other creditors who intervene for
11  purposes of the preliminary injunction and who are also
12  entitled to notice with respect to certain transactions, I'm
13  sure share that view.
14       My reaction to the papers was I don't give advisory
15  opinions.  I had thought that's what lawyers do, they write
16  opinion letters in which they say that it's the opinion of the
17  firm that the transaction does not run afoul of any laws or in
18  this case an order of the Court.  But I couldn't make that
19  decision without an adversary process in which, if necessary,
20  evidence was taken, expert opinions were offered, and the like.
21       It's possible to conceive — but I'm not suggesting it
22  — that some declaratory relief could be sought.  But even if
23  declaratory relief would be sought, it would be sought in the
24  context of an adversary proceeding.  And whether there's
25  discovery attached to that or not, I don't know.  I'm not going

1  to outline such a proceeding.

2  But it's crystal clear to me that I don't give
3  advisory opinions.  That's not my role.  And I should also
4  note, as I've sort of adverted earlier, that the parties -- and
5  I'm not attempting to assess blame, but the parties can't even
6  agree on a nondisclosure agreement, much less what would be
7  necessary to convince either side that their side is correct.

8  So there you have it.  That's where we stand.  The
9  parties have to make their own decisions.  I mean, the
10  preliminary injunction is clear.  No one has suggested that
11  it's not.  A-CAP says it's clear to A-CAP that the transaction
12  doesn't violate the preliminary injunction.  Leadenhall is not
13  so sure or at least they haven't said that.  They ask for more
14  information and criticize other leadups to the transaction.

15  If the transaction were to go forward, then it would
16  be a question whether it is argued that it's in violation of
17  the preliminary injunction.  If A-CAP is so sure that it's not,
18  A-CAP would act accordingly.  If Leadenhall thought that it was
19  in violation of the preliminary injunction, Leadenhall could in
20  turn take action.  If Leadenhall took action and Leadenhall was
21  wrong, there are consequences to that also.  But I can't judge
22  these matters on the basis of a requested advisory opinion.

23  So there is one additional point that I want to raise
24  with A-CAP and Leadenhall at the sidebar.

25  (Pages 12-25 SEALED)

1              (In open court)
2              THE COURT:  All right.  Anything further?
3              MS. NATHANSON:  Nothing from plaintiffs, your Honor.
4              MR. WATKINS:  Nothing from A-CAP, your Honor.
5              MR. MCCARTHY:  Nothing from the 777 defendants, your
6    Honor.
7              MS. ESTES:  Nothing from Mr. Wander, your Honor.
8              MR. HARWOOD:  Or from Mr. Pasko.  Thank you, your
9    Honor.
10             THE COURT:  Thank you all.
11             (Adjourned)
12
13
14
15
16
17
18
19
20
21
22
23
24
25