**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**LEADENHALL CAPITAL PARTNERS LLP, ET AL.,**

                  **Plaintiffs,**

      **- against -**

**JOSH WANDER, ET AL.,**

                  **Defendants.**

---

**24-cv-3453 (JGK)**

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

Pending before the Court are motions to stay discovery by the defendants, 777 Partners LLC, 600 Partners LLC, SPLCSS III LLC, Dorchester Receivables II LLC, Insurety Agency Services LLC, Signal SML 4 LLC, SuttonPark Capital LLC, Signal Medical Receivables LLC, Insurety Capital LLC, and SuttonPark Servicing LLC (collectively, the "777 Parties"), Advantage Capital Holdings LLC ("A-CAP") and Kenneth King ("King"), and individual defendants Josh Wander ("Wander") and Steven Pasko ("Pasko"). Also pending before the Court are motions to dismiss brought by the defendants. The plaintiff, Leadenhall Capital Partners LLP ("Leadenhall"), has issued 47 Requests for Production to all the defendants pursuant to Federal Rule of Civil Procedure 34. A-CAP has issued 70 Requests for Production to the plaintiff. Responses to all the Requests for Production have been stayed until December 6, 2024. See ECF No. 232. The defendants now ask the Court to stay discovery pending a decision on the motions to dismiss.

In this litigation, Leadenhall seeks over $609 million in damages resulting from loans it made to certain of the 777 Parties. Leadenhall declared those loans in default and accelerated payment. Leadenhall has now brought numerous claims against the defendants, including claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., common law breach of contract, and fraud. The breach of contract claims were sufficiently well supported for this Court to enter a preliminary injunction against the 777 Parties to preserve the status quo during the course of the litigation.

All the defendants have moved to dismiss the allegations against them, and those motions to dismiss are scheduled to be fully briefed on December 12, 2024. See ECF No. 193. The defendants contend that there is good cause to stay discovery in view of the pending motions to dismiss and the likely burden of the discovery.

District courts have broad discretion to decide whether to stay discovery for good cause. See Fed. R. Civ. P. 26(c). Although "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed," Moran v. Flaherty, No. 92-cv-3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992), "a pending motion to dismiss may constitute 'good cause' for a protective order staying discovery," Hong Leong

Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D.
69, 72 (S.D.N.Y. 2013). Good cause in this context depends,
among other factors, on the strength of the motion to dismiss,
the breadth of the discovery sought, and the prejudice to the
party opposing discovery. See id.

In this case, given the findings that the Court has already
made in granting the motion for a preliminary injunction, it is
unlikely that all the claims will be dismissed. See, e.g.,
McSweeney v. Cohen, No. 24-cv-1503, 2024 WL 4108539, at *1
(S.D.N.Y. Sept. 5, 2024) ("The argument for a stay is stronger
where resolution would dispose of the entire action . . . .").
Moreover, given the 777 Parties' demonstrated failure to pay the
$609 million due, Leadenhall has a strong interest in a speedy
resolution of this case and likely would be prejudiced by a
delay. Finally, although the defendants object to the Requests
for Production as overly burdensome, they provide no specifics
regarding the burden of that discovery.

Any issues with respect to the burden of the discovery and
whether the discovery sought is proportional to the scope of the
litigation and the amount in controversy should be resolved by
counsel during discussions amongst counsel regarding the
interpretation of and compliance with the Requests for
Production. If those issues cannot be resolved, they should be
brough to the attention of the Court. Boilerplate objections

that the Requests for Production are too burdensome or are disproportionate to the needs of the case are insufficient to demonstrate "good cause."

The defendants also argue that there will only be a brief pause in discovery while the parties await a decision on the motions to dismiss. However, the motions filed are extensive and will not be fully briefed until December 12, 2024. There is no assurance that the motions can be decided quickly. Meanwhile, discovery promises to be time-consuming, and it is appropriate for the parties to begin the process of locating and producing documents.

Individual defendants Wander and Pasko raise separate issues. Those defendants may have defenses based on lack of personal jurisdiction and this Court must determine whether it has jurisdiction over Wander and Pasko before litigation proceeds against them in this Court. The Requests for Production addressed to Wander and Pasko are the same 47 Requests for Production made to the other defendants and are not directed to the issues of personal jurisdiction that should be decided first. Moreover, Wander and Pasko are unlikely to have the extensive documents that the other defendants may have, and document production could be conducted more expeditiously after their motions to dismiss are decided.

Accordingly, document production should proceed against all parties except for Wander and Pasko. Deposition discovery remains stayed pending a decision on the motions to dismiss to avoid the possibility that depositions may be sought more than once. The Clerk is directed to close ECF Nos. 206, 216, 217, 224, and 225.

**SO ORDERED.**
Dated:     New York, New York
           November 26, 2024

                                      John G. Koeltl
                              United States District Judge