UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEADENHALL CAPITAL PARTNERS LLP, LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC,<br><br>Plaintiffs,<br><br>v.<br><br>JOSH WANDER, STEVEN PASKO, KENNETH KING, 777 PARTNERS LLC, 600 PARTNERS LLC, SPLCSS III LLC, SIGNAL SML 4 LLC, INSURETY AGENCY SERVICES LLC, DORCHESTER RECEIVABLES II LLC, SUTTONPARK CAPITAL LLC, SIGNAL MEDICAL RECEIVABLES LLC, INSURETY CAPITAL LLC, SUTTONPARK SERVICING LLC, ADVANTAGE CAPITAL HOLDINGS LLC,<br><br>Defendants. | 24 Civ. 3453 (JGK) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
<u>JOSH WANDER'S MOTION TO DISMISS</u>**

Jordan Estes
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.3906
Facsimile:  212.351.4035
JEstes@gibsondunn.com

*Attorney for Defendant Josh Wander*

Dated: December 19, 2024

## **TABLE OF CONTENTS**

ARGUMENT ........................................................................................................................ 1

    I.    The Amended Complaint Does Not Allege a Basis to Confer Personal Jurisdiction Over Mr. Wander ................................................................................ 1

        A.    The Forum-Selection Clauses Do Not Establish Personal Jurisdiction ...................................................................................................... 1

        B.    Mr. Wander Has No Suit-Related Contacts with New York That Subject Him To Long-Arm Jurisdiction ...................................................... 4

    II.    The Amended Complaint Does Not Allege a Basis for Subject Matter Jurisdiction or State a Claim ................................................................................ 10

CONCLUSION ................................................................................................................... 10

CERTIFICATION .............................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarez v. Experian Info. Sols., Inc.*, 19 Civ. 3343 (JS) (JMW),
    2024 WL 5007451 (E.D.N.Y. Dec. 6, 2024) ............................................................................ 6

*Arcadia Biosciences, Inc. v. Vilmorin & Cie*,
    356 F. Supp. 3d 379 (S.D.N.Y. 2019) .................................................................................... 4

*Bank of Am. v. Apollo Enter. Sols., LLC*, 10 Civ. 5707,
    2010 WL 4323273 (S.D.N.Y. Nov. 1, 2010) .......................................................................... 2

*Bur-Tex Hosiery, Inc. v. World Tech Toys, Inc.*, 23 Civ. 3454 (LGS),
    2024 WL 989841 (S.D.N.Y. Mar. 7, 2024) ............................................................................ 7

*Cardell Fin. Corp. v. Suchodolski Assocs., Inc.*, 09 Civ. 6148,
    2012 WL 12932049 (S.D.N.Y. July 17, 2012) ....................................................................... 3

*Charles Schwab Corp. v. Bank of Am. Corp.*,
    883 F.3d 68 (2d Cir. 2018). .................................................................................................... 7

*Fab Habitat Corp. v. Houselights, LLC*, 22 Civ. 2986 (ALC),
    2023 WL 6385977 (S.D.N.Y. Sept. 29, 2023) ....................................................................... 6

*Fat Brands Inc. v. Ramjeet*,
    75 F.4th 118 (2d Cir. 2023) .................................................................................................... 8

*Firefly Equities LLC v. Ultimate Combustion Co.*, 10 Civ. 1868,
    2010 WL 5174358 (S.D.N.Y. Dec. 14, 2010) ........................................................................ 1

*HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, 20 Civ. 00967,
    2021 WL 918556 (S.D.N.Y. Mar. 10, 2021) .......................................................................... 4

*In re Adler*,
    467 B.R. 279 (Bankr. E.D.N.Y. 2012) ................................................................................... 2

*In re BH S & B Holdings LLC*,
    420 B.R. 112 (Bankr. S.D.N.Y. 2009) ................................................................................... 2

*In re Terrorist Attacks on Sept. 11, 2001*,
    440 F. Supp. 2d 281 (S.D.N.Y. 2006) .................................................................................... 8

*Karabu Corp. v. Gitner*,
    16 F. Supp. 2d 319 (S.D.N.Y. 1998), .................................................................................... 8

*Kinetic Instruments, Inc. v. Lares*,
    802 F. Supp. 976 (S.D.N.Y. 1992) .................................................................................. 9

*Koh v. Koo*, 22 Civ. 6639 (JMF),
    2023 WL 5352786 (S.D.N.Y. Aug. 21, 2023) .................................................................. 4

*LaChapelle v. Torres*,
    1 F. Supp. 3d 163 (S.D.N.Y. 2014) .................................................................................. 8

*MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC*,
    268 F.3d 58 (2d Cir. 2001) ............................................................................................... 2

*Megna v. Biocomp Lab'ys Inc.*,
    166 F. Supp. 3d 493 (S.D.N.Y. 2016). .............................................................................. 9

*Motorola Credit Corp. v. Uzan*,
    739 F. Supp. 2d 636 (S.D.N.Y. 2010) ............................................................................... 3

*Pilates, Inc. v. Current Concepts Kenneth Endelman*, 96 Civ. 0043 (MGC),
    1996 WL 599654 (S.D.N.Y. Oct. 18, 1996) ..................................................................... 8

*Przewozman v. Charity*, 20 Civ. 6088 (NGG),
    2023 WL 2562537 (E.D.N.Y. Mar. 17, 2023) .................................................................. 6

*Reich v. Lopez*,
    38 F. Supp. 3d 436 (S.D.N.Y. 2014) ................................................................................ 5

*Robinson v. Overseas Mil. Sales Corp.*,
    21 F.3d 502 (2d Cir. 1994) ............................................................................................... 6

*Villalobos v. Telemundo Network Group LLC*, 22 Civ. 7665,
    2024 WL 5008980 (S.D.N.Y. Dec. 6, 2024) .................................................................... 4

*Walden v. Fiore*,
    571 U.S. 277 (2014) ......................................................................................................... 4

**Statutes**

CPLR § 302(a)(1) ................................................................................................................ 5, 9

CPLR § 302(a)(2) ................................................................................................................... 6

Josh Wander submits this memorandum of law in further support of his motion to dismiss the Amended Complaint.

## ARGUMENT

### I. The Amended Complaint Does Not Allege a Basis to Confer Personal Jurisdiction Over Mr. Wander

#### A. The Forum-Selection Clauses Do Not Establish Personal Jurisdiction

Plaintiffs cannot establish personal jurisdiction over Mr. Wander through the forum-selection clauses, because the Amended Complaint does not allege that Mr. Wander was an alter ego of any signatory to the relevant contracts.

Plaintiffs' opposition brief is largely devoted to arguing that the 777 Entity Defendants are alter egos of each other—not of Mr. Wander. *See* ECF 248 at 69 (arguing that "the 777 Entity Defendants function as a single unit" based on their overlap in ownership, common office spaces, and alleged lack of business direction); *id*. at 71 (arguing that the 777 Entity Defendants do not transact "at arms length" with each other based on the "intermingling [of the] companies' assets"); *id*. at 72 (arguing that "there is an intricate web of guarantees and indemnities among the 777 Entity Defendants").[1]

Plaintiffs' remaining arguments do not demonstrate that the 777 Entity Defendants were merely an extension of Mr. Wander. *See Firefly Equities LLC v. Ultimate Combustion Co.*, 10 Civ. 1868, 2010 WL 5174358, at *5 (S.D.N.Y. Dec. 14, 2010) ("In evaluating [the alter ego] factors, courts begin with a presumption of corporate regularity, and as such, the party seeking to

---

[1] In conjunction with this argument, Plaintiffs assert that "Wander and Pasko, through the Guarantors and Sellers that own and control the Borrowers, treated many such assets as their own and liquidated them for cash or double-pledged them to other creditors to fraudulently obtain more financing." ECF No. 248 at 73. The cited paragraphs in the Amended Complaint, however, do not allege that Wander obtained any of the assets for personal use. *See id*. (citing AC ¶¶ 119-62).

1

pierce the corporate veil bears a heavy burden in proving that the corporation was, in actuality, an extension of the individual[.]" (internal quotation marks and citation omitted)).

For instance, Plaintiffs argue that the 777 Entity Defendants lack corporate formalities because they "all ultimately answer to Wander and Pasko." *See* ECF No. 248 at 70. But "in the context of closely-held corporations, corporate formalities are more relaxed than in a large public corporate setting, and this should be taken into consideration as a factor in the 'domination' analysis." *In re Adler*, 467 B.R. 279, 288 (Bankr. E.D.N.Y. 2012), *appeal denied, judgment aff'd sub nom. Ng v. Adler*, 518 B.R. 228 (E.D.N.Y. 2014).

Plaintiffs also argue that the 777 Entity Defendants are "chronically undercapitalized." ECF No. 248 at 71. Undercapitalization, however, "is rarely sufficient to pierce the corporate veil, because otherwise the veil of every insolvent subsidiary or failed start-up corporation could be pierced." *In re BH S & B Holdings LLC*, 420 B.R. 112, 136 (Bankr. S.D.N.Y. 2009), *aff'd as modified*, 807 F. Supp. 2d 199 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).

Moreover, Plaintiffs do not meaningfully respond to Mr. Wander's argument that the Amended Complaint forecloses their alter ego theory. *See* ECF No. 210 at 15-16. Specifically, the Amended Complaint alleges that A-CAP and Mr. King so dominated and controlled the 777 Defendants that 777 Partners did "not control its own operations and ability to perform under the LSA." AC ¶ 192. In light of these allegations, Plaintiffs cannot show that Mr. Wander "exercised [the] complete domination over the [777 Defendants]" required to pierce the corporate veil. *MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC*, 268 F.3d 58, 63 (2d Cir. 2001); *see also Bank of Am. v. Apollo Enter. Sols., LLC*, 10 Civ. 5707, 2010 WL 4323273, at *4 (S.D.N.Y. Nov. 1, 2010) (noting that the "less onerous standard" for personal jurisdiction

under an alter ego theory requires the plaintiff to establish "that one entity was subject to the 'complete domination' of the other" (citations omitted)).

Plaintiffs' observation that "[it] is possible for a corporation to be an alter ego for more than one individual" does not alter this conclusion. ECF No. 248 at 73-74 (quoting *Cardell Fin. Corp. v. Suchodolski Assocs., Inc.*, 09 Civ. 6148, 2012 WL 12932049, at *18 n.14 (S.D.N.Y. July 17, 2012), *report and recommendation adopted sub nom. Cardell Fin. Corp. v. Suchodolksi Assocs., Inc.*, 896 F. Supp. 2d 320 (S.D.N.Y. 2012)). None of the cases Plaintiffs cite involves a situation where, as here, one individual was alleged to have completely dominated the corporation to the *exclusion* of the defendant over whom personal jurisdiction is asserted. *See, e.g.*, AC ¶ 199 ("A-CAP is the puppeteer to 777 Partners' marionette, and nothing happens at 777 Partners—even execution of a last-minute restructuring agreement to repay uncontested debt and stave off this very litigation—without A-CAP's approval."); *cf. Motorola Credit Corp. v. Uzan*, 739 F. Supp. 2d 636, 640 (S.D.N.Y. 2010) ("Given the proven ways in which the Uzans and their associates have operated *collectively*, the Court concludes that all of the individual defendants have exercised complete control and dominion over [the corporation]." (emphasis added)).

Plaintiffs meanwhile overstate the viability of the "closely related" doctrine absent a showing of alter ego liability.[2] Although the Second Circuit has not yet reached the question, "a growing number of cases in this District have begun to question the blind application of this test

---

[2] Plaintiffs cite *Idle Media, Inc. v. Create Music Grp., Inc.*, 2024 WL 2946248, (S.D.N.Y. June 11, 2024), as an example of a case subjecting a non-signatory to personal jurisdiction based on the "closely related" doctrine. *See* ECF No. 248 at 97. That case, however, concerned a motion to stay discovery and expressly did *not* decide whether the defendant was subject to the forum-selection clauses at issue. *Id.* at *3 (noting that the defendant's motion to dismiss for lack of personal jurisdiction had not been fully briefed and seeking to avoid "prejudging the outcome" of that motion based on plaintiff's argument about the forum-selection clauses).

3

to situations where a non-signatory objects to a signatory's enforcement of the forum-selection clause against him." *Villalobos v. Telemundo Network Group LLC*, 22 Civ. 7665, 2024 WL 5008980, at *4 (S.D.N.Y. Dec. 6, 2024) (internal quotation marks and citation omitted) (collecting cases). "[T]he better view, persuasively articulated [in *Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379 (S.D.N.Y. 2019), and *HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, 20 Civ. 00967, 2021 WL 918556 (S.D.N.Y. Mar. 10, 2021)], is that a forum-selection clause does not give rise to personal jurisdiction over a non-signatory unless the non-signatory is otherwise bound to the agreement, as for example under the ordinary law of successor liability and alter ego." *Koh v. Koo*, 22 Civ. 6639 (JMF), 2023 WL 5352786, at *3 (S.D.N.Y. Aug. 21, 2023) (internal quotation marks and citation omitted). This is so because due process requires the relationship between the defendant and the forum to "arise out of contacts that the defendant *himself* creates with the forum State, not contacts between the plaintiff (or third parties) and the forum State." *Arcadia Biosciences*, 356 F. Supp. at 395 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)) (internal quotation marks omitted) (emphasis in original)).

Because Plaintiffs have not alleged alter ego liability, the forum selection clauses cannot establish personal jurisdiction over Mr. Wander.

### B. Mr. Wander Has No Suit-Related Contacts with New York That Subject Him To Long-Arm Jurisdiction

#### 1. Mr. Wander Is Not Subject to Personal Jurisdiction Based on Any Transaction of Business in New York

Seeking to manufacture some nexus between Mr. Wander's limited New York contacts and the claims asserted, Plaintiffs now recharacterize Mr. Wander's good-faith efforts to negotiate a forbearance agreement in March and April 2024 as "delay tactics." ECF No. 248 at 102. The Amended Complaint, however, does not allege that Mr. Wander engaged in the negotiations for the purpose of delaying repayment to, or otherwise defrauding, Plaintiffs. To

the contrary, it alleges that Mr. Wander *and* Leadenhall both sought to "stave off" this lawsuit through a restructuring agreement but that those efforts were allegedly thwarted by A-CAP and Mr. King.  *See* AC ¶ 178 ("In March 2024, in a last-ditch attempt to stave off this lawsuit, Leadenhall entered into negotiations concerning a 'Forbearance Agreement'[.]"); *see also id.* ¶ 288 ("In a last-ditch attempt to stave off litigation, Wander claimed he was confident he could convince A-CAP to share the proceeds of its planned fire sale with Leadenhall.  A-CAP did not act as Wander predicted.").  To the extent that the restructuring negotiations had the effect of "prolonging the scheme to facilitate fraudulent transfers to A-CAP," ECF No. 248 at 102, the relevant activity is A-CAP and Mr. King's alleged refusal to approve any repayment—which is independent of Mr. Wander's efforts to reach a deal with Plaintiffs while in New York.  *See* AC ¶¶ 180-91; *see also Reich v. Lopez*, 38 F. Supp. 3d 436, 458 (S.D.N.Y. 2014), *aff'd*, 858 F.3d 55 (2d Cir. 2017) ("The 'arising out of' requirement for personal jurisdiction under § 302(a)(1) is not the same as merely being indirectly 'related to' the transacted business.").

     Moreover, Plaintiffs' argument that the restructuring negotiations are "part of the conduct on which Leadenhall's claims are based" is belied by the Amended Complaint.  ECF No. 248 at 102.  As Mr. Wander explained in his opening brief, none of Plaintiffs' twelve claims is related to Mr. Wander's efforts to negotiate a forbearance agreement in March and April 2024.  *See* ECF No. 210 at 11-12 (explaining that Mr. Wander's alleged New York contacts post-date all the conduct underlying Plaintiffs' claims).  Tellingly, Plaintiffs' opposition brief does not identify a single claim in their Amended Complaint that purportedly arises out of Mr. Wander's transactions in New York during that period.

     Plaintiffs cannot avoid this problem simply by alleging, upon information and belief, that Mr. Wander "worked on matters related to this action in New York" at 777 Partner's office.

5

ECF No. 248 at 102. Without identifying any specific business Mr. Wander allegedly transacted in New York (or any claims arising therefrom), Plaintiffs cannot carry their burden of proving jurisdiction. *See Alvarez v. Experian Info. Sols., Inc.*, 19 Civ. 3343 (JS) (JMW), 2024 WL 5007451, at *18 n.10 (E.D.N.Y. Dec. 6, 2024) (finding personal jurisdiction was not established where the complaint was "silent on [defendant's] specific business activity in New York, and how [plaintiff's] claim specifically arose from [defendant's] alleged activity in New York"); *Fab Habitat Corp. v. Houselights, LLC*, 22 Civ. 2986 (ALC), 2023 WL 6385977, at *7 (S.D.N.Y. Sept. 29, 2023) ("Plaintiff has not identified a specific transaction that occurred in New York that bears a substantial relationship to the claims asserted in the Amended Complaint[.]"). Accordingly, the Court should decline Plaintiffs' invitation to draw the "inference" that any of their claims arise out of Mr. Wander's unspecified business transactions in the state. *See Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) ("In determining whether a plaintiff has met this burden, we will not draw 'argumentative inferences' in the plaintiff's favor.").

For the reasons stated above, Plaintiffs cannot establish specific jurisdiction over Mr. Wander based on any of his contacts with New York.

### 2. Mr. Wander Is Not Subject to Personal Jurisdiction Based on Conspiracy

Plaintiffs do not cite the relevant provision of New York's long-arm statute for conspiracy jurisdiction, but they presumably rely on section 302(a)(2). *See Przewozman v. Charity*, 20 Civ. 6088 (NGG), 2023 WL 2562537, at *16 (E.D.N.Y. Mar. 17, 2023) (noting that "numerous district courts sitting in New York have held that Section 302(a)(1) of New York's long-arm statute. . . does not provide for co-conspirator jurisdiction" (collecting cases)); CPLR § 302(a)(2) ("[A] court may exercise personal jurisdiction over any non-domiciliary, or

his executor or administrator, who in person or through an agent . . . commits a tortious act within the state[.]").

To warrant the inference that a defendant was a member of the conspiracy for jurisdictional purposes, Plaintiffs must show that "(a) the defendant had an awareness of the effects in New York of its activity; (b) the activity of the co-conspirators in New York was to the benefit of the out-of-state conspirators; and (c) the co-conspirators acting in New York acted at the direction or under the control or at the request of or on behalf of the out-of-state defendant." *Bur-Tex Hosiery, Inc. v. World Tech Toys, Inc.*, 23 Civ. 3454 (LGS), 2024 WL 989841, at *9 (S.D.N.Y. Mar. 7, 2024).

For the reasons stated in A-CAP's motion to dismiss, Plaintiffs have failed to allege that a conspiracy existed between the 777 Defendants and New York-based A-CAP and Mr. King. *See* ECF No. 169 at 20–24. Without A-CAP and Mr. King's membership in the purported conspiracy, Plaintiffs cannot show that any "co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with [New York] to subject that co-conspirator to jurisdiction in that state." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018).

Even if it had adequately alleged the existence of a conspiracy, the Amended Complaint does not allege that Mr. Wander "had an awareness of the effects in New York" sufficient to make Mr. Wander a participant in it for purposes of personal jurisdiction. *Bur-Tex Hosiery*, 2024 WL 989841, at *9. The essence of the Amended Complaint is that Mr. Wander's and Mr. Pasko's actions in Florida—allegedly made under the direction of, or with acquiescence from, A-CAP and Mr. King in New York—caused injury to Plaintiffs located in the UK and Ireland. *See* ECF No. 248 at 104. The Amended Complaint does not identify, or provide a basis to infer, any effects the alleged conspiracy had *in New York*, or how Mr. Wander could be aware of them.

7

Absent such allegations, Plaintiffs cannot establish personal jurisdiction over Mr. Wander based on conspiracy.  *See In re Terrorist Attacks on Sept. 11, 2001*, 440 F. Supp. 2d 281, 287 (S.D.N.Y. 2006) (finding that the complaint failed to establish that the defendant bank or its customers contributed funds to organizations serving as Al Qaeda fronts with "an awareness of the effects in New York" of such monetary contributions); *cf. LaChapelle v. Torres*, 1 F. Supp. 3d 163, 171 (S.D.N.Y. 2014) (finding that the complaint established that an out-of-state defendant knew that a conspiracy to convert proprietary data "would have effects in New York, as the computer server and other items were housed in New York at the time, and [the victim] is based in New York"); *Fat Brands Inc. v. Ramjeet*, 75 F.4th 118, 127 (2d Cir. 2023) (reasoning that, because the complaint alleges that an out-of-state defendant's misrepresentations rendered a New York-based funding vehicle insolvent, the defendant "was aware of the impact of his conduct in New York").

### 3. Mr. Wander Is Not Subject to Personal Jurisdiction Based on Agency

Plaintiffs' agency argument fails for two independent reasons.  *First*, Plaintiffs point only to Mr. Wander's control over 777 Partners to support their agency theory of jurisdiction.  *See* ECF No. 248 at 103 ("Wander and Pasko wholly owned and exclusively controlled 777 Partners, 600 Partners, and their subsidiaries, including the SuttonPark Servicer, and 777 Partners and the SuttonPark Servicer maintained New York offices." (citing AC ¶¶ 28-30, 33, 42-43)).  The Amended Complaint lacks any detail about Mr. Wander's alleged control over any New York-based companies or their employees.  Because Plaintiffs rely solely on "conclusory allegations that the defendant controls the corporation," *Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 324 (S.D.N.Y. 1998), they fail to show that this Court has personal jurisdiction over Mr. Wander through his purported agents.  *See Pilates, Inc. v. Current Concepts Kenneth Endelman*, 96 Civ. 0043 (MGC), 1996 WL 599654, at *3 (S.D.N.Y. Oct. 18, 1996) ("[A] general allegation that an

8

officer controls a corporation is not sufficient to establish personal jurisdiction."); *Kinetic Instruments, Inc. v. Lares*, 802 F. Supp. 976, 984–85 (S.D.N.Y. 1992) ("The fact that [the defendant] is the President and majority shareholder of [the corporation] does not necessarily mean that the corporation will be considered his agent."). Moreover, Plaintiffs' claim that Mr. Wander "exclusively controlled" the 777 Defendants is contradicted by the Amended Complaint's allegation that A-CAP and Mr. King exercised "*total* control and dominion over" 777 Partners. AC ¶ 194 (emphasis added); *see also id.* ¶ 199 ("A-CAP is the puppeteer to 777 Partners' marionette[.]").

*Second*, even if the Amended Complaint had adequately alleged an agency relationship, this argument would suffer from the same infirmity noted above: The Amended Complaint does not identify any specific transactions in New York by Mr. Wander's agents, nor does it identify any claims that "arise from" such transactions. *See* CPLR § 302(a)(1). Similarly, personal jurisdiction cannot be established based on a purported agent's commission of any torts in New York. *See* CPLR § 302(a)(2). An inference in favor of jurisdiction cannot be drawn based on these allegations, as the Amended Complaint acknowledges that the one purported agent with a New York office, SuttonPark Servicer, "has operations in Florida and may have moved its principal office to the 777 Partners Address" during the relevant period. AC ¶ 33. Without an allegation that a tort was committed by an agent physically present in New York, section 302(a)(2) cannot serve as a basis for personal jurisdiction. *See Megna v. Biocomp Lab'ys Inc.*, 166 F. Supp. 3d 493, 499 (S.D.N.Y. 2016).

Accordingly, the Amended Complaint does not allege a basis for establishing personal jurisdiction over Mr. Wander based on an agency theory.

## II. The Amended Complaint Does Not Allege a Basis for Subject Matter Jurisdiction or State a Claim

Mr. Wander joins in the arguments made by the 777 Entity Defendants in support of their motion to dismiss the Complaint.

## CONCLUSION

For the multiple reasons noted above, the Court should dismiss the Amended Complaint in its entirety.

Dated: December 19, 2024

Respectfully submitted,
GIBSON, DUNN & CRUTCHER LLP


 /s/ Jordan Estes
JORDAN ESTES
GIBSON, DUNN & CRUTCHER
New York, NY 10166-0193
Telephone: 212.351.3906
Facsimile: 212.351.4035
JEstes@gibsondunn.com

*Attorney for Defendant Josh Wander*

## **CERTIFICATION**

JORDAN ESTES, an attorney admitted to practice in the courts of New York, affirms under the penalties of perjury that the following is true:

1.  I am a member of the law firm of Gibson, Dunn & Crutcher LLP, attorneys for Defendant Josh Wander in this lawsuit and the individual with primary responsibility for filing the foregoing memorandum of law in support of Mr. Wander's motion to dismiss.

2.  I hereby certify that the text of the foregoing memorandum of law, exclusive of caption, table of contents, table of authorities, and date and signature line, is 2,792 words, and therefore complies with the word-count limit established by Rule II.D of the Court's Individual Practices.

Dated: New York, NY
       December 19, 2024

                                        /s/ Jordan Estes
                                        Jordan Estes

11