# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Leigh M. Nathanson
Partner
Direct Dial: +1 212 790 5359
lnathanson@kslaw.com

April 14, 2025

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan United State Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Leadenhall Capital Partners, et al. v. Wander, et al.*, 24-cv-3453-JGK

Dear Judge Koeltl,

    We submit on behalf of Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (together, "Leadenhall") this notice of supplemental authority in opposition to Defendants' motions to dismiss the Corrected Amended Complaint, filed in this action on October 10, 2024. *See* ECF Nos. 203, 209, 211, 214. In the motion to dismiss filed by the 777 Entity Defendants[1] and joined by Defendants Josh Wander, Steven Pasko, Kenneth King, and Advantage Capital Holdings LLC, Defendants argued that this Court lacks subject matter jurisdiction over this action on the basis of (1) a challenge to Leadenhall's federal RICO claims, which give rise to federal question jurisdiction and (2) a challenge to the sufficiency of Plaintiffs' allegations that the Plaintiffs have a diversity of citizenship from each defendant in this action. ECF No. 205 at 6-8; ECF No. 210 at 17; ECF No. 212 at 1; ECF No. 215 at 31. As the 777 Entity Defendants state in their opening brief, "[w]here jurisdictional facts are disputed, a court has the power to consider matters external to the pleadings to determine whether jurisdiction indeed exists, such as affidavits, documents, and testimony." ECF No. 205 at 6 (citing *McKevitt v. Mueller*, 689 F. Supp. 2d 661, 665 (S.D.N.Y. 2010)).

    Defendants' diversity challenge rests on documents submitted with their motion purporting to substantiate their assertion that two of the 777 Entity Defendants—777 Partners LLC and 600 Partners LLC—may be "attributed" foreign citizenship because their foreign affiliate, 777 Re Ltd.

---

[1] The 777 Entity Defendants are Defendants 777 Partners LLC, 600 Partners LLC, Dorchester Receivables II LLC, Insurety Agency Services LLC, Signal SML 4 LLC, SuttonPark Capital LLC, Signal Medical Receivables LLC, Insurety Capital LLC, and SuttonPark Servicing LLC.

Hon. John G. Koeltl, U.S.D.J.
Page **2** of **3**

("777 Re"), purchased "membership interests" in each LLC. ECF No. 205 at 4, 7; ECF No. 204, O'Reilly Decl. ¶¶ 3-4, Exs. 1-3. As Leadenhall argued in opposing the motion to dismiss, Defendants' assertions and documentary support are insufficient to refute, at the pleading stage, Leadenhall's well-pled allegations and supporting evidence—including Defendants' own admissions—that the only members of 777 Partners LLC and 600 Partners LLC at the time this action was filed were Defendants Wander and Pasko, who are citizens of Florida. ECF No. 248 at 19 ("At best, the 777 Entity Defendants' incomplete diversity argument presents a factual dispute that cannot be resolved on a motion to dismiss and thus counsels in favor of denial. And at worst, their attempt to defeat diversity by artfully asserting that their affiliate's foreign citizenship 'is attributable to'—rather than stating that the foreign affiliate is a member of—two LLCs they have repeatedly represented are wholly owned by Wander and Pasko suggests 'outright fraud' in Defendants' pleading of jurisdictional facts that should be disregarded.") (citations omitted).

To the extent the Court determines that diversity jurisdiction is relevant to this action (which Leadenhall contends it is not in light of Leadenhall's federal RICO claims), Leadenhall submits the deposition testimony of Defendant Pasko, taken in the action Defendants 777 Partners LLC and SuttonPark Capital LLC filed against Leadenhall in the Southern District of Florida,[2] ███████████████ Ex. 1, Florida Action, Pasko Dep. Tr. at 33:23-25, 35:5-12 ███████████████, 37:21-24 ███████, 38:23-25 ███████.[3] Leadenhall also submits the deposition testimony of Defendant Wander, taken in the same action, ███████████████ Ex. 2, Florida Action, Wander Dep. Tr. at 31:21-32:11 ███████████████

Pasko's admission that ███████████████ supports the inference that the sworn statement submitted by 777 General

---

[2] *777 Partners LLC v. Leadenhall Capital Partners LLP*, No. 24-cv-81143-DMM (S.D. Fla.) (the "Florida Action").
[3] The Confidentiality Stipulation and Protective Order ("Protective Order") in place in the Florida Action permits the use of information derived from discovery in this Action. Florida Action ECF No. 119 at 4 ("Confidential Information, Highly Confidential Information, and information derived therefrom shall be used solely for purposes of (i) this litigation, including any appeal thereof; (ii) any restructuring, bankruptcy, receivership, rehabilitation, or insolvency proceeding or process involving any of the Parties; or (iii) the litigation commenced by Leadenhall in New York, captioned Leadenhall Capital Partners LLP et al. v. Wander et al., No. 24-cv-3453-JGK (S.D.N.Y., filed May 3, 2024).").

Hon. John G. Koeltl, U.S.D.J.
Page **3** of **3**

Counsel Christopher O'Reilly that 777 Re "possesses membership interests" in both 777 Partners LLC and 600 Partners LLC was either false or intended to mislead the Court into misconstruing the 777 Re "Subscription Agreements" as evidence of 777 Re's "membership." *See* ECF No. 204, O'Reilly Decl. ¶¶ 3-4, Exs. 1-3; ECF No. 205 at 4, 7. These party admissions, coupled with the written representations made by Defendants to Leadenhall on September 23, 2022, April 19, 2023, April 20, 2023, and establish that Leadenhall has met its pleading burden to allege a basis for diversity jurisdiction. *See* ECF Doc. No. 187 ¶¶ 27-28; ECF Doc. No. 249, Spreutels Decl. ¶¶ 2-4, Ex. A-C.

Leadenhall also submits the testimony of Defendants Wander and Pasko in opposition to their respective challenges to personal jurisdiction. *See* ECF No. 210 at 8-13; ECF No. 212 at 6-10. Defendant Pasko confirmed at his deposition that [REDACTED] *See* Ex. 1, Florida Action, Pasko Dep. Tr. at 126:24-132:13, 136:18-139:16, 140:25-142:6. Defendant Wander, too, invoked the Fifth Amendment as to whether [REDACTED]. *See* Ex. 2, Florida Action, Wander Dep. Tr. at 20:8-21:11, 39:4-6, 45:9-48:17, 60:7-70:21.

On a motion to dismiss for lack of personal jurisdiction, the Court "construe[s] the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor." *MTS Logistics, Inc. v. Innovative Commodities Grp., LLC*, 442 F. Supp. 3d 738, 746 (S.D.N.Y. 2020) (citing *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013)). "[T]he Court may draw an adverse inference from [a defendant's] refusal to answer plaintiffs' questions about his jurisdictional contacts when resolving his Motion to Dismiss." *In re Vitamins Antitrust Litig.*, 120 F. Supp. 2d 58, 68 (D.D.C. 2000); *see also Davis v. Northside Realty Associates, Inc.*, 95 F.R.D. 39, 45 (N.D. Ga. 1982) ("[F]ailure to respond, albeit for good cause, creates an adverse inference against those to whom the questions were submitted…. When the negative inferences are coupled with the assumption that the substantive allegations of the pleadings are true, a scenario is produced that is highly suggestive of a conspiracy."). The Court should do so here.

Respectfully submitted,

*/s/ Leigh M. Nathanson*
Leigh M. Nathanson