*1301 Avenue of the Americas*
*15th Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*



*John G. McCarthy*
*Direct Tel: 212-907-9703*
*Direct Fax: 212-907-9803*
*JMCCARTHY@sgrlaw.com*

April 23, 2025

**VIA ECF**

Honorable John G. Koeltl
United States District Judge
500 Pearl Street
New York, New York 10007

Re:     *Leadenhall Capital Partners LLP v. Wander*, 24 Civ. 3453 (JGK)

Dear Judge Koeltl:

       We are the attorneys for the 777 Entity Defendants in the above-entitled action.  We submit this letter in response to the notice of supplement authority filed last week by Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (collectively "Leadenhall").  In addition, the 777 Entity Defendants submit herewith supplemental authority for this Court to consider in connection with their motion to dismiss.

Leadenhall's Submission

       As this Court will recall, two of the 777 Entity Defendants commenced a civil suit against Leadenhall, its agents Saiph Consulting LLC and Paul Kosinski and Saiph's Director of IT, Noah Davis, in the Southern District of Florida.[1]  The case concerned Mr. Davis's cyber intrusions relating to data belonging to some of the 777 Entity Defendants and a burglary of the offices of SuttonPark Capital, all of which occurred between June and September last year.  The Court will also recall that in early May 2024, Steven Pasko and Josh Wander resigned their positions as managers of the Guarantors and appointed professionals from B. Riley Advisory Services to take over management.  Accordingly, neither man was managing the Guarantors at the time the events that gave rise to the Florida action occurred.  Leadenhall offers no authority to support its assertion that this Court can properly draw an adverse inference against the 777 Entity Defendants based on Pasko's and Wander's invocation of the Fifth Amendment in another case at a point in time when they had no position of authority as to any of those entities concerning events that took place when they were former managers of the Guarantors.

---

[1]  The parties have now resolved that action and it has been dismissed.

SGR/80250936.2

Honorable John G. Koeltl
April 23, 2025
Page 2

Leadenhall also offers no authority to support its assertion that it is proper to draw adverse inferences in connection with determining jurisdictional facts on a Rule 12(b)(1) motion.  As Judge Pauley observed:

> A court may draw an adverse inference against a party who asserts his Fifth Amendment privilege in a civil matter … because the invocation of the privilege results in a disadvantage to opposing parties by keeping them from obtaining information they could otherwise get.

*U.S. S.E.C. v. Suman*, 684 F. Supp. 2d 378, 386 (S.D.N.Y. 2010), *aff'd,* 421 F. App'x 86 (2d Cir. 2011) (citation omitted).  Here, Leadenhall is not being deprived of obtaining information about 777 Re's ownership of Preferred Units in 777 Partners LLC and 600 Partners LLC (the "Guarantors").  The 777 Entity Defendants have submitted declarations from two members of their legal department explaining the preferred membership arrangement.  ECF Nos. 204 (O'Reilly Declaration) & 261 (Walder Declaration).  Thus, the request is legally flawed.

The request is also substantively flawed.  First, the 777 Entity Defendants respectfully draw the Court's attention to the question and answer that appears at page 36, lines 17-20 of the transcript where Mr. Pasko expressed doubt about whether his earlier answer (upon which Leadenhall relies) was correct.  ECF No. 275-1 at 13.  Second, whether 777 Re was a member of 600 Partners on May 1, 2024, had absolutely no relevance to any fact at issue in the Florida Action and that line of questioning appears to have been designed solely for use in this action.  Third, the questions to which Leadenhall refer were the subject of valid form objections under Evidence Rule 403.  As Jonathan Walder made clear in his declaration, the Guarantors have different types of members.  ECF No. 261, ¶ 8.  777 Re has owned Preferred Units of the Guarantors since September 2021 (*id*., ¶ 17; ECF No. 204, ¶ 3) and preferred members are considered by the Guarantors to be members for some purposes and not for others.  ECF No. 261, ¶ 16.  Without clarifying either the type of membership interest or to which purpose the questioner was referring, the questions were improperly confusing and misleading.

Leadenhall's submission does not alter the fact that this Court lacks subject matter jurisdiction over this case because its RICO claims are not ripe and diversity jurisdiction is lacking as to its state law claims.

The 777 Entity Defendants' Supplemental Authority

On April 4, 2025, counsel for Leadenhall sent notices of foreclosure with respect to three of the four Borrower Defendants – Dorchester Receivables II LLC, SPLCSS III LLC and Signal SML 4 LLC.[2]  Copies of the foreclosure notices are enclosed.  As the 777 Entity Defendants' motion to dismiss explains, the law is clear that a lender does not have standing to sue unless and until it has properly foreclosed on the collateral.  ECF No. 205 at 11-12 (18-19

---

[2] In response to a letter from the 777 Entity Defendants' counsel, however, Leadenhall voluntarily postponed the auction sale, which had been scheduled to take place last Friday, April 18, 2025.

Honorable John G. Koeltl
April 23, 2025
Page 3

of PDF).  These notices constitute tacit admissions by Leadenhall that foreclosure remedies are available to them. The Court will also observe that Leadenhall was seeking to foreclose on the equity of these Borrowers rather than on the hundreds of millions of dollars in collateral assets that Leadenhall admits these Borrowers own.  ECF No. 58-5 (present value of Dorchester Receivables $38.97 million as of 12/31/23); ECF No. 58-6 (valuation amount of all receivables in SPLCSS III $86.76 million as of 3/31/23); ECF No. 58-10 at 23 (principal amounts of $73.79 million and $50.56 million for Signal SML 4 and Insurety respectively).  Accordingly, even if the foreclosures move forward, they will not result in foreclosure of all of the Borrowers' collateral securing Leadenhall's loans.

Respectfully yours,

John G. McCarthy

Enclosures

cc:    All counsel of record

SGR/80250936.2