# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

charwood@maglaw.com
(212) 880-9547

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

April 23, 2025

**By ECF**
Honorable John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:    *Leadenhall Capital Partners LP, et al. v. Wander, et al.* 24-CV-3453 (JGK)

Dear Judge Koeltl:

    I represent defendant Steven Pasko in the above action, and I write in response to Plaintiffs'[1] April 14, 2025 letter. (Dkt. 275, hereinafter, the "Letter.") Although the Letter purports to present "supplemental authority" in opposition to Mr. Pasko's pending motion to dismiss for lack of personal jurisdiction and for failure to state a claim (Dkt. 211), the supposed new "authority" (i) does not relate to the failure-to-state-a-claim defects, and (ii) does nothing to cure the jurisdictional defect: namely (as to the latter), Plaintiffs' failure to allege any non-conclusory facts to support this Court's exercise of personal jurisdiction over Mr. Pasko.[2] Plaintiffs have not alleged in their Amended Complaint any facts from which this Court could infer that a factual basis exists to support the exercise of jurisdiction over Mr. Pasko in New York, and the purported "supplemental authority"—Mr. Pasko's invocation of his Fifth Amendment rights in the deposition testimony Plaintiffs cite from a separate lawsuit—does not somehow cure that jurisdictional defect.

    Setting aside the questionable legal proposition (for which Plaintiffs offer no support) that a court considering challenges to personal jurisdiction in a motion to dismiss in one lawsuit may look to a deponent's Fifth Amendment invocation in a separate lawsuit to draw an adverse

---

[1] Plaintiffs are Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC.

[2] Mr. Pasko joins in the 777 Entity Defendants' response to the Letter regarding diversity jurisdiction. (Dkt. 277 at 2.)

Morvillo Abramowitz Grand Iason & Anello P.C.

inference,[3] the predicate for that legal proposition even potentially being applicable here has not been met: Plaintiffs have not alleged in the Amended Complaint a jurisdictional fact with respect to Mr. Pasko to which an adverse inference could attach.

The only jurisdictional fact as to Mr. Pasko referenced in Plaintiffs' Letter—that in the separate lawsuit, Mr. Pasko testified that he owned a home in Staten Island until 2023, but spent no time there during the period relevant to this case, *i.e.*, after he moved to Florida in 2019 (Letter at 3)—undermines Plaintiffs' jurisdictional claim here, because it (i) confirms that general jurisdiction over Mr. Pasko does not exist in New York, *see Daimler AAG v. Bauman*, 571 U.S. 117, 137 (2014), (ii) offers no basis for the exercise of specific jurisdiction over him in New York, *see Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014) ("[T]he test for specific jurisdiction over defendants examines whether a cause of action arises out of or relates to the defendant's contacts with the forum."), and (iii) is contrary to the wholly conclusory, "[u]pon information and belief" allegation that Plaintiffs included in their Amended Complaint that during the period relevant to this case, Mr. Pasko supposedly "carried out the business of 777 Partners and 600 Partners . . . *from his [Staten Island] home* and from 777 Partners' [New York] offices" (Amended Compl. ¶ 43 (emphasis added)).

Accordingly, in a last-ditch effort to try to avoid dismissal here on jurisdictional grounds, Plaintiffs resort to citing Fifth Amendment invocations by Mr. Pasko during his deposition in the other lawsuit in response to Plaintiffs' general questions as to whether he (i) "engaged in conduct or communications related to Leadenhall from or in New York" or (ii) had a "personal role in the alleged conduct involving the Loan and S[ecurity] Agreement [that Plaintiffs characterize as being] at the heart of this case." (Letter at 3.) Plaintiffs had no factual basis to allege in their Amended Complaint that Mr. Pasko engaged in any such conduct or communications or had any such role, which is why they did not make any such allegation. Nor did Plaintiffs have a basis during Mr. Pasko's deposition to ask him the types of factual questions about these matters to which an adverse inference in response to a Fifth Amendment invocation could conceivably attach. Instead, they asked only generalized, "fishing expedition" questions on the matters. That Plaintiffs did not ask the type of factual questions to which an adverse inference could attach presumably is why beyond stating that Mr. Pasko's testimony is "submit[ted] . . . in opposition" to his "challenges to personal jurisdiction" (Letter at 3), Plaintiffs do not purport to specify the nature of the adverse inference they are seeking, much less the basis for the Court to draw any such inference.

As Mr. Pasko's briefing in support of his motion to dismiss makes clear (Dkt. 212 at 6-8), Plaintiffs' Amended Complaint fails to identify a single act that Mr. Pasko supposedly carried out in New York (whether related to their claims in this case or otherwise), and their attempt to avoid a jurisdictional dismissal through their above-referenced, conclusory, upon-information-and-belief allegation that Mr. Pasko "carried out the business of 777 Partners and 600 Partners . .

---

[3] Plaintiffs cite only a single, out-of-circuit case for the proposition that a court may draw an adverse inference in considering a motion to dismiss raising a jurisdictional challenge (*see* Letter at 3), and no case holding that a court may draw such an inference from a deponent's Fifth Amendment invocation in a separate action.

2

Morvillo Abramowitz Grand Iason & Anello P.C.

. from his [Staten Island] home and from 777 Partners' [New York] offices" (Amended Compl. ¶ 43), is insufficient. *See Beskrone v. Berlin*, 656 F. Supp. 3d 496, 513-15 (S.D.N.Y. 2023); *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 167 (S.D.N.Y. 2015) ("[C]onclusory non-fact-specific jurisdictional allegations or a legal conclusion couched as a factual allegation will not establish a *prima facie* showing of jurisdiction." (quotation marks omitted)), *aff'd*, 882 F.3d 333 (2d Cir. 2018).

Had Plaintiffs had a factual basis to ask Mr. Pasko during his deposition in the other lawsuit to acknowledge that he engaged in a specific act relevant to their claims in New York, and had Mr. Pasko invoked the Fifth Amendment in response to such a question, that would present a different issue. But Plaintiffs did not ask Mr. Pasko any such question (because they had no basis to ask it), and the Amended Complaint contains no such allegation (because Plaintiffs had no basis to allege it). Plaintiffs cannot now try to manufacture a jurisdictional hook by asking the Court to draw an adverse inference as to jurisdiction when none of the deposition questions to which Mr. Pasko invoked his Fifth Amendment rights asked him to acknowledge a jurisdictional fact that, if true, would support the exercise of jurisdiction over him in New York. *See Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 170 (2d Cir. 2017) ("[A]dverse inferences are appropriately admitted . . . only if they are relevant, reliable, and not unduly prejudicial."); *LiButti v. United States*, 107 F.3d 110, 121 (2d Cir. 1997) ("'[A]dverse inferences [are permitted] against parties to civil actions when they refuse to testify in response to *probative* evidence offered against them.'" (emphasis added) (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

At bottom, Plaintiffs are attempting to cure their defective jurisdictional allegations against Mr. Pasko by asking the Court to exercise specific jurisdiction over him based on his generalized Fifth Amendment invocations in response to generalized questions, notwithstanding Plaintiffs' failure to plead a single fact—or even ask Mr. Pasko a deposition question premised on a factual assertion—that if true, could support the exercise of jurisdiction over Mr. Pasko in New York. Plaintiffs cite no law to support the result they are seeking, and the Court should reject Plaintiffs' attempt to cure their jurisdictional pleading defect in this way.

Respectfully submitted,

*s/ Christopher B. Harwood*
Christopher B. Harwood

cc:   Attorneys of Record (via ECF)