# Exhibit J

EXECUTION COPY

# ACKNOWLEDGEMENT AND AGREEMENT

This **ACKNOWLEDGEMENT AND AGREEMENT** (this "Agreement"), effective as of December 18, 2024 (the "Agreement Effective Date"), is entered into by and among **NUTMEG ACQUISITION LLC**, a Delaware limited liability company ("Nutmeg"), as the borrower (in such capacity, the "Borrower"), **HAYMARKET INSURANCE COMPANY**, a Utah corporation, as the security agent for the Lenders (in such capacity, the "Security Agent"), **HAYMARKET INSURANCE COMPANY**, a Utah corporation, as a Lender (in such capacity, "Haymarket"), **AAV2024 LLC**, a Delaware limited liability company, as a Lender (in such capacity, "AAV2024"), **JAZZ REINSURANCE COMPANY**, a Utah corporation, as a Lender (in such capacity, "Jazz"), **SOUTHERN ATLANTIC RE INC.**, a South Carolina corporation, as a Lender (in such capacity, "Southern Atlantic"), **ATLANTIC COAST LIFE INSURANCE COMPANY**, a South Carolina corporation, as a Lender (in such capacity, "Atlantic Coast"), **SENTINEL SECURITY LIFE INSURANCE COMPANY**, a Utah corporation, as a Lender (in such capacity, "Sentinel"), **HCAV2023 LLC**, a Delaware limited liability company, as a Lender (in such capacity, "HCAV2023") and **ADVANTAGE CAPITAL HOLDINGS LLC**, a Delaware limited liability company, as a Lender (in such capacity, "ACAP" and, together with Haymarket, AAV2024, Jazz, Southern Atlantic, Atlantic Coast, Sentinel and HCAV2023, each a "Lender" and, collectively, the "Lenders"). Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed thereto in the Loan Agreement (as defined below).

W I T N E S S E T H:

WHEREAS, reference is hereby made to (i) that certain Amended and Restated Loan Agreement, dated as of March 9, 2023 (as amended or otherwise modified, the "Loan Agreement"), by and among, *inter alios*, the Borrower, the Security Agent and the Lenders, (ii) that certain secured term loan facility agreement between Everton Football Club Company, Limited, a company registered in England and Wales ("Everton"), as borrower, and Rights and Media Funding Limited, a company registered in England and Wales ("RMF"), as lender (the "RMF Lender"), originally dated April 29, 2021 and as amended and restated on November 5, 2021, August 15, 2022 and September 15, 2023 (as further amended or otherwise modified, the "RMF-Everton Facility Agreement"), (iii) that certain LMA Funded Participation (Par/Distressed), dated September 15, 2023 (as amended or otherwise modified, the "RMF-Everton Facility Participation Agreement"), between the RMF Lender, as grantor, and Nutmeg, as participant, (iv) that certain Deed of Assignment, dated as of April 10, 2024, between Nutmeg, as assignor, and the Security Agent, as assignee (as amended or otherwise modified, the "RMF-Everton Facility Participation Assignment") and (v) that certain Sub-Participation Settlement Deed, dated as of September 22, 2024 (the "Settlement Deed"), by and among ERMF 2023 LLC, a Delaware limited liability company, Nutmeg, The Friedkin Group, Inc., a Texas corporation, Everton, Advantage Capital Holdings LLC, a Delaware limited liability company, and RMF.

WHEREAS, pursuant to the RMF-Everton Facility Participation Agreement, the Borrower purchased a funded participation in "Tranche F" and "Tranche G" under the RMF-Everton Facility Agreement (collectively, the "RMF-Everton Facility Participation").

USActive 60970387.17

WHEREAS, pursuant to the RMF-Everton Facility Participation Assignment, the Borrower assigned the RMF-Everton Facility Participation to the Security Agent.

WHEREAS, upon Completion (as defined in the Settlement Deed), the Settlement Deed fully settles and discharges the RMF-Everton Facility Participation and any rights to repayment of any Sub-Participating Lender (as defined in the Settlement Deed) in respect of "Tranche F" and "Tranche G" under the RMF-Everton Facility Agreement.

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

SECTION 1.  <u>Acknowledgement and Agreement</u>. The parties hereto acknowledge and agree that, as of the date hereof:

(a) No amount of Loans has previously been deemed satisfied, written-down or discharged in respect of the RMF-Everton Facility Participation.

(b) The Borrower (and, for the avoidance of doubt, its affiliates) shall be deemed to have fully repaid that portion of the Loans incurred in respect of "Tranche F" and "Tranche G" under the RMF-Everton Facility Agreement, and such portion of the Loans shall be irrevocably satisfied, written-down and discharged in an amount equal to the sum of (x) $200,696,125 <u>plus</u> (y) accrued interest on such amount under the Loan Agreement (including amounts which have capitalized pursuant to Section 1.03 of the Loan Agreement) in an amount equal to $54,677,608.

(c) The (i) Borrower (and, for the avoidance of doubt, its affiliates) forever releases and discharges the Security Agent and the Lenders from any present or future claim for further satisfaction, write-down or discharge of that portion of the Loans incurred in respect of "Tranche F" and "Tranche G" under the RMF-Everton Facility Agreement and (ii) Security Agent and each Lender forever releases and discharges the Borrower (and, for the avoidance of doubt, its affiliates) from any present or future claim for repayment or collection of that portion of the Loans incurred in respect of "Tranche F" and "Tranche G" under the RMF-Everton Facility Agreement. For the avoidance of doubt, the parties acknowledge and agree that this Agreement is not a novation, satisfaction, release or discharge of any portion of the Loans or other obligations of the Borrower under the Loan Agreement or any other Loan Document except as expressly set forth in <u>Section 1(b)</u> hereof.

SECTION 2.  <u>Representations and Warranties</u>. Each party hereto hereby represents and warrants to each other party hereto as follows, which representations and warranties shall survive the execution and delivery hereof: (a) such party has limited liability company (or analogous) power, authority and legal right to enter into, deliver and perform its obligations under this Agreement and has taken all necessary limited liability company (or analogous) action to authorize the execution, delivery and performance by it of this Agreement and (b) this Agreement has been duly executed and delivered by such party and is in full force and effect and constitutes its legal, valid and binding obligations, enforceable against it in accordance with its terms, subject to the effect of any applicable debtor relief law and to the effect of general principles of equity (whether in a proceeding at law or in equity).

-3-

SECTION 3.  <u>Governing Law; Jurisdiction; Etc</u>. This Agreement shall be subject to the governing law and jurisdiction provisions in Section 7 of the Loan Agreement, as applicable.

SECTION 4.  <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of each of the parties hereto and their respective successors and permitted assigns.

SECTION 5.  <u>Modification and Waiver</u>. No amendment, waiver or modification of this Agreement shall be effective unless the same shall be in writing and signed by all parties hereto.

SECTION 6.  <u>No Course of Dealing</u>. The Borrower acknowledges that the execution and delivery of this Agreement has not established any course of dealing between the parties hereto or created any obligation or agreement of the Lenders or the Security Agent with respect to the Loan Agreement or any other Loan Document or any of the terms thereof.

SECTION 7.  <u>Counterparts</u>. This Agreement may be executed in any number of and by different parties hereto on separate counterparts, all of which, when so executed, shall be deemed an original, but all such counterparts shall constitute one and the same agreement.

[*Signature Pages Follow*]

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed and delivered by their authorized officers as of the day and year first above written.

**LENDER AND SECURITY AGENT:**

**HAYMARKET INSURANCE COMPANY**, as Security Agent and a Lender

By: *Jill Gettman* (DocuSigned, 6D3B3D7BFC4D466...)
Name:  Jill Gettman
Title:  Authorized Signatory

[Signature Page to Acknowledgement and Agreement]

**OTHER LENDERS:**

**AAV2024 LLC**,
   as a Lender

By: *Jill Gettman*
   Name: Jill Gettman
   Title: Authorized Signatory

**JAZZ REINSURANCE COMPANY**,
   as a Lender

By: *Jill Gettman*
   Name: Jill Gettman
   Title: Authorized Signatory

**SOUTHERN ATLANTIC RE INC.**,
   as a Lender

By: *Jill Gettman*
   Name: Jill Gettman
   Title: Authorized Signatory

**ATLANTIC COAST LIFE INSURANCE COMPANY**,
   as a Lender

By: *Jill Gettman*
   Name: Jill Gettman
   Title: Authorized Signatory

[Signature Page to Acknowledgement and Agreement]

**SENTINEL SECURITY LIFE INSURANCE COMPANY**,
as a Lender

By: ___*Jill Gettman*___
Name: Jill Gettman
Title: Authorized Signatory

**HCAV2023 LLC**,
as a Lender

By: ___*Jill Gettman*___
Name: Jill Gettman
Title: Authorized Signatory

**ADVANTAGE CAPITAL HOLDINGS LLC**,
as a Lender

By: ___*Jill Gettman*___
Name: Jill Gettman
Title: Authorized Signatory

[Signature Page to Acknowledgement and Agreement]

BORROWER:

**NUTMEG ACQUISITION LLC,**
   as Borrower

By: ACM Delegate LLC, as sole manager

By: _/s/ Jill Gettman_
   Name:  Jill Gettman
   Title:  Authorized Signatory

[Signature Page to Acknowledgement and Agreement]