# Exhibit N

**Before the State of South Carolina
Department of Insurance**

In the Matter of:

**Atlantic Coast Life
Insurance Company,**

    and

**Southern Atlantic Re, Inc.**

1565 Sam Rittenberg Blvd., Suite 102
Charleston, SC 29407.

**Order Further Amending Confidentiality
of Certain Provisions of Confidential
Order Imposing Administrative
Supervision**

The South Carolina Department of Insurance (Department) brings this matter before me for an amendment to my April 10, 2024, Confidential Order Imposing Administrative Supervision and Appointing Supervisor, in which I placed Atlantic Coast Life Insurance Company, ("ACL") and Southern Atlantic Re, Inc. ("SAR"), collectively referred to as "the Licensees," into confidential administrative supervision. On December 11, 2024, I issued an amended order making information about the Department's order instructing the insurer not to write new business effective December 31, 2024, public. The Department requests that I further amend the confidentiality of the administrative supervision proceedings to permit the disclosure of certain additional specified information.

**FINDINGS OF FACT**

1.    In January 2024, the South Carolina Department joined an examination initiated by the Utah Department of Insurance in the financial affairs of ACL, SAR and three other affiliated insurance companies controlled by Advantage Capital Holdings LLC ("A-CAP"). The examination into the affairs of the Licensees is ongoing.

2.    On April 10, 2024, I issued a Confidential Order Imposing Administrative Supervision and Appointing Supervisor, in which I placed Atlantic Coast Life Insurance Company, ("ACL") and Southern Atlantic Re, Inc. ("SAR"), collectively referred to as "the Licensees," into confidential administrative supervision in accordance with the provisions of S.C. Code Ann. §§ 38-26-10 *et seq*. The Licensees remain in administrative supervision.

3.    On October 21, 2024, the Supervisor issued a written directive to the Licensees to stop writing new business immediately, stating, "As Supervisor, I am unwilling to continue to permit the insurers to incur new liabilities . . . when all companies['] RBC are at a mandatory control level and each of the insurers exhibit negative surplus."

4.    On November 14, 2024, the Supervisor again wrote to the Licensees, instructing them that, "[b]ased on our November 5 discussion, I'm amending the October 21 directive to cease writing new business. ACAP now has until December 31, 2024." explaining that "the companies' RBC's reflect mandatory control level and . . . the insurers exhibit negative surplus."

5.    On December 2, 2024, the Utah Insurance Department issued an emergency order finding affiliates of ACL and SAR to be in hazardous financial condition. The financial condition of those affiliates has a direct impact on the financial condition of ACL and SAR.  Both are in hazardous financial condition.

6.    On December 11, 2024, I issued a confidential Order Amending Confidentiality of Certain Provisions of Confidential Order Imposing Administrative Supervision and Appointing Supervisor making public, among other things, that the Licensees had been directed to cease writing all new business effective December 31, 2024.

7.    Since the issuance of the December 11, 2024, order, the Department has received a report that at least one of the Licensees is circulating information stating that its "financials are strong" and "is closing out a profitable" year and which expressly refers to the issuance of an unspecified "Order" by the Department.

8.    Such statements clearly contradict the Supervisor, are inconsistent with the circumstances justifying ongoing regulatory action and are otherwise confusing, inaccurate and misleading.

9.    Additionally, A-CAP and/or at least one of the Licensees have made other misleading assertions regarding the directive to cease writing new business.

10.    In the days since my December 11, 2024 Order providing for the limited release of information, the Department has received numerous inquiries from interested parties requesting additional information and seeking clarification regarding the status of the Licensees.

## CONCLUSIONS OF LAW

1.    The South Carolina Department of Insurance has jurisdiction over ACL, SAR and this matter pursuant to its regulatory authority under the Insurance law, S.C. Code Ann. §§ 38-1-10 *et seq.*

2.    S.C. Code Ann. § 38-26-50(A) (2015) provides, in pertinent part, "Proceedings, hearings, notices, correspondence, reports, records, and other information in the possession of the director, his designee, or the Department of Insurance relating to the supervision of an insurer are confidential except as provided by this section."

3.    S.C. Code Ann. § 38-26-50(D) (2015) also provides, "The director or his designee may open the proceedings or hearings or make public notices, correspondence,

reports, records, or other information if the director or his designee determines that it is in the best interest of the public or in the best interest of the insurer, its insureds, its creditors, or the general public."

4.      Subsection (C) of the same Code section provides, "The director or his designee may open the proceedings or hearings or disclose notices, correspondence, reports, records, or other information to a department, agency, or instrumentality of this or another state or of the United States if the director or his designee determines that the disclosure is necessary or proper for the enforcement of the laws of this or another state or the United States."

5.      Considering the above facts and circumstances, I determine that the disclosure of additional information regarding the administrative supervision and the Supervisor's directives is in the best interest of the insurer, its insureds, its creditors, or the general public. This measure is necessary to avoid further misinformation, confusion, uncertainty and speculation as to the status of ACL and SAR by providing essential relevant information regarding these insurers, and to assure policyholders, creditors, the industry and the public that appropriate regulatory steps have been taken to protect their interests with respect to ACL and SAR.

## ORDER

IT IS THEREFORE ORDERED that ACL and SAR remain under the Department's supervision pursuant to the Administrative Supervision of Insurers Act, S.C. Code Ann. §§ 38-26-10, *et seq*. and that, pursuant to that Act and S.C. Code Ann. § 38-3-150 (2015), Michael J. FitzGibbons of FitzGibbons and Company, Inc. remains Supervisor of ACL and of SAR, vested with full authority to apply and implement all applicable statutes, regulations and orders of this Department.

IT IS FURTHER ORDERED that the following is hereby made public pursuant to Section 38-26-50(D), in addition to the information made public by my Order of December 11, 2024: (1) my April 10, 2024, Order placing the insurer into administrative supervision; (2) my December 11, 2024 order amending the requirement to keep certain information related to the supervision confidential; (3) the Supervisor's October 21, 2024 communication instructing the insurers not to write any new business, and (4) his November 14, 2024, communications amending his October 21, 2024 instructions and directing the insurers not to write any new business effective December 31, 2024.

IT IS FURTHER ORDERED that this supervision is still subject to the confidentiality provisions of the S.C. Code Ann. § 38-26-50(A). Any notice, correspondence, record, or other information in the possession of the Department not expressly made public by this Order is considered confidential, but subject to disclosure in the discretion of the Director under § 38-26-50(D).

IT IS FURTHER ORDERED that, pursuant to the S.C. Code Ann. § 38-26-50(C), the Department shall notify other state insurance regulators of this Order and provide any

necessary additional information consistent with the National Association of Insurance Commissioners Troubled Insurer Company Handbook (2023).

IT IS FURTHER ORDERED that nothing contained within this Order should be construed to limit, or to deprive any person of, any private right of action under the law. Nothing contained within this Order should be construed to limit, in any manner, the criminal jurisdiction of any law enforcement or judicial officer. Nothing contained within this Order should be construed to limit the duty of the Director, pursuant to S.C. Code Ann. § 38-3-110(3) (2015), exercised either directly or through the Department, to "report to the Attorney General or other appropriate law enforcement officials criminal violations of the laws relative to the business of insurance or the provisions of this title which he considers necessary to report." Nothing contained within this Order should be construed to limit the ability of the Director to impose further action against ACL or SAR, including placing either into conservation, rehabilitation, liquidation, or other delinquency proceedings, during the period of administrative supervision, as the Director believes, in his sole discretion, circumstances warrant. See S.C. Code Ann. § 38-26-80 (2015).

All other provisions of my April 10, 2024, Order and my December 11, 2024 Order not inconsistent with this Order remain in full force and effect.

Pursuant to S.C. Code Ann. § 38-26-40(B)(3) (2015), this action by the Director is subject to review pursuant to related regulations and the Administrative Procedures Act.

This Order is effective on the date of my signature below.

December 20, 2024
Columbia, South Carolina

Michael Wise
Director