# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEADENHALL CAPITAL PARTNERS LLP and LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC,<br><br>                Plaintiffs,<br><br>    vs.<br><br>JOSH WANDER, STEVEN PASKO, KENNETH KING, 777 PARTNERS LLC, 600 PARTNERS LLC, SPLCSS III LLC, SIGNAL SML 4 LLC, INSURETY AGENCY SERVICES LLC, DORCHESTER RECEIVABLES II LLC, SUTTONPARK CAPITAL LLC, SIGNAL MEDICAL RECEIVABLES LLC, INSURETY CAPITAL LLC, SUTTONPARK SERVICING LLC, and ADVANTAGE CAPITAL HOLDINGS LLC,<br><br>                Defendants. | Civil Action No. 1:24-cv-03453<br><br>**[PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 26(c), by the parties to this action (collectively, the "Parties" and each individual, a "Party"), inclusive of any of the Parties' agents, officers, employees, and attorneys, that the following provisions of this Confidentiality Stipulation and Protective Order ("Protective Order") shall govern the disclosure and use by the parties all materials produced in the action.

1.    **Scope.**  All materials produced in the course of discovery, including documents, initial disclosures, written discovery requests, interrogatory responses, responses to requests for admission, responses to requests for documents, deposition testimony and exhibits, and any other information or material discussed verbally, provided, produced, or exchanged as well as information derived directly therefrom, including any summary, compilation, notes, electronic images, or database (hereinafter collectively "documents"), shall be subject to this Protective

Order.  This Order is subject to the Local Rules of the Southern District of New York and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information.**   As used in this Protective Order, "Confidential Information" means information designated as "Confidential" by the producing party or another Party.  Such a producing party may designate any material as "Confidential" under the terms of this Protective Order if such party in good faith believes that such material is either restricted by law, contains non-public confidential information, or will cause harm to the business, personal, strategic, proprietary, or commercially sensitive information of the producing party and/or a third party to whom a duty of confidentiality is due and which  requires the protections provided in this Protective Order.  This includes, but is not limited to, material that falls within one or more of the following categories:

a.    non-public financial information, including without limitation financial or economic terms of commercial agreements; information on revenue or collections associated with receivables or credit agreements; cash flow analysis or projections, underwriting of risks; and other risk analyses;

b.    non-public information relating to ownership or control of any non-public company, or previously non-public information which the designating party believes in good faith might reasonably be restricted by statute, or would likely harm the interests of the designating party or non-parties, and/or result in economic or competitive, or business injury to the designating party;

c.    non-public commercial information relating to any party's business, including without limitation proposed strategic transactions or other business combinations; internal audit practices, procedures and outcomes; trade secrets; marketing plans and strategies; studies or analyses by internal or outside experts; competitive analyses or strategic information; customer or prospective customer lists and information; product or service pricing or billing agreements or guidelines; proprietary and confidential contract terms; and/or confidential project-related information;

2

d.      any information of a sensitive, personal, or intimate nature regarding any individual (including, without limitation, medical information, Personally Identifying Information ("PII"), and information prohibited from disclosure by statute);

e.      any information required by law or regulation to be protected from public disclosure; or

f.      any other category of information hereinafter given confidential status by the Court.

3.      **Highly Confidential Information.**  As used in this Protective Order, "Highly Confidential Information" means information designated as "Highly Confidential" by the producing party or another Party.  Such a party may designate any material as "Highly Confidential" under the terms of this Protective Order if such party in good faith believes that the information (regardless of how it is generated, stored, or maintained) (i) constitutes particularly sensitive trade secrets, technical, commercial, financial, competitive, proprietary, or business information; (ii) for which there is a substantial and imminent risk that absent such designation, disclosure would cause competitive and/or economic harm to the designating or producing party; and (iii) requires protection beyond that afforded by a Confidential Information designation.

4.      **Designation.**

a.      Each party or non-party may designate a document as Confidential Information or Highly Confidential Information for protection under this Protective Order by placing or affixing the words "Confidential" or "Highly Confidential" to each page, an entire document, or family of documents that contains protected material and on all copies in a manner that will not interfere with the legibility of the document. Each party may also produce for future public use another copy of said Confidential Information or Highly Confidential Information with the confidential information redacted.  For documents produced in native format, the producing party must endeavor to include to the extent technologically feasible the words "Confidential" or "Highly Confidential" in either the native file name or on the Bates-numbered slip sheet produced with the native file or on

3

the media containing the Confidential Information (e.g., CD-ROM, DVD). For information produced in some form other than documentary and for any other tangible items, the producing party may designate the item as containing Confidential Information or Highly Confidential Information by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "Confidential" or "Highly Confidential."

b.      As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "Confidential" or "Highly Confidential" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "Confidential" or "Highly Confidential" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order. Any copies that are made of any documents marked "Confidential" or "Highly Confidential" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked.

5.      **Depositions.** All depositions and other pretrial testimony may be designated as Confidential Information (i) by a statement on the record, by counsel, before the conclusion of the deposition or testimony, that either a specific portion of the testimony or the entire transcript shall be treated as Confidential Information or Highly Confidential Information; or (ii) by written Notice of Designation served to all parties of record no later than thirty (30) days after the final transcript is delivered to any party or the witness that either a specific portion of the testimony or the entire transcript shall be treated as Confidential Information or Highly Confidential Information. Until expiration of the 30-day period following delivery of the final deposition transcript, the entire deposition transcript will be treated as Confidential, unless designated otherwise at the time of the deposition.

The parties may modify this procedure for any particular deposition or other pre-trial testimony through agreement on the record at such deposition or testimony, without further order of the Court.

6. **Protection of Confidential or Highly Confidential Material.**

a. **General Protections.** Confidential Information, Highly Confidential Information, and information derived therefrom shall be used solely for purposes of (i) this litigation, including any appeal thereof; and (ii) any restructuring, bankruptcy, or insolvency proceeding or process involving any of the Parties relating solely to the claims or defenses arising from this litigation. Confidential Information, Highly Confidential Information, and information derived therefrom shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding.

b. **Confidential Information.** No person subject to this Protective Order other than the producing person shall disclose any of the Confidential Information to any other person, except to:

i. the Parties to this action, including any principals or employees of the Parties;

ii. counsel in connection with this action, meaning any outside counsel engaged for purposes of this action or in-house counsel (inclusive of any paralegal, clerical, and other assistant employed by such counsel);

iii. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, and which are subject to

confidentiality agreements between such vendors or providers, on the one hand, and counsel, on the other;

iv.    any mediator or arbitrator who the Parties engage in this matter or that this Court appoints, provided such person has first executed an Acknowledgement and Agreement to Be Bound in the form annexed as an Exhibit hereto;

v.    any insurer and counsel to insurers in connection with any insurance-coverage related matters for this litigation;

vi.    as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

vii.    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, or who is called to testify at trial or deposition in this action, provided such person has first executed an Acknowledgement and Agreement to Be Bound in the form annexed as an Exhibit hereto, and a copy of such Acknowledgement and Agreement to Be Bound is delivered to the producing person upon request;

viii.    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an Acknowledgement and Agreement to Be Bound in the form annexed as an Exhibit hereto;

ix.    stenographers engaged to transcribe depositions conducted in this action; and

x.    this Court, including any appellate court, and the court reporters and support personnel for the same.

c.    **Highly Confidential Information.**  No person subject to this Protective Order other than the producing person shall disclose any of the Highly Confidential Information designated by the producing person as Highly Confidential to any other person, except to those listed in Section 6(b)(ii) through 6(b)(x).  The party producing Highly Confidential Information acknowledges and agrees that, in order for counsel receiving the Highly Confidential Information to take appropriate instruction from its client (i.e., the Parties to the action) concerning Highly Confidential Information (e.g., information concerning a transaction potentially violating or otherwise implicating the terms of the Preliminary Injunction issued by the Court on June 8, 2024 (ECF No. 146)), counsel may need to disclose the Highly Confidential Information to its client.  In the event that counsel for the receiving party believes in good faith that it must disclose Highly Confidential Information in order to receive appropriate instruction from its client, prior to counsel for the receiving party making any such disclosure, counsel for the producing party and receiving party shall meet and confer in good faith to identify a limited number of principals or employees of the receiving party who may receive the Highly Confidential Information.

d.    Prior to any disclosure of any Confidential or Highly Confidential Information to any person referred to in subparagraphs 6(b)(iv), 6(b)(v), 6(b)(vii), or 6(b)(viii) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign an Acknowledgement and Agreement to Be Bound in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Counsel shall retain each signed Acknowledgement and Agreement to Be Bound and produce it to opposing counsel on request.  The fact that a question at a deposition calls or may call for the disclosure of Confidential Information or

Highly Confidential Information shall not constitute a basis for the witness to refuse to answer, so long there is no one present at the deposition not entitled to access Confidential Information or Highly Confidential Information.

    e.  This Order has no effect upon, and shall not apply to, a producing party's use or disclosure of its own Confidential Information or Highly Confidential Information for any purpose.  Nothing in this Protective Order shall prevent a producing party from disclosing its own Confidential Information or Highly Confidential Information. Recipients of Confidential Discovery Information under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Information for any business, commercial or competitive purpose.  Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

    f.  The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any party.  Unless and until the challenge is resolved by the parties or ruled upon by the Court, the material or document will be considered and treated as Confidential Information or Highly Confidential Information in accordance with its designation.  The following procedure shall apply to any such challenge:  (1) Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice identifying the material or document so challenged with particularity (e.g., by Bates number), and stating with particularity the grounds of the objection. (2) The parties shall, within five business days after service of the written objections unless otherwise agreed, meet and confer in good faith concerning the objections. In conferring,

the objecting party must explain the basis for its belief that any designation was improper. And (3) If the Parties cannot reach agreement, the objecting party may raise the issue by motion to the Court. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Highly Confidential Information in accordance with its designation.

7.    **Security and Data Breach**

a.    Any PII (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

b.    Receiving parties must take reasonable precautions to protect Confidential Information or Highly Confidential Information from loss, misuse and unauthorized access, disclosure, alteration and destruction.

8.    **Failure to Designate.**    A failure to designate a document as Confidential Information or Highly Confidential Information does not waive the right to so designate the document.  A producing party may designate as Confidential or Highly Confidential any discovery material that has already been produced, including discovery material that the producing party failed to designate as Confidential or Highly Confidential, by notifying in writing the party to whom the production has been made that the material constitutes confidential information.  If a party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this

9

Protective Order.

9.    **Filing of Confidential Information or Highly Confidential Information.**  All persons seeking to file with the Court material designated by another party as Confidential or Highly Confidential shall file the information provisionally with redactions or under seal and shall notify the designating party that it must file, within three days, a letter explaining the need to seal or redact the materials.  All parties seeking approval of sealed or redacted filings shall comply with Section IV.A.2 of Judge Koeltl's Individual Practices.   In all cases, the proponent of confidentiality, regardless of whether that is the party filing the document, shall bear the burden of moving the Court for an order of sealing.

10.    **Action by the Court.**  Any motion for protective order and/or filing under seal must set forth why confidentiality is necessary as to each category of materials or documents sought to be designated as Confidential Information or Highly Confidential Information.  Nothing in this Protective Order or any action or agreement of a party under this Protective Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.    **Use of Confidential or Highly Confidential Documents or Information at Trial.** Nothing in this Protective Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present Confidential or Highly Confidential Information at a hearing or trial shall first notify the designating party in writing of the intent to do so in order to confirm that the designating party wishes to maintain the confidentiality designation.  The designating party must respond to this request expeditiously but in no event later than four (4) business days after receiving notification.  If the designating party wishes to maintain the Confidential Information or Highly Confidential Information designation, the Parties must bring this issue to the Court's attention by motion or in a pretrial memorandum without disclosing the Confidential or Highly Confidential Information publicly so that any use or disclosure may be addressed in accordance with the Court's case-management or other order.

12.     **Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

a.      If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this Action as Confidential Information or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than ten (10) business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

b.      The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena to issue.

c.      The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Information.  Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court.  Compliance by a receiving party with a court order directing production will not constitute a violation of this Protective Order.

13.     **Disclosure of Privileged Material.**  In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, the disclosure of any document or information subject to an applicable privilege shall not be deemed to waive any applicable privilege or immunity from discovery that would otherwise attach to the document or information produced or to other documents or information in any other federal or state proceeding, including without limitation, the attorney-client privilege, the work product doctrine, or other privilege or immunity.

a.      Pursuant to Federal Rule of Evidence 502(d), if a producing party at any time notifies any receiving party that the producing party disclosed documents, testimony,

information, and/or things that are protected from disclosure under the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity from disclosure, the disclosure shall not be deemed a waiver in this Action or in any other proceeding, including in federal or state proceedings, of the applicable privilege or protection.

b.     The receiving party shall, upon request, (i) immediately refrain from disclosure of the privileged materials and refrain from examining the materials any more than is essential to ascertain if the materials may be privileged, (ii) within three (3) business days, return to the producing party, sequester or destroy all copies and summaries of such documents, testimony, information, and/or things, and (iii) shall not use such items for any purpose except as set forth in subsections (c) and (d) herein, until further order of the Court. Within ten (10) business days of the producing party's request to return or destroy such documents, the producing party shall produce a privilege log with respect to the disclosed materials.  The return or destruction of any documents claimed to be privileged shall not constitute an acknowledgement by the receiving party that the claimed documents or information is in fact privileged or entitled to protection or immunity.

c.     The return of any discovery material to the producing party shall not in any way preclude the receiving party from moving the Court for a ruling that the disclosed information is not privileged; provided that, the receiving party cannot assert as a basis for the relief it seeks the fact or circumstance that the producing party produced such documents in this Action, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the produced material (or any portion thereof) that is the subject of such motion, except as an under seal filing for in camera review.  Allegedly privileged documents shall remain protected against disclosure and shall not be used during the pendency of any dispute over their status (except as an under seal filing in the motion). If such a sealed filing is made or is being promptly prepared, the receiving party may also retain a copy of the document or information for this limited purpose until the Court has

resolved such claim of privilege or immunity. The producing party must preserve the information until the claim is resolved.

       d.     If any information, document, or thing has been offered at a deposition, or as a sealed exhibit to, or redacted part of, a dispositive motion or opposition to a dispositive motion and the producing party claims that such information, document, or thing filed under seal or in redacted form was produced and is protected by privilege or work-product immunity, all parties shall comply with Fed. R. Civ. P. 26(b)(5)(B), except that the producing party, within five (5) business days of the deposition or filing and service of the dispositive motion or opposition to dispositive motion, shall identify the disclosed material and simultaneously produce to all parties a privilege log specifically identifying the disclosed material and a basis for the claim of privilege or work-product immunity. Promptly after the production of such a log, the producing and receiving parties must conduct a meet and confer to try to resolve the issue. If, after the parties meet and confer, they cannot reach agreement, the producing party shall, within five (5) business days of the meet and confer, present the dispute to the Court, by means of a motion for protective order pursuant to Rule 26(c) or otherwise. Any portion of the deposition transcript discussing or reflecting the disclosed material shall be deemed Confidential Information until the claim of privilege or immunity is resolved. Nothing in this Protective Order shall alter or infringe the right of counsel to instruct a deposition witness not to answer a question on the basis of privilege. Nothing in this Protective Order shall prevent the producing party from seeking immediate relief from the Court, including a protective order under Rule 26(c), where necessary to preserve the claimed privilege or work-product protection and prevent or limit further disclosure of the information, document, or thing pending resolution of the claim. If the disclosed information, document, or thing has been submitted as part of a filed dispositive motion or opposition to a dispositive motion, any motion for a protective order under Rule 26(c) shall be fully briefed so that it may be heard by the Court before or simultaneously with the hearing on the relevant dispositive motion or opposition to

dispositive motion.

14.    **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

15.    **No Prior Judicial Determination.**    This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16.    **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Protective Order by its terms. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

17.    **Non-Waiver.**    The Parties agree that execution of this protective order by Defendants Josh Wander and Steven Pasko does not constitute a waiver of any personal jurisdiction defense or alter or otherwise affect the Court's Order dated November 26, 2024, staying discovery against Defendants Josh Wander and Steven Pasko.

18.    **Third Parties.**

a.    A Party may be requested to produce non-privileged material that is subject to contractual or other obligations of confidentiality owed to a third party. Within twenty-one days after identifying material that is the subject of such confidentiality obligations, the Party receiving such a production request shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the non-privileged information responsive to the discovery request but may affix the appropriate

14

confidentiality designation.

b.      Third parties producing documents in this Action may also designate documents as Confidential or Highly Confidential subject to the same protections, obligations, and constraints as the parties to the action.  A copy of this Stipulated Confidentiality Order shall be served along with any subpoena or document request served on third parties in connection with this Action.  All documents produced by such third parties shall be treated as Confidential unless otherwise specified by the third party, for a period of fourteen (14) days from the date of their receipt, and during that period any party or the third party may designate such documents as Confidential or Highly Confidential pursuant to the terms of this Stipulated Confidentiality Order.

19.    **Obligations on Conclusion of Litigation.**

a.      **Order Continues in Force.**  Unless otherwise agreed or ordered, this Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.      **Obligations at Conclusion of Litigation.**  Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal or final disposition, all Confidential Information or Highly Confidential Information and documents marked "Confidential" or "Highly Confidential" under this Protective Order, including copies as defined in ¶ 4(b), shall be destroyed or returned to the producing party unless the document has been offered into evidence or filed without restriction as to disclosure.

c.      **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel for the parties may retain (i) attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Information, and (ii) one complete set of all documents filed with the Court including those filed under seal, provided that such counsel maintain the

confidentiality thereof. Additionally, the receiving party may retain one copy of Confidential Information or Highly Confidential Information solely as required to comply with the requirements of any applicable law or regulation and shall comply with the terms of this Protective Order for so long as the Confidential Information or Highly Confidential Information is retained. Any retained Confidential Information or Highly Confidential Information shall continue to be protected under this Protective Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential Information. Nothing in the foregoing shall be construed as requiring attorneys to retrieve and purge archival or backup systems maintained in the ordinary course of business when complying with this provision.

20. **Continuing Jurisdiction.** All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall have jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof, provided that the preceding language not be construed as (or effect) a waiver of Defendant Wander's or Defendant Pasko's jurisdictional defense.

21. **Counterparts.** This Stipulated Confidentiality Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulated Confidentiality Order, which shall be binding upon and effective as to all parties.

Dated:   May 7, 2025
        New York, New York

**KING AND SPALDING LLP**

*/s/ Leigh M. Nathanson*
Craig Carpenito
Leigh M. Nathanson
Brian Donovan
1185 Avenue of the Americas,
34th Floor
New York, NY 10036
Tel. (212) 556-2100
ccarpenito@kslaw.com
lnathanson@kslaw.com
bdonovan@kslaw.com

*Attorneys for Plaintiffs Leadenhall Capital
Partners LLP and Leadenhall Life Insurance
Linked Investment Fund PLC*

**CADWALADER, WICKERSHAM & TAFT
LLP**

*/s/ Jonathan M. Watkins*
Jonathan M. Watkins
Michael E. Petrella
Matthew M. Karlan
Mark A. Singer
200 Liberty Street
New York, NY 10382
Tel. (212) 504-6000
Jonathan.Watkins@cwt.com
Michael.Petrella@cwt.com
Matthew.Karlan@cwt.com
Mark.Singer@cwt.com

*Attorneys for Defendants Advantage Capital
Holdings LLC and Kenneth King*

**SMITH, GAMBRELL & RUSSELL LLP**

*/s/ John G. McCarthy*
John G. McCarthy
David A. Pellegrino
Katie L. Schwartz
Ryan J. Solfaro

Smith, Gambrell & Russell LLP
1301 Avenue of the Americas, 21st Floor
New York, NY 10019
Tel. (212) 907-9700
jmcarthy@sgrlaw.com

*Attorneys for the 777 Entity Defendants*

**QUINN EMANUEL URQUHART
& SULLIVAN LLP**

*/s/  Alex Rossmiller*
Alex Rossmiller
295 5th Avenue
New York, NY 10016
Tel. 212-849-7000
alexrossmiller@quinnemanuel.com

Jordan Estes
200 Park Avenue
New York, NY 10166
Tel. 212-351-4000
Fax: 212-351-4035
jestes@gibsondunn.com

*Attorneys for Defendant Josh Wander*

**MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.**

*/s/  Christopher B. Harwood*
Christopher B. Harwood

565 Fifth Avenue
New York, NY 10017
Tel. (212) 856-9600
Fax (212) 856-9494
charwood@maglaw.com

*Attorney for Steven Pasko*

**SO ORDERED this ___ day of _____, 2025.**

**Dated: New York, New York**

_____

**JOHN G. KOELTL**

**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

LEADENHALL CAPITAL PARTNERS LLP and
LEADENHALL LIFE INSURANCE LINKED
INVESTMENTS FUND PLC,

                Plaintiffs,

    vs.

JOSH WANDER, STEVEN PASKO, KENNETH
KING, 777 PARTNERS LLC, 600 PARTNERS LLC,
SPLCSS III LLC, SIGNAL SML 4 LLC, INSURETY
AGENCY SERVICES LLC, DORCHESTER
RECEIVABLES II LLC, SUTTONPARK CAPITAL
LLC, SIGNAL MEDICAL RECEIVABLES LLC,
INSURETY CAPITAL LLC, SUTTONPARK
SERVICING LLC, and ADVANTAGE CAPITAL
HOLDINGS LLC,

                Defendants.

Civil Action No. 1:24-cv-03453

---

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

1.    I, _____, state that:

2.    I hereby acknowledge that I have read the Protective Order dated
_____, 2024 in the above-captioned action, understand its terms, and agree to be
bound by its terms.

3.    I submit to the jurisdiction of the United States District Court for the Southern
District of New York in matters relating to the Protective Order.

4.    I understand that I am obligated to use materials designated as Confidential
Information or Highly Confidential Information in accordance with the terms of the Protective

Order and will not disclose or use any Confidential Information or Highly Confidential Information except as permitted by the terms of the Protective Order.

5.      I further understand that I am to retain all copies of all protected material provided to me in the Action in a secure manner, and that all copies of such protected material are to remain in my personal custody until termination of my participation in this action, whereupon the copies of such protected material will be returned to counsel who provided me with such protected material.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name (print):_____

Signature:_____

Date:_____

21