# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Leigh M. Nathanson
Direct Dial: +1 212 790 5359
lnathanson@kslaw.com

May 12, 2025

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: *Leadenhall Capital Partners LLP et al. v. Wander et al.*, 24-cv-03453-JGK

Dear Judge Koeltl:

      We write on behalf of Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (together, "Leadenhall") to respond to the 777 Entity Defendants' notice of supplemental authority, ECF No. 277, appended to their response to Leadenhall's own notice of supplemental authority, ECF No. 274.

      Leadenhall's foreclosure notices have no bearing on whether its RICO damages are sufficiently "clear and definite." By exercising its contractual rights under the LSA to accelerate the debt, Leadenhall reduced its damages to a sum certain. As explained in Leadenhall's response to the motions to dismiss, this ends the ripeness inquiry—nothing requires a RICO plaintiff who is a secured creditor to exhaust a foreclosure remedy *before* bringing a fraud-based claim. ECF No. 248 at 48-51. The 777 Entity Defendants' contention that the "notices constitute tacit admissions by Leadenhall that foreclosure remedies are available to them," ECF No. 277 at 3, is irrelevant to the sufficiency of Leadenhall's RICO claims because it does not change or nullify the fact that Leadenhall *has* reduced its RICO damages to an amount certain through the exercise of *another* remedy: acceleration.[1]

      In addition to being irrelevant, the 777 Entity Defendants' insistence that the foreclosure remedy was or is "available" to Leadenhall is undercut by their immediate objection to and attempt to prevent Leadenhall's exercise of that remedy—and their (nonsensical) contention that "even if the foreclosures move forward, they will not result in foreclosure of all of the Borrowers'

---

[1] Also irrelevant is the fact that Leadenhall initially sought to foreclose on the equity of the Borrowers as opposed to the still-unverified collateral held by the Borrowers. As the Court has noted before, equity in the Borrowers was separately pledged to Leadenhall as additional security to the collateral. ECF No. 201 at 26:12-13. Nonetheless, in furtherance of the 777 Entity Defendants' correspondence, Leadenhall has amended its foreclosure notices to foreclose on the Borrowers' assets that constitute Leadenhall's collateral.

May 12, 2025
Page 2

collateral." ECF No. 277 at 3.  Eleven days after Leadenhall sought to foreclose on the equity of the Borrowers, the Borrowers objected to the foreclosure notices on the basis that the notices failed to "establish[] that the sale follows commercially reasonable procedures," including whether "there [is] a 'due diligence data room' or site to which bidders are provided access to review important documents reflecting the composition of the Collateral and the assets underlying the Collateral (i.e. the assets owned by the Borrowers)."  Ex. A (Letter from D. Pellegrino to R. Schwartz & G. King (April 15, 2025) at 1-2).  Leadenhall responded one day later explaining that any purported deficiencies were due to the Borrowers' refusal to provide information about Leadenhall's collateral and agreeing to postpone the pending foreclosure auction to give the Borrowers the opportunity to provide further information relevant to the foreclosure.  Ex. B (Letter from R. Schwartz to D. Pellegrino (April 16, 2025) at 3).  Despite representing on April 21, 2025 that the Borrowers were prepared to provide the information, they have not yet done so.  At the same time, the 777 Entity Defendants have apparently permitted A-CAP to foreclose on the Guarantor's equity interests of 777 Stream and its shares of England Holdings 3, Inc., securing $23,154,840 and $6,464,005, respectively.  ECF Nos. 284-11, 284-12.  Neither the 777 Entity Defendants nor A-CAP has responded to Leadenhall's inquiries about how the 777 Entity Defendants are ensuring that *those* foreclosures will be fair-value transactions.

Sincerely,

*/s/  Leigh M. Nathanson*

Leigh M. Nathanson

cc: Counsel of record