# Exhibit A

*1301 Avenue of the Americas*
*15th Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*



*David Pellegrino*
*Direct Tel: 646-887-9575*
*Direct Fax: 646-887-8165*
*dpellegrino@sgrlaw.com*

April 15, 2025

**VIA EMAIL**

Roger Schwartz
Geoff King
Paul Hastings LLP
200 Park Avenue
New York, NY 10166
rogerschwartz@paulhastings.com
geoffking@paulhastings.com

Re: *Lender Direction Letters regarding Delivery of Notice of Foreclosure* dated April 4, 2025

Dear Messrs. Schwartz and King:

As you know, we represent the borrowers Dorchester Receivables II LLC, Signal SML4, LLC and SPLCSS III LLC (the "Borrowers"). We are writing in connection with the above-referenced, Lender Direction Letters regarding Delivery of Notice of Foreclosure (the "Letters") that were sent to Borrowers by Leadenhall Life Insurance Limited Investments Fund PLC ("Leadenhall").

As an initial matter, the Foreclosure Notice attached to the Letters as Exhibit A do not provide the factual basis for the purported notice, nor the legal authority to conduct such sale. To the extent this is an attempt to conduct a sale pursuant to Article 9 of the Uniform Commercial Code, "every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable." N.Y. UCC § 9-610(b). This requires the disposition to be made in conformity with reasonable commercial practices among dealers in the type of property that was subject of the disposition." N.Y. UCC § 9-627(b)(3). Leadenhall bears the burden of establishing that the sale follows commercially reasonable procedures.

While the Letters are dated April 4, 2025, Borrowers did not receive Notice as required under the applicable Pledge Agreements until April 8, 2025. A mere ten (10) days' notice of a purported foreclosure auction seeeking to dispose of equity interests in Borrowers that own in excess of $100 of million of assets is insufficient and certainly not commercially reasonable under

April 11, 2025
Page 2

any fair interpretation of that term. The fact that the sale is scheduled to take place on Good Friday, and during Passover, only makes this more unreasonable.

Additionally, because the Letters provide virtually no information about the method and manner of the purported disposition, the Borrowers have a number of questions so that they may adequately assess the required "commercial reasonableness," as well as their interest in taking steps to preserve value. For instance, is the "Collateral" being sold free and clear of any liens, including any liens that may be held by Leadenhall or its affiliates in the underlying assets of the Borrowers? How has the purported "foreclosure auction" been marketed? Have there been published notices? How many and where? Have other creditors with an interest in the Collateral received adequate notice? Did you perform a lien and judgment search within 30 days of the proposed sale date? Is there a broker retained with familiarity with the market for this type of Collateral, including the Borrowers' assets underlying the Collateral? How has notice been given to industry professionals that would most likely have an interest in the auction? And, have such industry professionals received sufficient notice of the purported disposition in order to arrange for due diligence and payment?

The Foreclosure Notices indicate that the sale will be made to the "highest qualified bidder." What are the requirements to become a "qualified bidder?" How is a potential bidder able to conduct due diligence of the Collateral and the underlying assets of the Borrowers? Is there a "due diligence data room" or site to which bidders are provided access to review important documents reflecting the composition of the Collateral and the assets underlying the Collateral (i.e. the assets owned by the Borrowers)? Please advise how Borrowers can immediately access such information so they may evaluate the sufficiency of the due diligence being provided to potential bidders.

Finally, none of the Letters received by Borrowers contain the "Terms of Sale" for the purported foreclosure auction. Please promptly provide a copy for our review and advise how potential bidders have received such terms.

Obviously, the details of the sale are essential for maximizing the potential value for all interested parties. Borrowers reserve all rights and remedies including but not limited to their right to challenge the commercial reasonableness of the sale process and/or injunctive relief.

Very truly yours,

/s David A Pellegrino

David Pellegrino