# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

May 16, 2025

**VIA ECF**

The Hon. John G. Koeltl
Daniel Patrick Moynihan Courthouse
United States Courthouse
500 Pearl St
New York, New York 10007

```
Application Granted. SO ORDERED.

Dated:   May 19, 2025             /s/ John G. Koeltl
         New York, New York       John G. Koeltl, U.S.D.J.
```

Re:  *Leadenhall Capital Partners LLP, et al. v. Wander, et al.*,
     <u>No. 24-cv-3453 (JGK)</u>

Dear Judge Koeltl:

      We write on behalf of Advantage Capital Holdings LLC and Kenneth King (together, "the A-CAP Defendants"), in accordance with Practice VI(A)(2) of Your Honor's Individual Practices to respectfully request the sealing of (1) certain portions of A-CAP Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Contempt; (2) the Declaration of Michael Saliba; and (3) certain exhibits to the Declaration of Jonathan Watkins.

      When sealing documents, courts consider: (1) whether the documents are judicial documents; (2) the weight of the public's presumptive right of access; and (3) balancing competing considerations. *See Mercantile Glob. Holdings, Inc. v. Hamilton M&A Fund, SP*, 2024 WL 1974276, at *1 (S.D.N.Y. May 3, 2024) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)) (sealing "business plans, detailed financial information, and financial projections" that would "unfairly aid its competitors").  Here, the documents A-CAP Defendants seek to seal are not pertinent to the final resolution of Leadenhall's claims.  However, even if they were deemed judicial documents, "[c]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information." *Athena Art Fin. Corp. v. Certain Artwork by Jean-Michel Basquiat Entitled Humidity, 1982*, 2024 WL 1195279, at *2 (S.D.N.Y. Mar. 20, 2024).

      Specifically, the documents below contain sensitive, non-public commercial information, including the terms of "confidential business contracts," the disclosure of which "would likely result in competitive harm" to the parties. *Regeneron Pharmaceuticals, Inc. v. Novartis Pharma AG*, 2021 WL 243943, at *2 (S.D.N.Y. Jan. 25, 2021).  The need to safeguard such "truly confidential commercial information" outweighs any presumption of access to this

**Jonathan M. Watkins**  Tel +1 (212) 504-6229   Fax +1 212 504 6666   jonathan.watkins@cwt.com

CADWALADER

May 16, 2025

information.  *Mercantile Glob. Holdings*, 2024 WL 1974276, at *1.  Certain documents also have previously been sealed by other tribunals, which in the interests of judicial comity, should be sealed here as well.[1]  Consequently, A-CAP seeks an order formally sealing the following documents (as indicated) to protect its confidential information, the disclosure of which would harm A-CAP in conducting its business, and in turn, harm A-CAP's policyholders:

| Document | Pages to Seal | Reasons for Sealing |
| --- | --- | --- |
| A-CAP Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Contempt | Portions of brief as indicated with highlighting (under seal) and redactions (public). | Discusses the terms of A-CAP's loan agreements and its TAMI and Everton negotiations, disclosing A-CAP's strategy and impairing pending deals. |
| Declaration of Michael Saliba | Entire Document | Discusses the TAMI transaction and nonpublic contractual terms, which disclosure will cause A-CAP competitive harm. |
| Saliba Declaration Exhibit A | Entire Document | Discusses current, confidential contract terms, which disclosure will cause A-CAP competitive harm. |
| Watkins Declaration Exhibit 3 | Entire Document | Discusses Everton negotiations involving nonpublic contractual and financial information, which disclosure harms A-CAP's ability to negotiate with counterparties and maximize asset value. |
| Watkins Declaration Exhibit 5 | Entire Document | Sealed pursuant to court order in *In re: Sentinel Security Life Ins. Co., et al.*, No. 2509902339 (Utah Dist. Ct. Apr. 24, 2025). |
| Watkins Declaration Exhibit 6 | Entire Document | Same as Exhibit 5. |
| Watkins Declaration Exhibit 7 | Entire Document | Same as Exhibit 5. |

---

[1] *See, e.g.*, *Doe v. Lerner*, 688 F. App'x 49, 50–51 (2d Cir. 2017) (per curiam) (holding "that sealing was appropriate for . . . documents sealed in related proceedings").

**C A D W A L A D E R**

May 16, 2025

      For the foregoing reasons, the A-CAP Defendants respectfully request that the Court permit the above-described documents to be filed under seal, and permit only counsel and court personnel to view the proposed sealed documents.[2]

Respectfully submitted,

*/s/ Jonathan M. Watkins*

Jonathan M. Watkins

JMW

cc:    All Counsel of Record via ECF

---

[2] Your Honor has previously sealed documents related to the Challenged Transactions on two occasions. (*See* ECF 222; 291.)