```
 1   ------------------------------------x
 2   IN RE:                              :
 3   ARTICLE 9 SALE FOR COLLATERAL OWNED :
 4   BY DORCHESTER RECEIVABLES II, LLC;  :
 5   SPLCSS II, LLC; AND SIGNAL SML, LLC :
 6   (COLLECTIVELY, THE "COMPANIES")     :
 7   ------------------------------------x
 8
 9
10
11
12
13                  FORECLOSURE AUCTION
14                    New York, New York
15                  Thursday, May 15, 2025
16                       10:51 a.m.
17
18
19
20
21
22
23   Job No.: 584456
24   Pages: 1 - 15
25   Recorded By: Enrique Casas
```

1    Foreclosure Auction, held at the location of:

2

3

4        PAUL HASTINGS LLP

5        200 Park Avenue

6        New York, New York 10166

7

8

9

10

11    Pursuant to agreement, before Enrique Casas,

12  Notary Public in and for the State of New York.

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1           A P P E A R A N C E S
2
3    WILLIAM REILY, ESQUIRE - Paul Hastings LLP
4    ROGER SCHWARTZ, ESQUIRE - Paul Hastings LLP
5    KATIE L. SCHWARTZ, ESQUIRE - Smith, Gambrell
6    & Russell, LLP
7    SEAN HORNER - B. Riley Advisory Services
8    WAYNE P. WEITZ, CTP - B. Riley Advisory
9    Services
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1                C O N T E N T S              PAGE
2   Proceedings                                  5
3
4
5                E X H I B I T S
6                  (None marked)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                P R O C E E D I N G S
2              (Whereupon, the court reporter was duly
3    sworn.)
4              MR. REILY:  All right.  My name is Will
5    Reily, and I am an attorney with Paul Hastings,
6    LLP, Counsel for Leadenhall Life Insurance Linked
7    Investments Fund, PLC, the Collateral Agent.  The
8    date today is April 15th, 2025 [sic], and we are at
9    the offices of Paul Hastings in New York City.  I
10   note for the record that present here in the
11   conference room today are my colleague and partner
12   at Paul Hastings, Roger Schwartz.  And let's take a
13   moment and go around the room and state our name
14   for the record.
15             MR. HORNER:  Sean Horner from B. Riley.
16             MR. REILY:  On behalf of or here
17   representing?
18             MR. HORNER:  B. Riley.
19             MR. REILY:  Okay.
20             MS. SCHWARTZ:  Katie Schwartz from Smith
21   Gambrell on behalf of the borrowers.
22             MR. REILY:  Okay.
23             MS. SCHWARTZ:  Yeah.
24             MR. REILY:  Thank you.  And we also
25   have Enrique Casas from Planet Depositions for the

1  transcription this morning.  Time is 10:53 a.m.
2  Eastern.
3            Okay.  So we are -- we are here -- we've
4  -- we're here convened for the Article 9 sale of
5  the assets of each of Dorchester Receivables II,
6  LLC, a Delaware Limited Liability Company, who
7  hereinafter shall be referred to as Dorchester and
8  whose assets shall be referred to as the Dorchester
9  Collateral; SPLCSS 3, LLC, a Delaware Limited
10 Liability Company, who hereinafter shall be
11 referred to as SPLCSS and whose assets shall be
12 referred to as the SPLCSS Collateral; and third,
13 Signal SML 4, LLC, a Delaware Limited Liability
14 Company, who hereinafter shall be referred to as
15 Signal, and, together with Dorchester and SPLCSS,
16 shall be referred to as the Companies, and whose
17 assets shall be referred to as the Signal
18 Collateral, and together with the Dorchester
19 Collateral, the SPLCSS Collateral shall be referred
20 to collectively as the Sale Collateral.
21           The foregoing Sale Collateral is
22 being offered for sale by Leadenhall Life Insurance
23 Linked Investments Fund, PLC as the Collateral
24 Agent, hereinafter referred to as the Collateral
25 Agent, under that certain loan and security

1  agreement dated as of May 7th, 2021, as amended,
2  restated, amended and restated, extended,
3  supplemented, or otherwise modified in writing from
4  time to time, the Loan Agreement, by and among
5  Dorchester Receivables II, LLC, SPLCSS 3, LLC, and
6  Signal SML 4, LLC, and each of the other borrowers
7  party thereto, the Lenders from time to time party
8  thereto, hereinafter the Lenders, Leadenhall
9  Capitol Partners, LLP, as the Administrative Agent,
10 Leadenhall Life Insurance Linked Investments Fund,
11 PLC, as the Collateral Agent, the servicer from
12 time to time party thereto, and the Seller from
13 time to time party thereto.
14          On May 1st, 2025, the Collateral Agent
15 delivered notice of the foreclosure auction, this
16 foreclosure auction to each of Dorchester
17 Receivables II, LLC; SPLCSS 3, LLC; and Signal SML
18 4, LLC.  This auction is a public foreclosure sale
19 being conducted by the Collateral Agent pursuant to
20 the Loan Agreement and the other transaction
21 documents as defined therein and in accordance with
22 Section 9-610 of the Uniform Commercial Code, the
23 State of New York, the Sale Collateral being sold
24 today or the Lender's collateral under the Loan
25 Agreement, bidders may -- may bid separately on the

1  Dorchester Collateral, SPLCSS Collateral or Signal
2  Collateral or, in the aggregate, on all of the sale
3  collateral.
4         On May 1st, 2021, pursuant to 9-611
5  of the Uniform Commercial Code, a Notice of Public
6  Disposition of Collateral was emailed and mailed to
7  the Companies, which the Companies' Counsel has
8  acknowledged receiving in a call with Paul Hastings
9  on May 10th, 2025.  On each of May 5th, 2025, May
10 9th, 2025, May 12th, 2025, and yesterday, May 14th,
11 2025, a Notice of Public Disposition of Collateral
12 was published in the New York Times in both print
13 and online electronic editions.
14         I first would like to note that the
15 public notice of disposition for this auction
16 expressly stated that persons interested in
17 participating in this auction should contact my
18 partners and colleagues, Roger Schwartz and Geoff
19 King, at their email addresses set forth therein;
20 however, no persons other than those noted on the
21 record at the outset of these sales this morning
22 contacted neither of my colleagues, nor myself, for
23 information about this auction at any time prior to
24 the commencement hereof.  Notwithstanding the
25 foregoing, the Lenders have agreed to allow persons

1  present for the auction today to make bids for the
2  Sale Collateral in accordance with the following
3  ground rules:
4           All bids must be for 100 percent cash
5  consideration.  The auction shall continue until
6  the Collateral Agent, at the direction of the
7  required Lenders, determines that there is only one
8  bid that is the highest or otherwise best offer
9  from among the bid submitted and that is acceptable
10 to the Collateral Agent at the direction of the
11 required Lenders, or two, further bidding is
12 unlikely to result in such a bid.
13          As this is a public foreclosure sale in
14 accordance with 9-610 of the Uniform Commercial
15 Code, the Lenders are entitled to credit bid the
16 obligations outstanding under the Loan Agreement.
17 In selecting the prevailing bid, the Collateral
18 Agent, acting at the direction of the required
19 Lenders, may consider any and all relevant factors,
20 including, without limitation, the amount of the
21 purchase price, the likelihood of each potential
22 bidder's ability to consummate the purchase, any
23 risk associated with consummating the purchase, the
24 timing thereof, any closing conditions or other
25 impediments to closing, including -- including

1    obtaining regulatory consent, and the net benefit
2    to the Lenders and the Companies.
3             Any bid made at the auction subsequent
4    to the first bid received must remain open and be
5    binding on the potential bidder, which shall be
6    confirmed by the potential bidder at the time the
7    bid is made until and unless the Collateral Agent,
8    acting at the direction of the required Lenders,
9    accept a higher bid from another potential bidder.
10   The amount of any bid must be at least $500,000
11   over the previously submitted bid.
12            The Collateral Agent, acting at the
13   direction of the required Lenders, reserves the
14   right to accept or reject any bid and to terminate
15   or adjourn the auction to another date, time and/or
16   place, and the Collateral Agent shall not be
17   obligated to sell any collateral other than at the
18   direction of the required Lenders.  The sale of the
19   -- the Sale Collateral will be subject to all
20   applicable third-party consents and regulatory
21   approvals, if any.  The Sale Collateral will be
22   sold pursuant to appropriate transfer documents on
23   an as-is, where-is basis and without
24   representations or warranties of any kind or nature
25   whatsoever, including, without limitation, any

1  representation or warranty of -- of merchantability
2  or fitness for a particular purpose.
3         There will be no warranty relating to
4  possession, quiet enjoyment, or the like in the
5  disposition.  There will be no representations or
6  warranties related to any assets owned by or
7  liabilities of any legal entity included in the
8  Sale Collateral  The winning bidder will be
9  required to fund a deposit equal to 10 percent of
10 the winning bid no later than 5:00 p.m.  Eastern
11 Standard Time on the first business day immediately
12 after the day of the conclusion of this auction.
13 Such deposits will be subject to forfeiture by the
14 winning bidder, if the winning bidder shall fail to
15 pay the balance of the winning bid amount in full,
16 in cash, within 10 days following the date of the
17 conclusion of this auction.
18         Just move to the next -- yeah.  Okay.  So
19 I think at this point, we will open the auction.
20 As a reminder, the Collateral Agent, on behalf of
21 the Lenders, is permitted to credit bid its
22 obligations under the Loan Agreement for the sale
23 of collateral and may do so either before or after
24 the close of bidding.  So at this point we would
25 open the auction to anybody who would like to

1  submit a bid for the Sale Collateral.  All right.
2  Just acknowledging for the record that no bids have
3  been submitted.
4          MS. SCHWARTZ:  Is there a point at which
5  I could ask a few questions to the extent anything
6  is not covered in -- in the -- the script?
7          MR. REILY:  Yeah.  I'll just get through
8  the script.  We can try at the end.  All right.  A
9  bid of $1 USD was submitted by the Collateral Agent
10 at the direction of the required Lenders as a
11 credit bid of the obligations due and owing under
12 the Loan Agreement by the Collateral Agent on
13 behalf of the Lenders for the right, title, and
14 interest in each of Dorchester Collateral, SPLCSS
15 Collateral, and Signal Collateral, for an aggregate
16 bid of $3, that is, $1 for each.
17         At this point, I would like to open the
18 auction to anybody who would like to submit an
19 overbid.  Hearing none, subject to further
20 adjustment with respect to additional purchase
21 price -- we're talking about purchase price, that
22 is, $3 and aggregate purchase price, subject to
23 further adjustment with respect to additional
24 credit bid amounts.  Okay.  There were no other
25 bids that were higher or better.

1          After having considered all of the bids,
2  the Collateral Agent has determined that the credit
3  bid submitted by the Collateral Agent is the
4  highest or otherwise best bid and the winning bid.
5  For the record, it is intended that collections are
6  made -- as collections are made on the secured
7  assets in the ordinary course, the outstanding
8  obligations under the Loan Agreement shall be
9  adjusted accordingly and consistent with the terms
10 and conditions of the Loan Agreement.
11          It is now 11:03 a.m.  I declare the
12 auction closed.  I'll request the court --
13          MR. SCHWARTZ:  Before we do that --
14 yeah.  You -- that's fine.
15          MR. REILY:  Pause?  Yeah, we'll just
16 have a transcript.
17          MR. SCHWARTZ:  Okay.  Hold on.
18          MR. REILY:  Yeah.
19          MR. SCHWARTZ:  Off the record.
20          MR. REILY:  Off the record.
21          (Off the record at 11:03 a.m.)
22
23
24
25

```
 1      CERTIFICATE OF COURT REPORTER - NOTARY PUBLIC
 2              I, Enrique Casas, the officer before
 3   whom the foregoing proceedings were taken, do hereby
 4   certify that any witness(es) in the foregoing
 5   proceedings were fully sworn; that the proceedings
 6   were recorded by me and thereafter reduced to
 7   typewriting by a qualified transcriptionist; that
 8   said digital audio recording of said proceedings
 9   are a true and accurate record to the best of my
10   knowledge, skills, and ability; and that I am
11   neither counsel for, related to, nor employed by
12   any of the parties to this case and have no
13   interest, financial or otherwise, in its outcome.
14
15
16   _____
17   ENRIQUE CASAS, NOTARY PUBLIC
18   FOR THE STATE OF NEW YORK
19   May 19, 2025
```

```
 1                CERTIFICATE OF TRANSCRIBER
 2           I, Karen M. Galvez, do hereby certify
 3   that this transcript was prepared from the digital
 4   audio recording of the foregoing proceeding; that
 5   said proceedings were reduced to typewriting under
 6   my supervision; that said transcript is a true and
 7   accurate record of the proceedings to the best of
 8   my knowledge, skills, and ability; and that I am
 9   neither counsel for, related to, nor employed by
10   any of the parties to the case and have no
11   interest, financial or otherwise, in its outcome.
12
13   _____
14
15   KAREN M. GALVEZ
16   PLANET DEPOS, LLC
17   May 19, 2025
```