# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

June 18, 2025

VIA ECF

The Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

APPLICATION GRANTED
SO ORDERED

/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
6/19/25

Re: *Leadenhall Capital Partners LLP, et al. v. Wander, et al.*, <u>No. 1:24-cv-03453 (JGK)</u>

Dear Judge Koeltl:

    We write on behalf of Advantage Capital Holdings LLC and Kenneth King (together, "the A-CAP Defendants"), in accordance with Practice VI(A)(2) of Your Honor's Individual Practices to respectfully request the sealing of an exhibit to the A-CAP Defendants' response to Leadenhall's June 11 letter (ECF 326).

    When sealing documents, courts consider: (1) whether the documents are judicial documents; (2) the weight of the public's presumptive right of access; and (3) balancing competing considerations. *See Mercantile Glob. Holdings, Inc. v. Hamilton M&A Fund, SP*, 2024 WL 1974276, at *1 (S.D.N.Y. May 3, 2024) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)) (sealing "business plans, detailed financial information, and financial projections" that would "unfairly aid its competitors"). Here, the documents A-CAP Defendants seek to seal are not pertinent to the final resolution of Leadenhall's claims. However, even if they were deemed judicial documents, "[c]ourts in this District routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business interests and financial information." *Athena Art Fin. Corp. v. Certain Artwork by Jean-Michel Basquiat Entitled Humidity, 1982*, 2024 WL 1195279, at *2 (S.D.N.Y. Mar. 20, 2024).

    Specifically, the document below contains sensitive, non-public commercial information, including the terms of "confidential business contracts," the disclosure of which "would likely result in competitive harm" to the parties. *Regeneron Pharmaceuticals, Inc. v. Novartis Pharma AG*, 2021 WL 243943, at *2 (S.D.N.Y. Jan. 25, 2021). The need to safeguard such "truly confidential commercial information" outweighs any presumption of access to this

**Jonathan M. Watkins**  Tel +1 212 504-6229  Fax +1 212 504-6666  jonathan.watkins@cwt.com

CADWALADER

The Hon. John G. Koeltl
June 18, 2025

information. *Mercantile Glob. Holdings*, 2024 WL 1974276, at *1. Consequently, A-CAP seeks an order formally sealing the following document (as indicated) to protect its confidential information, the disclosure of which would harm A-CAP in conducting its business, and in turn, harm A-CAP's policyholders:

| Document | Pages to Seal | Reasons for Sealing |
| --- | --- | --- |
| Exhibit 3 [Notice of Exercise of Irrevocable Proxy] | Entire Document | Discusses current, confidential contract terms, which disclosure will cause A-CAP competitive harm. |

For the foregoing reasons, the A-CAP Defendants respectfully request that the Court permit the above-described document to be filed under seal, and permit only counsel and court personnel to view the proposed sealed document.

Very truly yours,

Jonathan M. Watkins

JMW

cc:   All Counsel of Record via ECF