# EXHIBIT A

## REQUEST FOR PRODUCTION NO. 1

All Documents and Communications concerning the 777 Entity Defendants' acquisition, transfer, or allocation of Receivables, including between and among the Guarantors, Sellers, Borrowers, and Servicers, and the 777 Entity Defendants' pledging or purported pledging of Receivables to creditors or credit facilities to which any 777 Entity Defendant or affiliate was and/or is a party, or otherwise as security for debt.

## RESPONSE TO REQUEST NO. 1

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by requiring the production of "All Documents and Communications" concerning "Receivables" without reasonable limitation; (ii) it purports to require the production of privileged Documents or Communications concerning the legal interpretation of, or legal advice relating to, certain agreements; and (iii) it is overbroad and unduly burdensome because it requires the production of Documents and Communications that are not in 777 Entity Defendants' possession, but rather in the possession, custody, or control of wholly separate entities. 777 Entity Defendants will not produce Documents and Communications protected by attorney-client privilege or are otherwise protected from discovery under any applicable privileges, rules, or doctrines.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

## PROPOSED SEARCH TERMS

("receivable*") NEAR/8[1] (acquire* OR purchase* OR buy OR bought OR obtain* OR transfer* OR assign* OR allocat* OR move* OR shift* OR reclassif* OR sale OR sold OR "change ownership" OR "ownership transfer" OR "pledge*" OR "pledging" OR "re-pledge*") AND ("SPLCSS" OR "Signal SML" OR "Insurety Agency" OR "Dorchester Receivables" OR "SuttonPark Capital" OR "Signal Medical" OR "Insurety Capital" OR "SuttonPark Servicing" OR "Leadenhall")

## PROPOSED CUSTODIANS

Josh Wander, Steven Pasko, Nicholas Bennett, Alexander Adnani, Fred Love, Damien Alfalla, Karen Gorde

## PROPOSED DATE RANGE:

May 7, 2021, through May 3, 2024

---

[1] Depending on the platform, the 777 Entity Defendants will use either "NEAR/" or "W/".

## REQUEST FOR PRODUCTION NO. 2

All Documents and Communications concerning the 777 Entity Defendants' preparation of any Document or Communication, including but not limited to Monthly Reports and Compliance Reports and/or any information or output of any computer program or database such as MP Fin, that purports to show the 777 Entity Defendants' ownership, allocation, or pledging of Receivables.

## RESPONSE TO REQUEST NO. 2

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications concerning the 777 Entity Defendants' preparation of any Document or Communication;" and (ii) it purports to require the production of privileged Documents or Communications concerning the legal interpretation of, or legal advice relating to, certain agreements and the legal ownership or allocation of certain interests. 777 Entity Defendants will not produce Documents and Communications protected by attorney-client privilege or are otherwise protected from discovery under any applicable privileges, rules, or doctrines.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

## PROPOSED SEARCH TERMS

("monthly report*" OR "compliance report" NEAR/10 prepar*) AND ("Dorchester" OR "SPLCSS"))

## PROPOSED CUSTODIANS

Josh Wander, Steven Pasko, Nicholas Bennett, Alexander Adnani, Fred Love, Damien Alfalla, Karen Gorde

## PROPOSED DATE RANGE:

May 7, 2021 to May 3, 2024

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 3**

All Documents and Communications concerning the negotiation of the LSA from before the LSA was entered into on May 7, 2021, including the 777 Entity Defendants' evaluation of the terms of the LSA, decision to enter into the LSA, and representations made to Leadenhall during the negotiation of the LSA.

**RESPONSE TO REQUEST NO. 3**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case because it purports to require the production of "All Documents and Communications" and (ii) it is irrelevant —and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because any negotiation of the LSA is not relevant to the claims or defenses in this action.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

**PROPOSED CUSTODIANS**

**PROPOSED DATE RANGE:**

**COMMENTS:**

The 777 Entity Defendants are standing on their objections but are willing to consider a proposal for reasonable search terms, custodians and date range.

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 4**

All Documents and Communications concerning the use, disposition, or intended disposition of any funds the 777 Entity Defendants received from any Lender pursuant to the LSA, including but not limited to purchasing interests in professional football clubs.

**RESPONSE TO REQUEST NO. 4**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) the use or disposition of funds received under the LSA are not relevant to the claims and defenses in this action—and is therefore overbroad, unduly burdensome, and not proportionate to the needs of the case; (ii) overbroad, unduly burdensome, and not proportionate to the needs of this case in requiring the production of "All Documents and Communications"; (iii) it is overbroad, vague, and ambiguous in its use of the term "any Lender"; (iv) it purports to require the production of privileged Documents and Communications. 777 Entity Defendants will not produce Documents and Communications protected by attorney-client privilege or are otherwise protected from discovery under any applicable privileges, rules, or doctrines.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

("LSA" OR "Loan and Security Agreement" OR "Leadenhall") AND ("borrowing request") AND (use OR utiliz* OR spend* OR allocat* OR apply OR applied OR expend* OR invest* OR invest OR investm* OR disposition OR disburs* OR intend* OR plan* OR purpose OR purchas* OR acquire* OR acquisition OR buy OR bought) AND  ("football club*" OR "soccer club*" OR "Everton" OR "Sevilla" OR "Genoa" OR "Hertha" OR "Melbourne" OR "Standard Liege" OR "Vasco" OR "Red Star" OR "Nutmeg")

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko, Nicholas Bennett, Alexander Adnani, Fred Love, Damien Alfalla, Karen Gorde

**PROPOSED DATE RANGE**

January 1, 2020 through April 30, 2022

**REQUEST FOR PRODUCTION NO. 5**

All Documents and Communications concerning representations by You or any of the Defendants to Leadenhall concerning the LSA, including without limitation representations concerning the 777 Entity Defendants' ability to repay any debt or other obligations under the LSA, any Receivables that secured or purported to secure any debt under the LSA at any time, and Your or any of the Defendants' financial condition (including but not limited to bank statements or purported bank statements and other documentation furnished by You to Leadenhall).

**RESPONSE TO REQUEST NO. 5**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by requiring the production of "All Documents and Communications" regarding "any debt at any time"; (ii) it is vague and ambiguous as to the term "financial condition"; (iii) it purports to require the production of privileged Documents or Communications concerning the legal interpretation of, or legal advice relating to, certain agreements; and requires a legal conclusion as to the definition of "representations". 777 Entity Defendants will not produce Documents and Communications protected by attorney-client privilege or are otherwise protected from discovery under any applicable privileges, rules, or doctrines.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request

**PROPOSED SEARCH TERMS**

Search 1 – "Leadenhall NEAR/8 ("replacement" OR "shore up" OR "shortfall" OR "repay*")
Search 2 – "statement" AND "SPLCSS III" AND ("collection account" OR "research account")

**PROPOSED CUSTODIANS**

Search 1 -- Josh Wander
Search 2 – Josh Wander, Nicholas Bennett, Alexander Adnani

**PROPOSED DATE RANGE:**

Search 1 -- April 1, 2023 through October 31, 2023 (see CAC ¶¶ 125, 133 & 140)
Search 2 -- November 30, 2023 through January 15, 2023 (see CAC ¶¶ 166-170)

**COMMENTS:**

The 777 Entity Defendants believe that there is substantial duplication or overlap between this request and request number 10.

**REQUEST FOR PRODUCTION NO. 6**

All Documents and Communications concerning meetings, telephone calls, and written correspondence between You or the other Defendants and Leadenhall, including but not limited to requests for information from Leadenhall to You or any other Defendant(s).

**RESPONSE TO REQUEST NO. 6**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of the case because it purports to require the production of "All Documents and Communications".

Subject to and without waiver of the foregoing General and Specific Objections, 777 Entity Defendants will produce non-privileged Documents and Communications responsive to this Request that are identified through a reasonable search relevant to the LSA or collateral used to secure loans under the LSA. 777 Entity Defendants will meet and confer over the scope and bounds of a reasonable search.

**PROPOSED SEARCH TERMS**

("Leadenhall") NEAR/8 (meeting* OR call* OR telephon* OR videoconferenc* OR zoom OR teams OR correspondence OR email* OR letter* OR message* OR request* OR inquiry OR ask* OR ask OR question* OR "request for information" OR discuss* OR conversation* OR agenda OR memo OR memorandum)

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko. Nicholas Bennett, Alexander Adnani, Fred Love, Damien Alfalla, Karen Gorde

**PROPOSED DATE RANGE:**

January 1, 2020 through May 3, 2024

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 7**

All Documents and Communications concerning site visits by Leadenhall to the 777 Entity Defendants' offices.

**RESPONSE TO REQUEST NO. 7**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications."

Subject to and without waiver of the foregoing General and Specific Objections, 777 Entity Defendants will conduct a reasonable search for responsive, non-privileged Documents and Communications. 777 Entity Defendants will meet and confer over the scope and bounds of a reasonable search.

**PROPOSED SEARCH TERMS**

("Leadenhall" OR "Gillespie" OR "Learmouth" OR "Foot") NEAR/8 ( "site visit*" OR "office visit*" OR "visit*" OR "onsite" OR "on-site" OR "inspection*" OR "facility visit*" OR "meet*")

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko. Nicholas Bennett, Alexander Adnani, Fred Love, Damien Alfalla

**PROPOSED DATE RANGE:**

October 15, 2022 through December 31, 2023

## REQUEST FOR PRODUCTION NO. 8

All Documents and Communications concerning the MP Fin system's use in connection with Leadenhall's Collateral and/or credit facility, including but not limited to those concerning any assertion that Receivables were Double-Pledged because of purported technical problems, difficulties, or complications with the MP Fin system.

## RESPONSE TO REQUEST NO. 8

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by requiring the production of "All Documents and Communications;" (ii) it purports to require the production of privileged Documents or Communications concerning the legal interpretation of, or legal advice relating to, certain agreements and (iii) the terms "MP Fin system's use in connection with Leadenhall's Collateral" are vague and ambiguous. 777 Entity Defendants will not produce Documents and Communications protected by attorney-client privilege or are otherwise protected from discovery under any applicable privileges, rules, or doctrines.

Subject to and without waiver of the foregoing General and Specific Objections, 777 Entity Defendants will conduct a reasonable search for responsive, non-privileged Documents and Communications concerning the assertion that Receivables under the LSA were Double-Pledged because of technical issues. 777 Entity Defendants will meet and confer over the scope and bounds of a reasonable search.

## PROPOSED SEARCH TERMS

("Leadenhall" NEAR (collateral* OR receivable* OR asset*)) AND (("MP Fin" OR "MPFin") NEAR/8 ("system issue*" OR "technical problem*") NEAR/8 ("double-pledge*" OR "duplicate entry"))

## PROPOSED CUSTODIANS

Josh Wander, Steven Pasko. Nicholas Bennett, Alexander Adnani, Fred Love, Damien Alfalla, Karen Gorde

## PROPOSED DATE RANGE:

May 7, 2021 through May 3, 2024

SGR/80368368.6

## REQUEST FOR PRODUCTION NO. 9

All Documents and Communications concerning any asset-by-asset review undertaken by Defendants, including the "reconciliation" efforts referenced in Paragraph 129 of the Complaint, to ensure that Receivables were properly pledged or allocated to third-party lenders (i.e., pledged or allocated to third-party lenders in accordance with contractual requirements or representations), including but not limited to the addition and population of the "Lender Identifier" field in any Compliance Reports and Monthly Reports.

## RESPONSE TO REQUEST NO. 9

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by requiring the production of "All Documents and Communications"; (ii) it purports to require the production of privileged Documents or Communications concerning the legal interpretation of, or legal advice relating to, certain agreements; (iii) is vague and ambiguous as to the terms "reconciliation' efforts" and "properly pledged or allocated"; and (iv) draws a legal conclusion as to the definition of "properly pledged or allocated", 777 Entity Defendants will not produce Documents and Communications protected by attorney-client privilege or are otherwise protected from discovery under any applicable privileges, rules, or doctrines.

Subject to and without waiver of the foregoing General and Specific Objections, 777 Entity Defendants will conduct a reasonable search for responsive, non-privileged Documents and Communications. 777 Entity Defendants will meet and confer over the scope and bounds of a reasonable search.

## PROPOSED SEARCH TERMS

("asset-by-asset" OR "asset-level" OR ("asset" NEAR "review") OR "reconcile") AND (receivable OR collateral*) AND "Leadenhall" AND (("lender identifier" OR "lender ID" OR "lender field") NEAR/8 ("compliance report*" OR "monthly report*"))

## PROPOSED CUSTODIANS

Josh Wander, Steven Pasko. Nicholas Bennett, Alexander Adnani, Fred Love, Damien Alfalla, Karen Gorde

## PROPOSED DATE RANGE:

March 1, 2023 through October 31, 2023

SGR/80368368.6

## REQUEST FOR PRODUCTION NO. 10

All Documents and Communications concerning any efforts or purported efforts to resolve any shortfall in Leadenhall's Collateral, including but not limited to the "replacement deals" referenced in Paragraph 125 of the Complaint and Defendants' purported intention to "solve the gap" as referenced in Paragraph 133 of the Complaint.

## RESPONSE TO REQUEST NO. 10

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant to the claims and defenses in this action as neither Paragraphs 125, 133, or elsewhere in the Amended Complaint alleges the use of mails or wires with respect to the "efforts to resolve any shortfall"; (ii) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications" relating to "any efforts or purported efforts to resolve any shortfall"; (iii) is vague and ambiguous with respect to the terms "replacement deals" and "purported intention[s] to 'solve the gap'".

Subject to and without waiver of the foregoing General and Specific Objections, 777 Entity Defendants will conduct a reasonable search for responsive, non-privileged Documents and Communications. 777 Entity Defendants will meet and confer over the scope and bounds of a reasonable search.

## PROPOSED SEARCH TERMS

## PROPOSED CUSTODIANS

## PROPOSED DATE RANGE:

## COMMENTS:

The 777 Entity Defendants believe that this request seeks information that is duplicative of request number 5 but are willing to meet and confer if Plaintiffs believe otherwise and consider reasonable proposals for search terms, custodians and date range.

SGR/80368368.6

## REQUEST FOR PRODUCTION NO. 11

All Documents and Communications concerning the calculation of the Collateral shortfall related to the LSA, including but not limited to the calculation of said shortfall at approximately $100 million as referenced in Paragraph 132 of the Complaint.

## RESPONSE TO REQUEST NO. 11

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications". 777 Entity Defendants will not produce Documents and Communications protected by attorney-client privilege or are otherwise protected from discovery under any applicable privileges, rules, or doctrines.

Subject to and without waiver of the foregoing General and Specific Objections, 777 Entity Defendants will conduct a reasonable search for responsive, non-privileged Documents and Communications. 777 Entity Defendants will meet and confer over the scope and bounds of a reasonable search.

## PROPOSED SEARCH TERMS

("shortfall" OR "deficiency" OR "gap" OR "deficit" OR "calculat*" OR "reconcil*" OR "estimate*" OR "assess*" OR "quantify*") NEAR/8 ("$100 million" OR "100,000,000") AND "Leadenhall"

## PROPOSED CUSTODIANS

Josh Wander, Steven Pasko. Nicholas Bennett, Alexander Adnani, Fred Love, Damien Alfalla, Karen Gorde

## PROPOSED DATE RANGE:

March 1, 2023 through April 15, 2023

**REQUEST FOR PRODUCTION NO. 12**

All Documents and Communications concerning A-CAP and/or Kenneth King's involvement or purported involvement in negotiations and restructuring discussions between the 777 Entity Defendants and Leadenhall from September 19, 2022, to May 3, 2024, including but not limited to A-CAP's offer to Leadenhall of a fourth-priority lien on the assets of any or all of the 777 Entity Defendants.

**RESPONSE TO REQUEST NO. 12**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications"; (ii) vague and ambiguous as to the phrase "involvement or purported involvement"; and (iii) it purports to require the production of privileged Documents or Communications. 777 Entity Defendants will not produce Documents and Communications protected by attorney-client privilege or are otherwise protected from discovery under any applicable privileges, rules, or doctrines.

Subject to and without waiver of the foregoing General and Specific Objections, 777 Entity Defendants will conduct a reasonable search for responsive, non-privileged Documents and Communications. 777 Entity Defendants will meet and confer over the scope and bounds of a reasonable search.

**PROPOSED SEARCH TERMS**

("A-CAP" OR "ACAP" OR "Advantage Capital" OR "Kenny" OR "King") NEAR/8 (negotiat* OR restructur* OR propos* OR agree*) NEAR/8 ("fourth-priority " OR "4th priority") NEAR/8 ("Leadenhall")

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko. Nicholas Bennett, Damien Alfalla

**PROPOSED DATE RANGE:**

September 19, 2022 through May 3, 2024

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 13**

All Documents and Communications concerning the February 21, 2024 agreement
between the 777 Entity Defendants and Leadenhall described in Paragraph 214 of the Complaint,
including any payments in connection therewith.

**RESPONSE TO REQUEST NO. 13**

In addition to the General Objections set forth above, which are expressly incorporated
herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad,
unduly burdensome, and not proportionate to the needs of the case by purporting to require
production of "All Documents and Communications"; (ii) it is vague and ambiguous in its request
for documents and communications relating "any payments in connection therewith." 777 Entity
Defendants will not produce Documents and Communications protected by attorney-client
privilege or are otherwise protected from discovery under any applicable privileges, rules, or
doctrines.

Subject to and without waiver of the foregoing General and Specific Objections, 777 Entity
Defendants will conduct a reasonable search for responsive, non-privileged Documents and
Communications. 777 Entity Defendants will meet and confer over the scope and bounds of a
reasonable search.

**PROPOSED SEARCH TERMS**

"Leadenhall" NEAR/15 (agreement OR "settlement" OR "payment" OR "resolution") AND
("$12.5 million" OR "$3.1 million" OR "$25.6 million")

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko, Nick Bennett

**PROPOSED DATE RANGE:**

January 1, 2024 to February 28, 2024

**REQUEST FOR PRODUCTION NO. 14**

All Documents and Communications concerning the negotiation of, and all drafts of, the potential forbearance agreement discussed by the 777 Entity Defendants and Leadenhall described in Paragraph 178 of the Complaint.

**RESPONSE TO REQUEST NO. 14**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications."

Subject to and without waiver of the foregoing General and Specific Objections, 777 Entity Defendants will conduct a reasonable search for responsive, non-privileged Documents and Communications. 777 Entity Defendants will meet and confer over the scope and bounds of a reasonable search.

**PROPOSED SEARCH TERMS**

"forbearance" AND "Leadenhall"

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko, Nicholas Bennett

**PROPOSED DATE RANGE:**

March 1, 2024 to May 3, 2024

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 15**

All Documents and Communications concerning the financial impact of Leadenhall's debt investment in the 777 Entity Defendants—including but not limited to the financial impact of Leadenhall's discovery of the Double-Pledging and resulting inquiry and exercise of remedies—on Your or any of the Defendants' other business interests and investments.

**RESPONSE TO REQUEST NO. 15**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant —and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case— as to 777 Entity Defendants because the "financial impact of Leadenhall's discovery of the Double-Pledging" on "Your or any of the Defendants' other business interests and investments" is not relevant to the claims or defenses in this action, (ii) it is vague and ambiguous as to what is meant by the "financial impact of Leadenhall's discovery of the Double Pledging" and "Your . . . business interests and investments", and (iii) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications".

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

"Leadenhall" NEAR/8 ("financial impact" OR "consequence*" OR "business impact" OR "investment impact") NEAR/8 ("double-pledge*" OR "double pledged")

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko, Nicholas Bennett, Alexander Adnani, Fred Love, Damien Alfalla, Karen Gorde

**PROPOSED DATE RANGE:**

January 1, 2020 to May 3, 2024

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 16**

All Documents and Communications concerning the downgrades of 777 Re's credit rating and/or A-CAP's credit rating by AM Best in 2024.

**RESPONSE TO REQUEST NO. 16**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because "777 Re's credit rating" or "A-CAP's credit rating" are irrelevant to the claims and defenses in this action, (ii) it is overbroad and unduly burdensome because it requires the production of Documents and Communications that are not in 777 Entity Defendants' possession, but rather in the possession, custody, or control of wholly separate entities; (iii) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications"; (iv) is vague and ambiguous as to the term "downgrades" in connection with 777 Re's or A-CAP's "credit rating"; and (v) is unduly burdensome in its requirement to provide credit rating information from "AM Best," as opposed to another credit score provider. 777 Entity Defendants will not produce Documents and Communications protected by attorney-client privilege or are otherwise protected from discovery under any applicable privileges, rules, or doctrines.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

("AM Best" OR "A.M. Best" OR "credit rating" OR "downgrade" OR "rating agency" OR "ratings agency") NEAR/8 ("A-CAP" OR "Advantage Capital")

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko

**PROPOSED DATE RANGE:**

January 1, 2024 to May 3, 2024

**REQUEST FOR PRODUCTION NO. 17**

Documents sufficient to show the date, amount, and purpose of all payments between ACAP and 777 Re.

**RESPONSE TO REQUEST NO. 17**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because "payments between A-CAP and 777 Re" are irrelevant to the claims and defenses in this action; (ii) it is overbroad and unduly burdensome because it requires the production of Documents and Communications that are not in 777 Entity Defendants' possession, but rather in the possession, custody, or control of wholly separate entities; (iii) is vague and ambiguous as to what "Documents" are "sufficient to show the date, amount, and purpose" of the payments; and (iv) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of Documents relating to "all payments between A-CAP and 777 Re."

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

("payment*" OR "transfer*" OR advance) NEAR/8 ("purpose" OR "reason") NEAR/8 ("A-CAP" OR "Advantage Capital") NEAR/8 ("777 Re")

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko, Damien Alfalla

**PROPOSED DATE RANGE:**

January 1, 2020 to May 3, 2024

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 18**

All Documents and Communications concerning the insurance liabilities ceded by A-CAP and A-CAP's affiliates to 777 Re, including documents sufficient to show the amount of such insurance liabilities and the announcement in February 2024 by Kenneth King that A-CAP would recapture insurance liabilities ceded to 777 Re.

**RESPONSE TO REQUEST NO. 18**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because "insurance liabilities ceded by A-CAP and ACAP's affiliates to 777 Re" are not relevant to the claims or defenses in this action; (ii) it is overbroad and unduly burdensome because it requires the production of Documents and Communications that are not in 777 Entity Defendants' possession, but rather in the possession, custody, or control of wholly separate entities; (iii) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications"; (iv) it is vague and ambiguous as to the terms "insurance liabilities," "sufficient" and "recapture."

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

("insurance liabilit*" OR "ceded liabilit*" OR "recaptur*") AND ("A-CAP" OR "Advantage Capital" OR "A-CAP affiliate*" OR "Haymarket" OR "Kenneth King" OR "King") AND ("777 Re")

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko

**PROPOSED DATE RANGE:**

January 1, 2020 to May 3, 2024

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 19**

All Documents and Communications related to any formal or informal agreements between any of the 777 Entity Defendants, on the one hand, and A-CAP and/or Kenneth King, on the other hand.

**RESPONSE TO REQUEST NO. 19**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications" regarding "any formal or informal agreements"; (ii) it is vague and ambiguous as to what is meant by "any formal or informal agreements" and (iii) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because "agreements between any of the 777 Entity Defendants, and A-CAP and/or Kenneth King, are not relevant to the claims or defenses in this action.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

N/A

**PROPOSED CUSTODIANS**

Non-custodial

**PROPOSED DATE RANGE:**

January 1, 2020 to May 3, 2024

**COMMENTS:**

The 777 Entity Defendants will produce copies of any agreements between them and Advantage Capital Holdings LLC or Kenneth King.

**REQUEST FOR PRODUCTION NO. 20**

Documents sufficient to show the amount, nature, terms of, and assets securing any 777 Debt Investments.

**RESPONSE TO REQUEST NO. 20**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because "any 777 Debt Investments" are not relevant to the claims and defenses in this action; (ii) it is vague and ambiguous as to what is meant by "the amount, nature, terms of, and assets securing" the "777 Debt Investments" and what "Documents" are "sufficient to show" the foregoing.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

Not applicable.

**PROPOSED CUSTODIANS**

Non-custodial

**PROPOSED DATE RANGE:**

January 1, 2020 to May 3, 2024

**COMMENTS:**

The 777 Entity Defendants will produce copies of any agreements between them and Advantage Capital Holdings LLC.

**REQUEST FOR PRODUCTION NO. 21**

Documents sufficient to show the assets involved in, value of, and terms of all transactions in which any assets that had secured the 777 Debt Investments were the subject of any remedy exercise (including liquidation) by Kenneth King and/or A-CAP, on Kenneth King and/or ACAP's behalf, or for Kenneth King and/or A-CAP.

**RESPONSE TO REQUEST NO. 21**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because "the assets involved in, value of, and terms of all transactions in which any assets that had secured the 777 Debt Investments were the subject of any remedy exercise (including liquidation)" are not relevant to the claims and defenses in this action; and (ii) it is vague and ambiguous as to the terms "assets involved in," "value of," "terms of," and "any remedy exercise".

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

N/A

**PROPOSED CUSTODIANS**

Non-custodial

**PROPOSED DATE RANGE:**

January 1, 2023 to May 3, 2024

**COMMENTS:**

The 777 Entity Defendants do not believe that any such documents exist but will undertake a reasonable search to determine if they do.

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 22**

Documents sufficient to show Kenneth King and/or A-CAP's present plan, strategy, or intention with respect to exercising any remedies (including liquidation) with respect to any further collateral securing the 777 Debt Investments, including the collateral to be liquidated and the anticipated value and terms of any such transaction.

**RESPONSE TO REQUEST NO. 22**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because the "present plan, strategy, or intention with respect to exercising any remedies" of A-CAP or Mr. King is irrelevant to the claims and defenses in this action; (ii) it is overbroad and unduly burdensome because it requires the production of Documents and Communications that are not in 777 Entity Defendants' possession, but rather in the possession, custody, or control of wholly separate entities; and (iii) it is vague and ambiguous as to the terms "remedies," "further collateral," "securing," "collateral to be liquidated," and "anticipated value".

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**


**PROPOSED CUSTODIANS**


**PROPOSED DATE RANGE:**


**COMMENTS:**

The 777 Entity Defendants believe that this request is addressed to Defendants Advantage Capital Holding and Kenneth King and otherwise stand on their objections.

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 23**

All Documents and Communications concerning Kenneth King and/or A-CAP's exercise of control or decision-making authority over the 777 Entity Defendants' operations, including but not limited to the integration of the 777 Entity Defendants' operations with the operations of ACAP, and the use or sharing of office space.

**RESPONSE TO REQUEST NO. 23**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because Plaintiffs have already disclaimed that 777 Entity Defendants are alter egos of any other Defendant (e.g., Am. Compl. ¶ 360)—therefore, this Request concerning any alleged "exercise of control or decision-making authority over the 777 Entity Defendants' operations" is not relevant to any of the claims or defenses in this action; (ii) it is vague and ambiguous as to the terms "control", "decision-making authority", and "integration"; (iii) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications"; and (iv) purports to require production of privileged Documents and Communications. 777 Entity Defendants will not produce Documents and Communications protected by attorney-client privilege or are otherwise protected from discovery under any applicable privileges, rules, or doctrines.

In light of the foregoing General and Specific Objections, 777 Entity Defendants will not produce Documents and Communications responsive to this Request because it is irrelevant to the claims and defenses in this action and is therefore overbroad, unduly burdensome, and not proportionate to the needs of the case.

**PROPOSED SEARCH TERMS**

("office space" OR "shared office*" OR "office sharing" OR "facility sharing") AND ("Kenneth King" OR "King" OR "A-CAP" OR "Advantage Capital" OR "McGuffin" OR "Saliba")

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko, Damien Alfalla, Alex Adnani, Nicholas Bennett

**PROPOSED DATE RANGE:**

March 2, 2023 to May 3, 2024

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 24**

Documents sufficient to show every occasion on which a meeting of the directors, officers, managers, partners, or members of any of the Guarantors, Sellers, Borrowers, or Servicers occurred, and the minutes and attendees of every such meeting.

**RESPONSE TO REQUEST NO. 24**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by requiring the production of Documents to show "every occasion on which a meeting" occurred without regard to the topic; and (ii) it is vague and ambiguous as to the term "every occasion."

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request
.

**PROPOSED SEARCH TERMS**

N/A

**PROPOSED CUSTODIANS**

Non-custodial

**PROPOSED DATE RANGE:**

January 1, 2020 to May 3, 2024

**COMMENTS:**

The 777 Entity Defendants will produce any minutes that exist of meetings of the Guarantors' Board of Managers and of any board of a Seller, Borrower or Servicer.

SGR/80368368.6

## REQUEST FOR PRODUCTION NO. 25

Documents sufficient to show every occasion on which any of the Guarantors, Sellers, Borrowers, or Servicers held an election for any director, officer, manager, or partner position.

## RESPONSE TO REQUEST NO. 25

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because Guarantors, Sellers, Borrowers, or Servicers are each limited liability companies that do not have directors, officers or partners.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad and unduly burdensome as to 777 Entity Defendants however to the extent the operating agreements of the Guarantors, Sellers, Borrowers, or Servicers require elections and any elections were held, 777 Entity Defendants will produce such non-privileged Documents responsive to this Request that are identified through a reasonable search. 777 Entity Defendants will meet and confer over the scope and bounds of a reasonable search.

## PROPOSED SEARCH TERMS

N/A

## PROPOSED CUSTODIANS

Non-custodial

## PROPOSED DATE RANGE:

N/A

## COMMENTS:

Each referenced entity is a limited liability company, which are not required to hold elections under Delaware law and the law of most states. The 777 legal department is not aware of any elections every having been held by any of the Guarantors, Sellers, Borrowers, or Servicers.

SGR/80368368.6

## REQUEST FOR PRODUCTION NO. 26

Documents sufficient to Identify the legal and beneficial Owners of all membership interests in A-CAP, any A-CAP affiliate, and/or Kenneth King and the Guarantors, Sellers, Borrowers, or Servicers at all times, including all changes in ownership, and, to the extent Your Owners are not natural persons or corporations, the owners of all of Your Owners, and their place of domicile or, in the case of a corporation, the state where they are incorporated and where they have their principal place of business.

## RESPONSE TO REQUEST NO. 26

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that (i) it calls for a legal conclusion as to the "legal and beneficial owners of all membership interests;" (ii) it is overbroad and unduly burdensome because it requires the production of Documents and Communications that are not in the possession, custody, or control of 777 Entity Defendants, but rather in the possession, custody, or control of wholly separate entities; and (iii) the terms "legal and beneficial Owners" are vague and ambiguous. 777 Entity Defendants will not produce Documents protected by attorney-client privilege or are otherwise protected from discovery under any applicable privileges, rules, or doctrines. To the extent the Request is intended to identify information relevant to diversity jurisdiction, 777 Entity Defendants object on the basis that filings by the 777 Entity Defendants are sufficient to establish the absence of complete diversity and the Court has not authorized jurisdictional discovery in this action.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is unauthorized, irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

## PROPOSED SEARCH TERMS

N/A

## PROPOSED CUSTODIANS

Non-custodial

## PROPOSED DATE RANGE:

N/A

## COMMENTS:

The 777 Entity Defendant stand on their objections as to A-CAP entities. The Guarantors will produce their most recently updated organizational chart and their most recent Operating Agreements.

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 27**

Documents sufficient to show the organizational and business structure of You and Your predecessors, successors, parents, subsidiaries, departments, divisions, joint ventures, partnerships, and other affiliates (including without limitation any organization or entity that You individually, partially, or jointly manage, dominate, fund, or control) that were in any way involved with or affected by the LSA with Leadenhall.

**RESPONSE TO REQUEST NO. 27**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that it is vague and ambiguous as to the phrase "that were in any way involved with or affected by the LSA with Leadenhall."

In light of the foregoing General and Specific Objections, 777 Entity Defendants will produce organizational charts for the 777 Entity Defendants to the extent such Documents are maintained in the ordinary course of business.

**PROPOSED SEARCH TERMS**

N/A

**PROPOSED CUSTODIANS**

Non-custodial

**PROPOSED DATE RANGE:**

N/A

**COMMENTS:**

The 777 Entity Defendants will produce their LLC or operating agreements.

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 28**

All Documents and Communications concerning the use by Josh Wander, Steven Pasko, or Kenneth King or any member of their families, or by A-CAP or any employee of A-CAP, of any of the 777 Entity Defendants' property or assets in whole or in part for any purpose other than the performance of their duties as an employee of one of the Guarantors, Sellers, Borrowers, or Servicers.

**RESPONSE TO REQUEST NO. 28**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad and unduly burdensome because it requires the production of Documents and Communications that are not in the possession, custody, or control of 777 Entity Defendants, but rather in the possession, custody, or control of wholly separate entities; (ii) it is overbroad, unduly burdensome, and not proportionate to the needs of the case because it purports to require the production of "All Documents and Communications;" and (iii) it is vague and ambiguous as to the phrases relating to "property and assets" and "any purpose".

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is overbroad and unduly burdensome and vague and ambiguous as to 777 Entity Defendants and they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

("personal use" OR "non-business use" OR "non-corporate use" OR "family use" OR "for personal purpose*") NEAR/8 ("King" OR "Kenneth King" OR "Josh Wander" OR "Steven Pasko" OR "A-CAP" OR "Advantage Capital")

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko, Damien Alfalla

**PROPOSED DATE RANGE:**

January 1, 2020 to May 3, 2024

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 29**

Documents sufficient to show the date, amount, and purpose of any payments by 777 Entity Defendants for or on behalf of A-CAP, Kenneth King, Josh Wander, Steven Pasko, and any member of their families, or vice versa, including payments to third parties, as well as any payments between or among any of the 777 Entity Defendants, A-CAP, Kenneth King, Josh Wander, Steven Pasko, and any member of their respective families.

**RESPONSE TO REQUEST NO. 29**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case because it purports to require the production of "Documents sufficient to show the date, amount, and purpose of any payments by 777 Entity Defendants for or on behalf of . . . any member of their families . . . including payments to third parties, as well as any payments between or among . . . any member of their respective families" and (ii) it is vague and ambiguous as to payments "for or on behalf of" others and "vice-versa;" and (iii) it is irrelevant—and therefore is overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because payments made for or on behalf of others are not relevant to the claims or defenses in this action.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

("personal use" OR "non-business use" OR "non-corporate use" OR "family use" OR "for personal purpose*") NEAR/8 ("King" OR "Kenneth King" OR "Josh Wander" OR "Steven Pasko" OR "A-CAP" OR "Advantage Capital") AND payment

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko

**PROPOSED DATE RANGE:**

January 1, 2020 to May 3, 2024

**REQUEST FOR PRODUCTION NO. 30**

Documents sufficient to show all contracts or agreements between You and A-CAP, Kenneth King, Josh Wander, Steven Pasko, and any member of their families to pay or guarantee a debt or other obligation.

**RESPONSE TO REQUEST NO. 30**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overly broad and unduly burdensome, and not proportionate to the needs of the case because it purports to require production of "all contracts or agreements" and documents from "any member of their families"; (ii) it is vague and ambiguous in respect to the terms "guarantee," "debt," and "other obligation" as vague and ambiguous; and (iii) it is irrelevant—and therefore is overboard, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because agreements "to pay or guarantee a debt or other obligation" are not relevant to the claims or defenses in this action.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

N/A

**PROPOSED CUSTODIANS**

Non-custodial

**PROPOSED DATE RANGE:**

January 1, 2020 to May 3, 2024

SGR/80368368.6

## REQUEST FOR PRODUCTION NO. 31

Documents sufficient to show Your audited and unaudited financial results, including income statements, cash flow, and balance sheet, on a quarterly basis.

## RESPONSE TO REQUEST NO. 31

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that it is irrelevant—and therefore is overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because no party's "audited and unaudited financial results" are not relevant to the claims or defenses in this action.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants, and they will not produce documents in response to this Request.

## PROPOSED SEARCH TERMS

N/A

## PROPOSED CUSTODIANS

Non-custodial

## PROPOSED DATE RANGE:

January 1, 2020 to May 3, 2024

## COMMENTS:

The 777 Entity Defendants will produce any audited financial statements of 777 Entity Defendants that exist for the period in question.

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 32**

Documents sufficient to show each instance on which the 777 Entity Defendants audited and unaudited financial results, including income statements, cash flow, and balance sheet, on at least a quarterly basis, were disseminated to anyone other than the 777 Entity Defendants.

**RESPONSE TO REQUEST NO. 32**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that it is irrelevant—and therefore is overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because neither their "audited and unaudited financial results" nor whether they "were disseminated to anyone" are relevant to the claims or defenses in this action.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce any responsive Documents.

**PROPOSED SEARCH TERMS**

**PROPOSED CUSTODIANS**

**PROPOSED DATE RANGE:**

**COMMENTS:**

The 777 Entity Defendants stand on their objections but are willing to consider proposed search terms and custodians.

SGR/80368368.6

## REQUEST FOR PRODUCTION NO. 33

All Documents and Communications concerning all protective advances made by the 777 Entity Defendants or on their behalf by anyone, including but not limited to any of the Defendants, as well as any other protective advances made by A-CAP or any A-CAP affiliate for or on behalf of any of the Defendants, including payments to third parties.

## RESPONSE TO REQUEST NO. 33

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant—and therefore is overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because "protective advances" are not relevant to the claims or defenses in this action; (ii) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications" relating to "all protective advances made by the 777 Entity Defendants or on their behalf by anyone" and "any other protective advances made by A-CAP or any A-CAP affiliate for or on behalf of any of the Defendants, including payments to third parties"; and (iii) it is vague and ambiguous as to the terms "protective advances," and "payments to third parties".

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce any Documents or Communications in response to this Request.

## PROPOSED SEARCH TERMS

("protective advance*" OR "emergency funding" OR "protective payment*" OR "protective disbursement" OR "protective funding") NEAR/8 ("A-CAP" OR "Advantage Capital" OR "Haymarket" OR "ACM Delegate")

## PROPOSED CUSTODIANS

Josh Wander, Steven Pasko, Damien Alfalla

## PROPOSED DATE RANGE:

January 1, 2020 to May 3, 2024

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 34**

All Documents and Communications concerning the loan, credit, or debt provided by ACAP to JARM Capital LLC as referenced in Paragraph 221 of the Complaint, including any amendments to the loan, credit, or debt agreement and any modification, adjustment, or transfer of the lien or security interest collateralizing any funds provided pursuant to the loan, credit, or debt agreement to any Defendant or third party.

**RESPONSE TO REQUEST NO. 34**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that (i) it is overbroad and unduly burdensome because it requires the production of Documents and Communications that are not in 777 Entity Defendants' possession, but rather in the possession, custody, or control of wholly separate entities and (ii) it is overbroad, unduly burdensome, and not proportionate to the needs of the case because it purports to require the production of "All Documents and Communications".

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce any Documents or Communications in response to this Request.

**PROPOSED SEARCH TERMS**

**PROPOSED CUSTODIANS**

**PROPOSED DATE RANGE:**

**COMMENTS:**

The 777 Entity Defendants do not possess documents responsive to this request.

## REQUEST FOR PRODUCTION NO. 35

All Documents and Communications concerning the transaction described in Paragraph 244 of the Complaint.

## RESPONSE TO REQUEST NO. 35

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because Paragraph 244 of the Corrected Amended Complaint purports to describe the purpose of a condominium that is not relevant to the claims or defenses in this action; and (ii) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications".

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

## PROPOSED SEARCH TERMS

("condo" OR "condominium") AND ("11 million" OR "$11,000,000" OR "$11 million" OR "9 million" OR "$9,000,000" OR "$9 million" OR "10 million" OR "$10,000,000" OR "$10 million" OR "loan" OR "funding" OR "security interest") AND ("A-Miami " OR "A Miami " OR "King" OR "Kenneth King" OR "A-CAP" OR "Advantage Capital")

## PROPOSED CUSTODIANS

Josh Wander, Steven Pasko, Damien Alfalla

## PROPOSED DATE RANGE:

October 1, 2022 to December 31, 2022

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 36**

Documents sufficient to show Your contracts, agreements, understandings, and general relationship with B. Riley, including but not limited all covenants, promises, and representations made by You to B. Riley or by B. Riley to You and amounts, dates of payment, and any reimbursement or indemnification You received for all payments made to B. Riley, by You or on Your behalf.

**RESPONSE TO REQUEST NO. 36**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because 777 Entity Defendants' "contracts, agreements, understandings, and general relationship with B. Riley" are not relevant to the claims and defenses in this action; and (ii) it is vague and ambiguous as to the terms "contracts, agreements, understandings, and general relationship" and "covenants, promises, and representations."

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

Will provide engagement agreement and appointment resolutions

**PROPOSED CUSTODIANS**

Non-custodial

**PROPOSED DATE RANGE**

January 1, 2024 through May 15, 2024

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 37**

All Communications that were sent or received by, or copied or blind-copied to, B. Riley prior to the execution of the contract or agreement pursuant to which "the Guarantors retained professionals from B. Riley Advisory Services," as stated in the Guarantors' letter dated May 17, 2024 (ECF No. 74).

**RESPONSE TO REQUEST NO. 37**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that (i) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because communications involving B. Riley prior to the execution of the contract or agreement pursuant to which "the Guarantors retained professionals from B. Riley Advisory Services" are not relevant to the claims and defenses in this action; (ii) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Communications".

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this request.

**PROPOSED SEARCH TERMS**

Participant: @brileyfin.com

**PROPOSED CUSTODIANS**

Josh Wander, Steven Pasko

**PROPOSED DATE RANGE**

April 1, 2024 through May 6, 2024

## REQUEST FOR PRODUCTION NO. 38

All Communications that were sent or received by, or copied or blind-copied to, B. Riley that were also sent or received by, or copied or blind-copied to, Defendants Josh Wander, Steven Pasko, Kenneth King, or any officer, director, employee, partner, member, affiliate, or agent of ACAP.

## RESPONSE TO REQUEST NO. 38

In addition to the General Objections set forth above, and the Response to Request No. 37, above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad and unduly burdensome because it requires the production of Documents and Communications that are not in 777 Entity Defendants' possession, but rather in the possession, custody, or control of wholly separate entities; and (ii) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Communications".

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad and unduly burdensome as to 777 Entity Defendants and that they will not produce documents in response to this request.

## PROPOSED SEARCH TERMS

## PROPOSED CUSTODIANS

## PROPOSED DATE RANGE:

## COMMENTS:

The 777 Entity Defendants believe that this request is duplicative of request number 37.

SGR/80368368.6

## REQUEST FOR PRODUCTION NO. 39

Documents sufficient to show all roles, responsibilities, powers, and authorities held at all times during the Request Period by Josh Wander, Steven Pasko, Mollie Wander, Kenneth King, and any officer, director, employee, partner, member, affiliate, or agent of A-CAP, with respect to the management or control of the Guarantors, Borrowers, Servicers, or Sellers.

## RESPONSE TO REQUEST NO. 39

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is vague and ambiguous as to the terms "roles, responsibilities, powers, and authorities"; and (ii) the terms "partner," "member," "affiliate, and "agent" call for a legal conclusion.

Subject to the foregoing General and Specific Objections, 777 Entity Defendants will conduct a reasonable search for documents sufficient to show the management or control of the Guarantors, Borrowers, Servicers, or Sellers during the relevant time period.

## PROPOSED SEARCH TERMS

Will provide LLC or operating agreements for each and any resolution or appointment documents.

## PROPOSED CUSTODIANS

Non-custodial

## PROPOSED DATE RANGE:

January 1, 2020 to May 3, 2024

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 40**

All Documents and Communications concerning any 777 Entity Defendant's eviction from any office space or the decision of any 777 Entity Defendant to cease occupying any office space under threat of eviction.

**RESPONSE TO REQUEST NO. 40**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: (i) it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications"; and (ii) it is irrelevant—and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because documents and communications involving an eviction from any office space or the decision of any 777 Entity Defendant to cease occupying any office space under threat of eviction are not relevant to the claims and defenses in this action.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is overbroad, irrelevant and unduly burdensome as to 777 Entity Defendants and that they will not produce documents or communications in response to this Request.

**PROPOSED SEARCH TERMS**


**PROPOSED CUSTODIANS**

Non-custodial.

**PROPOSED DATE RANGE:**

January 1, 2020 to May 3, 2024

**COMMENTS:**

The 777 Entity Defendants believe that no documents exist during the proposed date range, but they will review their files to confirm.

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 41**

Documents and communications sufficient to show the address of all office spaces owned, leased, and/or occupied by any 777 Entity Defendant during the Request Period.

**RESPONSE TO REQUEST NO. 41**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that it is irrelevant— and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case—as to 777 Entity Defendants because documents and communications involving the address of all office spaces owned, leased, and/or occupied by any 777 Entity Defendant during the Request Period are not relevant to the claims and defenses in this action.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is irrelevant, overbroad and unduly burdensome as to 777 Entity Defendants and that they will not produce documents or communications in response to this Request.

**PROPOSED SEARCH TERMS**

N/A

**PROPOSED CUSTODIANS**

Non-custodial

**PROPOSED DATE RANGE:**

January 1, 2020 to May 3, 2024

**COMMENTS:**

The 777 Entity Defendants will provide copies of leases (including amendments) for offices at Boca Place, 600 Brickell and Dacota

SGR/80368368.6

## REQUEST FOR PRODUCTION NO. 42

All Documents identified in Your responses to any interrogatories served in the Action.

## RESPONSE TO REQUEST NO. 42

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request because Plaintiffs have not served any interrogatories to date.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is premature at this time, and therefore is overbroad and unduly burdensome. To the extent that Plaintiffs serve appropriate interrogatories under the Rules, 777 Entity Defendants will, subject to any objections and appropriate constructions of such interrogatories, produce any nonprivileged Documents identified in their interrogatory responses.

## PROPOSED SEARCH TERMS

## PROPOSED CUSTODIANS

## PROPOSED DATE RANGE:

## COMMENTS:

No interrogatories have been served.

SGR/80368368.6

## REQUEST FOR PRODUCTION NO. 43

All Documents received by You from any party or non-party in connection with discovery in the action, whether produced voluntarily or pursuant to a subpoena or other legal process.

## RESPONSE TO REQUEST NO. 43

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents".

Subject to the foregoing General and Specific Objections, 777 Entity Defendants will produce responsive, non-privileged documents, in accordance with the requirements of the Rules, received via subpoena and any documents voluntarily produced to 777 Entity Defendants that are responsive to any of Plaintiffs' Requests, subject to any objections stated thereto.

## PROPOSED SEARCH TERMS

## PROPOSED CUSTODIANS

N/A

## PROPOSED DATE RANGE

N/A

## COMMENTS:

No such documents exist as the 777 Entity Defendants have not received discovery from any party or non-party in this action.

SGR/80368368.6

## REQUEST FOR PRODUCTION NO. 44

All Documents and Communications, to the extent not requested above, that You intend to rely upon, introduce into evidence, or otherwise use at any hearing, deposition, or trial in the Action.

## RESPONSE TO REQUEST NO. 44

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications".

Subject to the foregoing General and Specific Objections, 777 Entity Defendants will produce responsive, non-privileged documents in accordance with the requirements of the Rules and any orders of this Court, that 777 Entity Defendants intend to rely on in this Action.

## PROPOSED SEARCH TERMS

N/A

## PROPOSED CUSTODIANS

N/A

## PROPOSED DATE RANGE:

N/A

## COMMENTS:

The 777 Entity Defendants stand on their objections.  They will disclose documents to be used at any hearing or trial when required to do so under the applicable Federal Rule of Civil Procedure, Local Rule or order of the court.

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 45**

All Documents and Communications, including all information in any form, provided to, prepared for, reviewed by, or relied upon by any consulting or testifying expert in the evaluation of Your defenses and/or the formation of the expert's opinions.

**RESPONSE TO REQUEST NO. 45**

In addition to the General Objections set forth above, which are expressly incorporated herein, 777 Entity Defendants further object to this Request on the grounds that: it is overbroad, unduly burdensome, and not proportionate to the needs of the case by purporting to require production of "All Documents and Communications"; and (ii) to the extent it requires the production of Documents and Communications relating to non-testifying "consulting" experts, which is not discoverable. See Fed. R. Civ. Proc. 26(b)(4)(D). 777 Entity Defendants will not produce Documents and Communications protected by attorney-client privilege or are otherwise protected from discovery under any applicable privileges, rules, or doctrines.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that this Request is overbroad, and unduly burdensome as to 777 Entity Defendants and no parties possess any responsive Documents or Communications as no experts have yet been retained for the purposes of trial. To the extent such testifying experts are retained, 777 Entity Defendants will comply with the disclosure requirements set forth in the Rules.

**PROPOSED SEARCH TERMS**


**PROPOSED CUSTODIANS**

N/A

**PROPOSED DATE RANGE:**

N/A

**COMMENTS:**

The 777 Entity Defendants stand on their objections.  They will provide expert disclosures when required to do so under the applicable Federal Rule of Civil Procedure, Local Rule or order of the court.

**REQUEST FOR PRODUCTION NO. 46**

Documents sufficient to show Your document maintenance, retention or destruction
policies, procedures, and practices, including, but not limited to: (i) policies related to the retention,
destruction, or management of electronically stored information, data, hard copy files, audio
files/recordings, emails, Instant Messages, phone records, and cellular phone records, (ii)
Documents concerning any departure or variance from Your policies, procedures, and practices,
(iii) Documents relating to the frequency of backup or archiving, all software and hardware used
to perform such backups or archiving, and all media onto which data is backed up or archived, (iv)
all document retention hold notices sent that relate in any way to this Action, and (v) each of Your
employees responsible for maintaining any documents or database(s), including electronically
stored information, data, hard copy files, audio files/recordings, emails, Instant Messages, phone
records, and cellular phone records.

**RESPONSE TO REQUEST NO. 46**

In addition to the General Objections set forth above, which are expressly incorporated
herein, 777 Entity Defendants further object to this Request on the grounds that it is irrelevant—
and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case as to
777 Entity Defendants because 777 Entity Defendants' "document maintenance, retention or
destruction policies, procedures, and practices" are not relevant to the claims or defenses in this
action. 777 Entity Defendants further object to the extent this Request purports to require the
production of privileged Documents and Communications. 777 Entity Defendants will not
produce Documents and Communications protected by attorney-client privilege or are otherwise
protected from discovery under any applicable privileges, rules, or doctrines.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that
this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that
they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

N/A

**PROPOSED CUSTODIANS**

Non-custodial

**PROPOSED DATE RANGE:**

N/A

**COMMENTS:**

The 777 Entity Defendants will produce a copy of their document retention policy.

SGR/80368368.6

**REQUEST FOR PRODUCTION NO. 47**

For each database You used to produce data, Documents, or other things in response to
Requests Nos. 1 through 46, as well as any other database that You use to store information about
collateral pledged or allocated to creditors:

    a. Documents sufficient to show the reports and the reporting capabilities of each
    database – whether pre-configured or configured on an ad-hoc basis, and whether
    created on a regular or ad-hoc basis.

        i. Exemplars of each type of report generated in the ordinary course of
        business from each database through an automated task or process, and the
        frequency with which such Reports are generated (e.g., daily, weekly,
        monthly, quarterly, or annually).
        ii. Exemplars of all tables and/or files in each database.
        iii. Exemplars of all fields for the tables and/or files identified in the
        immediately preceding request, and the descriptions and/or definitions for
        these fields.

    b. Any business requirement(s), functional requirements, mapping information, data
    dictionaries, instruction manuals, or similar Documents that describe any keys that link
    databases, the flow of data, each data element, or field that exists on each database, and
    Documents sufficient to Identify the persons who created the Documents and the end users
    of the Documents.

    c. Data workflows, including the identity and description of where each data element
    or field is stored, physically and virtually, in what format it is stored, the backup
    procedures in place, how each Data element moves and is used throughout the
    database, and if such data elements are related to other Databases.

**RESPONSE TO REQUEST NO. 47**

In addition to the General Objections set forth above, which are expressly incorporated
herein, 777 Entity Defendants further object to this Request on the grounds that it is irrelevant—
and therefore overbroad, unduly burdensome, and not proportionate to the needs of the case as to
777 Entity Defendants because documents related to the "databases . . . used to produce data" in
response to the Requests are not relevant to the claims or defenses in this action. 777 Entity
Defendants will not produce Documents and Communications protected by attorney-client
privilege or are otherwise protected from discovery under any applicable privileges, rules, or
doctrines.

In light of the foregoing General and Specific Objections, 777 Entity Defendants state that
this Request is irrelevant, overbroad, and unduly burdensome as to 777 Entity Defendants and that
they will not produce documents in response to this Request.

**PROPOSED SEARCH TERMS**

N/A

**PROPOSED CUSTODIANS**

Non-Custodial

**PROPOSED DATE RANGE:**

N/A

**COMMENTS:**

777 Entity Defendants use MicroSoft Office 365 Suite and SAP for electronic financial records and anticipate that those programs will be the ones used to produce documents.  Documentation about the capabilities of these programs is equally accessible to Plaintiffs.  If other databases are used the 777 Entity Defendants will supplement this information.