# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEADENHALL CAPITAL PARTNERS LLP and LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC,<br><br>                      Plaintiffs,<br><br>     v.<br><br>JOSH WANDER, STEVEN PASKO, KENNETH KING, 777 PARTNERS LLC, 600 PARTNERS LLC, SPLCSS III LLC, SIGNAL SML 4 LLC, INSURETY AGENCY SERVICES LLC, DORCHESTER RECEIVABLES II LLC, SUTTONPARK CAPITAL LLC, SIGNAL MEDICAL RECEIVABLES LLC, INSURETY CAPITAL LLC, SUTTONPARK SERVICING LLC, and ADVANTAGE CAPITAL HOLDINGS LLC,<br><br>                      Defendants. | Civil Action No. 1:24-cv-03453-JGK<br><br>**777 ENTITY DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), defendants 777 Partners LLC, 600 Partners LLC, SPLCSS III LLC, Signal SML 4 LLC, Insurety Agency Services LLC, Dorchester Receivables II LLC, SuttonPark Capital LLC, Signal Medical Receivables LLC, Insurety Capital LLC, and SuttonPark Servicing LLC (the "777 Entity Defendants) hereby respond and object to plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC ("Leadenhall" or "Plaintiffs") First Set of Requests for Admissions, dated May 20, 2025 (collectively, the "Requests" and each individual request, a "Request") including the "Requests for Admission," "Definitions" and "Instructions" contained therein, as follows:

## RESERVATION OF RIGHTS

The 777 Entity Defendants' Responses and Objections (the "Response and Objections") to the Requests are made without prejudice to the 777 Entity Defendants' rights to amend or supplement the Response and Objections at a later date. Further, the 777 Entity Defendants expressly reserve their right to amend or assert additional Response and Objections, and none of the Response and Objections below should be interpreted to waive any such right.

## GENERAL OBJECTIONS

The following general objections (the "General Objections") are incorporated into each specific Response and Objection ("Specific Objection") below (collectively, the "Specific Response and Objections") as if they were fully incorporated therein. Although certain General Objections are reiterated in Specific Response and Objections for clarity or emphasis, any failure to reiterate a General Objection in response to any specific Request does not constitute a waiver of such objection as to such Request.

1. The 777 Entity Defendants object to the Requests as they are premature in light of the fact discovery deadline that is scheduled to occur nine months from the date the Court resolves defendants' pending motions to dismiss, to the extent any claims remain.

2. The 777 Entity Defendants object to the Requests as contrary to the Stay Order entered by Judge Koeltl (Dkt. 252).

3. The 777 Entity Defendants object to the Requests to the extent they are overbroad, unduly burdensome, and not proportionate to the needs of the case, as set forth in further detail below.

4. The 777 Entity Defendants object to the Requests to the extent they purport to impose any burden upon them beyond the requirements of the Federal Rules. Subject to and

without waiving any General Objections or Specific Objections, The 777 Entity Defendants will construe and respond to the Requests in accordance with the requirements of the Rules.

5. The 777 Entity Defendants object to the Requests to the extent they contain any factual assertion or allegation, or purport to describe or characterize any factual assertion or allegation. Any failure to specifically object to any such factual assertion, allegation, description or characterization, is not an adoption or admission of such factual assertion, allegation, description, or characterization.

6. The 777 Entity Defendants object to the Requests to the extent they contain compound, conjunctive, or disjunctive statements.

7. The 777 Entity Defendants object to the Requests to the extent they seek information protected by the attorney-client privilege or work product doctrine.

8. The Specific Response and Objections as set forth below are for the purposes of discovery only and the 777 Entity Defendants expressly preserve: (a) any objections as to competency, relevance, materiality, or admissibility of any information that may be produced in response to the Requests, or the subject matter thereof; (b) any objections as to the privilege of any information requested in response to the Requests; (c) the right to object to other discovery involving or relating to the subject matter of the Requests; and (d) the right at any time to revise, correct, supplement, or clarify any of the Response and Objections herein.

## **SPECIFIC RESPONSE AND OBJECTIONS**

**REQUEST FOR ADMISSION NO. 1**

Admit that each asset listed in Exhibit A was referenced in a Compliance Report issued by You and was subsequently removed from such Compliance Report when it was reissued.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**

Denied.

**REQUEST FOR ADMISSION NO. 2**

Admit that each asset listed in Exhibit A as purportedly securing loans Leadenhall made pursuant to the LSA was not at all times Free and Clear of Any Adverse Claim throughout the relevant period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

Denied.

Dated:  New York, New York
July 25, 2025

SMITH, GAMBRELL & RUSSELL, LLP

By: _____
John G. McCarthy
David A. Pellegrino
Katie L. Schwartz
Ryan J. Solfaro

*Attorneys for 777 Entity Defendants*
1301 Avenue of the Americas, 15th Floor
New York, New York 10019
Tel: (212) 907-9700
jmccarthy@sgrlaw.com
dpellegrino@sgrlaw.com
kschwartz@sgrlaw.com
rsolfaro@sgrlaw.com