*1301 Avenue of the Americas*
*15th Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*



*John G. McCarthy*
*Direct Tel: 212-907-9703*
*Direct Fax: 212-907-9803*
*jmccarthy@sgrlaw.com*

August 12, 2025

***VIA ECF***

The Honorable Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007

**Re:** *Leadenhall Capital Partners LLP, et ano. v. Wander, et al.*, No. 24 Civ. 3453 (JGK)(BCM)

Dear Judge Moses:

We represent 777 Partners LLC, 600 Partners LLC, SPLCSS III LLC, Dorchester Receivables II LLC, Insurety Agency Services LLC, Signal SML 4 LLC, SuttonPark Capital LLC, Signal Medical Receivables LLC, Insurety Capital LLC, and SuttonPark Servicing LLC (collectively, the "777 Entity Defendants"). We write to oppose Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC's ("Leadenhall") August 5, 2025 letter, which seeks both to impose their July 25 proposed search terms and to challenge the sufficiency of the 777 Entity Defendants' responses to Leadenhall's May 20, 2025 Requests for Admission ("RFAs"). In both contexts, Leadenhall has acted unilaterally, disregarding the cooperative framework required by the Court's ESI Protocol, Rule 26, and Rule 36, and operating on the premise that discovery should proceed exactly as they dictate. This approach runs afoul of their obligations, mischaracterizes the 777 Entity Defendants' good-faith efforts, and underlies the current disputes.

**I.       Introduction**

The 777 Entity Defendants have acted in good faith throughout discovery, both in responding to Leadenhall's proposed search terms and in addressing Leadenhall's May 20, 2025 Requests for Admission ("RFAs"). On search terms, the 777 Entity Defendants have proposed targeted, proportional terms tied to the claims and defenses, run Leadenhall's terms across their data, and shared detailed hit reports to facilitate refinement. Leadenhall's filing mischaracterizes that process and seeks to impose overbroad, duplicative, and irrelevant terms under the guise of "collateral" issue discovery, many of which have no relevance to any claim or defense, no relevance to collateral, and are not tied to any of Leadenhall's document demands, and which would capture vast quantities of routine, irrelevant business documents.

The Honorable Barbara Moses
August 12, 2025
Page 2

On RFAs, the 777 Entity Defendants served timely, substantive responses that complied with Rule 36 by denying those matters that could not be admitted. Leadenhall's challenge ignores the governing standards for RFAs, misrepresents the nature of the 777 Entity Defendants' responses, and seeks to compel improper admissions.

II.    **Leadenhall's Proposed Terms Are Vastly Overbroad and Irrelevant**

Leadenhall's July 25 terms generate massive hit counts and capture swaths of irrelevant material. The 777 Entity Defendants' review of the top terms confirms they are not tailored to the claims or defenses and will only burden the review process. *See* Exhibit 1. For example:

- The "hid* OR secret*/asset/security" term returned almost entirely irrelevant articles and communications about popups, ads, or generic use of "hide" in unrelated contexts.

- The "Riley OR Reilly OR Reily OR Rilley OR Rielly OR Briley" term is capturing all emails sent to or from Christopher O'Reilly, the 777 Entity Defendants' General Counsel, as well as all communications involving B. Riley.

- The "free and clear/adverse/asset/security" term yielded mostly routine business documents containing the words "asset" or "security."

- The "book* OR record* OR account*" term captured generic accounting entries, recordkeeping communications, and operational updates untethered to any issue in this case.

- The "report*" term produced thousands of internal, non-substantive reports (e.g., monthly summaries, status updates) wholly unrelated to the matters at issue.

These are not targeted search terms; they are blunt instruments that sweep in routine and irrelevant materials, in direct contravention of the proportionality and cooperation principles in Rule 26 and the ESI Protocol.

III.   **777's Responses to the RFAs Are Proper**

The 777 Entity Defendants' participation in the meet and confer process with respect to Leadenhall's May 20, 2025 RFAs (the "RFAs") has been guided by good faith. They sought an extension of time to respond to the RFAs in order to undertake the enormous task of reviewing thousands of records associated with the 3,449 deals. During the time when the analysis was being completed internally, counsel met and conferred[1] as to the scope of the RFAs with counsel for Leadenhall. The denials set forth in the 777 Entity Defendants' July 25, 2025 Responses ("RFA

---

[1] Counsel met and conferred on July 1, 2025 and July 8, 2025 via Teams.

The Honorable Barbara Moses
August 12, 2025
Page 3

Responses") were directly responsive to the RFAs that were posed. The two individual RFAs asked to "admit each asset" on Exhibit A was either referenced in a compliance report and subsequently removed, or double-pledged. The 777 Entity Defendants' good faith analysis necessitated denial of both RFAs. "Where as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. Furthermore, the use of only the word 'denied' is often sufficient under the rule." *United Coal Companies v. Powell*, 839 F.2d 958, 967 (3d Cir. 1988) (citing cases). Moreover, Leadenhall's requested relief is inappropriate in light of well-settled case law that a reviewing court may not second guess or dissect each factual issue presented by the request for admission. *See Foretich v. Chung*, 151 F.R.D. 3, 5 (D.D.C. 1993) (rejecting defendants' attempt to challenge the sufficiency of plaintiff's response to an RFA by challenging the veracity of the denial in the response itself). While Leadenhall may not agree with the denials in the RFA Responses, a motion to determine the sufficiency of a response to a request for admission is not to be used as an attempt to litigate the accuracy of a response.

As Leadenhall is aware, caselaw concerning requests for admissions dictates that "[t]he purpose of Fed. R. Civ. P. 36, governing RFAs, 'is to allow for the narrowing or elimination of issues in a case. The rule is not properly speaking a discovery device, rather it is "a procedure for obtaining admissions for the record of facts already known" by the seeker.'" *See, e.g., Khurana v. Wahed Invest, LLC*, No. 18 Civ. 233 (LAK)(BCM), 2020 WL 6729124 at *2 (S.D.N.Y. Nov. 16, 2020). As we explained to Leadenhall on July 28, 2025, if evidence has been adduced regarding each of the thousands of deals listed in Exhibit A to the RFAs they should provide such information and the 777 Entity Defendants will consider whether there may be other ways to narrow issues relating to those deals.

## IV.    777's Good-Faith Efforts

The 777 Entity Defendants' June 12 proposal was the product of a painstaking internal review. The 777 Entity Defendants selected custodians with actual relevance, applied proximity connectors, eliminated duplications, and limited the date ranges to the relevant period. The 777 Entity Defendants ran Leadenhall's July 2 and July 25 proposals and shared the resulting hit reports, on July 22 for the July 2 terms, and earlier this morning for the July 25 terms, and invited discussion on narrowing overbroad terms. Leadenhall refused to review the 777 Entity Defendants' June 12 proposal, declared them a non-starter, and instead chose to bring its overbroad proposal directly to the Court.[2]

After providing the July 2 hit report on July 22 and noting the immense breadth of the results, the 777 Entity Defendants advised Leadenhall on July 25 that they would propose revisions to the July 2 terms. As David Pellegrino wrote to Leadenhall's counsel that day: "We have now run hit reports on Leadenhall's July 2 revised search terms, and as previously communicated, those terms remain vastly overbroad and disproportionate. As discussed, we are working on proposed revisions to the July 2 terms." That same day as the 777 Entity Defendants

---

[2] Contrary to Leadenhall's representation to the Court, the 777 Entity Defendants replied to Leadenhall on July 28, 2025, confirming that they would run the July 25 terms.

The Honorable Barbara Moses
August 12, 2025
Page 4

were reviewing, however, Leadenhall revised its search terms again, producing the July 25 list, which remained overbroad and similarly voluminous.

In good faith, on July 28, 2025, the 777 Entity Defendants advised Leadenhall that they would run hit reports for the July 25 list. They then undertook the additional step of reviewing the underlying documents for the top ten "unique hit" terms from the July 25 list before producing the hit report. That review was not completed until this morning, at which time the hit report and term-by-term comments were provided to Leadenhall (see Exhibit 1). This review confirmed that the vast majority of the results were irrelevant, after a manual review, for nearly every term, a search for "Leadenhall," "LCP," or "Gillespie" within those hits returned zero results. Instead, the terms captured routine business communications, personal correspondence, unrelated news articles, and other non-substantive materials.

## V.     Meet-and-Confer History

The suggestion that the 777 Entity Defendants have failed to meet and confer is inaccurate. The 777 Entity Defendants have participated in multiple written and oral exchanges about search terms, produced hit reports, and made counterproposals. Leadenhall, by contrast, has often sent short-notice invitations to confer and then faulted counsel for not appearing after the fact, regardless of counsel's availability. They have also repeatedly sent invitations concerning disputes with A-CAP, matters unrelated to the 777 Entity Defendants' issues, and then chastised counsel for not attending after the fact as though those conferences were about our disputes. This is yet another example of how Leadenhall conducts itself on a unilateral basis, dictating the process like an authority figure rather than engaging as an equal participant. This is not the collaborative process contemplated by the ESI Protocol. The current impasse is the result of Leadenhall's decision to halt the iterative process and press forward with an all-or-nothing set of terms.

## VI.    Relief Requested

For the reasons stated above, the Court should deny Leadenhall's request to adopt its July 25, 2025 proposed search terms, order Leadenhall to identify how each term relates to a specific claim or defense and demonstrate proportionality under Rule 26(b)(1) before adoption, and direct the parties to continue meeting and conferring, deny Leadenhall's request to compel further responses to the May 20, 2025 RFAs, find that the 777 Entity Defendants' objections, admissions, and denials comply with Rule 36, and grant such other and further relief as the Court deems just and proper.

Respectfully yours,

*/s/John G. McCarthy*
John G. McCarthy

Enclosure
cc: Counsel of record (via ECF)