# Exhibit A

| | |
|---|---|
| **From:** | Caroline Chen |
| **To:** | bennettnc12@gmail.com; nbennett@eamllc.com |
| **Cc:** | Brian Donovan; Leigh Nathanson; Peter Starr |
| **Subject:** | Leadenhall Capital Partners LLP et al. v. Wander et al., No. 1:24-cv-03453 |
| **Date:** | Thursday, July 3, 2025 11:38:20 AM |
| **Attachments:** | N. Bennett Subpoena 7.3 (1).pdf<br>image001.png |

Hi Nick,

We represent Leadenhall in the action *Leadenhall et al. v. Wander et al.*, 24-cv-3453 (S.D.N.Y.). Please see the attached subpoena requesting documents in this action. We're happy to discuss these requests with you if you have any questions—we want to be cooperative here.

We have tried to effectuate service at the address you provided in your deposition in the matter captioned *777 Partners LLC v. Leadenhall Capital Partners LLP*, 24-81143, (S.D. FL.). Please confirm you will accept service of this subpoena via this email. If not, or if we do not hear from you, we will plan to serve you at your workplace.

Please let us know if you have counsel representing you for purposes of this action. We tried reaching out to your counsel in the Florida action and our understanding is that at present you do not have counsel for this action, which is why we are reaching out to you directly.

All the best,
Caroline

---

**Caroline Chen**
*Law Clerk*

T: +1 212 556 2191 | E: CJChen@kslaw.com | Bio | vCard

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036

**King & Spalding**


kslaw.com

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, New York 10036

Tel: +1 212 556 2100
Fax: +1 212 556 2222
kslaw.com

Brian Donovan
Partner
Direct Dial: +1 212 556 2162
bdonovan@kslaw.com

Nicholas J. Bennett
1000 Brickell Plaza, Unit 1910
Miami, Florida 33131
bennettnc12@gmail.com

July 3, 2025

   Re: *Leadenhall Capital Partners LLP et al. v. Wander et al.*,
     Case No. 1:24-cv-03453 (JGK)

Dear Mr. Bennett:

  Enclosed is a subpoena to produce documents issued by the Plaintiffs, Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (collectively, "Leadenhall"), in the above-referenced action. In lieu of producing the requested documents physically at the address noted on the face of the subpoena, you may provide the documents electronically to bdonovan@kslaw.com.

  We are happy to discuss these requests with you, and if you have any questions, please contact me.

              Sincerely,

              */s/ Brian Donovan*
              Brian Donovan
              King & Spalding LLP

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Leadenhall Capital Partners LLP, et ano. )<br>*Plaintiff* )<br>v. )<br>Josh Wander, et al. )<br>*Defendant* ) | Civil Action No. 1:24-cv-03453 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Nicholas J. Bennett
1000 Brickell Plaza, Unit 1910, Miami, Florida 33131
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibits A-B.

| Place: King & Spalding LLP<br>1185 Avenue of the Americas, 34th Fl.<br>New York, New York, 10036 | Date and Time:<br>07/25/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/03/2025

*CLERK OF COURT*
                              OR
_____        /s/ Brian Donovan
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Leadenhall Capital Partners LLP , who issues or requests this subpoena, are:

Brian Donovan, King & Spalding LLP; 1185 Avenue of the Americas 34th Floor New York, NY 10036;
bdonovan@kslaw.com; 212.556.2162

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03453

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[Print]  [Save As...]  [Add Attachment]  [Reset]

Case 1:24-cv-03453-JGK-BCM    Document 357-1    Filed 10/17/25    Page 6 of 15

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

### Document Requests

1. All Documents and Communications concerning assets Pledged by 777 Partners or SuttonPark Capital as Collateral which were not at all times Free and Clear of Adverse Claims.

2. All Documents and Communications concerning the preparation of any Document or Communication by 777 Partners or SuttonPark Capital, including but not limited to Monthly Reports and Compliance Reports, bank statements, and any information or output of any computer program or database such as MP Fin, that purports to show the 777 Partners' or SuttonPark Capital's ownership, allocation, or Pledging of receivables and/or financial condition.

3. All Documents and Communications concerning any forging or falsification by 777 Partners or SuttonPark Capital of financial statements or bank statements.

4. All Documents and Communications concerning the MP Fin system's use in connection with Leadenhall's Collateral and/or credit facility, including but not limited to those concerning any assertion that receivables were Double-Pledged because of purported technical problems, difficulties, or complications with the MP Fin system and those concerning any efforts or purported efforts to resolve and/or cover up any shortfall in Leadenhall's Collateral.

5. All Documents and Communications concerning any transfer of debt funding provided by Leadenhall from a SuttonPark Capital bank account to a 777 Partners bank account, including any transfer(s) of approximately $350 million in debt funding from a SuttonPark Capital bank account to a 777 Partners bank account from January 2020 through March 2022.

6. All Documents and Communications concerning any false statements or misrepresentations made by 777 Partners or SuttonPark Capital to lenders or any other party.

7. All documents and Communications concerning issues or concerns raised or documented by 777 Partners or SuttonPark Capital's accounting department or servicing team concerning assets Pledged by 777 Partners or SuttonPark Capital as Collateral and/or Leadenhall's credit facility.

8. All Documents and Communications concerning the relationship between A-CAP and 777 Partners. This Request includes, but is not limited to, documents or communications reflecting any contractual relationship between 777 Partners and A-CAP, any association between 777 Partners and A-CAP, A-CAP's control or influence over 777 Partners' decision-making and operations, and/or A-CAP employees working out of 777 Partners' offices.

### Exhibit B

Definitions

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. Should You not understand the meaning of any term, it is requested that You immediately seek clarification through the undersigned. As used in these Requests, the words set forth below shall be defined as follows:

1. "777 Partners" shall mean 777 Partners LLC, inclusive of any present or former officers, directors, employees, partners, corporate parents, subsidiaries or affiliates (e.g., Josh Wander, Steven Pasko, You, Alexander Adnani, 600 Partners LLC, SPLCSS II LLC, SPLCSS III LLC, Signal SML 4 LLC, Insurety Agency Services LLC, Dorchester Receivables I LLC, Dorchester Receivables II LLC, Signal Medical Receivables LLC, Insurety Capital LLC, SuttonPark Capital LLC, SuttonPark Servicing LLC, etc.).

2. "A-CAP" shall mean Advantage Capital Holdings LLC, including its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates (e.g., Kenneth King, Jill Gettman, Michael Saliba, Carson McGuffin, ACM Delegate LLC, Haymarket Insurance Company, Sentinel Security Life Insurance Company, Atlantic Coast Life Insurance Company, etc.).

3. "Collateral" shall mean assets Pledged as security for a loan or debt funding.

4. "Communication" shall mean the transmittal of information as set forth in texts, instant messages (on any application such as Facebook Messenger, Telegram, or Signal), emails, audio recordings, handwritten letters, and notes, etc. Leadenhall understands that You may no longer have access to work repositories (e.g., Your work email addresses nbennett@suttonpark.com and nbennett@777part.com). As used herein, "Communication"

3

refers to personal texts, emails, messages, etc. in addition to any work texts, email, messages, etc. still in Your possession.

5. "Complaint" shall mean Leadenhall's Amended Complaint filed at ECF No. 187 in the action captioned Leadenhall Capital Partners LLP et al. v. Wander et al., Civ. No. 1:24-cv-03453 (JGK), currently pending in the U.S. District Court for the Southern District of New York.

6. "Concerning" shall be construed to bring within the scope of the Request all Documents that comprise, evidence, constitute, describe, explicitly or implicitly refer to, were reviewed in conjunction with, or were generated as a result of the subject matter of the Request, including, but not limited to, all Documents that reflect, memorialize, discuss, evaluate, consider, review, or report the subject matter of the Request.

7. "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

8. "Double-Pledged" or "Double-Pledging" shall refer to the same Collateral that has been pledged as security to both Leadenhall and another lender.

9. "Free and Clear of Adverse Claims" shall mean, in the context of an asset Pledged to Leadenhall as Collateral, that the asset was purchased by 777 Partners or SuttonPark Capital and was not Pledged to any lender other than Leadenhall while the asset was Pledged to Leadenhall.

10. "Leadenhall" shall mean Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Funds PLC, and, as applicable, any lender groups or investment funds Leadenhall represents and Leadenhall's officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

4

11. "LSA" shall mean the Loan and Security Agreement dated May 7, 2021, memorializing the secured credit facility between 777 Partners, SuttonPark Capital, and Leadenhall, as referenced in Paragraph 5 of the Complaint.

12. "Monthly Reports" and "Compliance Reports" shall mean monthly or periodic reports issued by 777 Partners or SuttonPark Capital to lenders showing assets purportedly Pledged as Collateral to the lenders.

13. "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14. "Pledged" or "Pledging" shall mean assigned or used assets as Collateral to secure a loan or debt funding.

15. "SuttonPark Capital" shall mean SuttonPark Capital LLC, inclusive of any present or former officers, directors, employees, partners, corporate parents, subsidiaries or affiliates (e.g., Josh Wander, Steven Pasko, Fred Love, You, Alexander Adnani, 777 Partners, 600 Partners LLC, SPLCSS II LLC, SPLCSS III LLC, Signal SML 4 LLC, Insurety Agency Services LLC, Dorchester Receivables I LLC, Dorchester Receivables II LLC, Signal Medical Receivables LLC, Insurety Capital LLC, SuttonPark Servicing LLC, etc.).

16. "You" and/or "Your" shall mean the person to whom this subpoena is directed – Nicholas J. Bennett.

### Instructions

1. Please feel free to reach out to us with any questions.

2. We enclose a copy of the agreed-upon Protective Order in the action to the extent You wish to mark Documents produced by You as Confidential. We also enclose the agreed-upon order governing the protocol for discovery of electronically stored information (the "ESI Protocol"), which sets forth the procedures and technical specifications for making document

productions in this action. Please produce documents in accordance with the ESI Protocol to the extent feasible.

3.   Each Request is to be read, construed, and responded to separately and independently without reference to, or being limited by, any other Request.

4.   These instructions and definitions should be construed to require an answer based upon the knowledge of, and information available to, the responding party as well as its agents and representatives.

5.   The Requests are continuing in nature so as to require supplemental answers to be served in a timely manner if further or different information is obtained with respect to any Document Request.

6.   Each Request includes all documents that are within Your possession, custody, or control, including all documents held by Your employees or representatives that exist either in hard-copy files, whether centrally or individually maintained, or in electronic form, whether maintained on Your servers, cloud services, or individually maintained on company-owned or employee-owned personal computers, laptop computers, tablets, mobile phones, or other computing devices of all individuals in whose files You search for responsive documents.

7.   Each document should be produced with all of its attachments, appendices, schedules, and exhibits.

8.   To the extent responsive documents or data are maintained in an electronic format, including but not limited to on a disk, tape, or other magnetic or machine-readable format, please produce the electronic version along with manual and all other documents sufficient to operate, display, read, and interpret the programs, documents, or data.

9. If there are no Documents responsive to a particular Request in Your possession, custody, or control, provide a written response so stating.

10. Documents should be produced either (a) as they are kept in the usual course of business, complete with the original file folders, binders, or other containers in which they are stored (or legible copies of the labels from those folders, binders, or containers), and should be stapled, clipped, or otherwise unitized as they are kept in the usual course of business, or (b) organized according to the Request or Requests to which they are responsive. If You elect the latter mode of production, each document or set of documents from a particular file, binder, or other container should be accompanied by a legible copy of the label from that container or some other reliable indicator of the file from which it was taken, and documents should be stapled, clipped, or otherwise unitized as they are kept in the usual course of business.

11. If a claim of privilege is asserted with respect to any Request, in whole or in part, or You refuse to answer any Request on any other ground, specify the exact basis for Your claim that such Request need not be answered with sufficient specificity to permit the Court to determine the validity of Your objection or position. In the event You serve a proper and timely objection to a portion of a Request, please respond to all portions of the Request that do not fall within the ambit of Your objection. For example, if You object to a Request on the ground that it is too broad insofar as it covers time periods that You contend are not relevant to this litigation, You should answer as to all time periods that You contend are relevant.

12. In answering these Requests, if You claim an ambiguity in interpreting a Request, or any definition or instruction, that claim shall not be used as a basis for refusing to respond, but there shall be set forth as a part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

13. If more than one copy of a responsive document exists, produce each copy that includes (a) any notations or markings not on other copies, including handwritten notations or routing or filing instructions; and/or (b) attachments not included as part of other copies.

14. In the event that any requested document has been destroyed, lost, discarded, or is otherwise not capable of being produced at the time that documents are produced pursuant to these Requests; Identify any such document; Identify the person who previously or currently has possession, control, or custody of the document; indicate the Request(s) to which such document is responsive; and set forth the circumstances under which the document was destroyed or discarded or an explanation of why the document is not capable of being produced.

15. Unless otherwise defined herein, all words and phrases used in these Requests are to be given their plain, customary, and usual meaning.

16. All uses of the conjunctive include the disjunctive (and vice versa). All words in the singular include the plural (and vice versa). All uses of the word "all" include "any" (and vice versa). All uses of the word "and" include "or" (and vice versa). All uses of the word "each" include "every" (and vice versa). The use of a verb in any tense encompasses the use of the verb in all tenses. The use of the feminine, masculine, or neuter genders shall include all genders.

17. Unless otherwise indicated, each Request seeks Documents and/or Communications concerning the period from January 1, 2020, to August 30, 2024 (the "Request Period").

18. Where a claim of privilege is asserted in objecting to any Request or sub-part thereof, and any Document is withheld on the basis of such assertion, (i) You shall Identify the nature of the privilege (including work product) that is being claimed; and (ii) the following

8

information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of Document; (2) the author of the Document; (3) any addressee of the Document, including, where not apparent, the relationship of the author and addressee to each other; (4) the general subject matter of the Document; (5) the date of the Document; (6) the identity of any enclosure(s) or attachment(s); and (7) such other information as is sufficient to Identify the Document in a manner that will enable Leadenhall and the Court to assess the applicability of the privilege claimed, in accordance with Federal Rule of Civil Procedure 26 and Local Rule 26.2.