

90 PARK AVE
37TH FLOOR
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
FOLEY.COM

WRITER'S DIRECT LINE
212.338.3514
Phara.guberman@foley.com

**Via ECF** October 24, 2025

Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**RE: *Leadenhall Capital Partners LLP et al. v. Wander et al., 24-cv-03453-JGK***

Dear Judge Koeltl:

Defendants Advantage Capital Holdings LLC ("A-CAP") and Kenneth King ("Mr. King") respectfully move to strike Plaintiffs' October 23, 2025 "supplemental authority" letter (herein after "October 23 Letter") in its entirety as an improper sur-reply. (ECF No. 361). As an initial matter, Plaintiffs' October 23 Letter sur-reply was submitted without prior leave of the Court, in violation of Your Honor's Individual Rule III(H) and Local Civil Rule 6.1. In addition, the October 23 Letter cites no supplemental authority relevant to the pending motions to dismiss and should be stricken as an obvious attempt to defame A-CAP and Mr. King and prejudice Defendants' ability to fairly litigate this case.

## I. Plaintiffs' Letter Is an Unauthorized Sur-Reply and Does Not Provide Any Supplemental Authority

Plaintiffs misrepresent their October 23 Letter on the docket as providing "supplemental authority" to the Court—the filing's own introduction reveals its true nature: an unauthorized sur-reply "to update the Court on recent developments bearing on Defendants' motions to dismiss the Corrected Amended Complaint." The filing directly contravenes both Your Honor's Individual Rules and this Court's Local Rules. Under Individual Rule III(H), "[u]nless otherwise stipulated by the Court, the schedule for responses and replies to civil motions shall be that established by Local Civil Rule 6.1." Local Civil Rule 6.1 does "not contemplate the submission of a sur-reply in further opposition to a motion" without prior leave. *Lazare Kaplan Int'l Inc. v. KBC Bank N.V.*, 337 F. Supp. 3d 274, 288 (S.D.N.Y. 2018), *aff'd*, 785 F. App'x 18 (2d Cir. 2019) (Carter, J.) (declining to consider supplemental filings submitted without leave and bearing no relevance to the pending motion to dismiss).

Courts in this District routinely reject such improper attempts to introduce new material outside the proper briefing schedule. Here, Defendants' motions to dismiss have already been fully briefed and argued—making Plaintiffs' filing all the more improper. See *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 164 (S.D.N.Y. 2015) (Engelmayer, J.) (disregarding a supplemental letter that "improperly raises new arguments after the close of briefing and argument, without having sought or obtained permission for such a submission"); *AA Med. P.C. v. Almansoori*, No. 20CV03852DGJMW, 2023 WL 4073772, at *2 (E.D.N.Y. June 19, 2023) (striking plaintiff's sur-reply where "[t]here has been no change in the law, or clarification

AUSTIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DENVER | DETROIT | HOUSTON | JACKSONVILLE | LOS ANGELES
MADISON | MEXICO CITY | MIAMI | MILWAUKEE | NASHVILLE | NEW YORK | ORLANDO | RALEIGH | SACRAMENTO | SALT LAKE CITY
SAN DIEGO | SAN FRANCISCO | SILICON VALLEY | TALLAHASSEE | TAMPA | TOKYO | WASHINGTON, D.C.



warranted to be brought to the Court's attention," and no leave was sought or granted); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361, 369–70 (S.D.N.Y. 1997) (Edelstein, J.) (refusing to consider supplemental opposition papers).

**II. Plaintiffs Deliberately Misrepresent the Government Actions**

Not only does the October 23 Letter misrepresent its intention to the Court, but it is obvious from the substance that it is a calculated misuse of the Court's process, clearly filed for the sole purpose of injecting false, inflammatory allegations against Mr. King and A-CAP. The October 23 Letter suggests—without any factual basis whatsoever—that Mr. King and A-CAP are implicated in criminal or regulatory misconduct. They are not, and no government agency has ever so alleged. This tactic is a deliberate effort to weaponize public filings to smear an individual and entity the government has never accused of wrongdoing. The Court should not permit it.

Plaintiffs repeatedly misrepresent that the government actions implicate A-CAP and Mr. King. The government actions cited by Plaintiffs—*United States v. Wander*, 25-CR-473 (S.D.N.Y.), *United States v. Alfalla*, 25-CR-468 (S.D.N.Y.), and *SEC v. Wander, et al.*, 25-CV-8565 (S.D.N.Y.)—name only Josh Wander, Damien Alfalla, Steven Pasko, 777 Partners LLC, and 600 Partners LLC. There have, in fact, been criminal indictments against Co-Defendants in this matter. But none of the actions name Kenneth King or A-CAP. Mr. King and A-CAP have not been indicted. The government actions do not reference Mr. King or A-CAP by name or even suggest that they are implicated in any way; they are not. Plaintiffs' suggestion to the contrary is not a misunderstanding; it is a deliberate distortion of the public record and a desperate attempt to weaponize government filings to smear Mr. King and A-CAP.

The impropriety of Plaintiffs' filing is clear from its text. On page 1 of ECF No. 361, Plaintiffs' first heading of their letter lumps A-CAP and Mr. King into in the government actions by use of the general term "Defendants": "Criminal and Civil Enforcement Actions Filed Against ***Defendants*** . . ." (emphasis added).

The October 23 Letter further states: "The criminal proceedings and SEC enforcement action corroborate the pattern of wire fraud and conspiracy alleged against ***Defendants*** and reaffirm that Leadenhall's claims are plausibly pled." ECF No. 361 at 1 (emphasis added). Plaintiffs' general reference to "Defendants" throughout the letter is not for convenience but a premeditated planting of seeds to mislead the Court, the media, and the public.

On page 2 of the October 23 Letter, Plaintiffs wrote: "Leadenhall alleges an association-in-fact enterprise comprising the 777 Entity Defendants, ***A-CAP***, Wander, Pasko, and ***Kenneth King*** … and a clear, regular, and longstanding practice of racketeering activity going back to at least 2020." Plaintiffs went further, asserting: "Leadenhall alleges each Defendant's conduct … including Wander's role, along with ***King***, as the principal architect of the fraud and Pasko's role as the signatory of false compliance reports and the scheme's primary cash beneficiary." (emphasis added). These statements are not quotations from the DOJ or SEC filings; they are Plaintiffs' own rhetoric, recycled from their complaint and deliberately represented as though federal prosecutors and regulators had confirmed them. They clearly have not.


The indictment and other government actions Plaintiffs point to, do ***not*** name A-CAP or Mr. King as defendants. Nor do the filings even reference any alleged bad acts by them. There are none to reference. Despite that incontrovertible fact, Plaintiffs' letter explicitly states that A-CAP and Mr. King were engaged in racketeering and fraud and that the government filings are evidence of such conduct. This is a clear misrepresentation to this Court. This filing should be stricken from the record with appropriate sanctions awarded as set forth in more detail below.

**III. Plaintiffs' Letter Is a Blatant Abuse of Process and Should be Stricken**

The October 23 Letter is a calculated abuse of process and a desperate attempt to tarnish A-CAP and Mr. King's reputation through statements the government itself has never made. If left unaddressed, it invites every litigant to bypass briefing limits and inject falsehoods into the docket under the cloak of "supplemental authority." That is not advocacy; it is manipulation. Even if the unauthorized sur-reply does not impact this Court's decision on the outcome of the pending motion to dismiss (and it should not), its public filing and defamatory statements prejudice our clients significantly and should be stricken. *Cf. Scalercio-Isenberg v. Citizens Fin. Grp., Inc.*, No. 18-CV-9226 (JGK), 2019 WL 7187247, at *9 (S.D.N.Y. Dec. 26, 2019) (Koeltl, J.).

In New York, a statement that "tend[s] to injure a plaintiff in his or her trade, business or profession" or falsely charges a person with "an indictable offense upon conviction of which punishment may be inflicted [as here] can be considered slanderous per se." *See Ruta v. Delta Airlines, Inc.*, 322 F. Supp. 2d 391, 403, 405 (S.D.N.Y. 2004) (defendant's statement to passengers on a plane that plaintiff kicked him constituted slander *per se*); *see also Kesner v. Dow Jones & Co., Inc.*, 515 F. Supp. 3d 149, 176-77 (S.D.N.Y. 2021) (Engelmayer, J.) ("An allegation that a person violated securities laws can indeed constitute defamation *per se.*"). It is undisputedly false and defamatory to suggest that A-CAP and Mr. King were named or implicated in any of the government actions. The Court should not permit this misconduct, particularly in an unauthorized filing.

To remedy this misconduct and prevent further prejudice, Mr. King and A-CAP respectfully request that the Court strike the October 23 Letter at ECF No. 361 in its entirety and impose appropriate sanctions under the Court's inherent authority and Rule 11. The October 23 Letter does not present supplemental authority. It is an improper sur-reply that serves no legitimate purpose, misstates the public record, and was plainly intended to inflict reputational harm. Striking the filing and awarding Defendants their reasonable fees and costs are necessary to deter future abuse and to preserve confidence in these proceedings. Plaintiffs' decision to broadcast its false narrative through the docket has already caused reputational damage and risks misleading anyone who reviews the record. The requested relief will ensure that the Court's rulings rest on actual facts, not fabricated innuendo.

For these reasons, A-CAP and Mr. King respectfully ask the Court to grant the relief above, strike Plaintiffs' October 23 Letter in full (ECF No. 361), and make clear that this Court will not tolerate misuse of its process to advance false or defamatory claims against uncharged parties.



Respectfully submitted,

*/s/ Phara A. Guberman*

**Phara A. Guberman**

cc: all Counsel of Record (via ECF)