*Smith, Gambrell & Russell, LLP*
*1301 Avenue of the Americas*
*15th Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*



*John G. McCarthy*
*Direct Tel: 212-907-9703*
*Direct Fax: 212-907-9803*      October 27, 2025
*JMCCARTHY@sgrlaw.com*

**VIA ECF**

Honorable Barbara C. Moses
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

Re:   *Leadenhall Capital Partners LLP v. Wander*, 24 Civ. 3453 (JGK)(BCM)
      Drive Containing PST File from Frederick Love's Mailbox

Dear Judge Moses:

      We represent the 777 Entity Defendants, including SuttonPark Capital LLC ("SPC"). We write concerning an external hard drive (the "Drive") and an Outlook .pst file saved on it (the "PST File") created from the SPC mailbox of non-party Frederick Love. Mr. Love was SPC's General Counsel for years. When he resigned in the spring of 2024, his title was President and General Counsel. We have been informed that Mr. Love gave the Drive to Plaintiffs after receiving a subpoena in this case. He did not tell SPC that he intended to provide SPC Outlook data to Plaintiffs. The parties have reached agreement as to several issues concerning the Drive and the PST File but cannot agree concerning non-responsive, non-privileged documents in the PST file and whether Plaintiffs are entitled to retain and access a copy of the PST File.

      Plaintiffs allege that in early 2024, "an employee of one of Wander's companies that is a party to Leadenhall's LSA" made certain disclosures to Leadenhall about activities that supposedly occurred at SPC. (Dkt. 187, ¶ 16.) Craig Gillespie of Leadenhall testified that Mr. Love was the unnamed employee. As SPC's General Counsel, Mr. Love had an ethical obligation to maintain client confidences, which he apparently violated in early 2024. In or about April 2024, Mr. Love informed 777 co-founder Steve Pasko he was resigning his position with SPC.

      The 777 Entity Defendants had a policy that employees were not allowed to take copies of their Outlook data when their employment ceased. An analysis of a copy of the PST File[1] shows that it was created on April 25, 2024, while Mr. Love was still President and General Counsel and contains, *inter alia*, emails sent or received on or after January 25, 2024. That timeframe is consistent with local caching by Outlook. Thus, it appears that the PST File was surreptitiously created from Mr. Love's company-issued laptop. The 777 Entity Defendants were

---

[1] Plaintiffs have provided the 777 Entity Defendants with a forensic copy of the PST File.

SGR/81201511.2

Honorable Barbara C. Moses
October 27, 2025
Page 2

unaware that Mr. Love had the PST File.[2]

Plaintiffs sent a subpoena to Mr. Love (a Florida resident) on June 23, 2025, with a production date of July 18, 2025, in New York. A copy of only the requests from that subpoena is attached hereto as Exhibit A. SPC did not object to the subpoena because it believed that Mr. Love did not possess its documents and that, in any event, he would fulfill his ethical duties as to privilege and confidentiality. We also knew that Mr. Love was represented by two lawyers (civil and criminal) concerning the allegations about SPC. Weeks later, Plaintiffs advised the parties that they had obtained the Drive from Mr. Love and asserted that privilege was the only issue to be resolved. Plaintiffs candidly acknowledged that they did not advise Mr. Love not to produce privileged communications and proposed either delivering a copy so SPC (as privilege holder) could conduct a privilege review or having a team of lawyers from the law firm representing Plaintiffs conduct a review. Plaintiffs represented they would not access or disseminate the contents of the PST File pending a privilege review.

Upon learning of the Drive's existence, the 777 Entity Defendants conducted an investigation, including discussions with both of Mr. Love's attorneys. They denied involvement in providing the Drive to Plaintiffs. We were told that the Drive was given to Mr. Love by Noah Davis, whose last day with the 777 Entity Defendants was April 26, 2024. In June 2024, Mr. Davis illicitly downloaded hundreds of thousands of SPC's files a day after he met with Mr. Gillespie and another officer of Plaintiffs at the offices of Plaintiffs' agent Saiph Consulting. Mr. Davis has pleaded guilty to burglarizing SPC's offices in September 2024 and stealing multiple laptops. Mr. Love's Florida counsel also told us that the Drive contained all of his SPC emails and that Mr. Love had never accessed the Drive and was uncertain exactly what was on it.

We have loaded the PST File to a review platform. The contents by folder location are set forth in Exhibit B to this letter. Our initial analysis of the PST File confirmed that it contains responsive materials, privileged communications and materials that are not responsive to the Love subpoena. We have offered to conduct a review of the contents of the PST File and produce all responsive, non-privileged documents and a privilege log. Plaintiffs nonetheless have insisted that they are entitled to access everything in the PST File except privileged information. We have begun our review so that Plaintiffs will soon receive the undisputed contents of the PST File.

Counsel conferred twice by video conference, most recently on October 20, 2025 from noon until 1:00 pm, about half of the time was spent discussing the Drive and the PST File. Counsel also exchanged several emails concerning this issue. The participants in the October 20 conference were James Boland and John McCarthy for the 777 Entity Defendants and Leigh Nathanson, Brian Donovan, Peter Starr and Lilian Klatskin for Plaintiffs.

Courts in this District and in New York have repeatedly sanctioned or precluded use of materials wrongfully obtained from an adversary and have directed return or suppression to

---

[2] In fact, in a case pending in Florida state court in which Mr. Love and SPC are defendants, Mr. Love represented through his attorney that he had no relevant documents.

restore the status quo. *See, e.g., Herrera v. The Clipper Group, L.P.*, No. 97 Civ. 560 (SAS), 1998 WL 229499, at *3-5 (S.D.N.Y. May 6, 1998) (invoking court's inherent power to sanction misuse of material improperly obtained, precluding use and considering disqualification); *Lipin v. Bender*, 193 A.D.2d 424, 425-28 (1st Dept. 1993) (counsel, who knew documents had been wrongly obtained, should have "readily returned the documents or sought further direction from the court," rather than take advantage of the improper conduct), *aff'd*, 84 N.Y.2d 562 (1994); *In re Beiny*, 129 A.D.2d 126, 140-41 (1st Dept. 1987) (affirming preclusion of documents and disqualification of Sullivan & Cromwell when it improperly obtained access to files of former counsel for adversary); *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 570-73 (S.D.N.Y. 2008) ("the court may preclude the use of stolen evidence in litigation, notwithstanding the fact that it would have been otherwise discoverable"). The Court has the inherent authority grant the relief requested or can grant it pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(c)(1) (authorizing protective orders to prevent undue burden, disclosure of confidential information, and misuse of discovery); Fed. R. Civ. P. 26(b)(5)(B), 45(e)(2)(B) (requiring return/sequestration and non-use of materials after a privilege claim).

Those principles fit squarely here. As detailed above, the PST File was locally exported shortly before Mr. Love's departure, contains privileged and confidential communications and non-responsive materials belonging to SPC, and was taken without authorization in violation of company policy. On these facts, an order allowing the 777 Entity Defendants to conduct a responsiveness and privilege review is the most direct and least disruptive remedy as it protects privilege and confidentiality and prevents the "use in litigation [of] material improperly obtained outside the discovery process." *Herrera*, 1998 WL 229499, at *3-5 (citations omitted). It also allows Plaintiffs to obtain and use relevant evidence.

Plaintiffs oppose the 777 Entity Defendants' proposed responsiveness review and contend they are ultimately entitled, following a privilege screen, to receive all non-privileged contents of the Love PST produced in response to their subpoena. Plaintiffs rely upon *Josephson v. Marshall*, 2001 WL 815517 (S.D.N.Y. July 19, 2001). That case, which is not binding on this Court, is inapposite for several reasons including the fact that SPC is not seeking to preclude Plaintiffs from obtaining and using responsive materials in the PST File. Also, by refusing to return SPC's property to it, Plaintiffs are wrongfully converting it.

The parties reached an impasse and SPC respectfully requests the Court's intervention by way of an order directing that only responsive, non-privileged documents in the PST File shall be produced together with a privilege log.

                    Respectfully yours,

                    John G. McCarthy

Enclosures
cc:    All counsel of record (via ECF only)