

90 PARK AVE
37TH FLOOR
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
**FOLEY.COM**

WRITER'S DIRECT LINE
212.338.3514
Phara.guberman@foley.com

**Via ECF**                                                                                                                                                          October 30, 2025

Hon. Barbara Moses
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007

      RE:    *Leadenhall Capital Partners LLP et al. v. Wander et al.*, 24-cv-03453-JGK

Dear Judge Moses:

      Pursuant to Local Rule 7.1(e), defendants Advantage Capital Holdings LLC ("A-CAP") and Kenneth King ("Mr. King") and intervening defendants Haymarket Insurance Company ("Haymarket") and ACM Delegate LLC ("ACM Delegate") (collectively, the "A-CAP Defendants") respectfully move to adjourn the discovery dispute conference currently scheduled for November 4, 2025 (the "Conference").

      The Conference is set to discuss a pending discovery dispute raised by Plaintiffs Leadenhall Capital Partners LP and Leadenhall Life Insurance Linked Investments Fund PLC (collectively, "Plaintiffs" or "Leadenhall"). At issue are (1) production of emails from A-CAP's Chief Legal Officer, Jill Gettman, and (2) alleged discovery deficiencies in discovery from the 777 Entity Defendants. For the reasons set forth herein, a modest adjournment would allow the Parties to have more productive discussions regarding these disputes.

      Foley & Lardner LLP ("Foley") is currently in the process of substituting as counsel for the A-CAP Defendants in place of Cadwalader, Wickersham & Taft LLP ("Cadwalader") in this matter. Cadwalader filed its motion to withdraw as counsel on October 28, 2025 (ECF Nos. 367-69)[1], which is now pending the Court's review. Responsibility for the case is currently being transitioned to Foley. That transition has not yet occurred. The substitution of counsel has required the transfer of case files, background materials, and the discovery database. Cadwalader is also in the process of transmitting communications regarding the Parties' prior meet-and-confer efforts, particularly with respect to the discovery issues to be addressed at the Conference.

      As discussed in more detail in the Parties' joint status report filed on October 28, 2025 (ECF No. 370), given the transition of counsel, Foley is still coming up to speed on the substance of the dispute at issue in the Conference. For example, prior to this week, Foley did not participate in any meet-and-confer discussion on this issue and was not counsel of record for any briefing related to Plaintiffs' demand for the production of the emails of A-CAP's Chief Legal Officer, the sole discovery issue at issue for the A-CAP Defendants in next week's Conference. Foley has not

---

[1] Cadwalader has represented that it "does not currently plan to assert a retaining lien on the client file."

AUSTIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DENVER | DETROIT | HOUSTON | JACKSONVILLE | LOS ANGELES
MADISON | MEXICO CITY | MIAMI | MILWAUKEE | NASHVILLE | NEW YORK | ORLANDO | RALEIGH | SACRAMENTO | SALT LAKE CITY
SAN DIEGO | SAN FRANCISCO | SILICON VALLEY | TALLAHASSEE | TAMPA | TOKYO | WASHINGTON, D.C.



October 30, 2025
Page 2

participated in any negotiations regarding search terms, including but not limited to terms proposed to be run against Ms. Gettman's emails. A short adjournment would allow Foley to become conversant in these issues and to confer with counsel for Leadenhall to determine whether agreement may be reached after the substitution of counsel, including allowing Foley to obtain information about forthcoming document productions and whether those productions and subsequent privilege logs would make it more clear that there is no need to compel production of A-CAP's Chief Legal Officer's emails. It is in the interest of judicial efficiency to allow these conversations to proceed before using the Court's time to assist in resolving the dispute.

The 777 Entity Defendants do not oppose the relief sought herein.

Leadenhall opposes adjournment of the Conference. As Leadenhall explained in the Parties' October 28 joint status update to the Court, Leadenhall does not consent to the adjournment because it is concerned, given the slow pace of A-CAP's productions thus far, that an adjournment would only cause further delay in resolving a dispute that will have been pending for three months by the date of the November 4 Conference and two months since Foley appeared as counsel for A-CAP. The Parties have met and conferred about this issue at least three times (including after Foley entered appearances on September 4, 2025), and we do not expect that an adjournment will cause the Parties' positions to change or obviate the need for Court intervention. As Leadenhall has informed A-CAP, Leadenhall remains open to considering any compromise proposal regarding the production of Ms. Gettman's documents before the November 4 conference so that we can take this issue off the table, but none has been forthcoming thus far.

The A-CAP Defendants propose that the Conference be adjourned to November 24 or 25 or another date convenient for the Court. All Parties are available on the dates proposed herein. This is the first requested adjournment of the Conference by any party and the requested adjournment does not affect any other scheduled dates.

For these reasons, the A-CAP Defendants respectfully request the Court to adjourn the November 4, 2025 Conference to November 24 or 25, or another date convenient for the Court.

Respectfully submitted,

*/s/ Phara A. Guberman*

**Phara A. Guberman**

cc:   all Counsel of Record (via ECF)