# Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| LEADENHALL CAPITAL PARTNERS, ET AL. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:24-cv-03453 |
| JOSH WANDER, ET AL. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: JPMorgan Chase Bank, N.A.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibits A and B

| Place: Veritext<br>7 Times Square, 16th Floor<br>New York, NY 10036 | Date and Time:<br>11/05/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/03/2025

CLERK OF COURT

OR

_____          /s/ Benjamin B. Watson
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Leadenhall Capital Partners LLP and Leadenhall Life Ins. Linked Inv. Fund PLC , who issues or requests this subpoena, are:
Ben Watson, 75 14th Street NE, Suite 2475, Atlanta, GA 30309, bwatson@cgc-law.com, (404) 407-5251

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03453

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

### Document Requests

1. All bank statements, account histories, transaction histories, or other financial records associated with the entity 777 Partners LLC from January 2020 to present.

2. All bank statements, account histories, transaction histories, or other financial records associated with the entity 600 Partners LLC from January 2020 to present.

3. All bank statements, account histories, transaction histories, or other financial records associated with the entity SuttonPark Capital LLC from January 2020 to present.

4. All bank statements, account histories, transaction histories, or other financial records associated with the individual Josh Wander from January 2020 to present.

5. All bank statements, account histories, transaction histories, or other financial records associated with the individual Steven Pasko from January 2020 to present.

## **EXHIBIT B**

### Definitions

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. Should You not understand the meaning of any term, please contact us to seek clarification. As used in these Requests, the words set forth below shall be defined as follows:

1. "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

2. "Leadenhall" shall mean Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Funds PLC, Plaintiffs in the action *Leadenhall Capital Partners LLP et al. v. Wander et al.*, Civ. No. 1:24-cv-03453 (JGK), currently pending in the U.S. District Court for the Southern District of New York, and, as applicable, any lender groups or investment funds Leadenhall represents and Leadenhall's officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

3. "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

4. "You" and/or "Your" shall mean the entity to which this subpoena is directed – JPMorgan Chase Bank, N.A. ("JPM") and any of it parents, subsidiaries, or affiliates that provided banking/financial services to the entities and individuals listed in Requests 1 through 5 above.[1]

### Instructions

5. Please feel free to reach out with any questions.

---

[1] As noted in the cover letter to this subpoena, we believe First Republic Bank provided services to the entities listed above. We understand that JPM acquired the accounts, assets, and liabilities of First Republic Bank in 2023.

6.      We enclose a copy of the agreed-upon Protective Order in the action to the extent You wish to mark Documents produced by You as Confidential. We also enclose the agreed-upon order governing the protocol for discovery of electronically stored information (the "ESI Protocol"), which sets forth the procedures and technical specifications for making Document productions in this action. Please produce Documents in accordance with the ESI Protocol to the extent feasible.

7.      Each Request is to be read, construed, and responded to separately and independently without reference to, or being limited by, any other Request.

8.      These instructions and definitions should be construed to require an answer based upon the knowledge of, and information available to, the responding party as well as its agents and representatives.

9.      The Requests are continuing in nature so as to require supplemental answers to be served in a timely manner if further or different information is obtained with respect to any Document Request.

10.     Each Request includes all Documents that are within Your possession, custody, or control, including all Documents held by Your employees or representatives that exist either in hard-copy files, whether centrally or individually maintained, or in electronic form, whether maintained on Your servers, cloud services, or individually maintained on company-owned or employee-owned personal computers, laptop computers, tablets, mobile phones, or other computing devices of all individuals in whose files You search for responsive Documents.

11.     Each Document should be produced with all of its attachments, appendices, schedules, and exhibits.

3

12. To the extent responsive Documents or data are maintained in an electronic format, including but not limited to on a disk, tape, or other magnetic or machine-readable format, please produce the electronic version along with manual and all other Documents sufficient to operate, display, read, and interpret the programs, Documents, or data.

13. If there are no Documents responsive to a particular Request in Your possession, custody, or control, provide a written response so stating.

14. Documents should be produced either (a) as they are kept in the usual course of business, complete with the original file folders, binders, or other containers in which they are stored (or legible copies of the labels from those folders, binders, or containers), and should be stapled, clipped, or otherwise unitized as they are kept in the usual course of business, or (b) organized according to the Request or Requests to which they are responsive. If You elect the latter mode of production, each Document or set of Documents from a particular file, binder, or other container should be accompanied by a legible copy of the label from that container or some other reliable indicator of the file from which it was taken, and Documents should be stapled, clipped, or otherwise unitized as they are kept in the usual course of business.

15. If a claim of privilege is asserted with respect to any Request, in whole or in part, or You refuse to answer any Request on any other ground, specify the exact basis for Your claim that such Request need not be answered with sufficient specificity to permit the Court to determine the validity of Your objection or position. In the event You serve a proper and timely objection to a portion of a Request, please respond to all portions of the Request that do not fall within the ambit of Your objection. For example, if You object to a Request on the ground that it is too broad insofar as it covers time periods that You contend are not relevant to this litigation, You should answer as to all time periods that You contend are relevant.

16. In answering these Requests, if You claim an ambiguity in interpreting a Request, or any definition or instruction, that claim shall not be used as a basis for refusing to respond, but there shall be set forth as a part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Request.

17. If more than one copy of a responsive Document exists, produce each copy that includes (a) any notations or markings not on other copies, including handwritten notations or routing or filing instructions; and/or (b) attachments not included as part of other copies.

18. In the event that any requested Document has been destroyed, lost, discarded, or is otherwise not capable of being produced at the time that Documents are produced pursuant to these Requests; Identify any such Document; Identify the Person who previously or currently has possession, control, or custody of the Document; indicate the Request(s) to which such Document is responsive; and set forth the circumstances under which the Document was destroyed or discarded or an explanation of why the Document is not capable of being produced.

19. Unless otherwise defined herein, all words and phrases used in these Requests are to be given their plain, customary, and usual meaning.

20. All uses of the conjunctive include the disjunctive (and vice versa). All words in the singular include the plural (and vice versa). All uses of the word "all" include "any" (and vice versa). All uses of the word "and" include "or" (and vice versa). All uses of the word "each" include "every" (and vice versa). The use of a verb in any tense encompasses the use of the verb in all tenses. The use of the feminine, masculine, or neuter genders shall include all genders.

21. Where a claim of privilege is asserted in objecting to any Request or sub-part thereof, and any Document is withheld on the basis of such assertion, (i) You shall Identify the nature of the privilege (including work product) that is being claimed; and (ii) the following

information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of Document; (2) the author of the Document; (3) any addressee of the Document, including, where not apparent, the relationship of the author and addressee to each other; (4) the general subject matter of the Document; (5) the date of the Document; (6) the identity of any enclosure(s) or attachment(s); and (7) such other information as is sufficient to Identify the Document in a manner that will enable Leadenhall and the Court to assess the applicability of the privilege claimed, in accordance with Federal Rule of Civil Procedure 26 and Local Rule 26.2.