# EXHIBIT A



King & Spalding LLP
1290 Avenue of the Americas
New York, New York 10104

**Leigh M. Nathanson**
Partner
T:  212-790-5359
lnathanson@kslaw.com

November 13, 2025

<u>**VIA ECF**</u>

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: *Leadenhall Capital Partners LLP et al. v. Wander et al.*, 24-cv-03453-JGK

Dear Judge Moses,

  We write in response to Defendant SuttonPark Capital, LLC's ("SPC") November 7, 2025 letter (ECF 390) to address SPC's latest attempt, raised for the first time on reply, to mischaracterize Leadenhall's and its counsel's legitimate discovery efforts as misconduct in an effort to restrict Leadenhall's access to evidence.  SPC's reply makes clear that the basis for its request that Leadenhall destroy materials lawfully obtained through third-party discovery is its insinuation that Leadenhall or its counsel (1) had involvement in or knowledge of how Mr. Love obtained documents from his former employer or (2) received any materials from Mr. Love other than the hard drive and failed to disclose them to SPC.  SPC's counsel knows that the first of these accusations is barred by *res judicata* principles and the second is false.  SPC's perpetuation of these assertions violates its counsel's Rule 11 obligations, and SPC should be sanctioned for forcing Leadenhall to expend resources litigating a dispute for which there is no good-faith basis.

  First, SPC attempts to perpetuate the claim, already dismissed in the Florida action between the parties, that Leadenhall "wrongfully obtained" materials from SPC through 777's former employee, Noah Davis, who they claim "surreptitiously created" Mr. Love's hard drive.  Contrary to its assertions on reply, SPC relies on the same conduct that formed the basis of its meritless claims in Florida:  "Mr. Davis illegally downloaded hundreds of thousands of SPC's records … beginning the day after he met with [Leadenhall]" in June 2024.  ECF 390 at 2; *see also* ECF 365 at 2 ("In June 2024, Mr. Davis illicitly downloaded hundreds of thousands of SPC's files a day after he met with [Leadenhall]…."); *cf. 777 Partners LLC, et al. v. Leadenhall Capital Partners, et al.*, No. 24-cv-81143 (S.D. Fla.), ECF 68 ¶¶ 3, 6 (alleging that Leadenhall "implicit[ly] or explicit[ly] encourage[d]" Davis to "access[ ] [SPC's] computer networks without permission and obtain[ ] electronic files containing proprietary and confidential information" to use in prosecuting this litigation); *id.*, ECF 164 at 2 ("Leadenhall met with Davis … in June 2024…. Immediately thereafter, Davis began to carry out a string of unauthorized intrusions into [777's] systems.").  Those claims were voluntarily dismissed with prejudice by 777 and SPC (not "settled" in exchange for any consideration or release from Leadenhall, as SPC misleadingly asserts), *see id.*, ECF 199

at 1, and SPC may not relitigate its contrived and defamatory theory that Leadenhall bade Davis to steal SPC's files.[1]

Second, SPC's new accusation that Leadenhall's counsel received and concealed the existence of Mr. Love's company laptop is similarly false and in dereliction of SPC's counsel's duty to conduct a reasonable inquiry to determine that its factual contentions have evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). SPC's counsel made *no* inquiry as to whether Mr. Love ever delivered a laptop to Leadenhall's counsel before representing to the Court that he had—they did not even ask. And they declined to respond to Leadenhall's request that they retract or amend their representation even after Leadenhall's counsel represented in writing that the only thing Leadenhall has received from Mr. Love was the hard drive at issue, which it brought to opposing counsel's attention to enable 777 and SPC to protect any privilege. Ex. B (email exchange with SGR).

It is entirely appropriate—and routine—to use third-party subpoenas to obtain evidence from relevant witnesses and to communicate with those witnesses about discovery. The only ethical rule SPC invokes is counsel's obligation not to induce or elicit *privileged* information from Mr. Love, ECF 390 at 3–4—but this dispute is not about privilege, which the parties have already established a process to protect. This is about SPC's desire to cherry-pick and withhold, based on its own view of responsiveness, *non-privileged* documents that a third party saw fit to produce—the same cherry-picking for which it was sanctioned in the Florida action. *See 777 Partners*, No. 24-cv-81143, ECF 139 at 6–7 ("The Court orders that the reasonable expenses and attorney's fees incurred by [Leadenhall] in requesting the Court to compel [777 and SPC] to conduct a reasonable search and production and in requesting sanctions for this conduct shall be assessed against [777 and SPC] and their counsel jointly and severally. The search and production by Plaintiffs and their counsel has been woefully inadequate, dilatory, and evasive." (internal citations omitted)).

Parties routinely receive "false hits" in document productions; confidential materials are governed by a protective order, and any documents that are truly irrelevant to Leadenhall's claims should not have much import in this litigation. But Leadenhall is entitled to retain and review discoverable, non-privileged materials obtained through legitimate discovery tools without SPC's gatekeeping. Because SPC lacks standing to challenge the breadth of a third-party subpoena, SPC instead seeks to manufacture the appearance of impropriety by Leadenhall and its counsel as a pretext to suppress relevant evidence. SPC's representations to this Court that Leadenhall or its counsel did anything improper are factually and legally baseless, and SPC's counsel knows it.

Leadenhall respectfully asks that SPC's request to withhold any non-privileged documents from Mr. Love's production be denied. Leadenhall reserves the right to pursue sanctions against SPC and 777 for their false representations, including reimbursing Leadenhall for its fees and costs associated with responding to this letter-motion.

---

[1] SPC does not—and cannot—argue that *Leadenhall* did anything improper by receiving information from Mr. Love directly, as referenced in Leadenhall's complaint, nor does SPC claim that Leadenhall did anything to prompt or induce those disclosures. *See* ECF 365 at 1–2. To the extent SPC contends that Mr. Love's disclosure to Leadenhall that his client was committing an ongoing fraud, including by forging bank statements, violated client confidences, we note that communications involving crime or fraud are not afforded legal privilege. *In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032, 1038 (2d Cir. 1984).

Respectfully submitted,

*/s/ Leigh M. Nathanson*

Leigh M. Nathanson