# EXHIBIT B

| | |
|---|---|
| **From:** | Leigh Nathanson |
| **Sent:** | Wednesday, November 12, 2025 12:34 PM |
| **To:** | jmccarthy; Peter Starr |
| **Cc:** | Brian Donovan; Pellegrino, David; Boland, James; Solfaro, Ryan; Schwartz, Katie; Leadenhall-NY |
| **Subject:** | RE: Leadenhall v. Wander - drive from Fred Love |

John,

As you know, our PO obligates us to serve upon the other parties any productions we receive in response to third-party subpoenas.  We have done so.  We do not know why Mr. Love referenced a laptop, but we never received a laptop from him, nor have we received any production of text messages or any other documents separate from whatever is on the hard drive.

As you well know, you could have asked us whether we had received a laptop that we did not disclose and received our answer before making baseless accusations of impropriety—again—in a court filing.  Declining to conduct any reasonable investigation into your suspicions—including, at a bare minimum, meeting and conferring with us—so that you can avoid learning that your accusations have no basis does not accord with Rule 11.  It's also completely unprofessional.  Now that you know that the only thing we have received from Mr. Love is the hard drive, which we have provided to you and refrained from reviewing to allow you to protect your client's privilege, we expect that you will notify the court that your representation was incorrect and retract your accusation.  Please confirm **by end of day today** that you will do so or we will seek relief from the court as appropriate.

Best,
Leigh

---

**Leigh M. Nathanson**
*Partner*

T: +1 212 790 5359 | lnathanson@kslaw.com | Bio | vCard

---

**From:** McCarthy, John G. <JMCCARTHY@sgrlaw.com>
**Sent:** Wednesday, November 12, 2025 11:05 AM
**To:** Peter Starr <pstarr@kslaw.com>
**Cc:** Leigh Nathanson <lnathanson@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Pellegrino, David <dpellegrino@sgrlaw.com>; Boland, James <jboland@sgrlaw.com>; Solfaro, Ryan <rsolfaro@sgrlaw.com>; Schwartz, Katie <kschwartz@sgrlaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Subject:** RE: Leadenhall v. Wander - drive from Fred Love

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Peter –

Mr. Love failed to return his company laptop to our clients when his consulting job concluded.  On August 13, Mr. Love and King & Spalding had the following exchange:

Fred Love:                                     Would it be possible to meet in the morning?  I can stop by your office and drop off **laptop and hard drive**.  Thanks!  (Emphasis added)
Taryn Kirsch Gallagher:     Yes, tomorrow morning works, how about 10 am?  Our offices are located at 1185 6th Avenue …. where we will meet you.
Fred Love:                                     That should work.

Leigh, Brian and you were copied on that exchange.  The next email in the exchange is Mr. Love expressing surprise that SGR even knows about the hard drive, revealing that at least Mr. Love thought the turnover of SuttonPark's material was to be surreptitious.  We also have evidence that the PST file on the hard drive was surreptitiously created using Love's laptop in April 2024.  Love's own words — and K&S's acknowledgment in response — make it more than reasonable to infer that he was giving you Outlook data from SuttonPark and that the laptop to which he referred also came from SuttonPark.  That evidence alone was (and is) sufficient to make the statement in Friday's letter consistent with our Rule 11 obligations.

Now I have questions for you and your colleagues, if Mr. Love did not drop off a SuttonPark laptop at K&S's New York office on August 14, what is the explanation for his statement, and K&S's acknowledgment, that on August 13 that he would be dropping off "laptop and hard drive"?  On August 11, Love wrote that he would search through text messages and produce anything responsive.  What, if anything, happened with respect to that search?

John

**John G. McCarthy**
*Attorney at Law*
Smith, Gambrell & Russell, LLP

---

**p** | 212-907-9703
**f** | 212-907-9803
**e** | JMCCARTHY@sgrlaw.com
1301 Avenue of the Americas | 15th Floor | New York, NY 10019
www.sgrlaw.com | My Bio | vCard



---

**From:** Peter Starr <pstarr@kslaw.com>
**Sent:** Tuesday, November 11, 2025 11:32 AM
**To:** McCarthy, John G. <JMCCARTHY@sgrlaw.com>
**Cc:** Leigh Nathanson <lnathanson@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Pellegrino, David <dpellegrino@sgrlaw.com>; Boland, James <jboland@sgrlaw.com>; Solfaro, Ryan <rsolfaro@sgrlaw.com>; Schwartz, Katie <kschwartz@sgrlaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Subject:** RE: Leadenhall v. Wander - drive from Fred Love

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

John,

The letter you filed on Friday, November 7, asserts that King & Spalding secretly obtained Mr. Love's company laptop.  *See* ECF 390 at 2 ("On August 14, 2025, Mr. Love delivered the Drive and what we have reason to believe was his company laptop to King & Spalding ("K&S") in New York").

What is the basis for this false assertion?  King & Spalding does not have and has never had Mr. Love's laptop, and we take issue with your accusation.  Under Rule 11, you must have "evidentiary support" for your factual contentions. Please provide it.


Regards,
Peter


---

**Peter Starr**
*Partner*

T: +1 404 572 2767 | pstarr@kslaw.com | Bio | vCard

---

**From:** McCarthy, John G. <JMCCARTHY@sgrlaw.com>
**Sent:** Thursday, October 16, 2025 9:21 AM
**To:** Peter Starr <pstarr@kslaw.com>
**Cc:** Leigh Nathanson <lnathanson@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Pellegrino, David <dpellegrino@sgrlaw.com>; Boland, James <jboland@sgrlaw.com>; Solfaro, Ryan <rsolfaro@sgrlaw.com>; Schwartz, Katie <kschwartz@sgrlaw.com>; Watkins, Jonathan <jonathan.watkins@cwt.com>; Petrella, Michael <michael.petrella@cwt.com>; Karlan, Matthew <matthew.karlan@cwt.com>; Alex Rossmiller <alexrossmiller@quinnemanuel.com>; Estes, Jordan <jestes@gibsondunn.com>; Harwood, Chris <charwood@maglaw.com>; McKay, Thomas <tmckay@maglaw.com>
**Subject:** RE: Leadenhall v. Wander - drive from Fred Love

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Peter –

The PST file provided to Leadenhall by Fred Love and its contents constitute purloined property of SuttonPark Capital LLC (SPC).  Mr. Love had no right to take that file or the contents of his SPC mailbox and no right to give the file to King & Spalding (K&S), even in response to a subpoena.  SPC has demanded (more than once) that K&S turn over the drive and K&S has refused, *i.e.*, K&S has converted SPC's property.  Federal and state courts in New York have issued sanctions against parties and disqualified counsel for using purloined documents in civil cases.  *See, e.g., Lipin v. Bender*, 193 A.D.2d 424, 427-28 (1st Dept. 1993) (counsel, who knew documents had been wrongly obtained, should have "readily returned the documents or sought further direction from the court," rather than take advantage of the improper conduct), *aff'd* 84 N.Y.2d 562, 644 N.E.2d 1300, 620 N.Y.S.2d 744 (1994); *Herrera v. The Clipper Group, L.P.*, No. 97 Civ. 560 (SAS), 1998 WL 229499 (S.D.N.Y. May 6, 1998); *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F. Supp. 2d 548, 568 (S.D.N.Y. 2008) ("the court may preclude the use of stolen evidence in litigation, notwithstanding the fact that it would have been otherwise discoverable"); *In re Beiny*, 129 A.D.2d 126, 141, 517 N.Y.S.2d 474, 483-84 (1st Dept. 1987) (affirming preclusion of documents and disqualification of Sullivan & Cromwell when it obtained improperly access to files of former counsel for adversary).

K&S and its clients have no right to any of the documents on the drive provided by SPC's former general counsel.  If, however, K&S delivers the original hard drive to our firm by 5:00 p.m. on

3

Monday, October 20 together with a representation that no copies of the PST file have been retained by K&S, Plaintiffs or anyone else acting on their behalf, SGR will immediately conduct a responsiveness and privilege review of the emails in the PST file and will produce responsive non-privileged documents and a privilege log on a rolling basis beginning no later than November 7 and concluding no later than November 21.  SGR will agree to retain either the original drive or the forensic image of the PST file that K&S has already provided until the later of (a) resolution of the SDNY action or (b) an order of the SDNY.

If K&S continues to refuse to turn over the drive, the 777 Entity Defendants will seek the assistance of Judge Moses to resolve this issue.  While the federal caselaw makes clear that this is not a discovery dispute, Jim and I are available for another meet and confer session tomorrow from 9 am until 11 am or 12 noon until 4 pm or Monday between 10 am and 1 pm.

John


**John G. McCarthy**
*Attorney at Law*
Smith, Gambrell & Russell, LLP

---

**p** | 212-907-9703
**f** | 212-907-9803
**e** | JMCCARTHY@sgrlaw.com
1301 Avenue of the Americas | 15th Floor | New York, NY 10019
www.sgrlaw.com  |  My Bio  |  vCard



---

**From:** Peter Starr <pstarr@kslaw.com>
**Sent:** Wednesday, October 8, 2025 4:36 PM
**To:** McCarthy, John G. <JMCCARTHY@sgrlaw.com>
**Cc:** Leigh Nathanson <lnathanson@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Pellegrino, David <dpellegrino@sgrlaw.com>; Boland, James <jboland@sgrlaw.com>; Solfaro, Ryan <rsolfaro@sgrlaw.com>; Schwartz, Katie <kschwartz@sgrlaw.com>; Watkins, Jonathan <jonathan.watkins@cwt.com>; Petrella, Michael <michael.petrella@cwt.com>; Karlan, Matthew <matthew.karlan@cwt.com>; Alex Rossmiller <alexrossmiller@quinnemanuel.com>; Estes, Jordan <jestes@gibsondunn.com>; Harwood, Chris <charwood@maglaw.com>; McKay, Thomas <tmckay@maglaw.com>
**Subject:** RE: Leadenhall v. Wander - drive from Fred Love

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

John,

Thanks for providing a summary of the hard drive's contents.  We agree with your proposal that Smith Gambrell, as counsel for SuttonPark, may perform a privilege review of the documents before Leadenhall reviews them—so long as you provide an appropriate privilege log identifying the documents and the basis for the claim of privilege.  We do not agree with your proposal insofar as it calls for Smith Gambrell to perform a responsiveness review (on only a subset of the folders contained in the hard drive) and for Leadenhall to review only those documents that Smith Gambrell deems responsive.

The arguments made in your email—e.g., that the hard drive contains privileged material because Mr. Love was GC of SuttonPark—relate only to privilege; SuttonPark has no right to limit Leadenhall's access to the output of a responsiveness review, and that is true regardless of whether Mr. Love may have at times acted in a legal capacity for SuttonPark.  However, to the extent your concern is that certain documents may be commercially sensitive, we are willing to permit Smith Gambrell to also make confidentiality designations, and we will afford all of the documents on the hard drive highly confidential protection until we receive your actual designations.

For the reasons above, we will refrain from reviewing Mr. Love's documents until your privilege review is complete, and we will segregate from our review any documents over which SuttonPark claims privilege.  As noted previously, SuttonPark's claims of privilege will be subject to challenge as set forth in the Protective Order.  Given the relatively low volume of documents to be reviewed (~10,000), we propose a deadline of October 31 for the completion of your review and provision of a privilege log.   Please confirm that we have an agreement.

Finally, with respect to our efforts to share the data with you thus far, I will clarify that we did provide a forensic image of the PST file on September 18—it was forensically sound and did not omit any metadata.  We did not image the entirety of the 1 TB hard drive because my understanding is that it is otherwise empty.  That is, a forensic image of the entire hard drive would consist primarily of empty storage space.  With that clarification, is it still your position that you require either (i) an image of the entire hard drive or (ii) the original drive itself?  Please explain why if so.  And if your position is that Leadenhall ought to turn over the original, physical drive because it is SuttonPark property, please provide the basis for that assertion.

Regards,
Peter

---

**Peter Starr**
*Partner*

T: +1 404 572 2767 | pstarr@kslaw.com | Bio | vCard

---

**From:** McCarthy, John G. <JMCCARTHY@sgrlaw.com>
**Sent:** Sunday, October 5, 2025 5:26 PM
**To:** Peter Starr <pstarr@kslaw.com>
**Cc:** Leigh Nathanson <lnathanson@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Pellegrino, David <dpellegrino@sgrlaw.com>; Boland, James <jboland@sgrlaw.com>; Solfaro, Ryan <rsolfaro@sgrlaw.com>; Schwartz, Katie <kschwartz@sgrlaw.com>; Watkins, Jonathan <jonathan.watkins@cwt.com>; Petrella, Michael <michael.petrella@cwt.com>; Karlan, Matthew <matthew.karlan@cwt.com>; Alex Rossmiller <alexrossmiller@quinnemanuel.com>; Estes, Jordan <jestes@gibsondunn.com>; Harwood, Chris <charwood@maglaw.com>; McKay, Thomas <tmckay@maglaw.com>
**Subject:** Leadenhall v. Wander - drive from Fred Love

CAUTION: MAIL FROM OUTSIDE THE FIRM

Peter –

As per my email last week, we have moved the contents of the PST file onto a review platform in Relativity.  The chart below shows the contents of the file by Outlook folder.

| Unique Logical Path | Counts |
|---|---|
| fl-sp-backup.zip\fl-sp-backup.pst\Deleted Items | 601 |
| fl-sp-backup.zip\fl-sp-backup.pst\Inbox | 5983 |
| fl-sp-backup.zip\fl-sp-backup.pst\Sent Items | 693 |
| fl-sp-backup.zip\fl-sp-backup.pst\Suggested Contacts | 132 |
| fl-sp-backup.zip\fl-sp-backup.pst\Contacts\ | 1483 |
| fl-sp-backup.zip\fl-sp-backup.pst\Drafts | 2 |
| fl-sp-backup.zip\fl-sp-backup.pst\Junk Email | 235 |
| fl-sp-backup.zip\fl-sp-backup.pst\Tasks | 1 |
| fl-sp-backup.zip\fl-sp-backup.pst\Calendar | 728 |
| fl-sp-backup.zip\fl-sp-backup.pst\Sync Issues1 | 155 |
| fl-sp-backup.zip\fl-sp-backup.pst\PersonMetadata | 194 |
| **Total** | **10,207** |

The PST file was created on April 25, 2024.  The earliest top-line emails that we have located were sent or received on January 25, 2024, three months before that PST file was created.  (Some emails which are replying to or forwarding earlier emails have contents from before January 25, 2024.)  Shawn Taheri from 777 Partners, has been unable to locate any record in the logs that this file was created with an e-discovery search.  It is our belief that the PST file was created locally from Fred Love's computer.  We understand that the Outlook client has a default setting to cache or download locally only the three most recent months of emails.  We further believe that when a user perform a PST export in Outlook, the program only exports the locally cached emails.

We have reviewed some of the emails and other contents and have confirmed that the PST file contains privileged materials and material that is not responsive to Plaintiffs' subpoena to Mr. Love.  The contents make clear that Mr. Love was continuing to function as general counsel of the SuttonPark Capital businesses until he left their employ and that he was still considered to be a part of the 777 legal team.

We have been told by Mr. Love's civil counsel that he did not review the contents of the drive before providing it to Plaintiffs.

The 777 Entity Defendants continue to demand turnover of the original external drive.  They also continue to contend that the contents of the drive (and possibly the drive itself) are their property.  We also point out that as an attorney, Mr. Love continues to owe duties to his former clients, including duties to protect their privileged and confidential information from disclosure.

The 777 Entity Defendants, however, wish to avoid contentious practice before Judge Moses.  Accordingly, by way of compromise, the 777 Entity Defendants are willing to produce all responsive, non-privileged emails contained in the following folders:  Deleted Items, Inbox, Sent Items, Drafts and Junk Email together with a privilege log for any responsive documents withheld based on a claim of privilege.  Once that has been completed, Plaintiffs will turn over the original drive and destroy any copies of the PST in their possession.

Please let us know if this proposal is acceptable to Plaintiffs.

John

**John G. McCarthy**
*Attorney at Law*
Smith, Gambrell & Russell, LLP

---

**p** | 212-907-9703
**f** | 212-907-9803
**e** | JMCCARTHY@sgrlaw.com
1301 Avenue of the Americas | 15th Floor | New York, NY 10019
www.sgrlaw.com  |  My Bio  |  vCard



---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.