*Smith, Gambrell & Russell, LLP*
*1301 Avenue of the Americas*
*15th Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*



*John G. McCarthy*
*Direct Tel: 212-907-9703*
*Direct Fax: 212-907-9803*
*JMCCARTHY@sgrlaw.com*

November 13, 2025

**VIA ECF**

Honorable Barbara C. Moses
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

Re:   *Leadenhall Capital Partners LLP, et ano. v. Wander, et al.*, 24 Civ. 3453 (JGK)(BCM)

Dear Judge Moses:

  We represent the 777 Entity Defendants and write in response to Plaintiffs' opposition filed as Dkt. No. 394. In 777 Entity Defendants' letter application they sought, *inter alia*, to quash the Subpoenas based on the overbreadth of the requests, which in turn implicate their corporate privacy interests. In opposition, Plaintiffs argue that they are entitled to almost six years of financial records because they are presently unable to "pinpoint each and every fraudulent bank record with specificity…." Dkt. No. 394 at 6. Plaintiffs would also have this Court believe that their Subpoenas are tailored to specific accounts. *Id.* That is simply not true. As set forth in the moving application, while Plaintiffs do allege that Defendants "photoshopped financial statements" submitted to Leadenhall (Dkt No. 187 at ¶163), those allegations *only* concern the Wells Fargo "Collection" and "Reserve Accounts" for November 2022. Nowhere in the Corrected Amended Complaint do Plaintiffs allege any wrongdoing associated with any accounts that Defendants maintained at JPMorgan. Indeed, the requests contained in the Wells Fargo Subpoena that are untethered to any specific accounts (requests 3-5) seek wholesale financial data unrelated to Plaintiffs' claims. The Subpoena amounts to nothing more than a fishing expedition into the 777 Entity Defendants' financial affairs.

  Plaintiffs' dismissal of Defendants' privacy interests as generic is misplaced. Even Plaintiffs' cited case law clearly states that that a party whose banking records are subpoenaed have a privacy interest in their own financial affairs. *See Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.,* No. 13 Civ. 1654 (RA)(HBP), 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014). Moreover, where the probative value of the records sought is outweighed by the privacy interests, a court may exercise its discretion in quashing the subpoena in question. *See Silverstone Holding Group, LLC v. Zhongtie Dacheng (Zhuai) Investment Management Co., Ltd.*, 650 F.Supp.3d 199, 203-204 (S.D.N.Y. 2023) (quashing a subpoena seeking a corporate

Honorable Barbara C. Moses
November 13, 2025
Page 2

entity's banking records where the privacy interests at issue outweigh the probative value of the records). Here, Plaintiffs attempt to anchor their all-accounts Subpoenas issued to Wells Fargo and JPMorgan to the allegations in the Correct Amended Complaint and Plaintiffs' desire to trace the flow of funds they contend were fraudulently obtained in connection with the credit facility. However, their efforts fall flat because their desire to access unrelated financial records[1] does not translate into a showing that those same records have probative value because Plaintiffs say so.

\*   \*   \*

For these reasons and those in our letter application, the Court should quash the Subpoenas in their entirety.

Respectfully yours,

/s/ John G. McCarthy

John G. McCarthy

cc:   All counsel of record (via ECF only)

---

[1] While the 777 Entity Defendants are not the recipients of the Subpoenas, this Court may consider their relevancy arguments for the limited purpose of weighing the relevance of the records sought by Plaintiffs against Defendants' privacy interests. *See Silverstone*, 650 F.Supp.3d at 203.

SGR/81327363.1