# Exhibit C

| | |
|---|---|
| **From:** | Leigh Nathanson |
| **To:** | Guberman, Phara; Peter Starr; Brian Donovan; Lilian Klatskin; Taryn Kisch Gallagher; Leadenhall-NY |
| **Cc:** | Jordan, David J.; Hosp, F. Phillip; Jernigan, Alexandra R. |
| **Subject:** | Re: Leadenhall v. Wander, et al. - A-CAP Document Production |
| **Date:** | Tuesday, November 18, 2025 7:30:01 PM |
| **Attachments:** | image001.png |

Phara,

We made a compromise proposal so that A-CAP could minimize the burden of doing an additional collection of Ms. Gettman's documents, based on a representation about the "significant burden" associated with her documents that turned out to be untrue. Given that Ms. Gettman's documents have been collected; she is a relevant fact witness separate from any legal advice she may have provided in her CLO role; and you have not articulated any burden of adding her as a custodian, we believe that she should be included in A-CAP's application of search terms and responsiveness review.

We therefore believe the issue is still ripe. If you would like to include your position in a joint update letter, please send it to us tomorrow.

Best,
Leigh

---

**Leigh M. Nathanson**
*Partner*

T: +1 212 790 5359 | lnathanson@kslaw.com | Bio | vCard

---

**From:** Guberman, Phara <phara.guberman@foley.com>
**Sent:** Tuesday, November 18, 2025 5:42 PM
**To:** Leigh Nathanson <lnathanson@kslaw.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Leigh,

You are correct that there is already a significant effort underway to review the 90K emails from other custodians that include Ms. Gettman. Our position is clear. You offered a compromise proposal to address the significant burden of reviewing the Chief Legal Officer's communications. In response to that offer, without waiver of objection, we conducted searches of ACAP custodial emails and Teams chats for Ms. Gettman based on your two narrowed requests. We did not get any results. Hence, in our view, the issue as to Ms. Gettman's email review is moot. We can now either submit a joint status letter to the Court letting Judge Moses know that the issue is no longer ripe or explain our respective positions in an update letter. Please let us know how you want to proceed.

Thanks,

Phara

**Phara Guberman**
*Partner*

**Foley & Lardner LLP | New York, NY**
Phone 212.338.3514  Cell 516.603.9650

---

**From:** Leigh Nathanson <lnathanson@kslaw.com>
**Sent:** Tuesday, November 18, 2025 5:30 PM
**To:** Guberman, Phara <phara.guberman@foley.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**\*\*\* EXTERNAL EMAIL MESSAGE \*\*\***
I take this to mean the supplemental responses will answer this question—if so, we appreciate that.

Setting the non-Microsoft 365 files aside for the moment, I'm now not sure of the basis of your dispute as to including Ms. Gettman as a custodian given that her files have been collected and are searchable. Is your position that Ms. Gettman's only role was a legal role, or is it that reviewing her communications to distinguish between legal communications and business communications will be too burdensome? As with external communications, to the extent she appears on other documents (like internal communications or notes/memos/meeting minutes) with other A-CAP custodians, those documents will need to be reviewed for privilege no matter what. But her important role seems to us to justify her inclusion as a custodian herself in the event she has documents that are unique to her.

**Leigh M. Nathanson**
*Partner*

T: +1 212 790 5359 | lnathanson@kslaw.com | Bio | vCard

---

**From:** Guberman, Phara <phara.guberman@foley.com>
**Sent:** Tuesday, November 18, 2025 4:01 PM
**To:** Leigh Nathanson <lnathanson@kslaw.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

We will be supplementing our interrogatory responses later this week.

**Phara Guberman**
*Partner*

**Foley & Lardner LLP | New York, NY**
Phone 212.338.3514  Cell 516.603.9650

---

**From:** Leigh Nathanson <lnathanson@kslaw.com>
**Sent:** Tuesday, November 18, 2025 3:55 PM
**To:** Guberman, Phara <phara.guberman@foley.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**\*\*\* EXTERNAL EMAIL MESSAGE \*\*\***

Thanks for clarifying.  Were Ms. Gettman's text message applications collected (iMessage, WhatsApp)?

**Leigh M. Nathanson**
*Partner*

T: +1 212 790 5359 | lnathanson@kslaw.com | Bio | vCard

---

**From:** Guberman, Phara <phara.guberman@foley.com>
**Sent:** Tuesday, November 18, 2025 3:49 PM
**To:** Leigh Nathanson <lnathanson@kslaw.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**CAUTION:** **MAIL FROM OUTSIDE THE FIRM**

Ms. Gettman was employed by an outside law firm in 2020.

**Phara Guberman**
*Partner*

**Foley & Lardner LLP | New York, NY**
Phone 212.338.3514  Cell 516.603.9650

---

**From:** Leigh Nathanson <lnathanson@kslaw.com>
**Sent:** Tuesday, November 18, 2025 3:48 PM
**To:** Guberman, Phara <phara.guberman@foley.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher

<TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**\*\*\* EXTERNAL EMAIL MESSAGE \*\*\***
Thanks, Phara.  We will revert back on this.

One quick clarifying question: do you know why the collection did not extend back to 2020?

**Leigh M. Nathanson**
*Partner*

T: +1 212 790 5359 | lnathanson@kslaw.com | Bio | vCard

**From:** Guberman, Phara <phara.guberman@foley.com>
**Sent:** Tuesday, November 18, 2025 3:45 PM
**To:** Leigh Nathanson <lnathanson@kslaw.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**CAUTION:** **MAIL FROM OUTSIDE THE FIRM**

Leigh,

Without waiver of our objections, based on the parameters you provided in the compromise proposal, a vendor ran searches on Ms. Gettman's Microsoft 365 file, which includes her A-CAP custodial emails and Teams chats, for the duration of her employment as Chief Legal Officer at A-CAP (starting September 2021) using Purview (Microsoft 365's eDiscovery platform). The approach you proposed was "using simple keywords or metadata (for example, using domain name fields to filter out internal A-CAP communications that do not reference "Leadenhall" or "LCP")." Hence, we ran the below searches:

1. Ms. Gettman's A-CAP custodial emails or Teams chats responsive to any agreed-to search term WITH any 777 domain email address (@777part.com, @777.com, @777assetmngt.com, @777partners.com, or @777) AND NOT any agreed-to A-CAP custodian; and
2. Ms. Gettman's A-CAP custodial emails or Teams chats responsive to the "Leadenhall" or "LCP" search terms AND NOT any agreed-to A-CAP custodian AND NOT @kslaw.com AND NOT @cwt.com

The parameter that excluded any ACAP custodian excluded any agreed-to custodian name in the to, from, cc, or bcc field. We excluded communications that included Cadwalader or King & Spalding from the second search. The vendor just ran the searches live for me and there were again no results. As a quality control check, when we removed the other ACAP custodian exclusion, we did receive hits (in excess of 10K for each search), but those hits captured documents that are already part of the agreed-to review.

Please let us know how you want to proceed. We can also set up a call to discuss.

Thanks,
Phara

**Phara Guberman**
*Partner*

**Foley & Lardner LLP | New York, NY**
Phone 212.338.3514  Cell 516.603.9650

---

**From:** Leigh Nathanson <lnathanson@kslaw.com>
**Sent:** Tuesday, November 18, 2025 2:48 PM
**To:** Guberman, Phara <phara.guberman@foley.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**\*\*\* EXTERNAL EMAIL MESSAGE \*\*\***
Thanks, Phara. If you can get us the parameters of what was collected from Ms. Gettman's Microsoft 365 account (*i.e.*, emails, calendar, texts, WhatsApp, any other files like meeting minutes/notes/memoranda, etc.) and from what time period, that would be helpful. If certain media (like texts/WhatsApp) would not have been captured in Microsoft 365, please let us know whether you have collected those media for Ms. Gettman and for what time period.

Please also let us know how Ms. Gettman's custodial documents were searched (if they were in fact searched) to lead to your representation that "Ms. Gettman does not have any A-CAP custodial emails that are responsive to either search" proposed in my email below.

**Leigh M. Nathanson**
*Partner*

T: +1 212 790 5359 | lnathanson@kslaw.com | Bio | vCard

---

**From:** Guberman, Phara <phara.guberman@foley.com>
**Sent:** Tuesday, November 18, 2025 12:30 PM
**To:** Leigh Nathanson <lnathanson@kslaw.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Leigh,

I recently learned that the original Microsoft Office 365 email collection that was conducted did not distinguish by custodian and collected all ACAP employees. Only certain custodians were then processed for review. The two searches were conducted within ACAP emails. I am working on getting you the exact information from the vendors.

**Phara Guberman**
*Partner*

**Foley & Lardner LLP | New York, NY**
Phone 212.338.3514  Cell 516.603.9650

---

**From:** Leigh Nathanson <lnathanson@kslaw.com>
**Sent:** Monday, November 17, 2025 10:52 PM
**To:** Guberman, Phara <phara.guberman@foley.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** Re: Leadenhall v. Wander, et al. - A-CAP Document Production

**\*\*\* EXTERNAL EMAIL MESSAGE \*\*\***

What steps did you take to come to this assessment without having collected Ms. Gettman's emails or texts?

---

**Leigh M. Nathanson**
*Partner*

T: +1 212 790 5359 | lnathanson@kslaw.com | Bio | vCard

---

**From:** Guberman, Phara <phara.guberman@foley.com>
**Sent:** Monday, November 17, 2025 10:25:27 PM
**To:** Leigh Nathanson <lnathanson@kslaw.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**CAUTION:** MAIL FROM OUTSIDE THE FIRM

Leigh,

As you know, as part of our ongoing discussions, Leadenhall offered a compromise proposal to reduce its demand to a review of only (1) "external communications between Ms. Gettman and any 777 personnel that will not be produced by any other A-CAP custodian" and (2) "any of Ms. Gettman's custodial documents referencing Leadenhall or 'LCP' that will not be produced by any other A-CAP custodian." Without waiver of our objections, we assessed the scope of Leadenhall's proposal. We can confirm that Ms. Gettman does not have any A-CAP custodial emails that are responsive to either search. Therefore, we understand this issue is now moot and we should notify Judge Moses as such. We can prepare a draft joint letter to send to the Court and will send to you for your review tomorrow.

Thank you,
Phara

**Phara Guberman**

*Partner*

**Foley & Lardner LLP | New York, NY**
Phone 212.338.3514  Cell 516.603.9650

---

**From:** Guberman, Phara <phara.guberman@foley.com>
**Sent:** Friday, November 14, 2025 5:49 PM
**To:** Leigh Nathanson <lnathanson@kslaw.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** Re: Leadenhall v. Wander, et al. - A-CAP Document Production

Leigh,

We will send you a position statement to include.

Thank you,
Phara

---

**From:** Leigh Nathanson <lnathanson@kslaw.com>
**Sent:** Friday, November 14, 2025 2:40:21 PM
**To:** Guberman, Phara <phara.guberman@foley.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**\*\*\* EXTERNAL EMAIL MESSAGE \*\*\***

Phara,

Thank you for the response. Given that Ms. Gettman (unlike Leadenhall's general counsel or either party's outside counsel) held business roles in addition to her legal role (including unique roles that no other A-CAP custodian held, such as manager of entities created to appropriate and/or exercise remedies as to 777 assets), we cannot agree to wait until all other documents are reviewed and a privilege log produced before seeking Ms. Gettman's communications.

We believe our compromise proposal—to limit A-CAP's initial review and production of Ms. Gettman's documents to (1) external communications between Ms. Gettman and any 777 personnel that will not be produced by any other A-CAP custodian and (2) any of Ms. Gettman's custodial documents referencing Leadenhall or "LCP" that will not be produced by any other A-CAP custodian—is reasonable.

The narrowed proposal targets documents that (a) are unique to Ms. Gettman (*i.e.*, not produced by another A-CAP custodian); (b) have central relevance to the case (*i.e.*, communications evidencing the extent of A-CAP's control over 777 or communications directly referencing Leadenhall); and (c) are unlikely to be privileged because they will be mostly external communications. The proposal will allow A-CAP to isolate a small unique review

population using simple keywords or metadata (for example, using domain name fields to filter out internal A-CAP communications that do not reference "Leadenhall" or "LCP"), which will minimize burden and ensure proportionality.

We plan to update Judge Moses next week to let her know that the dispute remains ripe. We would like to do so by Tuesday. Please let us know by Monday whether you would like to include a position statement in the letter we are planning to file.

Have a nice weekend.

Best,
Leigh

**Leigh M. Nathanson**
*Partner*

T: +1 212 790 5359 | lnathanson@kslaw.com | Bio | vCard

---

**From:** Guberman, Phara <phara.guberman@foley.com>
**Sent:** Thursday, November 13, 2025 6:49 AM
**To:** Leigh Nathanson <lnathanson@kslaw.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Leigh,

As you recognize, communications involving Ms. Gettman require careful attorney-level review, privilege calls, and logging based on an assessment of the purpose and substance of each communication. For reference, within the documents that we are currently reviewing, 90,109 communications include Ms. Gettman. I assume that many documents captured within the search terms that Leadenhall is employing may include communications with you, other attorneys at King & Spalding, or Leadenhall's general counsel for which your team is making privilege calls, but we are not asking for a separate collection of your inbox.

Of course, non-privileged, responsive communications will be produced as part of our agreed-to review of other custodians. We cannot at this time agree to any additional review of Ms. Gettman's communications. In order to avoid unnecessary motion practice and without waiver of either side's rights, we suggest waiting until we can make privilege calls on the 90K documents that we are already reviewing involving Ms. Gettman before discussing this issue further.

Thanks,
Phara

**Phara Guberman**
*Partner*

**Foley & Lardner LLP | New York, NY**
Phone 212.338.3514  Cell 516.603.9650

---

**From:** Leigh Nathanson <lnathanson@kslaw.com>
**Sent:** Monday, November 10, 2025 12:10 PM
**To:** Guberman, Phara <phara.guberman@foley.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** RE: Leadenhall v. Wander, et al. - A-CAP Document Production

**\*\*\* EXTERNAL EMAIL MESSAGE \*\*\***

Phara,

Thanks for circling back on this.  While we have not seen the documents yet and reserve the right to challenge confidentiality designations in the normal course under the PO, we don't anticipate having an issue with A-CAP's designation of documents related to the September 27, 2023 NDA as "Confidential."  We understand that, while some of these documents may fall outside the scope of the PO as to Leadenhall because it already has the materials, the confidentiality designation may be desired to ensure that all parties afford the documents confidential treatment.

Best,
Leigh

---

**Leigh M. Nathanson**
*Partner*

T: +1 212 790 5359 | lnathanson@kslaw.com | Bio | vCard

---

**From:** Guberman, Phara <phara.guberman@foley.com>
**Sent:** Friday, November 7, 2025 3:33 PM
**To:** Leigh Nathanson <lnathanson@kslaw.com>; Peter Starr <pstarr@kslaw.com>; Brian Donovan <bdonovan@kslaw.com>; Lilian Klatskin <LKlatskin@KSLAW.com>; Taryn Kisch Gallagher <TKischGallagher@kslaw.com>; Leadenhall-NY <Leadenhall-NY@KSLAW.com>
**Cc:** Jordan, David J. <djordan@foley.com>; Hosp, F. Phillip <phosp@foley.com>; Jernigan, Alexandra R. <alexandra.jernigan@foley.com>
**Subject:** Leadenhall v. Wander, et al. - A-CAP Document Production

**CAUTION: MAIL FROM OUTSIDE THE FIRM**

Counsel:

We understand that Cadwalader reached out to you requesting your position on a proposed "Highly Confidential" designation to a proposed production that will include documents related to the September 27, 2023 Mutual Settlement Discussion Confidentiality and Non-Disclosure Agreement between our clients. The production will include the agreement itself, emails and related correspondence (e.g., communications transmitting redlines and proposing revisions), and related analyses (e.g., asset valuation decks and facility balance sheet summaries). We, of course, understand that Leadenhall should have most – if not all - of these documents already but they were requested in Leadenhall's Requests for Production.

We believe a "Confidential" designation is appropriate here (not "Highly Confidential") in light of the document request. We recognize that this will allow our co-defendants to also view the produced materials without any AEO protection.

Please let me know if you disagree with the "Confidential" designation or if you would like to discuss. We plan to produce these materials on Monday.

Thank you,
Phara


**Phara Guberman**
*Partner*

**Foley & Lardner LLP**
90 Park Ave, 37th Floor, New York, NY 10016
Phone 212.338.3514  Cell 516.603.9650
Visit Foley.com | phara.guberman@foley.com



The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

___

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.


The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.


The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.


The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.


The information contained in this message, including but not limited to any attachments, may be

confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.