

*Smith, Gambrell & Russell, LLP*
*1301 Avenue of the Americas*
*15th Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*

*John G. McCarthy*
*Direct Tel: 212-907-9703*
*Direct Fax: 212-907-9803*
*JMCCARTHY@sgrlaw.com*

November 21, 2025

***VIA ECF***

Honorable Barbara C. Moses
United States Magistrate Judge
500 Pearl Street
New York, New York 10007

Re:    *Leadenhall Capital Partners LLP v. Wander*, 24 Civ. 3453 (JGK)(BCM)

Dear Judge Moses:

We represent the 777 Entity Defendants. Pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices, we respectfully submit this letter motion for a discovery conference and expedited relief: (i) quashing Plaintiffs' subpoenas to non-parties Manufacturers and Trade Trust Company, A/K/A M&T Bank ("M&T") and Goldman Sachs Bank USA ("Goldman") (collectively, the "Subpoenas"), dated October 22, 2025 and October 21, 2025, respectively; the M&T Subpoena commands production on November 24, 2025, at 5:00 pm, at Veritext, 424 Main Street, Suite 1120, Buffalo, NY 14202; the Goldman Subpoena commands production on November 21, 2025, at 5:00 p.m., at Veritext, 7 Times Square, 16th Floor, New York, NY 10036; and (ii) staying compliance pending resolution given the imminent return date. Consistent with the Court's Individual Practices, only copies of the M&T and Goldman Subpoena covers and document requests are attached as Exhibits 1 and 2, respectively.   This letter-motion is substantially similar to the one filed by counsel for Steve Pasko (Dkt. No. 382) and to the one we have filed with respect to other financial institutions to which Plaintiffs have sent subpoenas.  (Dkt. No. 385.)

**The Subpoenas**

As to the M&T Subpoena (Ex. 1), Exhibit A: Requests 1–4 demand "all bank statements and other financial records" for four identified accounts, nos. 9882123897, 9882123822, 9882123889, and 9882123814, from January 2020 to present; Requests 5–7 demand "all bank statements, account histories, transaction histories, or other financial records" from January 2020 to present for Defendants 777 Partners LLC, 600 Partners LLC and SuttonPark Capital LLC.

As to the Goldman Subpoena (Ex. 2), Exhibit A: Request 1 demands "all bank statements and other financial records" for an identified account, no. 260000028765, from January 2020 to

Honorable Barbara C. Moses
November 21, 2025
Page 2

present; Requests 2–6 demand "all bank statements, account histories, transaction histories, or other financial records" from January 2020 to present for Defendants 777 Partners LLC, 600 Partners LLC and SuttonPark Capital LLC.

In sum, both Subpoenas seek five years of banking data for the same five Defendant entities in this lawsuit.

## Meet and Confer Certification

Pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices § 2(b), counsel conferred by Microsoft Teams on November 20, 2025, from 11:30 am to 11:35 am. The participants were: Benjamin B. Watson of Councill, Gunnemann & Chally for Plaintiffs and James J. Boland and Katie L. Schwartz of Smith, Gambrell & Russell, LLP for the 777 Entity Defendants. Our discussion on November 20th, 2025 followed a letter motion submitted by counsel for Steve Pasko filed on November 3rd, 2025 (Dkt. No. 382) and 777 Entity Defendants' previous letter motion to quash third-party subpoenas issued to Wells Fargo and JPMorgan (Dkt No. 385). Consistent with the objections made to prior non-party banking subpoenas served by Plaintiffs relating to Defendants' privacy interests and the overbreadth of the Subpoenas, we informed Mr. Watson that we intend on asserting the same objections to the new subpoenas. Mr. Watson informed us that Plaintiffs are not currently amenable to modifying or withdrawing the Subpoenas, but parties have agreed to continue to engage on these issues. Accordingly, the 777 Entity Defendants request the Court's intervention.

## Standard

Federal Rule of Civil Procedure 45(d)(3)(A) provides: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). Rule 45(d)(1) likewise provides: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). *See* Fed. R. Civ. P. 45(d)(3); *Insured Advocacy Grp., LLC v. Spartan Servs. Corp.*, 23 Civ. 7212 (LJL), 2024 WL 4893580, at *2-3 (S.D.N.Y. Nov. 26, 2024); *Morelli v. Alters*, 19 Civ. 10707 (GHW), 2020 WL 6508858, at *6 (S.D.N.Y. Nov. 5, 2020).

Courts in this District recognize that a party's privacy interest in banking and financial records is sufficient to permit that party to challenge a non-party bank subpoena. *See, e.g.*, *Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199, 202 (S.D.N.Y. 2023) (recognizing privacy-based standing to challenge subpoenas for banking records and quashing where privacy interests outweighed the proponent's showing); *LG Cap. Funding, LLC v. ExeLED Holdings Inc.*, 17 Civ. 4006 (LJL), 2023 WL 3993751, at *1 (S.D.N.Y. June 14, 2023) (recognizing corporate privacy interests in financial records sufficient to confer standing to move to quash); *MG Freesites Ltd. v. Scorpcast*, LLC, 22-mc-361 (PAE), 2023 WL 2822272, at *2-3 (S.D.N.Y. Apr. 7, 2023) (quashing 8 of 9 overbroad financial-records requests

Honorable Barbara C. Moses
November 21, 2025
Page 3

to non-party and acknowledging privacy based standing); *Morelli*, 2020 WL 6508858, at *6 (calling financial-institution subpoenas "the epitome of the classic 'fishing expedition'" and ordering to quash as overbroad and disproportionate); *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654 (RA) (HBP), 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (recognizing that individuals, corporations, and LLCs have privacy interests in their financial affairs which gives them standing to move to quash a non-party financial institution subpoena.)

## The Subpoenas are Overbroad, Disproportionate, and Call for Production of Irrelevant Private Information

The Subpoenas demand non-parties M&T and Goldman to produce five years of sweeping records consisting of "bank statements, account histories, transaction histories, or other financial records" for the 777 entity defendants, 777 Partners LLC, 600 Partners LLC, and SuttonPark Capital LLC. These blanket requests for financial records are not tethered to any specific transaction, claim or account.

The requests are facially overbroad and disproportionate under Rules 26(b)(1) and 45(d)(1). Plaintiffs' Amended Complaint pleads contract and fraud theories centered on a credit facility and collateralized transactional documents, which does not warrant the production of five years of wholesale financial records which are unrelated to any specific claim. *See, e.g.*, Dkt. No. 187 ¶¶ 6-7, 88-94, 96-97 (allegations that the facility required collateral to remain free and clear of liens, with claims for breach of the Loan and Security Agreement and related transactional documents). Plaintiffs allege that Defendants "photoshopped financial statements" submitted to Leadenhall. *Id.* ¶ 163. Those allegations concern Wells Fargo "Collection" and "Reserve" accounts for November 2022, not M&T or Goldman accounts. Yet Plaintiffs served a five-year, all-transactions subpoena on M&T and Goldman. *Id.* ¶¶ 168-70. Even if Plaintiffs tethered those allegations to the Subpoenas, Plaintiffs are still not entitled to five years of all bank statements across multiple bank accounts. *See Sound Around, Inc. v. Friedman*, 24 Civ. 1986 (JHR) (KHP), 2025 WL 33505, at *7 (S.D.N.Y. Jan. 3, 2025) (rejecting sweeping "all records" bank subpoenas and trimming to targeted material).

Plaintiffs' overreach is apparent not only in the content of the requests but also the instructions. The Subpoenas instruct the non-parties to produce all documents maintained on "…company-owned or employee-owned personal computers, laptops, computers, tablets, mobile phones, or other computing devices…" Ex. 1, Ex. B Instruction 6; Ex. 2, Ex. B Instruction 10. The Subpoenas further require the non-parties to produce any documents maintained in electronic format in their electronic version "along with manual and all other Documents sufficient to operate, display, read, and interpret the programs, Documents, or data," effectively compelling the non-parties to provide copies of their internal software/technical materials. Ex. 1, Ex. B, Instruction 8; Ex. 2, Ex. B, Instruction 12.

Courts in this District routinely quash similar far-reaching non-party banking subpoenas as irrelevant, overbroad, and disproportionate. *See, e.g., Morelli v. Alters*, 2020 WL 6508858, at *6 (quashing bank subpoenas that were "the epitome of the classic 'fishing expedition'" and "disproportionate to the needs of the case"), *see also id.* at *5 (emphasizing undue burden factors:

Honorable Barbara C. Moses
November 21, 2025
Page 4

relevance, need, breadth, time period, particularity, and rejecting use of subpoenas to "hunt for evidence not pleaded"); *see also MG Freesites Ltd. v. Scorpcast, LLC*, 2023 WL 2822272, at *1, *4 (quashing eight non-party requests where the proponent failed to show why broad financial materials were relevant and refusing vague, burdensome calls on a non-party payment processor).

Plaintiffs cannot demonstrate any claim-specific need for five years of "all" statements, histories and financial records across multiple defendants and bank accounts, accordingly the Subpoenas should be quashed.

## The Subpoenas Implicate the 777 Entity Defendants' Privacy Interests

Seeking the wholesale production of banking records, bank statements, account histories, transaction histories and "other financial records" of 777 Partners LLC, 600 Partners LLC and SuttonPark Capital LLC clearly implicates these Defendants' privacy interests. It is well settled in the SDNY that parties "whose banking records are subpoenaed [] have a privacy interest in their personal financial affairs." *See Silverstone Holding Grp.*, 650 F. Supp. 3d at 202 (quashing a subpoena where privacy outweighed the proponent's showing). Courts likewise recognize corporate privacy interests in banking and financial records. *See LG Cap. Funding*, 2023 WL 3993751, at *1. Where substantial portions of the material sought comprise of financial information, privacy-based standing permits challenges to the related subpoena demands even if some do not directly seek bank statements. *See MG Freesites*, 2023 WL 2822272, at *2-3.

The SDNY regularly rejects the production of especially sensitive records (such as detailed monthly statements) and requires narrow tailoring when financial records are at issue. *See Sound Around*, 2025 WL 33505, at *7. In the event any production is ordered, it should be strictly limited (specified accounts/transactions/periods tied to the pleaded claims) and subject to targeted safeguards (e.g., redaction of full account numbers and sensitive identifiers, confidentiality protections). *See MG Freesites*, 2023 WL 2822272, at *4 (directing parties to propose tailored language).

This record does not justify sacrificing those protections for a five-year, all-accounts dump from a non-party custodian. *See Silverstone*, 650 F. Supp. 3d at 202; *see also MG Freesites*, 2023 WL 2822272, at *2-3.

*      *      *

For these reasons, the Court should: (i) quash the Subpoenas in full; and (ii) enter an immediate stay of compliance given the November 21 and 24 return date. In the alternative, if any discovery is permitted, it should be strictly narrowed.

Respectfully yours,

*/s/ John G. McCarthy*

John G. McCarthy

Enclosures
cc:    All counsel of record (via ECF only)

SGR/81274615.4