USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/24/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEADENHALL CAPITAL PARTNERS LLP, et al.,

        Plaintiffs,

  -against-

JOSH WANDER, et al.,

        Defendants.

24-CV-3453 (JGK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    For the reasons discussed during today's discovery conference and summarized below, plaintiffs' letter-motion (Pl. Mot.) (Dkt. 357) to compel non-party Nicholas Bennett to respond the subpoena duces tecum served upon him on July 3, 2025 (the Subpoena) (Dkt. 357-1) is GRANTED IN PART, to the extent set forth herein.

    Bennett is a former employee of defendant 777 Partners LLC (777 Partners). He opposes the motion to compel on three grounds: (1) that he has "a credible and well-founded fear that any materials he provides relating to 777 Partners – and indeed, the act of producing such materials – might tend to incriminate him," and thus is shielded from responding to the Subpoena by the Fifth Amendment; (2) that plaintiffs can more readily obtain the documents sought in party discovery from 777 Partners, particularly since the only potentially responsive material still in Bennett's possession is on his "personal cell phone," which 777 Partners "has already imaged"; and (3) that the document requests appended to the Subpoena are "overly broad, vexatious, and unduly burdensome." Bennett Opp. (Dkt. 392) at 2.

    Taking the last point first, the Court finds that the Subpoena is not overly broad. Nor can Bennett credibly claim that it is "vexatious" or "unduly burdensome" while in the same breadth asserting that all of his potentially responsive documents exist on a single device, which can be electronically searched. Moreover, Bennett has not – to date – served any objections to the

Subpoena pursuant to Fed. R. Civ. P. 45(d)(2)(B). Nor has he moved to quash or modify the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3). He has therefore waived any overbreadth or burden objections. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("The failure to serve written objections to a subpoena within the time specified by Rule 45 . . . typically constitutes a waiver of such objections."); *accord Reid v. Dan Yant, Inc.*, 2018 WL 11453540, at *2 (E.D.N.Y. Jan. 19, 2018).

For similar reasons, the Court rejects Bennett's contention that plaintiffs should be required to seek the documents at issue through party discovery. The Federal Rules of Civil Procedure do not require a party to exhaust its rights under Rule 34 before seeking documents from a non-party via Rule 45. *See, e.g., DoorDash, Inc. v. City of New York*, 754 F. Supp. 3d 556, 580 (S.D.N.Y. 2024) (the fact that some of the documents sought via non-party subpoenas may be produced in party discovery was "an insufficient ground on which to quash the subpoena") (quoting *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2008 WL 4452134, at *5 (S.D.N.Y. Oct. 2, 2008)). Nor do the Rules require plaintiffs to accept Bennett's uncorroborated assertion (made in a letter-brief signed by his counsel) that he possesses no responsive materials that are not also in the possession of – and obtainable from – 777 Partners.

Plaintiffs do not dispute that Bennett has a credible fear of prosecution in connection with the work he performed for 777 Partners, the details of which may be revealed by the documents sought in the Subpoena. Individual defendant Josh Wander, the founder of 777 Partners, was recently indicted in this District in connection with the same allegedly fraudulent conduct at issue in this civil action, and its former CFO has pleaded guilty to similar charges. Bennett reported to Wander, *see* Bennett Opp. at 3, and is believed by plaintiffs to be "the 777 Partners 'foot soldier' perpetrating the years-long fraud at the heart of this case." Pl. Mot. at 2.

However, the Fifth Amendment "protects a person only against being incriminated by his own compelled testimonial communications." *Fisher v. United States*, 425 U.S. 391, 409 (1976). It cannot protect the *content* of the documents at issue here, which (if they exist) were "voluntarily prepared" prior to the issuance of the Subpoena. *United States v. Fridman*, 974 F.3d 163, 174 (2d Cir. 2020) (citing *Fisher*, 425 U.S. at 410-11). The act of production doctrine, upon which Bennett relies, is a "narrow privilege," *id*., applicable when only when "the act of production itself could communicate incriminatory statements of fact," *United States v. Greenfield*, 831 F.3d 106, 115 (2d Cir. 2016), such as when "[c]ompliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the [witness]." *Fisher*, 425 U.S. at 410. Moreover, the act of production privilege generally cannot be asserted on a "blanket" basis. *Cadlerock Joint Venture, L.P. v. MacPherson*, 2011 WL 1795312, at *2 (S.D.N.Y. May 4, 2011); *accord United States v. Whitehouse*, 2010 WL 4876295, at *3 (D. Conn. Nov. 19, 2010) (collecting cases); *United States v. Cianciulli*, 2002 WL 1484396, at *1-4 (S.D.N.Y. July 10, 2002) (upholding act of production privilege after conducting *in camera* review of "a small quantity of documents that [defendant] asserts are the only documents that he still possesses that arguably can be construed as being responsive to the summons"). In this case, moreover, Bennett has already produced documents pursuant to a Grand Jury subpoena, *see* Bennett Opp. at 3, thereby conceding that at least some documents relevant to the fraud scheme alleged in this action may be produced without running afoul of his rights under the Fifth Amendment.

For these reasons, I cannot agree with Bennett that the Fifth Amendment shields him entirely from "any compulsion to comply with the Subpoena." Bennett Opp. at 7. Nor can I agree with plaintiffs that the "existence and location" of the documents described in the Subpoena are a "foregone conclusion," Pl. Reply (Dkt. 397) at 2 (citation omitted), such that the act of production

3

doctrine cannot apply to any of them. For the "foregone conclusion exception" to apply, the party seeking the documents "must <u>know</u>, and not merely <u>infer</u>, that the sought documents exist, that they are under the control of [the witness], and that they are authentic." *Greenfield*, 831 F.3d at 116.  Plaintiffs have not met this standard.

Consequently, it is hereby ORDERED that Nicholas Bennett respond to the Subpoena, no later than **December 15, 2025**, by (i) producing all responsive documents as to which he does *not* claim the act of production privilege or the attorney-client privilege,[1] (ii) serving written objections, in accordance with Fed. R. Civ. P. 45(d)(2)(B), with respect to each responsive document or category of documents as to which he *does* claim the act of production privilege, and (iii) serving a privilege log, in accordance with Local Civ. R. 26.2, as to any responsive documents withheld solely on the basis of the attorney-client privilege.

The Clerk of Court is respectfully directed to close the motion at Dkt. 357.

Dated: New York, New York       **SO ORDERED.**
       November 24, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[1] For the reasons discussed above, any objections other than privilege have been waived.