

90 PARK AVE
37TH FLOOR
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
FOLEY.COM

WRITER'S DIRECT LINE
212.338.3514
Phara.guberman@foley.com

**Via ECF**                                                                December 30, 2025

Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      RE:    *Leadenhall Capital Partners et al. v. Wander et al.*, No-24-cv-03453-JGK

Dear Judge Koeltl:

      On behalf of Defendants Advantage Capital Holdings, LLC ("A-CAP") and Kenneth King in the above-captioned matter, we write to respectfully request that the Court strike, or in the alternative disregard, the letter filed by Plaintiffs on December 29, 2025 (ECF No. 453) ("December 29 Letter") purportedly in response to our December 24, 2025 procedural letter notifying the Court of related cases recently filed in this District (ECF No. 452). Your Honor's rules do not permit unsolicited "response" letters containing substantive argument unless the Court directs such a filing.

      Our December 24 submission was a procedural notice filed consistent with Local Civil Rule 1.6 and Section I(A) of Your Honor's Individual Practices, which permits letters "with copies simultaneously delivered to all counsel" to communicate with the Court. It did not seek any substantive relief or require an adversarial submission; rather, it notified the Court of related cases and stated that counsel would update the Court on the parties' respective positions on consolidation after meeting and conferring. Counsel have not yet met and conferred.

      Plaintiffs' December 29 Letter is styled as a "response" but functions as an unauthorized brief, exceeding the permitted use of letters under Section I(A) and introducing extensive factual allegations, deposition excerpts, and exhibits unrelated to the procedural purpose of our filing. It is, in substance, an unauthorized and improper position statement that embeds advocacy on the substance of a properly filed Complaint through numerous exhibits and contested factual allegations rather than presenting such arguments in motion papers as required by the rules.[1] There was no leave of Court granted to file such a submission and no pending motion to which it could properly be directed. Allowing adversarial filings of this nature without leave invites a cycle of improper submissions outside the procedures established in the Local Rules and Your Honor's practices.

---

[1] The December 29 Letter contains impertinent, scandalous, misleading, and untrue assertions regarding alleged misconduct, comparisons to unrelated criminal matters, and inflammatory characterizations that are irrelevant to any issue properly before the Court at this time.

AUSTIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DENVER | DETROIT | HOUSTON | JACKSONVILLE | LOS ANGELES
MADISON | MEXICO CITY | MIAMI | MILWAUKEE | NASHVILLE | NEW YORK | ORLANDO | RALEIGH | SACRAMENTO | SALT LAKE CITY
SAN DIEGO | SAN FRANCISCO | SILICON VALLEY | TALLAHASSEE | TAMPA | TOKYO | WASHINGTON, D.C.



The impropriety is underscored by Local Civil Rule 7.1(a), which requires that motions be supported by a notice of motion and a memorandum of law, and by Local Civil Rule 7.1(d) (letter-motions) permitting certain nondispositive matters to be raised by letter-motion — neither of which applies here absent a proper request for relief. Local Civil Rule 5.2 further requires compliance with ECF filing rules and the judge's instructions, and Local Civil Rule 1.6 directs counsel to bring related cases to the Court's attention — as we did — without triggering unauthorized substantive briefing. To the extent Plaintiffs sought to advance arguments concerning the newly filed cases, the proper procedure would have been to seek leave to file a motion under these rules, not to insert unsolicited merits arguments into the docket.

The Court has inherent authority under Rule 12(f) to strike or disregard filings that do not conform. Given the procedural posture, we respectfully submit that the December 29 Letter should be stricken from the docket, or at a minimum disregarded, to avoid prejudice and protect the orderly administration of this case.

Respectfully submitted,

*/s/ Phara A. Guberman*

**Phara A. Guberman**

cc:    all Counsel of Record (via ECF)