

King & Spalding LLP
1290 Avenue of the Americas
New York, New York 10104

**Leigh M. Nathanson**
Partner
T: 212-790-5359
lnathanson@kslaw.com

January 16, 2025

**VIA ECF**

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

>  Re: *Leadenhall Capital Partners LLP et al v. Wander et al*, 24-cv-03453-JGK –
>  Leadenhall's Request for the Production of General Ledgers

Dear Judge Moses,

On behalf of Plaintiffs Leadenhall Capital Partners and Leadenhall Life Insurance Linked Investments Fund PLC (together, "Leadenhall"), we write to compel the production of general ledgers and financial statements from the 777 Entity Defendants ("777") by no later than January 31, 2026. These records are critical to Leadenhall's case, and 777 has not articulated any basis to resist their production. Instead, 777 has ignored Leadenhall's repeated requests for this information and refused to indicate whether, or by when, it will be produced. This letter-motion thus presents a straightforward issue that should be resolved in Leadenhall's favor.

As explained in prior filings, Leadenhall's claims in this case are based on a multi-year fraud perpetrated by 777 and its co-defendants in which the funds Leadenhall loaned to 777 (and the receivables that were supposed to secure these loans) were intermingled, used to fund vanity projects, and funneled through a complex corporate structure. *See, e.g.*, ECF 187, Corr. Am. Compl. ¶ 193. Consequently, Leadenhall requires discovery that will allow it to trace the flow of funds that were fraudulently obtained from Leadenhall and the proceeds of the improperly pledged receivables. At the outset of discovery in this case—over a year ago at this point—Leadenhall served Requests for Production ("RFPs") seeking information that would allow it to conduct this exercise, including, *e.g.*, a request for all documents "concerning the use, disposition, or intended disposition of any funds the 777 Entity Defendants received from any Lender pursuant to the LSA," "audited and unaudited financial results, including income statements, cash flow, and balance sheet, on a quarterly basis," and other financial data. *See, e.g.*, ECF 382-5 (at RFP Nos. 4, 31–32).

After 777 responded and objected to Leadenhall's RFPs, the parties met and conferred on numerous occasions. As early as July 1, 2025, Leadenhall asked 777 to agree to produce certain categories of non-custodial documents, including general ledgers for at least three of the 777 Entity Defendants (777 Partners LLC, 600 Partners LLC, and SuttonPark Capital LLC), as well as

accounting records and financial statements.[1]  On that call, counsel for 777 said it would consider that request and get back to Leadenhall.  After that conversation, Leadenhall followed up repeatedly by email and in subsequent meet-and-confer calls. For example, on July 15, 2025, Leadenhall emailed 777 to inquire whether it would produce certain "noncustodial documents," including "[g]eneral ledgers (showing a record of financial transactions for at least 777, 600, and SuttonPark) and accounting records for the 777 entities, including balance sheets, cash flow statements, and income statements." 777 failed to confirm that it would do so; in fact, it failed to address the issue at all.  Ex. A at 1.

The story is the same for the months that followed. Over this period, Leadenhall raised the issue by email and on meet and confer calls held on September 5 and October 20, 2025. Having made no progress, Leadenhall followed up by email on November 10, 2025—again asking for the "status of your collection/production of these priority" noncustodial items, including the general ledgers, financial statements, and accounting data previously requested. *See* Ex. B at 1. 777 failed to address that request.  Similar exchanges occurred on December 4, 2025, December 23, 2025, and January 7, 2026.  *See* Ex. C at 2 ("I'm following up again on the below items, which we still have not received a response on."); *see id.* at 1-2 ("[O]nce again bumping up the below items, which still remain outstanding.").  Finally, on January 14 and 15, 2026, counsel for Leadenhall contacted counsel for 777 to advise that unless these items—and in particular, the general ledgers—were produced, Leadenhall would seek court intervention by today's date.[2]  This morning, counsel for 777 responded by email, stating that they would discuss the request with their client and would "investigat[e] what type of [accounting] systems exist." Ex. C at 1.  That counsel is only now investigating the accounting systems in place at 777—when Leadenhall has been requesting this information for more than six months—demonstrates how 777 has obfuscated and delayed the discovery of these important materials.  It also raises several significant concerns and confirms that court intervention is necessary.

First, counsel's admission raises serious questions about the adequacy and credibility of 777's preservation efforts to date.  Given that Leadenhall has been seeking these very financial records since July 2025, 777's ignorance of its own systems calls into question whether responsive materials were properly preserved.  That uncertainty is particularly troublesome in a case such as this one where the integrity of accounting records is paramount.  Second, counsel's inability to turn over these records suggests that the supposedly independent fiduciaries managing 777 (GlassRatner) are complicit in 777's obfuscation.  These circumstances underscore the need for court intervention to ensure that relevant evidence is not lost or compromised.

Importantly, over the six-month period in which Leadenhall sought to secure production of these documents, 777 has not once objected or indicated that it would *not* produce them.  777 thus does not appear to contend that the discovery Leadenhall seeks is improper under Federal Rule of Civil Procedure 26, which allows a party to "obtain discovery regarding any nonprivileged

---

[1] The good-faith conference on July 1, 2025 lasted approximately 30 minutes and included Leigh Nathanson for Leadenhall and John McCarthy for 777.

[2] The good-faith conference on January 14 included Brian Donovan and Peter Starr for Leadenhall and Jim Boland for 777; the call lasted approximately 40 minutes. The good-faith conference on January 15 was between Peter Starr for Leadenhall and Ryan Solfaro for 777 and lasted approximately fifteen minutes.  During these calls, counsel for 777 would not take a position on whether they would or would not produce the requested materials.

matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Moreover, as the party resisting discovery, 777 bears the burden to "show how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant, or how each request is overly broad, burdensome, or oppressive." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) (quotation omitted).  777 has not attempted to make that showing here—it has instead ignored Leadenhall's requests.

Under these circumstances, the Court should compel 777 to produce, by January 31, 2026, the general ledgers and financial statements for at least 777 Partners LLC, 600 Partners LLC, and SuttonPark Capital LLC. *See Aviles v. S&P Glob., Inc.*, 583 F. Supp. 3d 507 (S.D.N.Y. 2022) (granting motion to compel where plaintiffs delayed and failed to produce relevant documents). Once that production is made, Leadenhall will confer with 777 regarding additional accounting data it may need.[3]

                                                     Respectfully submitted,

                                                     *Leigh M. Nathanson*
                                                     Leigh M. Nathanson

Cc: All counsel of record (via ECF)

---

[3] If 777 produces the requested materials before this letter-motion is resolved, Leadenhall will of course withdraw it.