UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| LEADENHALL CAPITAL PARTNERS LLP and LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC, | : <br> : <br> : 24 Civ. 3453 (JGK)(BCM) <br> : <br> Plaintiffs,    : <br> : <br>       v.    : **REPLY IN SUPPORT OF** <br> : **DEFENDANT SUTTONPARK** <br> JOSH WANDER, STEVEN PASKO,    : **CAPITAL, LLC'S PARTIAL** <br> KENNETH KING, 777 PARTNERS LLC,    : **OBJECTION TO MAGISTRATE** <br> 600 PARTNERS LLC, SPLCSS III LLC, SIGNAL  : **JUDGE MOSES'S ORDER DATED** <br> SML 4 LLC, INSURETY AGENCY SERVICES    : **DECEMBER 3, 2025** <br> LLC, DORCHESTER RECEIVABLES II LLC,    : <br> SUTTONPARK CAPITAL LLC, SIGNAL    : <br> MEDICAL RECEIVABLES LLC, INSURETY    : <br> CAPITAL LLC, SUTTONPARK SERVICING LLC, : <br> and ADVANTAGE CAPITAL HOLDINGS LLC,    : <br> : <br>       Defendants.    : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Defendant SuttonPark Capital LLC ("SPC") submits this reply in support of its Partial Objection to Judge Moses' December 3, 2025, Order. ECF No. 446. Plaintiffs' opposition (ECF No. 455), makes numerous contentions that are unsupported, misleading and inaccurate as a matter of fact and law. Accordingly, SPC briefly replies.

1. Plaintiffs do not dispute the fundamental facts and principles demonstrating why Judge Moses' Order is incorrect and should be overruled:

- Plaintiffs do not contest or dispute that before even contacting Love or serving a subpoena on him in June 2025, Plaintiffs and their counsel knew that Love had served as SPC's General Counsel and President and that Love had disclosed SPC client confidences to one of Plaintiffs' executives.

- Plaintiffs do not contest of dispute that Love's disclosure violated his obligation to protect client confidences under Rules Regulating the Florida Bar, nor do they dispute or contest that Plaintiffs' counsel knew that Love had violated his obligations.

- Plaintiffs do not contest or dispute that despite knowing of Love's ethical obligations and prior violation of those obligations – which Plaintiffs had already exploited and relied upon in their complaints in this lawsuit, ECF No. 1 at ¶ 15; ECF No. 187 at ¶ 16 – Plaintiffs' counsel encouraged Love to dig up as many SPC client files and records as he could find and turn those over those files in response to the subpoena, which he did.

These facts demonstrate why Plaintiffs should not be permitted to retain the mass of SPC client files that Love turned over to Plaintiffs. As he had in the past, Love breached his ethical obligations under Florida law to protect SPC's client confidences and privileged information, *see* R. Reg. Fla. Bar Chapter 4, Rule 4-1.6, and Plaintiffs' counsel breached their obligation not to knowingly assist or induce Love to do so, N.Y. Rule Prof. Conduct 8.4.

2. Unable to dispute either the facts or the applicable rules, Plaintiffs try to mislead the Court. Plaintiffs fundamentally misstate the legal and ethical obligations at issue. Claiming that "[t]he only ethical obligation that 777 claim *[Plaintiffs'] counsel* had involves privilege," ECF No. 455 at 13, Plaintiffs focus *solely* on Love's obligation to protect privileged information and argue at length that Plaintiffs' counsel had done nothing to induce Love to breach privilege[1] (which Plaintiffs argue would be waived under the crime-fraud exception in any event), *id*. at 12-16. Plaintiffs are wrong. Although Plaintiffs' counsel clearly encouraged and assisted Love to turn over the hard drive without regard for any privileged files, ECF No. 375-1 at p. 5 (complete email chain between counsel and Love), protecting and not disclosing *privileged* information is not the only legal obligation Plaintiffs' counsel assisted Love to violate. Plaintiffs ignore completely Love's obligation to protect *client confidences*, which Plaintiffs and their counsel knew Love had already breached in the past. Plaintiffs do not even acknowledge that obligation, much less contest

---

[1] As they did before Judge Moses, Plaintiffs make numerous factual assertions about what Plaintiffs' counsel did or did not do with respect to Love and the materials he provided. Plaintiffs, however, have never provided any evidence – *e.g.*, declarations – to support those contentions.

the facts demonstrating that they encouraged and assisted Love to turn over SPC files and documents without regard for his obligation to protect confidences. ECF No. 375-1.

3. In addition to misstating the issues, Plaintiffs also seek to divert the Court's attention by attacking SPC (and the other 777 Entity Defendants). Plaintiffs first attempt to cast SPC as a bad actor that filed its motion before Judge Moses to "withhold" documents from Plaintiffs "even if the information is relevant to [Plaintiffs'] claims" and "den[y] [Plaintiffs] access to evidence." ECF No. 455 at 1, *see also id*. at 6-7. Plaintiffs' argument is hollow rhetoric. SPC's motion sought only to limit the production of Love's files to non-privileged documents *responsive to the categories sought in Plaintiffs' subpoena*. See ECF No. 365 at p.3; ECF No. 390 at p.4. Plaintiffs concede that they are not entitled to privileged information. Assuming Plaintiffs drafted the subpoena to seek the "relevant" "information" and "evidence" they wanted from Love, SPC's proposal to provide plaintiffs with non-privileged *responsive* documents gives them exactly what they profess they want.

4. Plaintiffs next assail SPC (and the other 777 Entity Defendants) for supposedly making repeated attacks on Plaintiffs' counsel. ECF No. 455 at 12 ("this is not the first time that 777 has accused Leadenhall *and its counsel* of ethical misconduct in bad faith in the same baseless theory . . .") (emphasis added). As support, Plaintiffs refer to a lawsuit certain 777 Entity Defendants filed in federal district court in Florida, which was subsequently settled and dismissed. *Id*. Plaintiffs are not being candid with the Court. The Florida lawsuit was filed against Leadenhall Capital Partners LLC, Leadenhall Life Insurance Linked Investment Fund PCL, Noah Davis, Saiph Consulting LLC and Paul Kosinski. *777 Partners LLC, et al. v. Leadenhall Capital Partners LLP et al.*, No. 9:24-CV-81143-DMM-JWM. No lawyer or law firm representing Plaintiffs was a defendant in that lawsuit, nor did the complaints contain any allegations of misconduct by any of

Plaintiffs' lawyers. *Id.* at ECF No. 1 (S.D. Fla. Sept. 17, 2024); *id.* at ECF No. 68 (S.D. Fla. Nov. 14, 2024). Plaintiffs' representation to the contrary is blatantly untrue.

5.  Ultimately, Plaintiffs concede – as they must – that there is no binding appellate authority dictating how a Court must deal with the issue presented in SPC's motion. Nevertheless, Plaintiffs continue to argue –as they did before Judge Moses – that SPC's inability to identify a similar case somehow dooms that motion. ECF No. 455 at 1-2, 10. But the fact that a particular fact pattern has not arisen in the past or been addressed by a court has nothing to do with whether that fact pattern warrants relief. As explained in SPC's objection and again above, the facts presented here involving the ethical obligations of a party's former lawyer and those of counsel dealing with that lawyer warrant the limited remedy that SPC has proposed.

Dated: New York, New York
       January 20, 2026

        SMITH, GAMBRELL & RUSSELL, LLP

        By: */s/ James J. Boland*
           John G. McCarthy
           James J. Boland
           Morgan V. Manley
           Katie L. Schwartz
           Ryan J. Solfaro

        *Attorneys for the 777 Entity Defendants*
        1301 Avenue of the Americas, 15th Floor
        New York, New York 10019
        (212) 907-9700