

King & Spalding LLP
1290 Avenue of the Americas
New York, New York 10104

**Leigh M. Nathanson**
Partner
T: 212-790-5359
lnathanson@kslaw.com

January 26, 2025

<u>VIA ECF</u>

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re: *Leadenhall Capital Partners LLP et al v. Wander et al*, 24-cv-03453-JGK
> Leadenhall's Request for the Production of General Ledgers

Dear Judge Moses,

  777's opposition to Leadenhall's motion to compel production of its general ledgers—basic financial records showing the businesses' credits and debits—illustrates why judicial intervention is required for this simple discovery request: 777 does not contest the relevance of the general ledgers to Leadenhall's claims but resists producing them in an apparent effort to delay production indefinitely. In its opposition, 777 alternately professes ignorance as to what Leadenhall is asking for; takes issue with the scope of Leadenhall's RFPs; and refuses to give a straight answer as to whether or when the materials will be produced. This Court should put an end to 777's dilatory tactics and direct 777 to produce general ledgers and financial statements—normal-course-of-business materials that should already exist that Leadenhall requested many months ago—by January 31, 2026.

  First, 777's belated complaint that Leadenhall seeks "collective" financial statements and general ledgers from the entire 777 family of companies, ECF 460 ("Opp.") at 1, provides no basis to resist production and is disingenuous. As an initial matter, it is a problem of 777's own making that by freely transferring assets among the entire 777 family or "system" of companies without regard to corporate formalities, ECF No. 187 ¶ 212 n.10, 777 has placed that entire family of companies at issue in this case. Further, via meet-and-confer calls and dating back to July 1, 2025, Leadenhall has proposed that 777 start by producing general ledgers, accounting records, and financial statements for three specific entities that serve as parents within the 777 corporate structure: 777 Partners LLC, 600 Partners LLC, and SuttonPark Capital LLC. ECF 458-1. Even with that offer, there is still no agreement or action from 777.

  Similarly disingenuous is 777's objection on the basis of Leadenhall's supposed failure to define the term "general ledger"—a term that the parties have discussed during multiple meet-and-confers without any apparent confusion from 777. A "general ledger" is a record of a company's transactions and balances; in other words, how a company has "characterized and accounted for revenue." *S. New England Tel. Co. v. Glob. NAPs, Inc.*, 251 F.R.D. 82, 91 (D. Conn. 2008); *see also Acosta v. Austin Elec. Servs. LLC*, 324 F.R.D. 210, 211 (D. Ariz. 2017) ("The general ledger

is nothing more than a summary of [an entity's] business activities. Every asset, liability, net worth, income, cost, and expense account is listed [t]here."); *see also* Black's Law Dictionary (12th ed. 2024) (defining "ledger" as "[a] book or series of books used for recording financial transactions in the form of debits and credits; esp., a book in which a business or bank records how much money it receives and spends."). 777's own conduct dispels any notion that it does not understand exactly what Leadenhall seeks. Leadenhall began specifically requesting that 777 prioritize production of "general ledgers" over email in July 2025, following up over email on eight separate occasions. Not once over those six months did 777 ask Leadenhall for any clarification of the meaning of the term "general ledger," let alone object to Leadenhall's request. Indeed, on January 14, 2025, 777's counsel engaged in a detailed discussion with Leadenhall's counsel about general ledgers—down to the different types of software used to maintain them—drawing on his self-professed experience gleaned from 20 years of representing accounting firms. ECF 460-2 at 2.[1] Only after Leadenhall notified 777 that that it would seek judicial intervention did 777 first take the position that the term "general ledgers" is "vague and unclear." *Id*. at 3.

Second, 777's continued refrain in opposition that it has not yet *refused* to produce the requested documents only underscores the need for this Court's intervention. Opp. at 1-2. On the one hand, 777 argues that Leadenhall's motion should be denied "[b]ecause there has been no refusal by any 777 Entity Defendant to produce the documents or data" Leadenhall seeks. *Id.* But on the other, 777 suggests that Leadenhall's existing requests for production ("RFPs") do not encompass general ledgers. *See id.* at 4 ("'General ledgers' are not specifically requested in Plaintiffs' document requests, nor is the term 'general ledger' defined in those requests."). 777's refusal to take a position—preventing Leadenhall from having a position to challenge—does not comport with the Federal Rules. *See* Fed. R. Civ. P. 37(a)(4) ("For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."); *see also* L.R. 37.3(c). As Leadenhall has explained to 777, its request for general ledgers is encompassed by RFP No. 4, which seeks all documents "concerning the use, disposition, or intended disposition of any funds the 777 Entity Defendants received from any lender pursuant to the LSA."[2] If 777 truly believed that Leadenhall's requests did not fairly encompass general ledgers, it should have advised Leadenhall of that months ago.

Just as 777 resisted producing any custodial documents until this Court ordered it to do so on November 4, 2025—nearly a year after Judge Koeltl directed the parties to "begin the process of locating and producing documents," ECF 252 at 2, it is now resisting production of non-custodial documents with similar excuses and inexplicable delays. 777 claims to have been "diligently searching for and producing documents" and faults Leadenhall for attempting to get involved in 777's prioritization of its document productions. But the clear upshot from the past year is that 777 will not participate in discovery unless and until directed to do so by this Court.

---

[1] 777 chides Leadenhall for attaching an "incomplete" e-mail exchange as Exhibit C to its letter motion (ECF 458-3). Opp. at 4. Although Leadenhall maintains that the email chain it submitted represents the complete meet-and-confer process, Leadenhall welcomes 777's submission of additional emails between the parties on the topic, which will support Leadenhall's position.

[2] 777's contention that Leadenhall failed to comply with Local Rule 37.1 (*see* Opp. at 2) is also incorrect, as this Court's Individual Practices permit the parties to satisfy that requirement by "attaching the relevant requests(s)," and Leadenhall cited to the docket entry (ECF 382-5) where they were previously attached.

Case 1:24-cv-03453-JGK-BCM   Document 461   Filed 01/26/26   Page 3 of 3

During the parties' January 14, 2026 meet-and-confer call on this motion, counsel for 777 stated that there is no rush to make productions because there is not yet an "operative complaint" in this case. In other words, 777 continues to maintain that it is not "on the clock" for discovery despite Judge Koeltl's order denying 777 a discovery stay pending resolution of the motions to dismiss, ECF 252, and this Court's order that defendants "act promptly to produce all relevant, non-privileged documents," ECF 385.

777's counsel's lack of knowledge as to 777's accounting systems—over a year into discovery in a case that places 777's accounting records squarely at issue—confirms that although Leadenhall has spent the last six months asking for general ledgers, 777 has not taken even the most rudimentary step towards addressing this request.[3] Counsel's ignorance also raises concerns as to whether they have met their continuing obligation to "monitor compliance [with document retention policies] so that all sources of discoverable information are identified and searched." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 495 (S.D.N.Y. 2022). 777 has refused to answer interrogatories about its preservation efforts.

This Court should reject 777's latest attempt to avoid discovery and order 777 to produce general ledgers and financial statements by January 31, 2026.

Respectfully submitted,

*/s/ Leigh M. Nathanson*
Leigh M. Nathanson

Cc: All counsel of record (via ECF)

---

[3] 777's reflexive accusation that *Leadenhall's* counsel also lacks knowledge of *Leadenhall's* accounting system is yet another irrelevant attempt to distract from 777's non-compliance with its discovery obligations. Leadenhall's accounting records have nothing to do with this (or any) discovery dispute, and had never been raised prior to that meet-and-confer. 777's unrelated (and newly contrived) contention that Leadenhall's accounting systems are "critical" to assess Leadenhall's Article III standing—which 777 has not challenged—is not relevant here. Opp. at 4. Setting aside the facial invalidity of such a challenge given that the contract under which Leadenhall has sued expressly gives it standing to assert claims on behalf of its investors, ECF 178-1 (LSA § 8.01), the notion that 777 needs Leadenhall's accounting records to confirm whether Leadenhall lent money to 777 is absurd and raises spoliation, among other, concerns. In any case, Leadenhall's counsel now knows the accounting system used at Leadenhall—an inquiry which could be answered promptly via a single email exchange.

3