**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7632**

WRITER'S EMAIL ADDRESS
**alexrossmiller@quinnemanuel.com**

April 8, 2026

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *Leadenhall Capital Partners LLP et al. v. Wander et al.*, 24-cv-03453-JGK**

Dear Judge Koeltl:

We write on behalf of Defendant Joshua Wander in response to the letter submitted by Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (together, "Leadenhall"), dated April 3, 2026 (Dkt. 502 (the "Letter")).  As the Court is aware, the Securities and Exchange Commission ("SEC") previously brought an enforcement proceeding against Mr. Wander and others, in *SEC v. Wander*, No. 1:25-cv-8565 (Oct. 16, 2025) (the "SEC Action"), based on different facts than those alleged in this case.  In the SEC Action, Mr. Wander was alleged to have violated the securities laws in relation to equity investors in his companies. Nothing in the SEC Action directly involves the claims brought by the plaintiffs here.

Leadenhall's letter paints a misleading portrait of the SEC Action and the relevant facts and law regarding jurisdiction, and it should be entirely disregarded.  As both the facts and case law make clear, Mr. Wander's choice not to contest personal jurisdiction in the SEC Action says nothing about whether this Court has personal jurisdiction over him in this matter—which it does not, for the reasons set forth in Mr. Wander's pending motion to dismiss.  *See SEC v. Wander*, 25 Civ. 8565, Dkt. 40 (Mar. 27, 2026).

*First*, the New York contacts underlying the SEC Action are categorically different from those at issue in this proceeding.  Leadenhall's letter implies that the SEC Action and this case rest on the same jurisdictional foundation.  They do not.  The SEC's complaint establishes jurisdiction in this district on a specific and narrow basis: "investors who participated in the Offering were in this district when Defendants marketed the Offering to them and they invested."  *See* SEC Action, Dkt. 1 ¶ 18.  But Leadenhall is not among this group of investors; it is a London-based entity. The allegations Wander declined to contest in the SEC case therefore are irrelevant to whether his

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

contacts with New York satisfy the standard Leadenhall must meet in this case—namely, the requirement under CPLR § 302(a)(1) that Leadenhall's claims arise from the defendant's transaction of business within the state.  Leadenhall failed to plead facts sufficient to establish personal jurisdiction against Mr. Wander, and that failure is not rescued by the SEC Action or by Mr. Wander's response to it.

*Second*, consent to jurisdiction in one case does not establish jurisdiction in another, a legal reality Leadenhall conspicuously omits in its letter.  The Second Circuit has squarely held that "[a] party's consent to jurisdiction in one case . . . extends to that case alone." *Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 50 n.5 (2d Cir. 1991); *see also Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 88–89 (2d Cir. 2018) (consent to personal jurisdiction in one case did not extend to another, even between two cases in the same multi-district litigation).  Whatever jurisdictional posture Wander adopted in the SEC Action, his defenses there say nothing about this Court's jurisdiction over him in a separate proceeding brought by a different plaintiff asserting different claims based on different underlying facts and conduct.  Leadenhall's argument to the contrary is incompatible with the law of this Circuit.

Leadenhall's arguments in connection with the SEC Action are a red herring.  This Court should disregard the purported supplemental authority and grant Mr. Wander's motion to dismiss for lack of jurisdiction.

Sincerely,

Alex Rossmiller