UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LEADENHALL CAPITAL PARTNERS LLP, ET
AL.,

                         Plaintiffs,

          - against -

JOSH WANDER, ET AL.,

                         Defendants.
_____

24-cv-3453 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

Defendant Sutton Park Capital, LLC ("SPC") has filed a partial objection, ECF No. 446, to Magistrate Judge Moses's Order dated December 3, 2025, ECF No. 418.

In particular, SPC objects to Paragraph 1 of the December 2025 Order that denied the request by the 777 Entity Defendants (the "Entity Defendants") for an order permitting the Entity Defendant to review a hard drive produced to plaintiffs by non-party Federick Love for responsiveness (in addition to privilege) before its contents are reviewed by the plaintiffs. See ECF No. 446.

The hard drive in question was produced by Love in response to a subpoena issued by the plaintiffs. See ECF No. 455-1, Ex. A at 3. The Entity Defendants did not object to the subpoena. The plaintiffs undertook not to review the contents of the hard drive until the Entity Defendants had an opportunity to review the materials for privilege. See ECF No. 390-1, Ex. A at 1. The Entity Defendants have since asserted a privilege over forty-

four documents on the hard drive. See ECF No. 455-2, Ex. B at 1. However, the Entity Defendants also claimed the right to withhold any documents that they determine to be unresponsive to the subpoena served on Love. See id. As a result, the plaintiffs have thus far only been able to review the documents on the hard drive that the Entity Defendants themselves have determined to be responsive, despite the Magistrate Judge's ruling that the Entity Defendants' responsiveness objection lacks merit.

A magistrate judge's resolution of discovery disputes deserves substantial deference. Weiss v. La Suisse, 161 F.Supp.2d 305, 321 (S.D.N.Y. 2001). A non-dispositive ruling by a Magistrate Judge should be overruled only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). An order is "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Surles v. Air France, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id.

After briefing and argument, the Magistrate Judge rejected the argument by the Entity Defendants that they had the right to review the documents on the Love hard drive for responsiveness to a subpoena issued by the plaintiffs. See Hearing Tr. 36–38, ECF No. 446-1. That ruling was then incorporated into Paragraph

2

1 of the December 3, 2025 Order. <u>See</u> ECF No. 418. After considering all of the arguments by the parties, the Court concludes that there was nothing clearly erroneous or contrary to law in the Magistrate Judge's well-reasoned decision.

The partial objection to Magistrate Judge Moses's December 3, 2025 Order is **overruled.** Because this case is assigned to the Magistrate Judge for general pre-trial purposes, any issues with respect to compliance with the subpoena for the Love hard drive should be brought to the attention of the Magistrate Judge promptly.

**SO ORDERED.**
**Dated:**    **New York, New York**
          **May 7, 2026**

_____
John G. Koeltl
**United States District Judge**