UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEADENHALL CAPITAL PARTNERS
LLP, et al.,

               Plaintiffs,

     -against-

JOSH WANDER, et al.,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/27/26___

24-CV-3453 (JGK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By letter-motion dated April 15, 2026 (Dkts. 508, 509), plaintiff Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (collectively, "Leadenhall") seeks to compel non-party Funding 4 Doctors, LLC ("F4D") to produce additional documents in response to the subpoena *duces tecum* that plaintiff served upon F4D on May 21, 2025 (Dkts. 508-1, 509-1). After carefully considering plaintiff's motion, F4D's April 20, 2026 response (Dkt. 510), plaintiff's April 22, 2026 reply (Dkt. 515), and the parties' May 22, 2026 update letter (Update Ltr.) (Dkts. 539, 540), as well as the arguments presented at the May 26, 2026 discovery conference, the Court GRANTS the motion to compel IN PART, as follows:

1.      **Category 1: "the records associated with the F4D Receivables that Leadenhall identified on August 20, 2025."** (Update Ltr. at 1.) F4D represents that these documents remain in its Sharefile repository, to which Leadenhall has been given access. No later than **June 9, 2026**, F4D must ensure that Leadenhall has sufficient access to enable it to locate, copy, process and Bates-stamp the responsive documents at its own expense.

2.      **Category 2(a): "bank records for the custodial accounts where the F4D Receivables are currently deposited."** (Update Ltr. at 1.) F4D must produce the responsive documents, dating back to October 2022, no later than **June 9, 2026**, at its own expense. F4D represents that the records contain sensitive financial information concerning non-party purchasers or other counterparties. In order to protect that information, F4D may, at its option: (i) redact the responsive documents before producing them, or (ii) designate the responsive documents "confidential" or "highly confidential" pursuant to the parties' stipulated protective order (Dkt. 296), subject to redaction if and when they are submitted to the Court.

3.      **Category 2(b): "supplemental records for any F4D Receivables that are impaired or 'fraudulent,' including correspondence, unpaid and/or denied claims, and litigation records associated with those receivables."** (Update Ltr. at 1.) No later than **June 23, 2026**, after meeting and conferring in good faith, the parties must agree upon a search and production protocol for the responsive documents. No later than **July 23, 2026**, F4D must produce the responsive documents or otherwise complete its obligations under the parties' search and production protocol. The reasonable out-of-pocket expenses incurred by F4D to produce the documents in Category 2(b) (including vendor and outside counsel fees) will presumptively be split 50-50 between Leadenhall and F4D, subject to reconsideration, on application of either Leadenhall or F4D, after the production is complete. The party seeking to alter the expense

allocation formula will have the burden of showing, based on evidence not available as of the date of this Order, that the 50-50 allocation is not equitable.

4.      **Category 2(c): "information substantiating F4D's withholding of cash flows from Signal and/or Leadenhall on the basis of a 2023 dispute with Signal and/or F4D's retention of unspecified fees and expenses."** (Update Ltr. at 1.) No later than **June 23, 2026**, F4D must produce all non-privileged responsive documents, at its own expense.

The Clerk of Court is respectfully directed to close the motion at Dkts. 508 and 509.

Dated:  New York, New York                 SO ORDERED.
        May 27, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**

2