

King & Spalding LLP
1290 Avenue of the Americas
New York, New York 10104

**Leigh M. Nathanson**
Partner
T:  212-790-5359
lnathanson@kslaw.com

May 14, 2026

**VIA ECF**

Hon. Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:  *Leadenhall Capital Partners LLP et al v. Wander et al*, 24-cv-03453-JGK**

Dear Judge Moses,

Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC ("Leadenhall") submit this status letter in connection with Your Honor's January 30, 2026 Order (ECF 462) concerning the 777 Entity Defendants' ("777") production of general ledgers, financial statements, and other accounting data responsive to Leadenhall's Requests for Production Nos. 4, 31, and 32. This letter catalogs the history of the dispute, summarizes the productions 777 has made to date, and identifies the outstanding categories of information that 777 has failed to provide (or on which 777 has failed to convey a position).

## I.     Background

Leadenhall served its First Request for Production of Documents on the 777 Entity Defendants on September 28, 2024.  Following 777's responses to these RFPs, the parties met and conferred numerous times.  As early as July 1, 2025, Leadenhall asked 777 to produce general ledgers, accounting records, and financial statements for various entity defendants. ECF 458.

After 777 failed to provide substantive responses, Leadenhall filed a letter-motion to compel the production of general ledgers and financial statements from the 777 Entity Defendants on January 16, 2026. ECF 458. On January 30, 2026, the Court directed the parties to promptly meet and confer regarding RFPs 4, 31, and 32 and ordered that, no later than February 13, 2026, 777 must (1) inform Leadenhall, in writing, which of the requested records it would produce and when, and (2) if unwilling to produce some or all records, clearly and concisely state the grounds for its objections. ECF 462.

Following the Order, the parties held a video conference on February 4, 2026, during which 777 disclosed for the first time that, at the end of 2025, it had discontinued use of the SAP accounting system it had previously used to maintain its financial records in the ordinary course of business.[1]  Counsel for 777 nonetheless maintained (in a February 13, 2026 letter) that "the 777

---

[1] The February 4, 2026 call lasted approximately 30 minutes; Leigh Nathanson and Peter Starr attended for Leadenhall while Jim Boland and Morgan Manley attended for 777.

Entities retain ***an ability*** to access the SAP system," though 777 has refused to explain the extent of or any limitations on that ability. On February 9 and February 12, 2026, 777 produced Excel spreadsheets consisting of general ledger transaction data and SAP-generated financial reports[2] for some (but not all) of the relevant entities.  Specifically, 777 produced reports and spreadsheets for 777 Partners, Signal Medical Receivables, SuttonPark Capital, SuttonPark Servicing, Dorchester Receivables, SPLCSS III, and Insurety Agency Services.

Following 777's productions, Leadenhall sent detailed letters identifying deficiencies in and raising several follow-up issues. Among other things, Leadenhall noted that 777's production contained no data for three of the 777 defendants—600 Partners LLC, Signal SML 4 LLC, and Insurety Capital LLC—nor any data for two associated servicers, Signal Servicing LLC and Insurety Servicing LLC.  Leadenhall also noted that the time ranges for the produced financial report data were inconsistent across entities, with data missing for certain entities over certain periods.  In addition, given the format in which the information was produced (raw data in Excel spreadsheets), Leadenhall requested: information regarding the architecture of 777's SAP system (*e.g.*, schema, a list of company codes, entity relationship diagrams, data dictionaries, a chart of accounts) necessary for Leadenhall to understand and reconstitute the data.  Leadenhall also requested information to verify the integrity of the data—including records from SAP's native audit log and hash values for each SAP-produced spreadsheet.  Finally, Leadenhall asked 777 to provide supplemental or amended responses to Leadenhall's Interrogatory Requests Nos. 3 and 4, which sought information concerning 777's systems for document storage and preservation measures.  *See* Ex. 1, excerpt of ROG Responses.  As Leadenhall explained, 777's interrogatory responses are deficient as drafted because they make no mention of the SAP system or what was done to preserve SAP records after it was discontinued by 777 at the end of calendar year 2025.[3]

777 responded by letter on March 13, stating that: (1) Signal SML 4 LLC did not have a company code or activity in SAP; (2) the data for Insurety Capital LLC "was not included" in the production but would be produced "shortly"; and (3) the data for 600 Partners LLC "has been produced" (although 777 did not identify these records in the productions). Ex. 2, March 13 letter from J. Boland at 2. As to the other issues raised in Leadenhall's letters, 777 asserted only that it would follow the Federal Rules of Civil Procedure.  Specifically, 777 stated in relevant part:

> The Federal Rules of Civil Procedure govern this lawsuit and both parties' discovery rights and obligations . . . . [T]he 777 Entity Defendants understand their rights and obligations under the rules and will proceed accordingly.  They will respond to any discovery request properly served pursuant to the rules, and they will supplement and amend any prior responses should they deem it warranted under the rules . . . .
>
> But other than fully and faithfully complying with the obligations under the Federal Rules of Civil Procedure, the 777 Entity Defendants will not further engage in [Leadenhall's] long-running practice of seeking to engage in discovery outside of the Federal Rules (such as trying to conduct pseudo-depositions of party employees [or] posing interrogatories in the form of demands for information in letters and

---

[2] To be clear, the SAP-generated financial reports are not traditional financial statements such as balance sheets, income statements, and statements of cash flows.  Rather, they are Excel spreadsheets that report figures such as "starting balance" and "ending balance" for certain accounts, organized by company codes.

[3] To streamline the exchange of technical information relating to database architecture and data integrity, Leadenhall proposed holding a call among counsel and client representatives.  777 rejected this proposal out of hand.

emails) . . . . Nor will they engage in Plaintiffs' equally long-running attempt to dictate the timing, prioritization, etc. of the 777 Entities' responses to properly served discovery requests.

*Id.* at 3. 777 asserted that "the above paragraphs 'address' the questions you raised in your earlier letter" and reiterated that the "777 Entity Defendants will only supplement and/or amend interrogatory answers if and when *the 777 Entity Defendants* determine they are required to do so under the Rules." *Id.* (emphasis in original).

777's repeated invocation of the Federal Rules is not responsive to the specific questions Leadenhall has raised (*e.g.*, whether 777 will produce general ledger and financial report data for each 777-affiliated Defendant). 777's position also violates this Court's January 30, 2026 Order, which required 777 to "inform plaintiffs, in writing, which of the records they will produce" and "when they will produce those records," or to "inform plaintiffs, clearly and concisely, of the grounds on which they object." ECF 462.

Accordingly, on April 3, 2026, Leadenhall wrote a final letter to 777 to catalog the outstanding issues and summarize its understanding of 777's positions. *See* Ex. 3, April 3 Ltr. from L. Nathanson.[4] 777 has not responded to Leadenhall's letter, and thus, these issues, which are outlined below, remain outstanding.

## II.    Outstanding Issues

As of the date of this filing, the following areas remain in dispute or in limbo due to 777's refusal to substantively respond:

- **Interrogatory Supplementation**: 777 refuses to amend or supplement its responses to Leadenhall's Interrogatory Requests Nos. 3 and 4.

- **Hash Values and SAP Audit Log**: 777 refuses to provide hash values for each SAP-exported spreadsheet or the audit logs from its SAP system, which are necessary to determine whether the data has been altered. This information is relevant to Leadenhall's allegations that 777 employees falsified or attempted to falsify financial records.

- **SAP System Architecture**: 777 refuses to provide information about the architecture of its SAP system (*e.g.*, schema, entity relationship diagrams, data dictionaries, and a chart of accounts).

- **Entities for Which Data Remains Missing or Disputed.** Leadenhall continues to seek productions for the following entities:

  - *600 Partners LLC*: 777 has asserted that data for 600 Partners "has been produced," but none of the spreadsheets produced on February 9 or 12, 2026 contains general ledger or financial report data for 600 Partners, and the "company code" for 600 Partners does not correspond to any of the seven company codes in the production. Nor has 777 since produced such data.

  - *Insurety Capital LLC*: 777 acknowledged that Insurety Capital data "was not included" and stated it would be produced "shortly." No data has been produced since.

---

[4] Although the parties have exchanged a total of four letters on these topics, Leadenhall attaches as Exhibits 2 and 3 only the most recent exchange of letters, which are sufficient to provide an overview of the current dispute.

- *Signal SML 4 LLC*: 777 states this entity did not have a company code or activity in SAP.

- *Signal Servicing LLC and Insurety Servicing LLC*: Although not named defendants, these entities are relevant because they were servicers for the Signal Borrower and Insurety Borrower, respectively, and their sole members are named defendants. These entities possess relevant information about the collateral they serviced—*i.e.*, Leadenhall's collateral at issue in this action. 777 has not addressed whether these entities have company codes in SAP or whether it will produce data for them.

- **Financial Statements**: 777 has represented that formal financial statements were not prepared for all relevant entities at all relevant times but has not specified which entities lack or possess financial statements and for which periods.  Leadenhall has requested confirmation as to whether financial statements exist, and production of any existing statements, for: 777 Partners and 600 Partners (fiscal years 2021–2024); SuttonPark Capital (fiscal years 2021–2024); SuttonPark Servicing LLC (fiscal years 2021–2024); and all remaining 777 Entity Defendants (for the full relevant time period).

On May 11, Leadenhall advised 777 that it would be filing this letter. Today, 777 responded that it was "reviewing the issues" and would get back to Leadenhall "next week."  777 also acknowledged that it still had data it agreed to produce but did not identify that data.  These assurances are insufficient given the amount of time that has passed. However, if 777 produces all missing data next week, Leadenhall will advise the Court and withdraw its request.

## III.    Request for Relief

In light of the foregoing, Leadenhall respectfully requests that the Court order 777 to, by June 1, 2026: (i) amend or supplement its responses to Leadenhall's Interrogatory Requests Nos. 3 and 4; (ii) produce information relating to the architecture of the SAP system; (iii) produce general ledger and financial report data for 600 Partners LLC, Insurety Capital LLC, Signal SML 4 LLC, Signal Servicing LLC, and Insurety Servicing LLC (or confirm that no such data exists in SAP or any successor system); and (iv) confirm whether financial statements exist for 777 Partners, 600 Partners, SuttonPark Capital, SuttonPark Servicing, and each remaining 777 Entity Defendant for fiscal years 2020 through 2024, and produce any such statements. In the alternative, Leadenhall respectfully requests a conference with the Court, as we believe a brief opportunity to walk through the outstanding issues with Your Honor would help move discovery along.

Finally, given the number and granularity of the ongoing discovery issues between the parties—including, beyond the financial data issues addressed above, disputes concerning bank statements, MPFin data, and account transfer records, each of which remains the subject of ongoing (but to date unresolved) meet-and-confer efforts—Leadenhall respectfully requests leave to submit a status report to the Court on the first business day of each month going forward, so that the Court may remain apprised of the parties' progress without requiring separate motion practice on each discrete issue.[5]

---

[5] In light of the foregoing disputes, Leadenhall also served a Rule 34(a)(2) request for inspection directed to 777's SAP accounting system and MP Fin system, which was used to allocate and track assets pledged to lenders as collateral.  777 objected to the request and has refused to permit inspection.  While Leadenhall remains hopeful that it can obtain this data, it will seek to enforce its request for inspection if 777 refuses to provide the data Leadenhall needs to prove its claims.

Respectfully submitted,

*/s/ Leigh M. Nathanson*
Leigh M. Nathanson

Cc: All counsel of record (via ECF)