# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEADENHALL CAPITAL PARTNERS LLP and LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC, <br><br> Plaintiffs, <br><br> v. <br><br> JOSH WANDER, STEVEN PASKO, KENNETH KING, 777 PARTNERS LLC, 600 PARTNERS LLC, SPLCSS III LLC, SIGNAL SML 4 LLC, INSURETY AGENCY SERVICES LLC, DORCHESTER RECEIVABLES II LLC, SUTTONPARK CAPITAL LLC, SIGNAL MEDICAL RECEIVABLES LLC, INSURETY CAPITAL LLC, SUTTONPARK SERVICING LLC, and ADVANTAGE CAPITAL HOLDINGS LLC, <br><br> Defendants. | No. 24 Civ. 3453 (JGK)(BCM) <br><br> **777 ENTITY DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), 777 Partners LLC, 600 Partners LLC, SPLCSS III LLC, Signal SML 4 LLC, Insurety Agency Services LLC, Dorchester Receivables II LLC, SuttonPark Capital LLC, Signal Medical Receivables LLC, Insurety Capital LLC, and SuttonPark Servicing LLC (collectively, the "777 Entity Defendants") hereby object and respond to Plaintiffs' First Set of Interrogatories, dated August 1, 2025 (collectively, the "Interrogatories" and each individual interrogatory, an "Interrogatory") including the "Definitions," and "Instructions" contained therein, as follows:

### RESERVATION OF RIGHTS

777 Entity Defendants' Objections and Responses (the "Objections and Responses") to the

Interrogatory is unduly burdensome, not proportional to the needs of the case and this Interrogatory is not a more practical method of obtaining the information sought than a request for production or a deposition.

**INTERROGATORY NO. 3:**

Identify and describe all systems for electronic communications and ESI or document storage that You used to transmit and store information relevant to the Subject Matter of this Action, including but not limited to (a) all email, chat, and telephonic communications systems, (b) all databases, drives, networks, cloud storage, or similar data storage systems, and (c) any repositories of hard-copy documents.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

777 Entity Defendants object to this Interrogatory on grounds that it seeks information beyond the scope permitted by Local Rule 33.3, which specifically restricts an interrogatory to asking about "the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." This Interrogatory seeks information beyond the existence, custodian, location, and general description of relevant documents, and therefore 777 Entity Defendants object. 777 Entity Defendants further object as the information sought by this Interrogatory is unduly burdensome and not proportional to the needs of the case. Subject to and without waiving the foregoing specific objections, 777 Entity Defendants state the following as to the existence, location and custodian of relevant documents.

- Hard-copy documents that were maintained by Fred Love's paralegal, Sue Melchori, including corporate governance documents, are located in the GlassRatner offices located at 1675 N. Military Trial, Suite 650 Boca Raton, FL 33486.

- 777 Entity Defendants maintain ESI utilizing the following:
  o Microsoft Office 365 – Email and Sharepoint (tenants of ESI are 777 Partners LLC and SuttonPark Capital LLC)

  o MPFin database

-5-

SGR/80861345.5

**INTERROGATORY NO. 4:**

For each communication or storage system identified in Your response to Interrogatory No. 3 above, indicate (a) whether documents are currently being preserved due to this Action, (b) if so, the nature of such preservation measures and when they went into effect, (c) whether You communicated preservation obligations to relevant personnel by email or otherwise (and if so, the timing and recipients of such communications), (d) whether documents in each communication or storage system are subject to any auto-deletion, purge, or similar policy, and (e) whether any documents have been deleted since January 2020—either inadvertently or pursuant to an autodeletion or other corporate policy.

**OBJECTIONS TO INTERROGATORY NO. 4:**

777 Entity Defendants object to this Interrogatory on grounds that it seeks information beyond the scope permitted by Local Rule 33.3, which specifically restricts an interrogatory to asking about "the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." This Interrogatory seeks information beyond the existence, custodian, location, and general description of relevant documents, and therefore 777 Entity Defendants object. 777 Entity Defendants further object as the information sought by this Interrogatory is unduly burdensome, not proportional to the needs of the case and this Interrogatory is not a more practical method of obtaining the information sought than a request for production or a deposition.

**INTERROGATORY NO. 5:**

State the extent of the Borrowing Base Deficiency that currently exists under the LSA, explaining in detail the eligible collateral securing the debt in each relevant loan portfolio.

**OBJECTIONS TO INTERROGATORY NO. 5:**

777 Entity Defendants object to this Interrogatory on grounds that it seeks information beyond the scope permitted by Local Rule 33.3, which specifically restricts the type of interrogatories served at the commencement of discovery and does not allow contention

-6-

SGR/80861345.5