# Exhibit 2

*1301 Avenue of the Americas*
*15th Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*



*James J. Boland*
*Direct Tel: 312-360-6548*
*Direct Fax: 312-360-6520*
*jboland@sgrlaw.com*

March 10, 2026

**VIA ELECTRONIC MAIL**

Leigh M. Nathanson
King & Spaulding LLP
1290 Avenue of the Americas
New York, New York 10104
lnathanson@kslaw.com

Re: *Leadenhall Capital Partners LLP, et al. v Wander, et al.,* 25 Civ. 3453 (JGK)(BCM)

Dear Leigh:

We received your February 20, 2026 letter. As a threshold matter, your letter yet again confirms that Plaintiffs cannot be trusted to accurately represent facts.

In our February 13, 2026 letter, we demonstrated that Plaintiffs had falsely represented and mischaracterized what was said during a February 4, 2026 video conference. While your February 20, 2026 letter proclaims that Plaintiffs "obviously dispute" our assertions, you offer no facts to rebut them. That is because our recitation of Plaintiffs' misrepresentations and mischaracterizations was accurate.

Your February 20, 2026 letter is a continuation of Plaintiffs' practice, this time with respect to our February 13, 2024 letter and an email sent on February 17, 2026. In the letter, you state that:

> While your letter of February 13 and email of February 17 indicate that you have produced "ledger transactions and system generated financial statement-reports" *for all of the relevant 777 entities* "that can be generated through the SAP system," we note that your production contains no data whatsoever for three defendants— 600 Partners LLC, Signal SML 4 LLC, and Insurety Capital LLC—nor any data for two of the associated services, Signal Servicing LLC and Insurety Servicing LLC.

Leigh M. Nathanson
February 13, 2026
Page 2

Letter at 1-2 (emphasis added). This sentence – with its careful blend of (i) quoted text (from my February 17 email), and (ii) unquoted text supplied by you (emphasized above) – is typical of Plaintiffs' tactic.

Neither my February 13 letter nor February 17 email ever stated that the 777 Entity Defendants had produced ledger transactions and system-generated financial statements for all of the "777 entities" that Plaintiffs' claim are "relevant." A copy of my February 17, 2026 emails is attached as Exhibit A. What those emails *actually* said is:

> We have produced the "potentially relevant accounting records" [quoting Judge Moses Order] – ledger transactions and system-generated financial-statement reports – *for the 777 Entity Defendants* that can be generated through the SAP system.

Ex. A (emphasis added). The email also reported that the 777 Entity Defendants had not "confined those records to just the three entities identified in Plaintiffs' letter motion to compel," but had "produced those records for all of the 777 Entity Defendants in case, save for Signal SML 4 LLC." *Id.* As an earlier email in the chain (which your letter ignores) explained, although we had preliminarily understood that records existed for Signal SML 4 LLC, we now understand that Signal SML 4 LLC did not have a company code or activity in SAP. *Id.*

Rather than honestly address what my February 17 email said, your letter deliberately misrepresents it. And, as in your February 10, 2026, it does so to gin up yet another baseless claim: that the 777 Entity Defendants had agreed to, but did not, produce data for companies other than the defendants in this lawsuit. That is patently false.

As for the completeness of the records produced, we had already reported that Signal SML 4 LLC did not have a company code or activity in SAP, and thus no data to produce. We have confirmed that the data for 600 Partners LLC has been produced. Your letter, however, is correct that the data for Defendant Insurety Capital LLC was not included in our production. We are obtaining that data and will produce it shortly.

As for the remainder of your letter and the posing of even more interrogatory questions, additional demands for documents, demands for amended interrogatory answers, requests for depositions in the form of "conferences" with employees, etc., our February 13, 2026 letter was crystal clear: the 777 Entity Defendants will *not* engage in such pseudo-discovery outside of the procedures in Federal Rules of Civil Procedure. As the 777 Entity Defendants unequivocally explained:

> The Federal Rules of Civil Procedure govern this lawsuit and both parties' discovery rights and obligations. Unlike Plaintiffs, who until yesterday refused to even properly respond to the 777 Entities' separate document requests served upon each of them nearly five months ago, the 777 Entity Defendants understand their rights and obligations under the rules and will proceed accordingly. They will

Leigh M. Nathanson
February 13, 2026
Page 3

respond to any discovery request properly served pursuant to the rules, and they will supplement and amend any prior responses should they deem it warranted under the rules. The 777 Entity Defendants expect Plaintiffs to do the same, although Plaintiffs' conduct to date has not been encouraging.[1].

But other than fully and faithfully complying with the obligations under the Federal Rules of Civil Procedure, the 777 Entity Defendants will not further engage in Plaintiffs' long-running practice of seeking to engage in discovery outside of the Federal Rules (such as trying to conduct pseudo-depositions of party employees, posing interrogatories in the form of demands for information in letters and emails, making new demands for documents in letters and emails – all of which are included in the February 10, 2026 letter). Nor will they engage in Plaintiffs' equally long-running attempt to dictate the timing, prioritization, etc., of the 777 Entities' responses to properly served discovery requests.

Contrary the assertion in your letter, the above paragraphs "address" the questions you raised in your earlier letter and that your February 20, 2026 raises again (and expands upon). The 777 Entity Defendants will only supplement and/or amend interrogatory answers if and when *the 777 Entity Defendants* determine they are required to do so under the Rules. Similarly, if Plaintiffs want to pose questions and/or obtain narrative explanations of either systems, documents or data that have been produced, they can use other discovery mechanisms to do so at the appropriate time (Court orders permitting). *See e.g.,* Fed. R. Civ. P. 33 (interrogatories); 30 (depositions). And if Plaintiffs want additional documents or data – *e.g.,* information about the SAP system, other reports, etc. – they can serve requests under Fed. R. Civ. P. 34. Indeed, Plaintiffs did so yesterday, serving what they apparently believe to be a valid "Request for Inspection" pursuant to Fed. R. Civ. P. 26 and 34(a)(2).

This is the manner in which discovery proceeds in federal court. The 777 Entity Defendants will respond to Plaintiffs' latest request, and any other any discovery requests served by Plaintiffs, as provided by the Federal Rules of Civil Procedure.

Sincerely,

James J. Boland

---

[1] Indeed, although Plaintiffs are constantly complaining about the 777 Entities conduct in discovery – in particular, document production –it has been 177 days (and counting) since the 777 Entity Defendants properly served requests for the production of documents on each Plaintiff and *neither* has produced a single document in response.