# Exhibit 3

 **King & Spalding**

King & Spalding LLP
1290 Avenue of the Americas
New York, New York  10104

**Leigh M. Nathanson**
Partner
T:  (212) 790-5359
lnathanson@kslaw.com

April 3, 2026

**VIA E-MAIL**

Jim Boland
Smith Gambrell & Russell LLP
155 North Wacker Drive
Chicago, IL 60606
jboland@sgrlaw.com

John G. McCarthy
Smith, Gambrell & Russell LLP
1301 Avenue of the Americas, 21st Floor
New York, NY 10019
jmccarthy@sgrlaw.com

> **Re:**  *Leadenhall Capital Partners LLP et al. v. Wander et al.*, **24-cv-03453-JGK**

Counsel:

We write in response to Jim Boland's letter dated March 13, 2026,[1] and in connection with Judge Moses's January 30, 2026 order.  Your latest letter is loaded with inflammatory and unfounded accusations—*e.g.,* that Leadenhall "cannot be trusted to accurately represent facts." This rhetoric is both inaccurate and counter-productive.  Judge Moses directed the 777 Entity Defendants ("777") to identify what they will and will not produce and to inform Leadenhall, "clearly and concisely, of the grounds on which they object" for any documents that are being withheld.  ECF 462 at 1.  Your attempts to malign Leadenhall's motives and conduct do not comport with the letter or spirit of that order.  It is also flatly contradicted by the facts.

For example, your letter casts aspersions on Leadenhall's supposed "tactic" of using a "careful blend" of text from prior letters and unquoted text supplied by Leadenhall.  *See* J. Boland 3/13/26 Ltr. at 1-2.  While this critique is hard to follow, you appear to suggest that Leadenhall is conflating "relevant 777 entities" with the "777 Entity Defendants."  *Id.*  That is plainly incorrect, as the portion of my February 20 letter that you quote clearly differentiates between the "three defendants" for which data is missing and the two "associated servicers," which we acknowledge are not defendants. *See* L. Nathanson 2/20/26 Ltr. at 1-2 & n.1.

---

[1] The first page of the letter is dated March 10, but it was sent on March 13 (which is also the date listed in the filename). Meanwhile, the header on pages 2-3 is dated February 13.  For consistency, we will refer to it as the March 13 letter.

Similarly unhelpful is 777's repeated invocation of the Federal Rules of Civil Procedure in response to specific questions Leadenhall has posed.  For instance, Leadenhall has asked whether 777 will produce general ledger and financial report data for each 777-affiliated Defendant for the full requested period of January 2020 through May 2025.  It is no answer for 777 to respond that it will "faithfully comply[] with the obligations under the Federal Rules of Civil Procedure." J. Boland 2/13/26 Ltr. at 3.

We asked for your position on these and other matters in order to assess whether motion practice is necessary.  Because you refuse to engage, we outline our understanding of your position on the various issues as to which 777 has refused to respond below.  Unless you advise us promptly that our understanding of 777's positions is incorrect, we will proceed accordingly:

- **Time period:**  777 refuses to produce general ledger data or financial reports beyond May 2024.

- **Interrogatory Supplementation:** 777 refuses to amend or supplement its responses to Leadenhall's Interrogatory Requests Nos. 3 and 4.

- **Hash Values and SAP Audit Log**:  777 refuses to provide hash values for each SAP-exported spreadsheet and refuses to produce records of the audit log from its SAP system.

- **SAP System Architecture:**  777 refuses to provide information about the architecture of its SAP system (*e.g.*, schema, a list of company codes, entity relationship diagrams, data dictionaries, and a chart of accounts).

Turning to the sufficiency of what 777 has produced (or is willing to produce), my February 20, 2026 letter indicated that we were missing general ledger and financial report data for 600 Partners, Signal SML 4 LLC, Signal Servicing LLC, Insurety Capital LLC, and Insurety Servicing LLC.  Your March 13, 2026 letter states that (1) there is "no company code or activity in SAP" for Signal SML 4 LLC, (2) "the data for Defendant Insurety Capital LLC was not included" in your production but will be produced "shortly," and (3) "the data for 600 Partners LLC has been produced."  J. Boland 3/13/26 Ltr. at 2. Your responses on these points leave several questions unanswered:

- Does Signal Servicing LLC have a company code (and associated data) in SAP that you are refusing to produce on the basis that Signal Servicing LLC is not a named defendant?

- Are you also refusing to produce general ledger and financial report data for Insurety Servicing on the basis that it is not a named defendant?

- As to 600 Partners, what data do you contend has been produced and in what form? We note that your letter asserts that "the data" for 600 Partners was produced, but none of the spreadsheets you produced on February 10 or February 12, 2026 contains general ledger or financial report data for 600 Partners.  To be clear, the general ledger data you have produced (at 777(DEF-NY)_0265458 to _0265465) pertains to just seven entities, identified by the company codes below.  600 Partners is not one of them:

2

- o   Company Code 1000: 777 Partners
- o   Company Code 1920: Signal Medical Receivables
- o   Company Code 6500: SuttonPark Capital
- o   Company Code 6510: SuttonPark Servicing
- o   Company Code 6590: Dorchester Receivables
- o   Company Code 6615: SPLCSS III
- o   Company Code 2210: Insurety Agency Services

The SAP-generated financial reports you produced (at 777(DEF-NY)_0265466 to _0265483) likewise contain data for only these company codes (and certain entities lack data entirely for the 2020-2022 period).[2]  To the extent the foregoing list of company codes is incorrect or incomplete, please advise.  Otherwise, please confirm whether 777 is willing to produce this missing data.

On a related note, 777 has also failed to provide transparency into the status of its production of financial statements, which is encompassed by Judge Moses' order.  *See* ECF 462 at 1 (noting that Leadenhall's original motion to compel sought "financial statements").  You have previously represented that formal financial statements were not prepared for all relevant entities at all relevant times, but you have not explained which entities lack (or possess) financial statements and for which periods.  We further understand that 777 has produced a small number of financial statements for certain 777-affiliated defendants in the course of ordinary production.[3]  But we have not received financial statements for the following entities and timeframes.  Please confirm whether these financial statements exist and, if so, whether you will produce them:

- 777 Partners and 600 Partners: financial statements for fiscal years 2021 – 2024
- SuttonPark Capital: financial statements for fiscal years 2021 – 2024
- SuttonPark Servicing LLC: financial statements for fiscal years 2021 – 2024
- Any financial statements for all remaining 777 Entity Defendants

* * *

"The purpose of discovery is to allow the parties to litigate based on complete information because mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."  *Brown v. Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 643 (S.D.N.Y. 2019) (citation omitted).  It is unfortunate that 777 has chosen to obstruct discovery into critical issues such as these rather than engage with transparency—a choice that has necessitated our recent Request for Inspection—but we remain willing to confer on any of the above issues.  To the extent 777 refuses to respond in kind, we will raise these issues with the Court as appropriate.[4]

---

[2] In particular, there is no 2020 data for company codes 2210 and 6615, and no 2021-2022 data for company code 2210.

[3] For purposes of this discussion, we are distinguishing between formal financial statements (*e.g.*, 777(DEF-NY)_0035585) and the financial report data in excel format that was produced on February 12, 2026 (*e.g.*, 777(DEF-NY)_0265466 to _0265483).

[4] The half-hearted attempt in your letter to shift the focus to Leadenhall's discovery efforts is unavailing.  In particular, your assertion that Leadenhall has not "produced a single document" in response to 777's document requests, *see* J. Boland 3/13/26 Ltr. at 3 n.1, is incorrect.  Leadenhall has produced ~27,000 documents (and counting).  While the search terms used to identify (some) of those documents were negotiated with A-CAP, the

Sincerely,

*/s/ Leigh M. Nathanson*

Leigh M. Nathanson

---

requests served by 777 overlap substantially with those served by A-CAP, and 777 has not once objected to the sufficiency of those agreed search parameters.  To the contrary, 777 routinely failed even to attend the meet-and-confer calls on which these parameters were discussed.

4