UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEADENHALL CAPITAL PARTNERS
LLP, ET ANO.,

       Plaintiffs,

  - against -

JOSH WANDER, ET AL.,

       Defendants.

24-cv-3453 (JGK)

**Memorandum
Opinion and Order**

---

**John G. Koeltl, District Judge:**

Defendants Advantage Capital Holdings LLC and Kenneth King (together, "A-CAP") move for an order holding the plaintiffs, Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (together, "Leadenhall"), in contempt of the Court's preliminary injunction order dated July 8, 2024. For the reasons that follow, the motion is **denied**.

## I.

The Court assumes familiarity with the facts of this litigation and recites only the facts necessary to resolve this motion.[1]

In May 2021, Leadenhall entered into a Loan and Security Agreement ("LSA") with four special purpose investment entities, defendants SPLCSS III LLC ("Sutton Park"), Dorchester Receivables II LLC ("Dorchester"), Signal SML 4 LLC ("Signal"), and Insurety Agency Services LLC ("Insurety," and collectively with Sutton Park, Dorchester, and Signal, the "Borrowers").

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

Leadenhall Cap. Partners LLP v. Advantage Cap. Holdings LLC, 171 F.4th 155, 157–58 (2d Cir. 2026). Pursuant to the LSA, Leadenhall lent capital to the Borrowers, and this debt was secured by a grant to Leadenhall of a first-priority interest in the Borrowers' assets and equity as collateral. Id. at 158. Leadenhall also entered into agreements with the Borrowers' ultimate parents, defendants 777 Partners LLC and 600 Partners LLC (together, the "Guarantors"), whereby the Guarantors guaranteed to Leadenhall full payment of all obligations under the LSA. Id.

In September 2022, Leadenhall received a tip that the collateral pledged to secure the relevant loans was also pledged to secure other debts or was not in fact owned by the Borrowers. Id. By November 2023, Leadenhall believed it had confirmed the tip and, in March 2024, sent notices to the Borrowers demanding immediate payment of the entire outstanding debt under the LSA. Id. Leadenhall soon learned that neither the Borrowers nor the Guarantors could pay the debt. Id. Leadenhall also learned that A-CAP was a secured lender to the Guarantors, and that A-CAP was attempting to foreclose on 777 Partners' assets. Id.

Leadenhall filed this action on May 3, 2024, seeking to collect the outstanding debt through claims for breach of contract, fraud, and RICO asserted against the Borrowers, Guarantors, A-CAP, and other related individuals and entities, as applicable to each defendant. See Compl. ¶¶ 212–77, ECF No. 1. On May 13, 2024, Leadenhall moved for a temporary restraining order freezing the Borrowers' and Guarantors' assets up to the full amount of

the outstanding debt. <u>See</u> Prop. TRO, ECF No. 56; Mem. of Law in Supp. of Appl. for TRO 21, ECF No. 57. On June 7, 2024, the Court entered the temporary restraining order, which was converted to a preliminary injunction on July 8, 2024.[2] <u>See</u> ECF No. 146.

On May 1, 2025, Leadenhall noticed a foreclosure proceeding as to the assets constituting collateral under the LSA for each of Signal, Sutton Park, and Dorchester. Horner Aff. in Supp. of Mot. to Vac. Prelim. Inj. ¶ 3, Exs. A–C, ECF No. 426. On May 15, 2025, Leadenhall was responsible for a foreclosure auction at the offices of Leadenhall's attorneys, resulting in a sale of the collateral for $3, plus the amount of the outstanding debt to Leadenhall. <u>Id.</u> ¶¶ 3–4 & Ex. D.

On February 3, 2026, A-CAP filed this motion for contempt, arguing that Leadenhall's foreclosure violated this Court's preliminary injunction order. <u>See</u> Mot. for Contempt, ECF No. 464; Mem. of Law in Supp. of Mot. for Contempt 14, ECF No. 465.

## II.

"A party may be held in civil contempt for failure to comply with a court order if: (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."

---

[2] On March 23, 2026, the Court of Appeals for the Second Circuit vacated the portion of the preliminary injunction restraining the Guarantors' assets. <u>See</u> <u>Leadenhall Cap. Partners LLP</u>, 171 F.4th at 166.

<u>Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs.,</u> <u>Inc.</u>, 369 F.3d 645, 655 (2d Cir. 2004).

### III.

In this case, there is no basis for a finding of contempt. The preliminary injunction order by its terms states that the "<u>Defendants</u> 777 Partners LLC, 600 Partners LLC, SPLCSS III LLC, Dorchester Receivables II LLC, Signal SML 4 LLC, and Insurety Agency Services LLC (together, the "Borrowers and Guarantors") <u>are hereby subject to the [] preliminary injunction</u>." ECF No. 146, at 1 (emphasis added). The preliminary injunction order followed the temporary restraining order, which similarly restricted "the Borrowers and Guarantors" from committing any of the specified acts. ECF No. 114, at 1–2.

The preliminary injunction order plainly did not enjoin Leadenhall. Indeed, the purpose of the preliminary injunction was to protect Leadenhall from actions that the Borrowers and Guarantors might take during the course of the litigation—not to restrict Leadenhall. Because A-CAP has not alleged any facts establishing that Leadenhall violated a court order, the motion for contempt is accordingly **denied**.

4

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, A-CAP's motion to hold Leadenhall in contempt is **denied**. The Clerk is respectfully requested to close ECF No. 464.

**SO ORDERED.**

Dated:   New York, New York
         June 17, 2026

_____
John G. Koeltl
**United States District Judge**

5