# KING & SPALDING

King & Spalding LLP
1290 Avenue of the Americas
New York, NY 10104
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Leigh M. Nathanson
Direct Dial: +1 212 790 5359
Direct Fax: +1 212 556 2222
lnathanson@kslaw.com

June 18, 2026

**VIA ECF**

The Honorable Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

> Re: *Leadenhall Capital Partners LLP et al. v. Wander et al.*, 24-cv-03453-JGK

We represent Plaintiffs Leadenhall Capital Partners and Leadenhall Life Insurance Linked Investments Fund PLC (collectively, "Leadenhall") in the above-captioned matter. We write with respect to third-party receivable servicer Funding4Doctors, LLC ("F4D")'s non-compliance with Leadenhall's May 21, 2025 subpoena (the "Subpoena") and this Court's May 27, 2026 Order compelling F4D to comply with the Subpoena (ECF No. 544, or the "Order").

Category 2(a) of the Court's Order required F4D to produce "bank records for the custodial accounts where the F4D Receivables are currently deposited" by June 9, 2026. ECF No. 544. F4D's June 9 production was deficient because it omitted (1) bank statements from April 2025 through the present[1] and (2) bank statements from other accounts referenced in the produced statements that appear to have received cash collections from the F4D Receivables pledged to Leadenhall. The parties have met and conferred three times regarding these deficiencies,[2] and F4D has agreed to produce some but not all of the disputed records.

F4D has produced statements dating from January 2021 through March 2025 for two accounts held by F4D in which cashflows from the F4D Receivables are deposited: Account No.

---

[1] The parties have agreed that F4D will produce statements from April 2025 through the present for the bank accounts that are or will be included in F4D's production by June 24, 2026. *See* May 26, 2026 Hr'g Tr., ECF No. 549, at 35:4 (noting that the date range of responsive documents in Category 2(a) would extend "[t]o the present"). To the extent F4D fails to produce these records by June 24, Leadenhall reserves the right to raise that issue with the Court.

[2] The parties met and conferred by telephone on June 12 and June 16, 2026, with each call lasting approximately fifteen minutes; the undersigned joined the calls on behalf of Leadenhall, and Andrew Smith joined the calls on behalf of F4D. The third meet-and-confer occurred via videoconference on June 17, 2026 and lasted approximately thirty minutes; the undersigned, Brian Donovan, and Mateo de la Torre joined on behalf of Leadenhall, and Andrew Smith, Kelly Ryan, John Kennedy joined the call on behalf of F4D. Counsel for the parties have also exchanged ten substantive emails regarding the deficiencies in F4D's production between June 11 and June 17.

1

█████8113 at Valley National Bank, f/k/a USAmeriBancorp, which appears to receive collections from the F4D Receivables directly (the "Inflow Account") and Account No. █████████5152 at JPMorgan Chase Bank, N.A. (the "Chase Account"). Based on the transaction history, the Chase Account appears not to be a collections account but rather an intermediate passthrough account that receives cashflows, including many from the Inflow Account, and then moves the money to other accounts. Because the Chase Account records make clear that the Chase Account was not the end of the line for Leadenhall's F4D Receivables, Leadenhall requested that F4D also produce bank statements from all other accounts holding Leadenhall's custodial funds (the "Outflow Accounts")[3] to the extent that F4D has possession, custody, or control over those accounts.

F4D has agreed to produce records from only one of the Outflow Accounts: a certificate of deposit savings account at Chase in F4D's name (the "CD Account," Account No. ending *6712), into which F4D moved $6 million of Leadenhall's F4D Receivables cashflows from the Chase Account in March 2025. That $6 million began accumulating from approximately July 2023, the same period in which F4D ceased remitting collections on the Receivables to Signal and, in turn, to Leadenhall.

F4D has refused to produce records from the other Outflow Accounts and provided no explanation for the outflows from the Leadenhall custodial account at Chase to the other Outflow Accounts. F4D's counsel concedes that Valley National Account No. █████6177 is an F4D-controlled custodial account but stated that F4D will not produce records for this account based on his client's representation that it is associated with a third-party capital provider (which F4D would not name) and contains "no responsive materials." The Chase Account records demonstrate otherwise, showing that F4D transferred more than $2.4 million directly from the Leadenhall custodial account into another lender's account with no disclosure or explanation. The Court's order makes clear that F4D must produce "bank records for the custodial accounts where the F4D Receivables are currently deposited," and if those receivables are deposited in another lender's account, those records are responsive.

With respect to the remaining Outflow Accounts, F4D's counsel resists production on the basis that the accounts are "controlled by third parties" such that F4D has "no right to obtain or obligation to produce records relating to them." F4D's counsel attested, based on his client's representation, that these accounts are not F4D accounts at all but belong to other companies unaffiliated with F4D (e.g., vendors), but the Chase Account records indicate otherwise, listing transactions with these accounts simply as "Online Transfer To Chk … [Account Number]" in contrast to transmissions to third-party accounts that are labeled as "Online Domestic Wire Transfer[s]" and clearly indicate the recipient. Leadenhall does not seek productions of records that are not within F4D's possession, custody, or control, but F4D's representations appear to be contradicted by the records themselves.

During the parties' June 17 meet-and-confer call, F4D's counsel stated that he was previously unaware that there were outflows from the Chase Account into other accounts (other than the CD Account) and agreed to look into the issue. But Leadenhall pointed counsel to those

---

[3] The vast majority of outflows from the Chase Account are to Valley National Bank Account No. █████6177, a JPMorgan Chase certificate of deposit account ending in *6712, and accounts that appear to be JPMorgan Chase accounts with numbers ending in *1185, *7319, *7690, *2702, *2596, *5705, and *5683.

outflows on June 11, within two days of receiving F4D's production, and provided further detail about those outflows on June 15.  After delaying its response to the Subpoena for more than a year and then failing to comply with the Court's order, F4D cannot credibly claim to need more time to investigate where it put Leadenhall's money.

Given the foregoing, Leadenhall respectfully requests that the Court enter an order requiring F4D, by June 24, 2026, to (1) produce bank statements dating from October 2022 through the present for *all* bank accounts held by F4D where the F4D Receivables have been or are currently deposited, including but not limited to Valley National Bank Account No. ████6177 and Chase CD Account *6712, and (2) for any accounts that received funds from the Chase Account that F4D contends are not within its possession, custody, or control—including but not limited to the accounts ending in *1185, *7319, *7690, *2702, *2596, *5705, and *5683 that appear to be JPMorgan Chase accounts—provide substantiation, by sworn affidavit, that these accounts are not held by F4D or any affiliated person or entity and identify the accountholder.

Respectfully submitted,

/s/*Leigh M. Nathanson*
Leigh M. Nathanson

## Certificate of Service

In addition to filing the foregoing letter via the Court's ECF system, which will automatically provide notice to all counsel of record, I certify that on June 18, 2026, I caused a true and correct copy of this letter to be served on F4D.  Service on F4D was accomplished by email (on F4D's counsel) and first-class mail at 7916 Evolutions Way, Suite 200 Trinity, Florida 34655.

*/s/ Leigh M. Nathanson*
Leigh M. Nathanson