# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

LEADENHALL CAPITAL PARTNERS, LLP   :
and LEADENHALL LIFE INSURANCE   :
LINKED INVESTMENTS FUND PLC   :

       :

                    Plaintiffs,   :    Case No.: 1:24-cv-03453
                           :    (JGK) (BCM)

      -against-  :

                           :    **DECLARATION OF**
JOSH WANDER, STEVEN PASKO,   :    **ROBERT D MARCHANT**
KENNETH KING, 777 PARTNERS LLC,   :
600 PARTNERS LLC, SPLCSS III LLC,   :
SIGNAL SML 4 LLC, INSURETY AGENCY   :
SERVICES LLC, DORCHESTER   :
RECEIVABLES II LLC, SUTTONPARK   :
CAPITAL LLC, SIGNAL MEDICAL   :
RECEIVABLES LLC, INSURETY CAPITAL   :
LLC, SUTTONPARK SERVICING LLC,   :
SIGNAL SERVICING LLC, INSURETY   :
SERVICING LLC and ADVANTAGE CAPITAL   :
HOLDINGS LLC,   :

                       :

                    Defendants.   :

                       :

----------------------------------------------------------------X

      I, Robert D. Marchant, make the following Declaration under the penalty of perjury

pursuant to 28 U.S.C. § 1746, and state that the following is true and correct:

      1.      I am over the age of eighteen and am competent to make this Declaration. I am a

Founder and Chief Executive Officer of Funding4Doctors, LLC ("F4D"). I submit this

Declaration based upon my personal knowledge and, if called as a witness, could and would

testify competently to the matters set forth herein.

      2.      This Declaration is submitted in response to a subpoena served upon F4D by

plaintiff Leadenhall Capital in the above-captioned action and in support of F4D's response to

Plaintiffs' application concerning bank account records.

3. During the time relevant to the subpoena, collections associated with receivables purchased or funded through the Signal/777 program were deposited into three accounts maintained by F4D:

    a. Valley National Bank account ending in *8113;

    b. JPMorgan Chase Bank account ending in *5152; and

    c. JPMorgan Chase CD account ending in *6712.

4. Those are the F4D accounts into which Signal/777-related collections were deposited.

5. Plaintiffs have identified several additional bank accounts and asserted that they constitute accounts maintained by F4D. That assertion is incorrect. The following accounts are maintained by separate companies, each of which is identified below:

| Account | Associated Entity |
| --- | --- |
| *1185 | CCME (California Case Management Experts) |
| *7319 | TBDSOCAL LLC |
| *7690 | TBD USA LLC |
| *2702 | TBDMI LLC |
| *2596 | RNA Investments Inc. |
| *5705 | Proof Capital, Inc. |

6. F4D does not possess authority to direct the activities of those accounts or to obtain bank records maintained by those entities in the ordinary course of business.

7. Plaintiffs also identified account ending in *5683. That account is a Deposit Account Control Agreement ("DACA") account. A DACA account is a deposit account that is

2

subject to a contractual control agreement among the depository bank, the account holder, and a secured party. Such arrangements are commonly used to perfect a lender's security interest in deposit accounts and to provide the secured party, not the counterparty, with control over the account upon the occurrence of specified events.

8.     Although F4D has limited visibility into activity within the account, F4D does not control the account and cannot freely access or direct the funds maintained therein. For example, deposits into the account require coordination with the depository institution and are not made at F4D's unilateral direction.

9.     In approximately May 2025, F4D invested certain funds, including those attributable to collections associated with the Signal/777 deployed capital, through an arrangement with Amvest Financial Group (the "F4D – Amvest Investment"). The F4D – Amvest Investment involved funding a larger financing arrangement through Amvest Financial Group, relating to either a $500 million standby letter of credit ("SBLC") or a medium-term note ("MTN") facility.

10.     The F4D – Amvest Investment constituted only a portion of a substantially larger investment tranche involving several parties. The investment remains open and active. While F4D has information concerning the performance of the F4D – Amvest Investment, it does not control or have access to accounts associated with the F4D – Amvest Investment.

11.     Except as stated above, I am not aware of any additional F4D-controlled bank accounts into which Signal/777 collections were deposited during the relevant period.

12.     In reviewing Plaintiffs' June 18, 2026 letter application, Plaintiffs repeatedly refer to "Valley National Account No. *6177" as though it were a bank account maintained by or associated with F4D. That is incorrect.

3

13.    The reference number *6177 is not a bank account number. It is the routing number assigned to Valley National Bank for purposes of identifying the financial institution through which electronic funds transfers are processed. It is not associated with any particular customer's deposit account.

14.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed in ___Trinity   Florida___ on this 1st day of July, 2026.


_____
Robert D. Marchant

4