MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO*
KATHLEEN E. CASSIDY
BENJAMIN S. FISCHER
CATHERINE M. FOTI
CHRISTOPHER B. HARWOOD
LAWRENCE IASON
BRIAN A. JACOBS
TELEMACHUS P. KASULIS
KAREN R. KING
THOMAS A. McKAY
ROBERT M. RADICK*
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG
LISA ZORNBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

charwood@maglaw.com
(212) 880-9547

COUNSEL
JOSHUA BUSSEN
PIPPA HYDE***

RETIRED/PARTNER EMERITUS
PAUL R. GRAND

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ENGLAND AND WALES

August 17, 2026

Via ECF
Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Leadenhall Capital Partners LLP et al. v. Wander et al.*, 24-cv-03453-JGK

Dear Judge Koeltl:

We write respectfully on behalf of Defendant Steven Pasko to note Mr. Pasko's position regarding a stay of this matter. Because this case already is stayed as to Mr. Pasko while his motion to dismiss remains pending, it is not necessary at this time to address whether the bankruptcy stay that currently applies to four of the 777 Entity Defendants (i) extends to Mr. Pasko or (ii) otherwise should result in a stay of this matter as to him. It is possible that those issues could become relevant in the future, but if they do (and for the reasons set forth below), the issues should be addressed based on the circumstances as they exist at that time. Accordingly, no further action is necessary at this time.

On July 16, 2026, an involuntary bankruptcy petition was filed against 777 Partners LLC in the United States Bankruptcy Court for the Southern District of Florida. Shortly thereafter, the 777 Entity Defendants moved to extend the automatic bankruptcy stay to the remaining 777 Entity Defendants. The Court set a briefing schedule on that motion, giving the other defendants an opportunity to weigh in by August 17, 2026. On August 9, 2026, four of the 777 Entity Defendants—777 Partners LLC, 600 Partners LLC, SuttonPark Capital LLC, and SuttonPark Servicing LLC—filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the Northern District of Texas. (Dkt. 587). Since then, the Plaintiffs and the 777 Entity Defendants have stipulated to a stay that applies to all the 777 Entity Defendants. (Dkt. 589).

That stipulation specifies that such a stay does not apply to any defendants other than the 777 Entity Defendants, including Mr. Pasko. However, this Court previously stayed discovery as to Mr. Pasko, in light of his pending motion to dismiss. (Dkt. 252). Thus, at this time, it is unnecessary to address whether the bankruptcy-related stay that applies to the 777 Entity

Defendants should extend to Mr. Pasko. The only circumstance that would necessitate addressing that issue is if the Court were to deny Mr. Pasko's motion to dismiss. If that were to occur, a continued stay of discovery as to him would likely be warranted, for at least two reasons.

First, the automatic bankruptcy stay would likely extend to Mr. Pasko. The automatic stay of 11 U.S.C. § 362(a) "can apply to non-debtors," and "normally does so . . . when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003). For example, extension of an automatic stay to a non-debtor is justified "when a judgment against [an] indemnified non-debtor will directly affect the debtor's assets." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439, 441 (S.D.N.Y. 2004); *see also Robert Plan Corp. v. Liberty Mut. Ins. Co.*, 2010 WL 1193151, at *3-4 (E.D.N.Y. Mar. 23, 2010) (affirming extension of a stay to non-debtor officers whom the debtor was obligated to indemnify); *In re Lomas Fin. Corp.*, 117 B.R. 64, 66-68 (S.D.N.Y. 1990) (staying creditor's suit against non-debtor corporate officers where corporate charter obligated debtor to indemnify officers). Mr. Pasko is indemnified by 777 Partners under its LLC Agreement, which provides for mandatory indemnification and advancement. Thus, future fees incurred by Mr. Pasko in responding to discovery requests and otherwise litigating this matter likely would adversely impact the debtor's estate. The extent of such adverse impact is subject to change depending on, among other things, developments in the bankruptcy proceedings and the availability of insurance. Accordingly, it would be premature to address this issue at this time, particularly given that the issue would only need to be addressed if this Court were to deny Mr. Pasko's motion to dismiss. If that were to occur, the issue properly would be addressed based on the circumstances as they exist at that time.

Second, even if the automatic bankruptcy stay did not extend to Mr. Pasko, there would likely be a strong prudential argument against proceeding to discovery as to him while the matter is stayed as to the 777 Entity Defendants. This Court has broad authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts often stay claims against non-debtor defendants while a co-defendant's bankruptcy is in its early stages. *See, e.g.*, *Plaintiff Funding Holding, LLC v. Blue Ocean Partners LLC*, 2023 WL 3506142, at *2-3 (S.D.N.Y. Apr. 18, 2023) (staying case because claims against non-debtor "dangerously approache[d] claims that are inextricably intertwined with those brought against the debtors"); *Hatteras Enterprises Inc. v. Forsythe Cosmetic Group, Ltd.*, 2024 WL 1908593, at *3-4 (E.D.N.Y. May 1, 2024) (staying case where claims against debtors and non-debtors "share[d] a similar factual nexus"); *Hardy v. Crown Equip. Corp.*, 2025 WL 1095523, at *3 (S.D.N.Y. Mar. 18, 2025) (staying case where it was "in the best interest of judicial economy to allow the bankruptcy proceeding to unfold"). As in those cases, a discretionary stay would likely be merited here because the claims against Mr. Pasko are intertwined with those against the 777 Entity Defendants, so a stay would likely serve judicial economy and be fair to Mr. Pasko. Once again, however, it would be premature to make that determination now, as the facts and circumstances may be different if and when the issue of a further stay as to Mr. Pasko becomes relevant.

For the reasons above, Mr. Pasko respectfully submits that it is not necessary at this time to address whether the automatic bankruptcy stay extends to him, or otherwise should result in a stay of proceedings as to him. If, however, this Court were to deny Mr. Pasko's motion to dismiss, Mr. Pasko respectfully requests that he be given the opportunity at that time to address whether the matter should remain stayed as to him as a result of the bankruptcy proceedings involving the 777 Entity Defendants.

Sincerely,

*<u>/s/ Christopher B. Harwood</u>*
Christopher B. Harwood
Thomas A. McKay

CC: Counsel of Record