King & Spalding

King & Spalding LLP
1290 Avenue of the Americas
New York, New York 10104

**Leigh M. Nathanson**
Partner
T: (212) 790-5359
lnathanson@kslaw.com

September 15, 2026

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *Leadenhall Capital Partners LLP et al. v. Wander et al.*, 24-cv-03453-JGK**

Dear Judge Koeltl,

We write to inform the Court of recent developments that bear on A-CAP's motion for a discretionary stay of this action based on the Chapter 11 proceedings of certain of the 777 Entity Defendants. In its reply in support of its motion, A-CAP cites the bankruptcy court's approval of $600,000 in interim Debtor-in-Possession ("DIP") financing by A-CAP and certain of its affiliates to argue that the bankruptcy court "found that the evidence did not support Leadenhall's A-CAP control narrative of 777." ECF 598 (A-CAP Reply in Support of Mot. to Stay ("A-CAP Reply")) at 9. It is unclear how this fact, even if true, would support A-CAP's request for a discretionary stay—if anything, it underscores Leadenhall's position that A-CAP seeks the stay to preempt this Court's adjudication of Leadenhall's claims against it (over which the bankruptcy court lacks jurisdiction) by trying to obtain exculpatory "findings" in the bankruptcy court, which is dealing with different issues and a different evidentiary record. But the fact is that the bankruptcy court *did not* exculpate A-CAP for its pre-bankruptcy conduct. To the contrary, the court acknowledged that, based on the limited record of the first-day hearing, the issue of A-CAP's control over the debtors is "a bit amorphous to me still" and therefore approved A-CAP's interim DIP financing only with significant revisions designed to strip out any "Findings and Conclusions … that, even on an interim basis, would somehow prejudice the [bankruptcy] estates, should it come to pass that there's any type of transactions or whatever else prepetition involving the A-CAP Prepetition Parties that might be challengeable." ECF 599-1 (*In re Signal National*, No. 26-90190 (ELM) (Bankr. N.D. Tex. Aug. 9, 2026), Aug. 20, 2026 Hr'g Tr.) at 75:6-11. The court expressly stated that its findings regarding A-CAP's DIP financing were made "on an interim basis only, based upon the existing evidence before the Court, and … subject to reconsideration at a final hearing." *Id.* 82:3-7; *In re Signal National*, No. 26-90190 (ELM) (Bankr. N.D. Tex. Aug. 9, 2026), ECF No. 161 at 11.

On Friday, September 11, 2026, the debtors notified the court that they have selected Leadenhall as their proposed DIP lender for the final hearing, which will take place on September 28, 2026. The debtors' selection of Leadenhall's DIP financing proposal will narrow or obviate many of the purportedly "overlapping issues" that A-CAP claims warrant a stay of this action because it will not require the bankruptcy court to evaluate whether releases and/or good-faith

findings for A-CAP are appropriate in light of A-CAP's prior conduct. Leadenhall's "substantial proof concerning what occurred inside 777," A-CAP Reply at 5, will take place in this action; A-CAP, Leadenhall, and 777 have all agreed to procedures in the bankruptcy to promote efficient discovery and avoid duplication among the two proceedings; and there is no reason they should not proceed in parallel, with appropriate coordination as needed.

Respectfully submitted,

*/s/ Leigh M. Nathanson*

Leigh M. Nathanson