FOLEY
FOLEY & LARDNER LLP

90 PARK AVE
37TH FLOOR
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
FOLEY.COM

WRITER'S DIRECT LINE
212.338.3514
Phara.guberman@foley.com

**Via ECF**

September 15, 2026

Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**RE:** ***Leadenhall Capital Partners LLP et al. v. Wander et al., 24-cv-03453-JGK***

Dear Judge Koeltl:

Defendants Advantage Capital Holdings LLC ("A-CAP") and Kenneth King (collectively, "A-CAP Defendants") respectfully request that this Court take judicial notice of a material development in the related bankruptcy proceedings, *In re Signal National LLC*, Case No. 26-90190 (ELM) (Bankr. N.D. Tex.), that bears directly on arguments raised by Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (collectively, "Leadenhall") in opposition to A-CAP's Motion to Stay Proceedings (ECF 589).

## I. BACKGROUND

In its opposition brief filed on August 31, 2026, Leadenhall argued at length that A-CAP "orchestrated" the 777 Partners Chapter 11 filing and sought to "control" the bankruptcy process by acting as the proposed interim Debtor-In-Possession ("DIP") lender. (ECF 596 at 6). Specifically, Leadenhall alleged that by acting as interim DIP lender, A-CAP is seeking "to use a bankruptcy process it controls to preempt this Court's adjudication of preexisting, direct claims against it." *Id.* at 10.

## II. LEADENHALL'S SELECTION AS DIP LENDER

Since the filing of A-CAP's reply (ECF 598), which addressed Leadenhall's mischaracterizations regarding the interim DIP process, a significant development has occurred that directly undermines Leadenhall's "A-CAP control" narrative. On Friday, September 11, 2026, the Debtors filed a Notice of Selection of DIP Lender in the *In re Signal National* bankruptcy proceeding, announcing that, following a competitive bidding process and after consultation with the Official Committee of Unsecured Creditors (the "Committee"), the Debtors selected the DIP financing proposal submitted by Leadenhall Capital Partners LLP (the "Leadenhall Proposal"), attached hereto as **Exhibit 1**. Notably, the Leadenhall Proposal contains both a term sheet for DIP financing *and* a term sheet for a to-be-proposed Plan of Liquidation for the Debtors.

Under the selected Leadenhall Proposal, if approved, Leadenhall will serve as sole and exclusive administrative agent for undisclosed DIP lenders that will provide a senior secured debtor-in-possession credit facility of up to $10,000,000 in DIP Loans. Ex. 1., Dkt. 229 at 1. The

Leadenhall Proposal is subject to approval by the Bankruptcy Court at a final hearing scheduled for September 28, 2026. *Id.*, Dkt. 229 at 2.

If approved by the Bankruptcy Court, as DIP agent, Leadenhall (purportedly acting on behalf of an undisclosed DIP lender or lenders) will enjoy the full panoply of rights and privileges attendant to that role, including, but not limited to:

- **Access to Information.** The DIP Agent has approval rights over the DIP Budget and receives detailed weekly cash flow forecasts and reporting from the Debtors. *Id.,* Dkt. 229, Ex. A at 4.

- **Investigation Budget.** The DIP facility expressly contemplates that DIP Loans may be used to investigate any and all liens, claims, and causes of action, including investigation and review of any and all prepetition releases granted by the Debtors, specifically targeting those prepetition releases given to A-CAP and the other prepetition lenders. *Id.*, Dkt. 229, Ex. A at 3. The DIP Lenders will support a budget line item of not less than $1,000,000 for the Committee to pursue an independent investigation and prosecution of all Causes of Action. *Id.*, Dkt. 229, Ex. A at 7.

- **Credit Bid Rights.** The DIP Agent and DIP Lenders have the right to credit bid all of their respective DIP claims in any sale of the Debtors' assets. *Id.*, Dkt. 229, Ex. A at 9.

In addition, the Leadenhall Proposal includes significant provisions related to present and future control over the Debtors' bankruptcy estates:

- **Control Over the Bankruptcy Process.** The DIP Loan Documents contain milestones requiring the Debtors to file a Chapter 11 plan and disclosure statement by November 21, 2026, obtain plan confirmation by January 22, 2027, and reach plan effectiveness by February 5, 2027—all in form and substance satisfactory to the DIP Agent and consistent with the Plan Term Sheet. *Id.*, Dkt. 229, Ex. B at 15. The Debtors' management, governance, and decision-making are subject to the consent of the DIP Agent and the Committee. *Id.*, Dkt. 229, Ex. A at 9.

- **Control Over the Post-Confirmation Liquidating Trust.** Correspondingly, the Plan Term Sheet provides for the formation of a Liquidating Trust "vested with the following assets" that includes "Retained Causes of Action." *Id.*, Dkt. 229, Ex. A at 5. The prior provision defines "Retained Causes of Action" as all claims and proceeds of Avoidance Actions and "all other claims and Causes of Action, including any commercial tort claims, held by any of the Debtors against any party or otherwise pending as of the Effective Date." *Id.* Therefore, the overarching purpose of the Plan Term Sheet is to establish a Liquidating Trust for litigation, while also giving Leadenhall as the DIP Agent the ability to select the Liquidating Trustee (with the Committee). *Id.*, Dkt. 229, Ex. A at 6. The Plan Term Sheet then provides that Leadenhall, as DIP Agent, can select one of the three members of a Trust Oversight Board intended to oversee the Liquidating Trustee and participate directly in the selection of a second. *Id.*

Thus, if approved, the DIP locks the Debtors into a Leadenhall-created Plan that would give Leadenhall certain ongoing control upon exit from bankruptcy, as set forth on the Plan Term Sheet attached to Leadenhall's DIP Term Sheet. *Id.*, Dkt. 229, Ex. A.

## III. SIGNIFICANCE TO THE PENDING MOTION

This development is highly relevant to the Court's consideration of A-CAP's pending Motion to Stay for two reasons. *First*, Leadenhall's central opposition argument—that A-CAP's interim DIP lender status gave it the ability to "control" the bankruptcy and that this Court should deny the stay to prevent A-CAP from leveraging that control—is now moot. Assuming Bankruptcy Court approval of the Leadenhall Proposal, A-CAP will no longer be the DIP lender. Leadenhall would be. The very entity that accused A-CAP of seeking to control the bankruptcy through DIP financing is likely to soon occupy that precise role, with all the attendant rights, access to information, governance authority, and investigative powers that come with it and significantly more. Any suggestion that the DIP process was a vehicle for A-CAP to evade liability in this case cannot be reconciled with the fact that Leadenhall itself has now sought and been selected for that position.

*Second*, Leadenhall's selection as DIP lender further supports A-CAP's request for a defined six-month stay. With approval, Leadenhall will be positioned to shape the Chapter 11 process from the inside. It will have access to information and discovery in the bankruptcy proceedings (that counsel for A-CAP, Leadenhall, and 777 entities have agreed has significant overlap with materials produced in this litigation), governance authority over the Debtors' operations, and a substantial role in formulating the Chapter 11 plan. That active role further reduces any claim of prejudice from a brief, defined pause in this litigation; Leadenhall's interests are well protected while the bankruptcy proceeds.

For the foregoing reasons, A-CAP and King respectfully request that the Court take judicial notice of the Notice of Selection of DIP Lender filed in the Bankruptcy Cases on September 11, 2026, and consider this development in connection with A-CAP's pending Motion to Stay (ECF 589).

Further, counsel for Leadenhall also filed a letter to the Court this evening (ECF 600) regarding its selection as DIP lender. While A-CAP disagrees with Leadenhall's characterization of the impact of its selection as DIP lender and of the bankruptcy discovery process, Leadenhall's letter separately included argument related to opposition issues addressed in A-CAP's reply brief (ECF 598). A-CAP respectfully requests that the Court strike the first paragraph of Leadenhall's letter (ECF 600) as an improper sur-reply filed without leave of Court.

Respectfully submitted,

*/s/ Phara A. Guberman*

**Phara A. Guberman**