GIBSON DUNN

Jordan Estes
Partner
T: +1 212.351.3906
jestes@gibsondunn.com

September 18, 2026

**BY ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St
New York, New York 10007

**Re: *Leadenhall Capital Partners LLP, et al. v. Wander, et al.,* No. 24-cv-3453 (JGK)**

Dear Judge Koeltl:

We represent Joshua Wander and write respectfully to request that the Court modify the Protective Order entered in this case on May 8, 2025. ECF No. 296.

On October 14, 2025, a grand jury in the Southern District of New York returned an indictment against Mr. Wander. *See* Indictment, *United States v. Wander*, No. 25-cr-473 (JPO) (S.D.N.Y. Oct. 14, 2025), ECF No. 1. He is charged with, *inter alia*, wire fraud and conspiracy to commit wire fraud, based on the same transactions at issue in this case. *Id.*; *see also* Superseding Indictment, ECF No. 50. Trial in the criminal case is scheduled to begin on October 19, 2026.

During discovery in the above-captioned case, the parties have produced documents that are material to Mr. Wander's defense against the criminal charges. Because some of those documents have been designated "confidential" or "highly confidential," however, the Protective Order currently prohibits Mr. Wander from using any of the helpful documents, including information derived therefrom, in his criminal trial. Confidentiality Stipulation and Protective Order, ECF No. 296 ¶ 6.

Given this restriction on the use of critical documents he needs to defend himself in his criminal trial, Mr. Wander proposed amending the Protective Order to permit the parties to use any document produced in this case in any "criminal investigation or proceeding involving any of the Parties that arises from, relates to, or is based upon the same or substantially similar facts, transactions, occurrences, or subject matter as the claims or defenses asserted in this litigation." Ex. A. Although the other defendants agreed to this proposal, the Leadenhall Plaintiffs opposed.

Accordingly, pursuant to ¶ 14 of the Protective Order, Mr. Wander respectfully moves this Court to modify the Protective Order to permit Mr. Wander to use these documents, and all information derived therefrom, in his criminal trial.

The material Mr. Wander seeks to use in his criminal trial bears on an element of the criminal conduct the government must prove, an anticipated defense, or the loss calculation at any sentencing. If helpful, Mr. Wander can provide the Court *ex parte* and under seal additional

information about his need for specific categories of documents. Mr. Wander encloses a Proposed Order reflecting the requested modification of the Protective Order. Ex. B.

Mr. Wander easily meets each of the factors this Court weighs in "deciding whether to modify a protective order upon a party's request for non-public interest reasons": (1) good cause, (2) the nature of the protective order, (3) foreseeability of the requested modification, and (4) reliance on the protective order. *Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 462–63 (S.D.N.Y. 1995); *see also Daniels v. City of New York*, 200 F.R.D. 205, 207 (S.D.N.Y. 2001).[1]

*First*, Mr. Wander already has possession of the documents at issue; all the modification does is allow him to use them at a criminal trial to determine his liberty. That is the quintessential "good cause" to merit modification. *Bayer*, 162 F.R.D. at 462. "[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (internal quotation marks and citation omitted). Without modification of the Protective Order, Mr. Wander will be impaired in his ability to present a defense in his criminal case, causing him severe harm. Further, Mr. Wander's alternative means to obtain these documents are limited. In conjunction with the filing of this motion, Mr. Wander issued a Rule 17(c) subpoena to Leadenhall requesting a subset of the documents that it produced in the civil case. But that subpoena could be subject to litigation, and Mr. Wander is also entitled as a matter of law to move for modification of the Protective Order in this case. The possibility of obtaining some of the same documents through other process does not displace that right.

*Second*, the nature of the Protective Order does not weigh against modification. *Bayer*, 162 F.R.D. at 462. The Order was entered on the parties' stipulation "for the purpose of facilitating discovery," and it expressly provides that nothing in it constitutes a judicial determination that any designated document "is entitled to protection under Rule 26(c)." ECF No. 296 ¶ 15. It further contemplates modification on motion of a party. *Id.* ¶ 14.

*Third*, the requested modification was not foreseeable at the time the Protective Order was negotiated. *Bayer*, 162 F.R.D. at 462. Mr. Wander had not been criminally indicted, and neither he nor Leadenhall could have known what charges would be brought, what documents would bear on them, or what use a criminal defense would require. Mr. Wander agreed to a

---

[1] Mr. Wander need not meet the standard of *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291 (2d Cir. 1979), because *Martindell* did not address the situation where a party to a civil litigation seeks to use restricted materials in his defense in a related criminal trial, and because the Protective Order in this case did "not justify reliance by the parties." *SEC v. TheStreet.Com*, 273 F.3d 222, 230–31 (2d Cir. 2001). Even if *Martindell* did apply, a modification to allow Mr. Wander to defend himself in a criminal trial is precisely the "extraordinary circumstance" and "compelling need" that case contemplated. *See Rosario v. Kuhlman*, 839 F.2d 918, 924 (2d Cir. 1988) ("The right to present a defense is one of the 'minimum essentials of a fair trial.'") (citation omitted).

restriction on the use of documents in civil discovery. He did not agree—and could not have agreed—to forgo evidence material to his defense in a criminal prosecution that did not then exist.

*Fourth*, Leadenhall's reliance on the Protective Order is minimal. *Bayer*, 162 F.R.D. at 462. Paragraph 15 expressly disclaims any judicial determination of protection, paragraph 9 places the burden of establishing confidentiality on the designating party, paragraph 14 expressly contemplates modification on motion, and paragraph 11 allows use of documents in a civil trial in this action. ECF No. 296. These provisions all foreclose any reasonable expectation of permanence. Nor is there any reason to believe that Leadenhall would be prejudiced by the modification requested. Any asserted injury from disclosure would be stale, as the subject matter they concern—the credit facilities, the collateral arrangements, and the transactions underlying the claims in this action—is already public, through ongoing insolvency proceedings, *see In re Signal Nat'l LLC*, No. 26-90190 (Bankr. N.D. Tex. Aug. 9, 2026), and through copious press reporting. Similarly, the fact that the Protective Order contemplates use of these very materials in a civil trial in this action undermines any suggestion that Leadenhall would be prejudiced by their use in a criminal trial.

Mr. Wander asks for nothing more than leave to defend himself with documents he already lawfully holds—records produced in this litigation, concerning transactions Leadenhall chose to litigate in this Court, produced with the understanding that they could be shown to a jury. Granting the motion deprives Leadenhall of no protection the Protective Order was designed to afford. Denying it would leave documents material to the defense of a criminal charge unavailable to the defendant for no reason other than the designation of civil parties, including the very party that sued him. For the foregoing reasons, Mr. Wander respectfully requests that the Court enter the enclosed Proposed Order modifying the Protective Order.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jordan Estes*

Jordan Estes
Dani R. James
Michael Martinez
Samuel Raymond
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Counsel for Defendant Joshua Wander*

cc: All counsel of record (by ECF)