UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEADENHALL CAPITAL PARTNERS LLP, ET AL.,

Plaintiffs,

- against -

JOSH WANDER, ET AL.,

Defendants.

**24-cv-3453 (JGK)**

**Memorandum Order and Opinion**

**John G. Koeltl, District Judge:**

Defendants Advantage Capital Holdings LLC ("A-Cap") and Kenneth King move for a temporary stay of this action for six months in view of the Chapter 11 bankruptcy proceedings that have been filed by 777 Partners LLC, 600 Partners LLC, SuttonPark Capital LLC, and SuttonPark Servicing LLC. See Def.s' Mem. of Law in Supp. of Mot. to Stay Proceedings ("Def.s' Mem.") at 1-2, ECF No. 593. A-Cap and King argue that the existence of those bankruptcy proceedings "may narrow, resolve, or materially reshape what remains to be litigated" in this case. Id. (emphasis omitted).

It is common ground that the existence of the bankruptcy proceedings does not trigger any automatic stay of this case other than as it relates to the specific entities that are the debtors in the bankruptcy proceedings. 11 U.S.C. § 362(a); Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys., Inc., 235 F.3d 53, 58 (2d Cir. 2000). It is also common ground that this court has the power to issue a discretionary stay of these proceedings pending developments in the bankruptcy proceedings. See Landis v. N. Am. Co., 299 U.S. 248,

254 (1936). In determining whether to issue such a stay, the court should consider: (1) the private interests of the plaintiff in this case as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. Plaintiff Funding Holding, LLC v. Blue Ocean Partners LLC, No. 22-cv-4094, 2023 WL 3506142, at *2 (S.D.N.Y. Apr. 18, 2023).

In this case, the defendants A-Cap and King have failed to show that the Court should issue the temporary stay. The plaintiffs have a strong interest in proceeding against A-Cap and King whom they allege are independently responsible for millions of dollars of damages against them, irrespective of the liability of the bankrupt parties. See Pl.s' Mem. of Law in Opp. to Mot. to Stay Proceedings at 13-16, ECF No. 596. That liability will be determined in part by the discovery between Leadenhall and A-Cap and King all of which could proceed irrespective of the bankruptcy proceeding. This litigation has been pending for over two years and would not be resolved over the next six months. But Leadenhall argues persuasively that there is the ongoing possibility of the loss of evidence the longer the litigation proceedings. Id. at 13. Moreover, A-Cap and King have failed to show that the progress of the bankruptcy proceedings over the next six months would interfere with the progress of this litigation. To the extent there is any overlap, it could be brought to the attention of this court or the bankruptcy court.

As to the private interests and the burden on the defendants, the defendants have failed to point out the specific harms that will accrue to them from continuing with the decision on the motions to dismiss in this case and the conduct of discovery. The defendants point to the theoretical possibility of conflicting decisions but those decisions appear to relate primarily to issues relating to damages rather than liability, see Def.s' Mem. at 5-7, and in any event are unlikely to occur over the next six months, and, if there were any possibility of conflicts, could be brought to the attention of this court or the bankruptcy court. Ultimately, the plaintiff in this case has the right to have its claims decided by this court rather than the bankruptcy court.

The Court and the public have a strong interest in the expeditious conclusion of litigation. It is unrealistic to believe that a six month stay would advance the ultimate resolution of this litigation and would likely be simply the prelude to another requested stay. The expeditious conclusion of this litigation will best be achieved through the prompt prosecution of this litigation.

The motion for a temporary stay of this litigation is **denied.** The Clerk of Court is respectfully requested to close ECF No. 592.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 21, 2026**

**John G. Koeltl**
**United States District Judge**