**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LEADENHALL CAPITAL PARTNERS LLP and LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC,

Plaintiffs,

– against –

JOSH WANDER, STEVEN PASKO, KENNETH KING, 777 PARTNERS LLC, 600 PARTNERS LLC, SPLCSS III LLC, SIGNAL SML 4 LLC, INSURETY AGENCY SERVICES LLC, DORCHESTER RECEIVABLES II LLC, SUTTONPARK CAPITAL LLC, SIGNAL MEDICAL RECEIVABLES LLC, INSURETY CAPITAL LLC, SUTTONPARK SERVICING LLC, and ADVANTAGE CAPITAL HOLDINGS LLC,

Defendants.

Civil Action No. 1:24-cv-03453-JGK-BCM

**DEFENDANTS ADVANTAGE CAPITAL HOLDINGS LLC AND KENNETH KING'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CORRECTED AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**DEFENDANTS ADVANTAGE CAPITAL HOLDINGS LLC AND KENNETH KING'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CORRECTED AMENDED COMPLAINT**

Defendants Advantage Capital Holdings LLC ("A-CAP") and Kenneth King ("King"), by and through their undersigned counsel, Foley & Lardner LLP, hereby answer the Corrected Amended Complaint, (ECF No. 187) (the "Complaint"), filed by Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (together, "Plaintiffs" or "Leadenhall"), and assert their affirmative and other defenses, as follows:

A-CAP and King answer and respond only to those allegations in the Complaint that are directed toward A-CAP and King by Plaintiffs. Except as expressly admitted below, A-CAP and King deny each and every allegation of the Complaint, including any allegations contained in headings, subheadings, footnotes, images, tables, charts, exhibits, and unnumbered paragraphs.

The headings of the Complaint are reproduced below solely for convenience, and A-CAP and King do not admit any allegation or characterization in them. Where A-CAP and King state that a document, agreement, or recording speaks for itself, they refer the Court to the document, agreement, or recording for its complete and accurate contents and do not admit the truth of any characterization of it in the Complaint or concede its authenticity, admissibility, or legal effect. Where A-CAP and King state that an allegation calls for a legal conclusion, no response is required; to the extent a response is deemed required, the allegation is denied. A-CAP and King do not adopt any defined term used in the Complaint to the extent it implies any fact or legal conclusion. The use of the phrase "A-CAP and King" in any response is for convenience only, and each responds only on its or his own behalf. A-CAP and King reserve the right to amend or supplement this Answer.

**SPECIFIC RESPONSES TO THE NUMBERED ALLEGATIONS OF THE COMPLAINT**

**INTRODUCTION**

1. King denies the allegations in Paragraph 1 against him. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 1 may be construed to contain allegations against A-CAP or any A-CAP affiliate, including Haymarket Insurance Company ("Haymarket"), those allegations are denied.

2. Paragraph 2 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 2 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

3. A-CAP denies the allegations in Paragraph 3 against it. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 3 may be construed to contain allegations against King or any A-CAP affiliate, including Haymarket, those allegations are denied.

4. Paragraph 4 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 4 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

5. Paragraph 5 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 5 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

6. Paragraph 6 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 6 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

7. Paragraph 7 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 concerning other individuals/entities, and on such basis deny them. To the extent

Paragraph 7 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

8. Paragraph 8 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 8 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

9. Paragraph 9 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 9 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

10. Paragraph 10 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 10 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

11. Paragraph 11 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 11 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

12. Paragraph 12 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 12 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

13. A-CAP admits that it negotiated a first-priority, all asset lien over a majority of the assets of 777 Partners LLC ("777 Partners"), under controlling documents which speak for themselves. A-CAP admits that, from time to time, A-CAP personnel visited 777 Partners' Miami offices to monitor compliance and the condition of collateral. A-CAP and King deny that any oversight or monitoring by A-CAP personnel constituted improper control of 777 Partners or participation in any wrongdoing, or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. A-CAP and King deny any other allegations in Paragraph 13 against them or any A-CAP affiliate, including Haymarket. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 concerning other individuals/entities, and on such basis deny them.

14. A-CAP admits that it was willing to consider a junior lien in favor of Leadenhall on 777 Partners' holding-company assets that were subject to A-CAP's holding-company lender, Haymarket's, senior lien. A-CAP admits it expressed this willingness in response to threats by Leadenhall to take action against 777 Partners, but denies that any such proposal originated with

A-CAP or was to keep Leadenhall from filing this lawsuit and any other allegations against A-CAP. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 14 may be construed to contain allegations against King or any A-CAP affiliate, including Haymarket, those allegations are denied.

15. A-CAP and King admit that there has been public reporting concerning 777 Partners and A-CAP, respectfully refer the Court to any such reporting for its contents, and deny that such reporting is accurate or may be accepted for the truth of its contents. A-CAP and King deny any other allegations against them in Paragraph 15, including any allegation or implication that King dominates or controls A-CAP in any improper manner. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 15 may be construed to contain additional allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

16. A-CAP denies the allegations in Paragraph 16 against it. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 16 may be construed to contain allegations against King or any A-CAP affiliate, including Haymarket, those allegations are denied.

17. A-CAP and King deny the allegations in Paragraph 17 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 concerning other individuals/entities, and on such basis deny them. To the extent

Paragraph 17 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

18. Paragraph 18 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 18 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

19. Paragraph 19 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 19 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

20. A-CAP denies the allegations in Paragraph 20 against it. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 20 may be construed to contain allegations against King or any A-CAP affiliate, including Haymarket, those allegations are denied.

21. A-CAP denies the allegations in Paragraph 21 against it. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 21 may be construed to contain allegations against King or any A-CAP affiliate, including Haymarket, those allegations are denied.

22. A-CAP and King deny the allegations in Paragraph 22 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 22 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

## PARTIES

23. Paragraph 23 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 23 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

24. Paragraph 24 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 24 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

25. Paragraph 25 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 25 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

26. Paragraph 26 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 26 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 26 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

27. Paragraph 27 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 27 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

28. Paragraph 28 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 28 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

29. Paragraph 29 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 29 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

30. A-CAP and King deny the allegations in Paragraph 30 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 30 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

31. Paragraph 31 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 31 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

32. Paragraph 32 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 32 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

33. Paragraph 33 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 33 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

34. Paragraph 34 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 34 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

35. Paragraph 35 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 concerning other individuals/entities, and on such basis deny them. To the extent

Paragraph 35 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

36. Paragraph 36 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 36 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

37. A-CAP admits that A-CAP is a limited liability company organized under the laws of Delaware with its principal place of business at 1180 Avenue of the Americas, 21st Floor, New York, New York 10036. A-CAP and King deny that A-CAP is "controlled and dominated" by King in any improper manner. The remaining allegations in Paragraph 37 concerning the domicile and citizenship of A-CAP's members state legal conclusions to which no response is required; to the extent a response is required, A-CAP and King deny the remaining allegations in Paragraph 37, except as expressly admitted herein. To the extent Paragraph 37 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

38. A-CAP and King admit that King is the Chief Executive Officer and sole member of the Board of Managers of Advantage Capital Holdings LLC. A-CAP and King state that Paragraph 38 incorrectly identifies "Advantage Capital Management LLC" as the entity defined as "A-CAP"; the defendant named in this action is Advantage Capital Holdings LLC. A-CAP and King further state that Paragraph 38 fails adequately to allege King's role, authority, or personal involvement with respect to the defendant entity beyond his title, and denies any allegation that King, by virtue of title, ownership interest, or position alone, controlled or dominated A-CAP in any improper manner or is personally liable for any alleged acts of A-CAP. Except as expressly

admitted herein, A-CAP and King deny the allegations in Paragraph 38. A-CAP and King further note Plaintiffs' use of the term "A-CAP Defendants" and do not adopt any characterization implied by that defined term. To the extent Paragraph 38 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

**JURISDICTION AND VENUE**

39. Paragraph 39 states legal conclusions regarding jurisdiction and venue to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 39 insofar as they concern A-CAP or King. A-CAP and King lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning other individuals/entities, and on that basis deny them. To the extent Paragraph 39 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

40. Paragraph 40 states legal conclusions regarding jurisdiction to which no response is required. Paragraph 40 improperly lumps together unspecified "Defendants" without adequately alleging facts as to A-CAP or King specifically. A-CAP and King lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the citizenship of Plaintiffs and other individuals/entities, and on that basis deny them. A-CAP and King deny that Plaintiffs are entitled to recover any amount from them. A-CAP and King deny the remaining allegations in Paragraph 40, except as expressly admitted herein. To the extent Paragraph 40 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

41. Paragraph 41 states legal conclusions regarding jurisdiction and venue to which no response is required. To the extent a response is required, A-CAP and King deny the allegations

in Paragraph 41 insofar as they concern A-CAP or King. A-CAP and King lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning other individuals/entities, and on that basis deny them. To the extent Paragraph 41 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

42. Paragraph 42 states legal conclusions regarding jurisdiction and venue to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 42 insofar as they concern A-CAP or King. A-CAP and King lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning other individuals/entities, and on that basis deny them. To the extent Paragraph 42 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

43. Paragraph 43 states legal conclusions regarding jurisdiction and venue to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 43 insofar as they concern A-CAP or King. A-CAP and King lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning other individuals/entities, and on that basis deny them. To the extent Paragraph 43 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

44. A-CAP and King admit that the Court has personal jurisdiction over them. The remaining allegations in Paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the remaining allegations in Paragraph 44

insofar as they concern A-CAP or King. To the extent Paragraph 44 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

45. Paragraph 45 states legal conclusions regarding jurisdiction and venue to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 45 insofar as they concern A-CAP or King. A-CAP and King lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning other individuals/entities, and on that basis deny them. To the extent Paragraph 44 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

## STATEMENT OF THE CASE

46. To the extent Paragraph 46 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 46 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 46 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

47. Paragraph 47 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 47 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

48. Paragraph 48 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 48 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

49. To the extent Paragraph 49 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 49 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 49 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

50. To the extent Paragraph 50 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 50 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 50 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

51. To the extent Paragraph 51 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King

respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 51 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 51 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

52. To the extent Paragraph 52 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 52 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 52 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

53. To the extent Paragraph 53 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 53 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 53 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

54. To the extent Paragraph 54 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 54 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 54 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

55. To the extent Paragraph 55 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 55 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 55 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

56. To the extent Paragraph 56 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 56 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 concerning other individuals/entities, and on such basis deny them. To

the extent Paragraph 56 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

57. To the extent Paragraph 57 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 57 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 57 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

58. To the extent Paragraph 58 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 58 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 58 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

59. To the extent Paragraph 59 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 59 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 59 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 59 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

60. To the extent Paragraph 60 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 60 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 60 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

61. To the extent Paragraph 61 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 61 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 61 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

62. To the extent Paragraph 62 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 62 does not contain allegations against A-CAP and King.

A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 62 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

63. To the extent Paragraph 63 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 63 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 63 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

64. To the extent Paragraph 64 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 64 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 64 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

65. To the extent Paragraph 65 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the

truth or admissibility thereof. Paragraph 65 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 65 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

66. To the extent Paragraph 66 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 66 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 66 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

67. To the extent Paragraph 67 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 67 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 67 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

68. To the extent Paragraph 68 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King

respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 68 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 68 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

69. To the extent Paragraph 69 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 69 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 69 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

70. To the extent Paragraph 70 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 70 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 70 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

71. To the extent Paragraph 71 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 71 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 71 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

72. To the extent Paragraph 72 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 72 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 72 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

73. To the extent Paragraph 73 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 73 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 concerning other individuals/entities, and on such basis deny them. To

the extent Paragraph 73 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

74. To the extent Paragraph 74 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 74 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 74 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

75. To the extent Paragraph 75 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 75 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 75 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

76. To the extent Paragraph 76 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 76 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 76 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 76 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

77. To the extent Paragraph 77 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 77 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 77 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

78. To the extent Paragraph 78 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 78 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 78 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

79. To the extent Paragraph 79 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 79 does not contain allegations against A-CAP and King.

A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 79 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

80. To the extent Paragraph 80 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 80 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 80 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

81. To the extent Paragraph 81 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 81 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 81 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

82. To the extent Paragraph 82 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the

truth or admissibility thereof. Paragraph 82 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 82 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

83. To the extent Paragraph 83 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 83 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 83 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

84. To the extent Paragraph 84 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 84 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 84 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

85. To the extent Paragraph 85 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King

respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 85 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 85 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

86. To the extent Paragraph 86 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 86 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 86 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

87. A-CAP and King deny that Leadenhall has an equitable interest in the Guarantors' assets. To the extent Paragraph 87 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 87 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 87 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

88. To the extent Paragraph 88 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 88 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 88 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

89. To the extent Paragraph 89 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 89 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 89 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

90. To the extent Paragraph 90 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 90 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 concerning other individuals/entities, and on such basis deny them. To

the extent Paragraph 90 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

91. To the extent Paragraph 91 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 91 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 91 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

92. To the extent Paragraph 92 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 92 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 92 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

93. To the extent Paragraph 93 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 93 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 93 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 93 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

94. To the extent Paragraph 94 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 94 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 94 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

95. To the extent Paragraph 95 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 95 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 95 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

96. To the extent Paragraph 96 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 96 does not contain allegations against A-CAP and King.

A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 96 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

97. To the extent Paragraph 97 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 97 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 97 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

98. To the extent Paragraph 98 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 98 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 98 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

99. To the extent Paragraph 99 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the

truth or admissibility thereof. Paragraph 99 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 99 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

100. To the extent Paragraph 100 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 100 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 100 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

101. To the extent Paragraph 101 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 101 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 101 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

102. To the extent Paragraph 102 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King

respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 102 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 102 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

103. To the extent Paragraph 103 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 103 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 103 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

104. To the extent Paragraph 104 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 104 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 104 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

105. To the extent Paragraph 105 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 105 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 105 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

106. To the extent Paragraph 106 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 106 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 106 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

107. To the extent Paragraph 107 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 107 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 concerning other individuals/entities, and on such basis deny them.

To the extent Paragraph 107 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

108. Paragraph 108 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 108 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

109. Paragraph 109 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 109 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

110. Paragraph 110 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 110 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

111. The Complaint does not contain a paragraph numbered 111. To the extent Plaintiffs contend that any allegation is contained in a Paragraph 111, A-CAP and King lack knowledge or information sufficient to form a belief as to the truth of any such allegation, and on that basis deny it. To the extent Plaintiffs contend that a Paragraph 111 contains allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

112. Paragraph 112 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 112 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

113. Paragraph 113 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 113 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

114. To the extent Paragraph 114 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 114 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 114 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

115. Paragraph 115 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 115 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

116. Paragraph 116 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 116 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

117. To the extent Paragraph 117 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 117 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 117 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

118. To the extent Paragraph 118 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 118 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 118 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

119. Paragraph 119 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 119 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 119 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

120. Paragraph 120 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 120 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

121. To the extent Paragraph 121 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 121 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 121 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

122. To the extent Paragraph 122 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 122 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 concerning other individuals/entities, and on such basis deny them.

To the extent Paragraph 122 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

123. Paragraph 123 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 123 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

124. Paragraph 124 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 124 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

125. Paragraph 125 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 125 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

126. Paragraph 126 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 126 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

127. Paragraph 127 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 127 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

128. Paragraph 128 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 128 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

129. Paragraph 129 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 129 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

130. Paragraph 130 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 130 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

131. Paragraph 131 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 concerning other individuals/entities, and on such basis deny them. To the extent

Paragraph 131 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

132. Paragraph 132 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 132 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

133. Paragraph 133 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 133 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

134. A-CAP and King admit that the holding-company lender was Haymarket, an A-CAP affiliate. A-CAP and King further admit that Haymarket has been a senior secured lender to 777 Partners since February 2020 and holds a first-priority security interest in substantially all assets of 777 Partners. To the extent Paragraph 134 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 134 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 134 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

135. Paragraph 135 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 135 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

136. To the extent Paragraph 136 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 136 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 136 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

137. To the extent Paragraph 137 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 137 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 137 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

138. To the extent Paragraph 138 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King

respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 138 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 138 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

139. Paragraph 139 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 139 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

140. Paragraph 140 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 140 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

141. Paragraph 141 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 141 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

142. Paragraph 142 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 142 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 142 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

143. To the extent Paragraph 143 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 143 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 143 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

144. Paragraph 144 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 144 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

145. Paragraph 145 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 145 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

146. To the extent Paragraph 146 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King

respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 146 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 146 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

147. To the extent Paragraph 147 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 147 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 147 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

148. To the extent Paragraph 148 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 148 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 148 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

149. To the extent Paragraph 149 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 149 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 149 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

150. To the extent Paragraph 150 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 150 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 150 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

151. Paragraph 151 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 151 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

152. To the extent Paragraph 152 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King

respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 152 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 152 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

153. Paragraph 153 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 153 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

154. To the extent Paragraph 154 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 154 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 154 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

155. Paragraph 155 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 concerning other individuals/entities, and on such basis deny them. To the extent

Paragraph 155 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

156. To the extent Paragraph 156 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 156 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 156 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

157. Paragraph 157 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 157 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

158. Paragraph 158 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 158 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

159. To the extent Paragraph 159 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the

truth or admissibility thereof. Paragraph 159 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 159 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

160. To the extent Paragraph 160 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 160 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 160 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

161. To the extent Paragraph 161 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 161 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 161 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

162. To the extent Paragraph 162 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King

respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 162 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 162 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

163. To the extent Paragraph 163 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 163 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 163 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

164. To the extent Paragraph 164 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 164 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 164 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

165. To the extent Paragraph 165 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 165 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 165 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

166. To the extent Paragraph 166 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 166 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 166 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

167. To the extent Paragraph 167 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 167 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 concerning other individuals/entities, and on such basis deny them.

To the extent Paragraph 167 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

168. To the extent Paragraph 168 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 168 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 168 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

169. To the extent Paragraph 169 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 169 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 169 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

170. To the extent Paragraph 170 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 170 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 170 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 170 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

171. Paragraph 171 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 171 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

172. To the extent Paragraph 172 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 172 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 172 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

173. To the extent Paragraph 173 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 173 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 concerning other individuals/entities, and on such basis deny them.

To the extent Paragraph 173 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

174. To the extent Paragraph 174 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 174 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 174 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

175. Paragraph 175 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 175 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

176. To the extent Paragraph 176 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 176 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 176 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

177. To the extent Paragraph 177 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 177 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 177 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

178. To the extent Paragraph 178 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 178 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 178 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

179. To the extent Paragraph 179 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 179 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 concerning other individuals/entities, and on such basis deny them.

To the extent Paragraph 179 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

180. A-CAP and King deny the allegations in Paragraph 180 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 180 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 180 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 180 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

181. A-CAP and King deny the allegations in Paragraph 181 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 181quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 181 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph

181 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

182. A-CAP and King deny the allegations in Paragraph 182 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 182 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 182 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 182 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

183. A-CAP and King deny the allegations in Paragraph 183 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 183 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 183 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph

183 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

184. A-CAP and King deny the allegations in Paragraph 184 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 184 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 184 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 184 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

185. A-CAP and King deny the allegations in Paragraph 185 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 185 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 185 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph

185 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

186. A-CAP and King deny the allegations in Paragraph 186 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 186 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 186 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 186 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

187. A-CAP and King deny the allegations in Paragraph 187 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 187 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 187 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph

187 may be construed to contain allegations against A any A-CAP affiliate, including Haymarket, those allegations are denied.

188. A-CAP and King deny the allegations in Paragraph 188 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 188 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 188 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 188 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

189. A-CAP and King deny the allegations in Paragraph 189 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 189 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 189 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph

189 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

190. A-CAP and King deny the allegations in Paragraph 190 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 190 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 190 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 190 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

191. A-CAP and King admit only that, during the relevant period, King had communications with Wander, including participation in certain calls. A-CAP and King deny that any such communications constituted control over 777 Partners or any 777 Entity Defendant, or that King thereby assumed, directed, or participated in any obligation owed by 777 Partners or any other defendant to Plaintiffs. A-CAP and King further specifically deny that A-CAP or King improperly prevented, obstructed, directed, caused, or controlled 777 Partners' performance or non-performance of any alleged obligation to Plaintiffs; deny that King personally undertook, authorized, or participated in any actionable conduct giving rise to liability to Plaintiffs; and deny that King's alleged participation in calls, whether in a corporate capacity or otherwise, is sufficient to impose individual liability on him. To the extent Paragraph 191 quotes, summarizes, or

characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 191 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 191 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

192. A-CAP and King deny the allegations in Paragraph 192 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 192 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 192 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 192 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

193. Paragraph 193 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 193 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

194. A-CAP and King admit that, in or about April 2024, A-CAP requested that Josh Wander and Steven Pasko resign their positions and that 777 Partners appoint an independent chief restructuring officer, and that A-CAP proposed to 777 Partners four candidates identified by an outside firm, two of whom (Ian Ratner and Mark Shapiro of B. Riley) 777 Partners subsequently retained. A-CAP and King deny that A-CAP dictated any governance change or that A-CAP supervises or directs B. Riley's work. A-CAP and King deny the remaining allegations against them in Paragraph 194. To the extent Paragraph 194 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 194 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

195. A-CAP and King deny the allegations in Paragraph 195 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. To the extent Paragraph 195 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 195 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph

195 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

196. A-CAP and King deny the allegations in Paragraph 196. To the extent Paragraph 196 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

197. A-CAP and King deny the allegations in Paragraph 197. To the extent Paragraph 197 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

198. A-CAP and King deny the allegations in Paragraph 198 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 198 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

199. A-CAP and King deny the allegations in Paragraph 199 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 199 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

200. A-CAP and King deny the allegations in Paragraph 200 insofar as they are directed at or concern A-CAP or King, and specifically deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs. A-CAP and King deny any other allegations in Paragraph 200 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 concerning

other individuals/entities, and on such basis deny them. To the extent Paragraph 200 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

201. A-CAP and King admit that, in or around March 2023, A-CAP and 777 Partners negotiated and executed an agreement under which 777 Partners agreed to provide information and reporting regarding its compliance with the HoldCo Loan. That agreement speaks for itself, and A-CAP refers the Court to it for its complete and accurate contents. A-CAP and King deny that any oversight or monitoring by A-CAP personnel constituted improper control of 777 Partners or participation in any wrongdoing; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. To the extent Paragraph 201 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 201 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 201 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

202. A-CAP and King deny that any oversight or monitoring by A-CAP personnel constituted improper control of 777 Partners or participation in any wrongdoing; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. To the extent Paragraph 202 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility

thereof. A-CAP and King deny any other allegations in Paragraph 202 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 202 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

203. A-CAP and King deny that any oversight or monitoring by A-CAP personnel constituted improper control of 777 Partners or participation in any wrongdoing; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. To the extent Paragraph 203 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 203 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 203 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

204. Paragraph 204 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 204 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

205. A-CAP and King admit only the existence of litigation involving Jorge Beruff and Juan Arciniegas. To the extent Paragraph 205 quotes, summarizes, or characterizes documents,

communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 205 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 205 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

206. A-CAP and King admit only the existence of litigation involving Jorge Beruff and Juan Arciniegas. To the extent Paragraph 206 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 206 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 206 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

207. A-CAP and King admit only the existence of litigation involving Jorge Beruff and Juan Arciniegas. To the extent Paragraph 207 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 207 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 concerning other individuals/entities, and on such basis deny

them. To the extent Paragraph 207 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

208. A-CAP and King deny that any oversight or monitoring by A-CAP personnel constituted improper control of 777 Partners or participation in any wrongdoing; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. To the extent Paragraph 208 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 208 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 208 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

209. A-CAP and King deny the allegations in Paragraph 209 against them. To the extent Paragraph 209 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 209 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

210. A-CAP and King deny the allegations in Paragraph 210. To the extent Paragraph 210 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

211. A-CAP and King admit that, in 2023, A-CAP was willing to consider a junior lien in favor of Leadenhall on 777 Partners' holding-company assets subject to Haymarket's senior lien and permitted Leadenhall to review the relevant loan documents. A-CAP and King deny that any such proposal originated with A-CAP. A-CAP and King deny any other allegations in Paragraph 211 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 211 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

212. A-CAP and King admit that Michael Saliba, A-CAP's Chief Operating Officer, participated in communications with Leadenhall during 2023 concerning an alleged deficiency in the collateral pledged to Leadenhall under the LSA. A-CAP and King deny Plaintiffs' characterization of Mr. Saliba's reaction and deny that A-CAP knew of or was in the know regarding any double-pledging. A-CAP and King deny any other allegations in Paragraph 212 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 212 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

213. A-CAP and King admit that A-CAP engaged in discussions with Leadenhall concerning the alleged collateral deficiency from late 2023 until this action was filed. A-CAP and King deny that A-CAP did so to prevent Leadenhall from pursuing legal remedies and deny that

A-CAP strung Leadenhall along or knew that any repayment plan would not be performed. A-CAP and King deny the remaining allegations in Paragraph 213 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 213 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

214. A-CAP and King deny that A-CAP or King directed 777 Partners not to repay Leadenhall or to divert funds elsewhere. To the extent Paragraph 214 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 214 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 214 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

215. To the extent Paragraph 215 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King admit that, in or around March 2023, A-CAP and 777 Partners negotiated and executed an agreement under which 777 Partners agreed to provide information and reporting regarding its compliance with the HoldCo Loan. That agreement speaks for itself, and A-CAP refers the Court to it for its complete and accurate contents. A-CAP and King deny that any actions by A-CAP or its affiliates were anything other than common,

commercially reasonable steps taken by a secured lender to preserve the value of its collateral. A-CAP denies any other allegation against it in Paragraph 215. Paragraph 215 does not contain allegations against King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 215 may be construed to contain allegations against King or any A-CAP affiliate, including Haymarket, those allegations are denied.

216. A-CAP and King admit that Leadenhall proposed that Paul Kosinski, a former SuttonPark officer, review the collateral pledged to Leadenhall. To the extent Paragraph 216 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any actions by A-CAP or its affiliates were anything other than common, commercially reasonable steps taken by a secured lender to preserve the value of its collateral. A-CAP denies the allegations against it in Paragraph 216. Paragraph 216 does not contain allegations against King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 216 may be construed to contain allegations against King or any A-CAP affiliate, including Haymarket, those allegations are denied.

217. To the extent Paragraph 217 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied. To the extent Paragraph 217 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility

thereof. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 concerning other individuals/entities, and on such basis deny them.

218. A-CAP and King deny the allegation that A-CAP appointed B. Riley. To the extent Paragraph 218 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 218 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 218 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

219. A-CAP and King deny the allegations in Paragraph 219. To the extent Paragraph 219 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied. To the extent Paragraph 219 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof.

220. A-CAP and King deny that any rights exercised by A-CAP or its affiliates were anything other than common, commercially reasonable step taken by a secured lender to preserve the value of its collateral. To the extent Paragraph 220 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without

admitting the truth or admissibility thereof. A-CAP and King deny the allegations in Paragraph 220. To the extent Paragraph 220 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

221. A-CAP and King admit that Haymarket negotiated and, ultimately, agreed to provide a secured loan to JARM Capital LLC. A-CAP and King deny that any rights exercised by A-CAP or its affiliates were anything other than common, commercially reasonable step taken by a secured lender to preserve the value of its collateral. To the extent Paragraph 221 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 221 against them or any A-CAP affiliate, including Haymarket. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 concerning other individuals/entities, and on such basis deny them.

222. A-CAP and King admit that Haymarket negotiated and, ultimately, agreed to provide a secured loan to JARM Capital LLC. To the extent Paragraph 222 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 222 against them or any A-CAP affiliate, including Haymarket. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 concerning other individuals/entities, and on such basis deny them.

223. A-CAP and King admit that the JARM loan documents were amended from time to time. To the extent Paragraph 223 quotes, summarizes, or characterizes documents,

communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 223 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 223 may be construed to contain other allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

224. A-CAP and King deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor. A-CAP and King admit only that certain A-CAP affiliates, including Haymarket, are senior secured lenders to 777 Partners, 600 Partners, and certain of their affiliates pursuant to written loan and security documents, which speak for themselves. A-CAP and King deny any other allegations in Paragraph 224 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 224 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

225. A-CAP and King admit that, on March 4, 2024, King sent an email notifying Leadenhall that, as "a result [of] (among other things) pressures from the rating agencies and regulators," changes would be necessary and that such changes included that "the JARM Note will be consolidated into the Holdco facility in response to AM Best and regulator feedback." A-CAP and King deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs; deny that any lending transaction, lien, amendment, or

consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. To the extent Paragraph 225 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny Plaintiffs' characterization of the documents and the transactions. A-CAP and King deny any other allegations in Paragraph 225 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 225 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

226. A-CAP and King deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor. A-CAP and King deny any other allegations in Paragraph 226 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 226 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

227. A-CAP and King deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor. To

the extent Paragraph 227 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 227 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 227 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

228. A-CAP and King deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor. To the extent Paragraph 228 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 228 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 228 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

229. A-CAP and King admit that A-CAP affiliates made protective advances to certain 777 Partners portfolio companies. A-CAP and King deny that any protective advance made by A-CAP or its affiliates was anything other than common, commercially reasonable step taken by a secured lender to preserve the value of its collateral. To the extent Paragraph 229 quotes,

summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 229 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 229 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

230. A-CAP and King deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re. To the extent Paragraph 230 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 230 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 230 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

231. To the extent Paragraph 231 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 231 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 231 concerning other individuals/entities, and on such basis deny them.

To the extent Paragraph 231 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

232. Paragraph 232 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 232 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

233. A-CAP and King deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re, which are governed by written agreements that speak for themselves; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. A-CAP and King deny any other allegations in Paragraph 233 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 233 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

234. A-CAP and King deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re, which are governed by written agreements that speak for themselves; and deny that A-CAP or King obtained any improper benefit or was enriched at Plaintiffs' expense. A-CAP and King deny any other allegations in Paragraph 234 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 234 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

235. Paragraph 235 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 235 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

236. To the extent Paragraph 236 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King admit that Haymarket and 777 Re are parties to reinsurance agreements structured on a modified coinsurance basis, under which the assets supporting the reinsured liabilities remained on Haymarket's balance sheet. A-CAP and King deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs. A-CAP and King deny any other allegations in Paragraph 236 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 236 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

237. To the extent Paragraph 237 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny Plaintiffs' characterization of the reinsurance

arrangements involving A-CAP's affiliates and 777 Re; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs. A-CAP and King deny any other allegations in Paragraph 237 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 237 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

238. To the extent Paragraph 238 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King admit that Haymarket and 777 Re are parties to reinsurance agreements structured on a modified coinsurance basis, under which the assets supporting the reinsured liabilities remained on Haymarket's balance sheet. A-CAP and King deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs. Paragraph 238 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 238 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

239. To the extent Paragraph 239 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King

respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re. A-CAP and King deny any other allegations in Paragraph 239 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 239 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

240. A-CAP and King deny that any oversight or monitoring by A-CAP personnel constituted improper control of 777 Partners or participation in any wrongdoing; and deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral. To the extent Paragraph 240 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 240 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 240 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

241. A-CAP and King deny that any oversight or monitoring by A-CAP personnel constituted improper control of 777 Partners or participation in any wrongdoing; and deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect

anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral. To the extent Paragraph 241 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King admit that 777 Partners' and its affiliates owed—and still owe—substantial amounts to A-CAP and its affiliates, and deny any other allegations in Paragraph 241 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 241 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

242. A-CAP and King admit only that certain A-CAP subsidiaries provided financing via secured loans to 777 Partners and certain of its subsidiaries pursuant to underlying and duly negotiated agreements, which speak for themselves. A-CAP and King deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs, and that A-CAP or King dominated, controlled, or exercised improper control over 777 Partners or any 777 Entity Defendant. To the extent Paragraph 242 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete

and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 242 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 242 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

243. A-CAP and King admit only that certain A-CAP affiliates, including Haymarket, are senior secured lenders to 777 Partners, 600 Partners, and certain of their affiliates pursuant to written loan and security documents, which speak for themselves. A-CAP and King deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor; deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re, which are governed by written agreements that speak for themselves; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs. To the extent Paragraph 243 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 243 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 concerning other individuals/entities,

and on such basis deny them. To the extent Paragraph 243 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

244. A-CAP and King deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs; deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing; and deny that A-CAP or King obtained any improper benefit or was enriched at Plaintiffs' expense. To the extent Paragraph 244 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 244 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 244 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

245. A-CAP and King deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re, which are governed by written agreements that speak for themselves; deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs; deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing; and deny that A-CAP or King obtained any improper benefit or was enriched at Plaintiffs' expense. To the extent Paragraph 245 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility

thereof. A-CAP and King deny any other allegations in Paragraph 245 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 245 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

246. A-CAP and King deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re, which are governed by written agreements that speak for themselves; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs; deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing; and deny that A-CAP or King obtained any improper benefit or was enriched at Plaintiffs' expense. To the extent Paragraph 246 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. King admits that he has had, from time to time, a personal stake in certain assets purchased by 777 Partners, including a stake in Flair Airlines. A-CAP and King deny any other allegations in Paragraph 246 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 246 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

247. Paragraph 247 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 247 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

248. To the extent Paragraph 248 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 248 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 248 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

249. To the extent Paragraph 249 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 249 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 249 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 249 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

250. To the extent Paragraph 250 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 250 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 250 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 250 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

251. Paragraph 251 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 251 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 251 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

252. To the extent Paragraph 252 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 252 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 252 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 252 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

253. Paragraph 253 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 253 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 253 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

254. To the extent Paragraph 254 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 254 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 254 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 254 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

255. To the extent Paragraph 255 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 255 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 255 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 255 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

256. Paragraph 256 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 256 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 256 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

257. A-CAP and King deny that any oversight or monitoring by A-CAP personnel constituted improper control of 777 Partners or participation in any wrongdoing; deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs; deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing; and deny that A-CAP or King obtained any improper benefit or was enriched at Plaintiffs' expense. To the extent Paragraph 257 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King deny any other allegations in Paragraph 257 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 257 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 257 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

258. Paragraph 258 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 258 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

259. A-CAP and King deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral. A-CAP and King deny any other allegations in Paragraph 259 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 259 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

260. To the extent Paragraph 260 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 260 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 260 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

261. A-CAP and King deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. To the extent Paragraph 261 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and

King deny any other allegations in Paragraph 261 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 261 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

262. To the extent Paragraph 262 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 262 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 262 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 262 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

263. To the extent Paragraph 263 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 263 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 263 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

264. To the extent Paragraph 264 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 264 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 264 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 264 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

265. Paragraph 265 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 265 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 265 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

266. To the extent Paragraph 266 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 266 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 266 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

267. To the extent Paragraph 267 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 267 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 267 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 267 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

268. To the extent Paragraph 268 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 268 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 268 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

269. A-CAP and King admit that certain A-CAP affiliates advanced capital to support 777 Partners' proposed acquisition of Everton consistent with underlying agreements and obligations. A-CAP and King deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; deny that A-CAP or King

participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. To the extent Paragraph 269 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King deny any other allegations in Paragraph 269 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 269 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 269 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

270. To the extent Paragraph 270 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King admit that certain A-CAP affiliates agreed to provide funding for the proposed acquisition of Everton consistent with underlying agreements and obligations. A-CAP and King deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs; and deny that King personally

directed, participated in, or had knowledge of any fraud or wrongdoing. A-CAP and King deny any other allegations in Paragraph 270 against A-CAP, King, or any A-CAP affiliate, including Haymarket. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 270 concerning other individuals/entities, and on such basis deny them.

271. A-CAP and King deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs. To the extent Paragraph 271 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King deny any other allegations in Paragraph 271 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 271 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

272. A-CAP and King deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs; and deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its

collateral. To the extent Paragraph 272 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King deny any other allegations in Paragraph 272 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 272 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

273. To the extent Paragraph 273 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 273 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 273 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 273 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied..

274. To the extent Paragraph 274 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 274 does not contain allegations against

A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 274 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 274 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

275. To the extent Paragraph 275 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 275 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 275 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 275 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

276. A-CAP and King deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. A-CAP and King deny any other allegations in Paragraph 276 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 276 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 276 may be construed

to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

277. A-CAP and King deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re, which are governed by written agreements that speak for themselves; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs, and that A-CAP or King dominated, controlled, or exercised improper control over 777 Partners or any 777 Entity Defendant; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. To the extent Paragraph 277 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King deny any other allegations in Paragraph 277 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 277 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 277 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

278. A-CAP and King deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re, which are governed by written agreements that speak for themselves; and deny that A-CAP or King participated in, directed, facilitated, or had

knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs, and that A-CAP or King dominated, controlled, or exercised improper control over 777 Partners or any 777 Entity Defendant. A-CAP and King deny any other allegations in Paragraph 278 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 278 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

279. To the extent Paragraph 279 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 279 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 279 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

280. A-CAP and King deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. To the extent Paragraph 280 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or

may be accepted for the truth of its contents. A-CAP and King deny any other allegations in Paragraph 280 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 280 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

281. A-CAP and King deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. To the extent Paragraph 281 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King admit that AM Best downgraded A-CAP's credit rating, which A-CAP and its subsidiaries properly objected to. A-CAP and King deny any other allegations in Paragraph 281 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 281 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

282. To the extent Paragraph 282 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King admit that A-CAP's insurance company

subsidiaries decided to recapture the insurance liabilities ceded to 777 Re, and that those recaptures stemmed from deteriorating conditions at 777 Partners and its affiliates, including failure to meet certain financial obligations. A-CAP and King deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re, which are governed by written agreements that speak for themselves; deny that A-CAP's or its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. A-CAP and King deny any other allegations in Paragraph 282 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 282 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

283. To the extent Paragraph 283 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King specifically deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re, which are governed by written agreements that speak for themselves; deny that A-CAP's or its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs; deny that King personally directed,

participated in, or had knowledge of any fraud or wrongdoing; and deny that A-CAP or King obtained any improper benefit or was enriched at Plaintiffs' expense. A-CAP and King deny any other allegations in Paragraph 283 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 283 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

284. A-CAP and King deny Plaintiffs' characterization of the reinsurance arrangements involving A-CAP's affiliates and 777 Re, which are governed by written agreements that speak for themselves; deny that A-CAP's or its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; deny Plaintiffs' characterization of A-CAP's filings in this action, which were a legitimate exercise of A-CAP's rights and which speak for themselves; deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs; deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing; and deny that A-CAP or King obtained any improper benefit or was enriched at Plaintiffs' expense. To the extent Paragraph 284 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 287 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284 concerning other individuals/entities, and on such basis deny them. To the extent

Paragraph 284 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

285. To the extent Paragraph 285 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 285 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 285 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

286. To the extent Paragraph 286 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 286 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 286 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 286 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

287. A-CAP and King admit that A-CAP affiliates made protective advances to certain 777 Partners portfolio companies. A-CAP and King deny that any protective advance made by A-CAP or its affiliates was anything other than common, commercially reasonable step taken by a

secured lender to preserve the value of its collateral; deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs; deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor; and deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral. To the extent Paragraph 287 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 287 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 287 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

288. To the extent Paragraph 288 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 288 does not contain allegations against A-CAP and King. To the extent Paragraph 288 may be construed to contain allegations against A-CAP and King, A-CAP and King deny such allegations including any allegations that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs; deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was

an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor; and deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 288 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

289. A-CAP and King deny that any oversight or monitoring by A-CAP personnel constituted improper control of 777 Partners or participation in any wrongdoing; deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs. To the extent Paragraph 289 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP admits that it exercised its contractual remedies as a secured creditor consistent with underlying agreements and obligations. A-CAP and King deny any other allegations in Paragraph 289 against

them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 289 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

290. A-CAP and King admit that Moelis & Company was retained in connection with A-CAP and its affiliates' legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral. A-CAP and King deny that any oversight or monitoring by A-CAP personnel constituted improper control of 777 Partners or participation in any wrongdoing; deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs. A-CAP and King deny any other allegations in Paragraph 290 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 290 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

291. A-CAP and King deny Plaintiffs' characterization of A-CAP and its affiliates' legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; deny that any oversight or monitoring by A-CAP personnel constituted improper control

of 777 Partners or participation in any wrongdoing; deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs. A-CAP and King admit that certain A-CAP subsidiaries advanced funding to 777 Partners and its affiliates pursuant to underlying agreements and obligations. A-CAP and King deny any other allegations in Paragraph 291 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 291 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

292. A-CAP and King deny Plaintiffs' characterization of A-CAP and its affiliates' legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; deny that any oversight or monitoring by A-CAP personnel constituted improper control of 777 Partners or participation in any wrongdoing; deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that A-CAP or King participated in,

directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs. A-CAP and King admit that certain A-CAP subsidiaries advanced funding to 777 Partners and its affiliates pursuant to underlying agreements and obligations. A-CAP and King deny any other allegations in Paragraph 292 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 292 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 292 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

293. A-CAP and King deny that any oversight or monitoring by A-CAP personnel constituted improper control of 777 Partners or participation in any wrongdoing; deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs. To the extent Paragraph 293 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King deny any other allegations in Paragraph 293 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293

concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 293 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

294. A-CAP and King deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs, and that A-CAP or King dominated, controlled, or exercised improper control over 777 Partners or any 777 Entity Defendant. To the extent Paragraph 294 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King deny any other allegations in Paragraph 294 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 294 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

295. A-CAP and King deny that A-CAP or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs. To the extent Paragraph 295 quotes,

summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King deny any other allegations in Paragraph 295 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 295 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

296. A-CAP and King deny that any lending transaction, lien, amendment, or consolidation involving A-CAP's affiliates was an insider transaction, lacked adequate consideration, or was undertaken to hinder, delay, or defraud Plaintiffs or any other creditor; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; and deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs, and that A-CAP or King dominated, controlled, or exercised improper control over 777 Partners or any 777 Entity Defendant. To the extent Paragraph 296 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King deny any other allegations in Paragraph 296 against them. A-CAP and King deny

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 296 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

297. A-CAP and King deny the allegations in Paragraph 297. To the extent Paragraph 297 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

298. A-CAP and King deny the allegations against them in Paragraph 298. To the extent Paragraph 298 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 298 may be construed to contain allegations against A- any A-CAP affiliate, including Haymarket, those allegations are denied.

299. A-CAP and King deny the allegations in Paragraph 299 against them. To the extent Paragraph 299 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 299 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 299 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

300. A-CAP and King deny the allegations against them in Paragraph 300. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 300 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

301. A-CAP and King deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral. A-CAP and King deny any other allegations in Paragraph 301 against them. To the extent Paragraph 301 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 301, and on that basis deny them. To the extent Paragraph 301 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

302. To the extent Paragraph 302 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 302 does not contain allegations against

A-CAP and King. To the extent Paragraph 302 may be construed to contain allegations against A-CAP and King, A-CAP and King deny such allegations, including any allegations that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs, and that A-CAP or King dominated, controlled, or exercised improper control over 777 Partners or any 777 Entity Defendant; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. A-CAP's participation in restructuring and related discussions was the legitimate conduct of a senior secured creditor protecting its contractual rights. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 302 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 302 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

303. A-CAP and King deny that A-CAP or King improperly prevented, obstructed, or directed 777 Partners' performance of its obligations to Plaintiffs; deny that A-CAP's or any of its affiliates' actions with respect to any 777 Partners portfolio assets reflect anything other than the legitimate exercise of the rights of a secured creditor seeking to protect and realize upon its collateral; deny that A-CAP or King participated in, directed, facilitated, or had knowledge of any fraud, double-pledging, forged or altered documents, or misrepresentations to Plaintiffs, and that A-CAP or King dominated, controlled, or exercised improper control over 777 Partners or any 777

Entity Defendant; and deny that King personally directed, participated in, or had knowledge of any fraud or wrongdoing. A-CAP's participation in restructuring and related discussions was the legitimate conduct of a senior secured creditor protecting its contractual rights. To the extent Paragraph 303 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King deny any other allegations in Paragraph 303 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 303 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 303 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

304. To the extent Paragraph 304 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 304 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 304 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 304 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

305. A-CAP and King admit only that, at relevant times, A-CAP's website contained a reference to A-CAP's "credit mix" with a chart dated "as of Q1 2022" and stated that, "as of

12/31/21, ACM manages $4.9B of assets." The website speaks for itself, and A-CAP and King respectfully refer the Court to it for its complete and accurate contents without admitting Plaintiffs' characterization of it or any implication drawn from it. A-CAP and King deny any other allegations in Paragraph 305 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 305 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 305 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

306. To the extent Paragraph 306 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 306 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 306 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 306 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

307. To the extent Paragraph 307 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 307 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 307 concerning other individuals/entities, and on such

basis deny them. To the extent Paragraph 307 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

308. Paragraph 308 improperly lumps together unspecified "Defendants" and attributes alleged conduct of 777 Partners and its affiliates to A-CAP and King without adequately alleging facts as to A-CAP or King specifically. To the extent Paragraph 308 purports to attribute to A-CAP or King any insolvency, opacity, wrongdoing, or conduct of 777 Partners or any other defendant or nonparty, those allegations are denied. To the extent Paragraph 308 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. A-CAP and King deny any other allegations in Paragraph 308 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 308 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 308 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

309. To the extent Paragraph 309 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny that any such published report is accurate or may be accepted for the truth of its contents. Paragraph 309 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 309 concerning other individuals/entities, and on such

basis deny them. To the extent Paragraph 309 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

310. A-CAP and King deny the allegations in Paragraph 310. To the extent Paragraph 310 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

311. To the extent Paragraph 311 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. Paragraph 311 does not contain allegations against A-CAP and King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311 concerning other individuals/entities, and on such basis deny them. To the extent Paragraph 311 may be construed to contain allegations against A-CAP, King, or any A-CAP affiliate, including Haymarket, those allegations are denied.

312. A-CAP and King deny the allegations in Paragraph 312. To the extent Paragraph 312 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

**FIRST CLAIM FOR RELIEF**
(Breach of LSA)

313. A-CAP and King repeat and incorporate by reference their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

314. Paragraph 314 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 314 quotes, summarizes, or characterizes

documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 314 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 314 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 314 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

315. Paragraph 315 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 315 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 315 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 315 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 315 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

316. Paragraph 316 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any

777 Entity Defendant. To the extent Paragraph 316 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 316 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 316 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 316 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

317. Paragraph 317 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 317 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 317 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 317 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 317 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

318. Paragraph 318 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 318 insofar as

they are directed at or concern A-CAP or King. A-CAP and King specifically deny that they are parties to, or have any obligations or liability under, the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. A-CAP and King deny any other allegations in Paragraph 318 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 318 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 318 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

319. Paragraph 319 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 319 insofar as they are directed at or concern A-CAP or King. A-CAP and King specifically deny that they are parties to, or have any obligations or liability under, the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 319 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 319 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 319 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 319 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

320. Paragraph 320 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 320 insofar as

they are directed at or concern A-CAP or King. A-CAP and King specifically deny that they are parties to, or have any obligations or liability under, the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 320 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 320 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 320 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 320 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

321. Paragraph 321 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 321 insofar as they are directed at or concern A-CAP or King. A-CAP and King specifically deny that they are parties to, or have any obligations or liability under, the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 321 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 321 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 321 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled

to any relief against them. To the extent Paragraph 321 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

322. Paragraph 322 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that A-CAP or King is liable for any alleged breach of the LSA; deny that A-CAP or King exercised "excessive and improper control" over any Guarantor, Seller, Servicer, or Borrower; deny that any alleged "all-asset liens" or other rights of A-CAP or its affiliates gave rise to liability to Plaintiffs; and deny that A-CAP or King is the alter ego of, or otherwise responsible for the acts or obligations of, any other defendant. To the extent Paragraph 322 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 322 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 322 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 322 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

323. Paragraph 323 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 323 insofar as they are directed at or concern A-CAP or King. A-CAP and King specifically deny that they are parties to, or have any obligations or liability under, the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 323 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak

for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 323 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 323 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 323 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

**SECOND CLAIM FOR RELIEF**
(Breach of Sale Agreement)

324. A-CAP and King repeat and incorporate by reference their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

325. Paragraph 325 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the Sale Agreements, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 325 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 325 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 325 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 325 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

326. Paragraph 326 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the Sale Agreements, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 326 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 326 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 326 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 326 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

327. Paragraph 327 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the Sale Agreements, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 327 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 327 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 327 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against

them. To the extent Paragraph 327 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

328. Paragraph 328 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the Sale Agreements, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 328 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 328 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 328 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 328 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

329. Paragraph 329 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the Sale Agreements, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 329 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 329 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329 concerning other individuals/entities,

and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 329 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

330. Paragraph 330 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the Sale Agreements, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 330 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 330 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 330 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 330 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

331. Paragraph 331 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 331. To the extent Paragraph 331 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 331 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 331 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny

that Plaintiffs are entitled to any relief against them. To the extent Paragraph 331 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

332. Paragraph 332 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that A-CAP or King is liable for any alleged breach of the Sale Agreements; deny that A-CAP or King exercised "excessive and improper control" over any Guarantor, Seller, Servicer, or Borrower; deny that any alleged "all-asset liens" or other rights of A-CAP or its affiliates gave rise to liability to Plaintiffs; and deny that A-CAP or King is the alter ego of, or otherwise responsible for the acts or obligations of, any other defendant. To the extent Paragraph 332 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 332 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 332 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 332 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

**THIRD CLAIM FOR RELIEF**
(Breach of Servicing Agreement and LSA)

333. A-CAP and King repeat and incorporate by reference their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

334. Paragraph 334 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations

or liability under, the Servicing Agreements and the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 334 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 334 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 334 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 334 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

335. Paragraph 335 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 335, and on that basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 335 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

336. Paragraph 336 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the Servicing Agreements and the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 336 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any

other allegations in Paragraph 336 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 336 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 336 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

337. Paragraph 337 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the Servicing Agreements and the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 337 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 337 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 337 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 337 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

338. Paragraph 338 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 338 insofar as they are directed at or concern A-CAP or King. A-CAP and King specifically deny that they are parties to, or have any obligations or liability under, the Servicing Agreements and the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. The Servicing Agreements and the LSA speak for themselves, and A-CAP and King deny any

characterization inconsistent with their terms. A-CAP and King deny any other allegations in Paragraph 338 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 338 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 338 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

339. Paragraph 339 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the Servicing Agreements and the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 339 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 339 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 339 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 339 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

340. Paragraph 340 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the Servicing Agreements and the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 340 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak

for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 340 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 340 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 340 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

341. Paragraph 341 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the Servicing Agreements and the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 341 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 341 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 341 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 341 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

342. Paragraph 342 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that they are parties to, or have any obligations or liability under, the Servicing Agreements and the LSA, and deny that they are alter egos of 777 Partners, 600 Partners, or any 777 Entity Defendant. To the extent Paragraph 342 quotes,

summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 342 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 342 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 342 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

343. Paragraph 343 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 343, and on that basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 343 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

344. Paragraph 344 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 344, and on that basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 344 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

345. Paragraph 345 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny that A-CAP or King is liable for any alleged breach of the Servicing Agreements or the LSA; deny that A-CAP or King exercised "excessive

and improper control" over any Guarantor, Seller, Servicer, or Borrower; deny that any alleged "all-asset liens" or other rights of A-CAP or its affiliates gave rise to liability to Plaintiffs; and deny that A-CAP or King is the alter ego of, or otherwise responsible for the acts or obligations of, any other defendant. To the extent Paragraph 345 quotes, summarizes, or characterizes documents, communications, and recordings, those materials speak for themselves, and A-CAP and King respectfully refer the Court to them for their complete and accurate contents without admitting the truth or admissibility thereof. A-CAP and King deny any other allegations in Paragraph 345 against them. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 345 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 345 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

**FOURTH CLAIM FOR RELIEF**
(Breach of Guaranty Agreement)

346. A-CAP and King repeat and incorporate by reference their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

347. The Fourth Claim for Relief is not asserted against A-CAP or King, and therefore no response to Paragraph 347 is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 347 insofar as they concern A-CAP, King, or any A-CAP affiliate, including Haymarket.

348. The Fourth Claim for Relief is not asserted against A-CAP or King, and therefore no response to Paragraph 348 is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 348 insofar as they concern A-CAP, King, or any A-CAP affiliate, including Haymarket.

349. The Fourth Claim for Relief is not asserted against A-CAP or King, and therefore no response to Paragraph 349 is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 349 insofar as they concern A-CAP, King, or any A-CAP affiliate, including Haymarket.

350. The Fourth Claim for Relief is not asserted against A-CAP or King, and therefore no response to Paragraph 350 is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 350 insofar as they concern A-CAP, King, or any A-CAP affiliate, including Haymarket.

351. The Fourth Claim for Relief is not asserted against A-CAP or King, and therefore no response to Paragraph 351 is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 351 insofar as they concern A-CAP, King, or any A-CAP affiliate, including Haymarket.

352. The Fourth Claim for Relief is not asserted against A-CAP or King, and therefore no response to Paragraph 352 is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 352 insofar as they concern A-CAP, King, or any A-CAP affiliate, including Haymarket.

353. The Fourth Claim for Relief is not asserted against A-CAP or King, and therefore no response to Paragraph 353 is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 353 insofar as they concern A-CAP, King, or any A-CAP affiliate, including Haymarket.

354. The Fourth Claim for Relief is not asserted against A-CAP or King, and therefore no response to Paragraph 354 is required. To the extent a response is required, A-CAP and King

deny the allegations in Paragraph 354 insofar as they concern A-CAP, King, or any A-CAP affiliate, including Haymarket.

355. The Fourth Claim for Relief is not asserted against A-CAP or King, and therefore no response to Paragraph 355 is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 355 insofar as they concern A-CAP, King, or any A-CAP affiliate, including Haymarket.

**FIFTH CLAIM FOR RELIEF**
(Civil RICO, 18 U.S.C. § 1962(c))

356. A-CAP and King repeat and incorporate by reference their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

357. Paragraph 357 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 357 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 357 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

358. Paragraph 358 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 358 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 358 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

359. Paragraph 359 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 359 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 359 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

360. Paragraph 360 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 360 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 360 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 360 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

361. Paragraph 361 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 361 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 361 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 361 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

362. Paragraph 362 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 362 insofar as

they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 362 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 362 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

363. Paragraph 363 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 363 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 363 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

364. Paragraph 364 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 364 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 364 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 364 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

365. Paragraph 365 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 365 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365 concerning other

individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 365 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

366. Paragraph 366 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 366 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 366 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 366 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

367. Paragraph 367 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 367 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 367 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 367 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

368. Paragraph 368 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 368 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 368 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled

to any relief against them. To the extent Paragraph 368 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

369. Paragraph 369 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 369 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 369 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 369 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

370. Paragraph 370 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 370 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 370 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 370 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

371. Paragraph 371 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 371 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 371 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 371 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

**SIXTH CLAIM FOR RELIEF**
(Civil RICO Conspiracy, 18 U.S.C. § 1962(d))

372. A-CAP and King repeat and incorporate by reference their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

373. Paragraph 373 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 373 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 373 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 373 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

374. Paragraph 374 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 374 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 374 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 374 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

375. Paragraph 375 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 375 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 375 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled

to any relief against them. To the extent Paragraph 375 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

376. Paragraph 376 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 376 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 376 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 376 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

377. Paragraph 377 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 377 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 377 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 377 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

378. Paragraph 378 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 378 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 378 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 378 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

379. Paragraph 379 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 379 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 379 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 379 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

380. Paragraph 380 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 380 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 380 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 380 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

381. Paragraph 381 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 381 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 381 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 381 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

382. Paragraph 382 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 382 insofar as

they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 382 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 382 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

383. Paragraph 383 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 383 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 383 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 383 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

## SEVENTH CLAIM FOR RELIEF
(Fraudulent Misrepresentation)

384. A-CAP and King repeat and incorporate by reference their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

385. Paragraph 385 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 385 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 385 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 385 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

386. Paragraph 386 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 386 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 386 concerning other individuals/entities, and on such basis To the extent Paragraph 386 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them.

387. Paragraph 387 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 387 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 387 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 387 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

388. Paragraph 388 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 388 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 388 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 388 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

**EIGHTH CLAIM FOR RELIEF**
(Civil Conspiracy to Commit Fraud)

389. A-CAP and King repeat and incorporate by reference their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

390. Paragraph 390 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 390 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 390 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 390 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

391. Paragraph 391 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 391 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 391 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 391 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

392. Paragraph 392 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 392 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 392 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled

to any relief against them. To the extent Paragraph 392 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

393. Paragraph 393 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 393 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 393 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 393 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

**NINTH CLAIM FOR RELIEF**
(Aiding and Abetting Fraud)

394. A-CAP and King repeat and incorporate by reference their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

395. Paragraph 395 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 395 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 395 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 395 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

396. Paragraph 396 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 396 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 396 concerning other

individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 396 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

397. Paragraph 397 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 397 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 397 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 397 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

398. Paragraph 398 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 398 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 398 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 398 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

## TENTH CLAIM FOR RELIEF
(Unjust Enrichment)

399. A-CAP and King repeat and incorporate by reference their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

400. Paragraph 400 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 400 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 400 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 400 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

401. Paragraph 401 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 401 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 401 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 401 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

402. Paragraph 402 states legal conclusions to which no response is required. To the extent a response is required, A-CAP and King deny the allegations in Paragraph 402 insofar as they are directed at or concern A-CAP or King. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 402 concerning other individuals/entities, and on such basis deny them. A-CAP and King deny that Plaintiffs are entitled to any relief against them. To the extent Paragraph 402 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

## ELEVENTH CLAIM FOR RELIEF
(Actual Fraudulent Transfer)

403. A-CAP and King repeat and incorporate by reference their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

404. The Eleventh Claim for Relief is not asserted against King, and therefore no response from King to Paragraph 404 is required. To the extent a response is required, King denies

the allegations in Paragraph 404 insofar as they concern King. Paragraph 404 states legal conclusions to which no response is required. To the extent a response is required, A-CAP denies the allegations in Paragraph 404 insofar as they are directed at or concern A-CAP. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 404 concerning other individuals/entities, and on such basis deny them. A-CAP denies that Plaintiffs are entitled to any relief against it. To the extent Paragraph 404 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

405. The Eleventh Claim for Relief is not asserted against King, and therefore no response from King to Paragraph 405 is required. To the extent a response is required, King denies the allegations in Paragraph 405 insofar as they concern King. Paragraph 405 states legal conclusions to which no response is required. To the extent a response is required, A-CAP denies the allegations in Paragraph 405 insofar as they are directed at or concern A-CAP. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 405 concerning other individuals/entities, and on such basis deny them. A-CAP denies that Plaintiffs are entitled to any relief against it. To the extent Paragraph 405 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

406. The Eleventh Claim for Relief is not asserted against King, and therefore no response from King to Paragraph 406 is required. To the extent a response is required, King denies the allegations in Paragraph 406 insofar as they concern King. Paragraph 406 states legal conclusions to which no response is required. To the extent a response is required, A-CAP denies the allegations in Paragraph 406 insofar as they are directed at or concern A-CAP. A-CAP and

King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 406 concerning other individuals/entities, and on such basis deny them. A-CAP denies that Plaintiffs are entitled to any relief against it. To the extent Paragraph 406 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

407. The Eleventh Claim for Relief is not asserted against King, and therefore no response from King to Paragraph 407 is required. To the extent a response is required, King denies the allegations in Paragraph 407 insofar as they concern King. Paragraph 407 states legal conclusions to which no response is required. To the extent a response is required, A-CAP denies the allegations in Paragraph 407 insofar as they are directed at or concern A-CAP. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 407 concerning other individuals/entities, and on such basis deny them. A-CAP denies that Plaintiffs are entitled to any relief against it. To the extent Paragraph 407 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

408. The Eleventh Claim for Relief is not asserted against King, and therefore no response from King to Paragraph 408 is required. To the extent a response is required, King denies the allegations in Paragraph 408 insofar as they concern King. Paragraph 408 states legal conclusions to which no response is required. To the extent a response is required, A-CAP denies the allegations in Paragraph 408 insofar as they are directed at or concern A-CAP. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 408 concerning other individuals/entities, and on such basis deny them. A-CAP denies that Plaintiffs are entitled to any relief against it. To the extent Paragraph 408 may be construed to

contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

**TWELFTH CLAIM FOR RELIEF**
(Constructive Fraudulent Transfer)

409. A-CAP and King repeat and incorporate by reference their responses to each of the foregoing paragraphs of the Complaint as if fully set forth herein.

410. The Twelfth Claim for Relief is not asserted against King, and therefore no response from King to Paragraph 410 is required. To the extent a response is required, King denies the allegations in Paragraph 410 insofar as they concern King. Paragraph 410 states legal conclusions to which no response is required. To the extent a response is required, A-CAP denies the allegations in Paragraph 410 insofar as they are directed at or concern A-CAP. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 410 concerning other individuals/entities, and on such basis deny them. A-CAP denies that Plaintiffs are entitled to any relief against it. To the extent Paragraph 410 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

411. The Twelfth Claim for Relief is not asserted against King, and therefore no response from King to Paragraph 411 is required. To the extent a response is required, King denies the allegations in Paragraph 411 insofar as they concern King. Paragraph 411 states legal conclusions to which no response is required. To the extent a response is required, A-CAP denies the allegations in Paragraph 411 insofar as they are directed at or concern A-CAP. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 411 concerning other individuals/entities, and on such basis deny them. A-CAP denies that Plaintiffs are entitled to any relief against it. To the extent Paragraph 411 may be construed to

contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

412. The Twelfth Claim for Relief is not asserted against King, and therefore no response from King to Paragraph 412 is required. To the extent a response is required, King denies the allegations in Paragraph 412 insofar as they concern King. Paragraph 412 states legal conclusions to which no response is required. To the extent a response is required, A-CAP denies the allegations in Paragraph 412 insofar as they are directed at or concern A-CAP. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 412 concerning other individuals/entities, and on such basis deny them. A-CAP denies that Plaintiffs are entitled to any relief against it. To the extent Paragraph 412 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

413. The Twelfth Claim for Relief is not asserted against King, and therefore no response from King to Paragraph 413 is required. To the extent a response is required, King denies the allegations in Paragraph 413 insofar as they concern King. Paragraph 413 states legal conclusions to which no response is required. To the extent a response is required, A-CAP denies the allegations in Paragraph 413 insofar as they are directed at or concern A-CAP. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 413 concerning other individuals/entities, and on such basis deny them. A-CAP denies that Plaintiffs are entitled to any relief against it. To the extent Paragraph 413 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

414. The Twelfth Claim for Relief is not asserted against King, and therefore no response from King to Paragraph 414 is required. To the extent a response is required, King denies the allegations in Paragraph 414 insofar as they concern King. Paragraph 414 states legal conclusions to which no response is required. To the extent a response is required, A-CAP denies the allegations in Paragraph 414 insofar as they are directed at or concern A-CAP. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 414 concerning other individuals/entities, and on such basis deny them. A-CAP denies that Plaintiffs are entitled to any relief against it. To the extent Paragraph 414 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

415. The Twelfth Claim for Relief is not asserted against King, and therefore no response from King to Paragraph 415 is required. To the extent a response is required, King denies the allegations in Paragraph 415 insofar as they concern King. Paragraph 415 states legal conclusions to which no response is required. To the extent a response is required, A-CAP denies the allegations in Paragraph 415 insofar as they are directed at or concern A-CAP. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 415 concerning other individuals/entities, and on such basis deny them. A-CAP denies that Plaintiffs are entitled to any relief against it. To the extent Paragraph 415 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

416. The Twelfth Claim for Relief is not asserted against King, and therefore no response from King to Paragraph 416 is required. To the extent a response is required, King denies the allegations in Paragraph 416 insofar as they concern King. Paragraph 416 states legal

conclusions to which no response is required. To the extent a response is required, A-CAP denies the allegations in Paragraph 416 insofar as they are directed at or concern A-CAP. A-CAP and King deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 416 concerning other individuals/entities, and on such basis deny them. A-CAP denies that Plaintiffs are entitled to any relief against it. To the extent Paragraph 416 may be construed to contain allegations against any A-CAP affiliate, including Haymarket, those allegations are denied.

## PRAYER FOR RELIEF

417. Paragraph 417 sets forth Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, A-CAP and King deny that Plaintiffs are entitled to any of the relief requested in Paragraph 417, including subparagraphs (a) through (i), or to any other relief whatsoever against A-CAP, King, or any A-CAP affiliate, including Haymarket.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof, persuasion, or production that they would not otherwise bear, and without conceding that any of the following must be pleaded as an affirmative defense, A-CAP and King assert the following defenses. Each defense is asserted as to every claim to which it may apply.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Corrected Amended Complaint fails, in whole or in part, to state a claim against A-CAP or King upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
(No Contractual Privity or Obligation)

A-CAP and King are not parties to, signatories of, guarantors under, or otherwise bound by the LSA, the Sale Agreements, the Servicing Agreements, the Pledge Agreements, or the Guaranty Agreement. A-CAP and King therefore cannot be held liable for breach of, or required performance under, contracts to which they are not parties, and the First, Second, Third, and Fourth Claims for Relief fail as against them.

**THIRD AFFIRMATIVE DEFENSE**
(Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiffs themselves engaged in conduct that contributed to or caused the very injuries they allege. Plaintiffs' own inequitable conduct includes concealing collateral deficiencies from, and diverting funds to the prejudice of, other secured creditors, including A-CAP and its affiliates, and foreclosing on collateral without notice to A-CAP or its affiliates.

**FOURTH AFFIRMATIVE DEFENSE**
(Waiver)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver, including to the extent Plaintiffs, after learning of alleged deficiencies, elected to continue funding, forbearing, negotiating, or otherwise proceeding without timely exercising remedies available to them.

**FIFTH AFFIRMATIVE DEFENSE**
(Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, to the extent Plaintiffs' own conduct, representations, accommodations, and forbearance after learning of alleged deficiencies misled others or are inconsistent with the relief they now seek.

**SIXTH AFFIRMATIVE DEFENSE**
(Ratification and Acquiescence)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs ratified and acquiesced in, or accepted the benefits and burdens of, conduct of which they now complain after becoming aware of the facts they allege.

**SEVENTH AFFIRMATIVE DEFENSE**
(Plaintiffs' Comparative Fault / Contributory Negligence / Culpable Conduct)

Plaintiffs' alleged injuries, if any, were caused or contributed to, in whole or in part, by Plaintiffs' own acts, omissions, and culpable conduct, including their failure to exercise reasonable diligence over their collateral and borrowing base, their failure to investigate or act upon deficiencies that were known or reasonably knowable to them, and their decision to continue funding, forbearing, and negotiating after learning of those deficiencies rather than exercising the remedies available to them. Any recovery must be barred, reduced, or apportioned accordingly to the extent permitted by law.

**EIGHTH AFFIRMATIVE DEFENSE**
(Responsibility of Others / Comparative Fault / Apportionment)

Plaintiffs' alleged injuries, if any, were caused by the acts or omissions of others, including other defendants and nonparties, and any recovery must be barred, reduced, or apportioned accordingly to the extent permitted by law.

**NINTH AFFIRMATIVE DEFENSE**
(Failure to Mitigate Damages)

Plaintiffs' claims are barred or their recovery must be reduced, in whole or in part, because Plaintiffs failed to take reasonable steps to mitigate their alleged damages, including by failing to

act promptly on known deficiencies in their collateral and by failing to exercise the remedies available to them under the governing agreements.

**TENTH AFFIRMATIVE DEFENSE**
(Setoff and Recoupment)

Any damages to which Plaintiffs may be entitled, which A-CAP and King deny, are subject to setoff in the amount of any sums owed by Plaintiffs to A-CAP or King. In the alternative, any such damages are subject to recoupment for amounts arising out of the same transactions and occurrences alleged in the Corrected Amended Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Lack of Cognizable Injury / Credit for Acquired Collateral)

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have not established a cognizable injury attributable to the conduct of A-CAP or King, and because any damages must be reduced by the value of the collateral Plaintiffs have recovered or will recover. In or about May 2025, Plaintiffs foreclosed upon and acquired the remaining Signal, Dorchester, and SuttonPark collateral by credit bid, together with a nominal cash payment of $1 per portfolio, which Plaintiffs represented on the record was "subject to further adjustment" as collections are made on the secured assets. Any recovery must give full credit for the value of that collateral, which Plaintiffs have valued in excess of $170 million.

**TWELFTH AFFIRMATIVE DEFENSE**
(Legitimate Creditor Conduct)

A-CAP's conduct and the conduct of its affiliates as senior secured lenders, including protective advances, oversight of investment decisions, participation in restructuring negotiations, and the exercise of contractual rights, constitutes legitimate creditor conduct and does not give rise to tort, RICO, or contract liability.

**THIRTEENTH AFFIRMATIVE DEFENSE**
(Statutes of Limitations and Repose)

Plaintiffs' claims are barred or limited, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

**FOURTEENTH AFFIRMATIVE DEFENSE**
(Lack of Proximate Causation)

Plaintiffs' claims fail because Plaintiffs have not alleged, and cannot demonstrate, that any conduct of A-CAP or King proximately caused Plaintiffs' alleged injuries. Plaintiffs' alleged losses arise from the alleged double-pledging of collateral and alleged misrepresentations made by others, which, by Plaintiffs' own account, began long before any alleged involvement by A-CAP or King.

**FIFTEENTH AFFIRMATIVE DEFENSE**
(Reasonably Equivalent Value and Ordinary Course)

Plaintiffs' fraudulent-transfer claims (Counts Eleven and Twelve) fail because the challenged transfers, obligations, and liens were made, incurred, or taken for fair consideration and reasonably equivalent value, in good faith, and/or in the ordinary course of business, and because A-CAP and any applicable affiliate took in good faith and for reasonably equivalent value. Counts Eleven and Twelve are governed by Florida's Uniform Fraudulent Transfer Act ("FUFTA"), Fla. Stat. § 726.101 et seq.; this defense is asserted under FUFTA, including its good-faith-transferee-for-value provisions, and, in the alternative, under the New York Debtor and Creditor Law.

**SIXTEENTH AFFIRMATIVE DEFENSE**
(No Alter Ego or Vicarious Liability)

A-CAP and King are not alter egos of 777 Partners, 600 Partners, or any of the 777 Entity Defendants, and cannot be held vicariously liable for those entities' conduct or obligations. Under Delaware law, including 6 Del. C. § 18-303, members and managers of a limited liability company are not personally liable for the company's debts, obligations, or liabilities solely by reason of being a member or acting as a manager.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
(Statutory Protection Against LLC Liability)

To the extent any claim seeks to impose liability on King solely by reason of status, ownership, or management role, such claim is barred, including under 6 Del. C. § 18-303, because members and managers of a Delaware limited liability company are not personally liable for the debts, obligations, or liabilities of the company solely by reason of being a member or acting as a manager.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
(Intervening and Superseding Causes)

Plaintiffs' damages, if any, were caused by the intervening and/or superseding acts of third parties over whom A-CAP and King had no control and for whom they are not responsible, including Wander, Pasko, and the 777 Entity Defendants.

**NINETEENTH AFFIRMATIVE DEFENSE**
(Lack of Standing / Real Party in Interest)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing, lack capacity, and/or are not the real parties in interest with respect to one or more claims and items of damages asserted. By Plaintiffs' own allegations, Leadenhall Capital Partners LLP sues only as

agent, investment manager, and administrative agent for the benefit of the lenders and their investors under the LSA, and Plaintiffs have not established their authority or capacity to assert, in their own names, each claim and category of relief pleaded.

**TWENTIETH AFFIRMATIVE DEFENSE**
(No Duty)

Plaintiffs' claims are barred, in whole or in part, because neither A-CAP nor King owed Plaintiffs any contractual, fiduciary, disclosure, or other duty cognizable under applicable law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
(Corporate Capacity / No Personal Participation)

The claims against King are barred, in whole or in part, because the acts alleged against him were undertaken, if at all, solely in his corporate capacity, and Plaintiffs have not adequately alleged or cannot establish any personal participation by King in actionable conduct giving rise to personal liability.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
(No Contractual Undertaking / No Basis for Injunctive Relief Against King)

King is not a party to, signatory of, or guarantor under any transaction document and did not undertake the obligations Plaintiffs seek to enforce. Plaintiffs therefore are not entitled to damages, specific performance, or injunctive relief against King based on such obligations.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
(Not a Proper Defendant as to Certain Counts)

One or more claims in the Corrected Amended Complaint fail as against King because those claims are not asserted against him, do not allege conduct by him sufficient to state a claim, and/or seek to impose obligations on him that he did not undertake.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
(No Lender Liability / No Assumption of Borrower or Guarantor Obligations)

Plaintiffs' claims against A-CAP are barred, in whole or in part, because A-CAP did not assume the obligations of any borrower, guarantor, seller, servicer, or other defendant, and the lawful exercise of creditor rights, oversight, negotiation, or participation in financing arrangements does not render A-CAP liable for the obligations or conduct of others.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
(Express Contract Bars Quasi-Contract Recovery)

Plaintiffs' unjust-enrichment claim (Count Ten) is barred because the subject matter of that claim is governed by contracts (including the LSA, the Sale Agreements, the Servicing Agreements, the Pledge Agreements, and the Guaranty Agreement) which preclude recovery in quasi-contract. A-CAP and King state that those agreements are valid and enforceable according to their terms as among their signatories, while denying that A-CAP or King is a party to, signatory of, alter ego under, or otherwise bound by any of them.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
(No Justifiable Reliance)

Plaintiffs' fraud-based claims (Counts Seven through Nine) are barred, in whole or in part, because Plaintiffs did not justifiably or reasonably rely on any statement, representation, or omission by A-CAP or King. Any reliance by Plaintiffs on the Compliance Reports or other materials prepared or transmitted by others is not attributable to A-CAP or King, and Plaintiffs' continued funding after learning of collateral deficiencies defeats any claim of reasonable reliance.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
(Duplicative Contract)

In the alternative, and only in the event A-CAP or King is held to be an alter ego of, or otherwise responsible for the obligations of, any contracting defendant, Plaintiffs' tort and quasi-contract claims are barred to the extent they are duplicative of Plaintiffs' contract claims and seek the same benefit-of-the-bargain damages arising from the same alleged conduct.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
(Plaintiffs Lack Standing to Assert Estate Claims; Automatic Stay)

Plaintiffs lack standing to assert, and are barred by the automatic stay from asserting, claims that are property of the bankruptcy estates of the Chapter 11 debtors (including 777 Partners LLC, 600 Partners LLC, SuttonPark Capital LLC, and SuttonPark Servicing LLC). The actual and constructive fraudulent-transfer claims (Counts Eleven and Twelve), and the alter-ego theory underlying the contract claims (Counts One through Three), are general to all creditors and, upon commencement of the Chapter 11 cases, became property of the estates enforceable only by the estates' representative, including under 11 U.S.C. § 544(b), and are subject to the automatic stay under 11 U.S.C. § 362.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
(Release)

Plaintiffs' claims are barred, in whole or in part, by release, including any pre-petition releases given to A-CAP by the Debtors, to the extent such releases bar the claims asserted against A-CAP or any estate-derivative claims.

**THIRTIETH AFFIRMATIVE DEFENSE**
(No Domestic Injury (RICO))

Plaintiffs' civil RICO claims (Counts Five and Six) are barred, in whole or in part, because Plaintiffs (foreign entities) have not suffered a domestic injury to business or property, as required to maintain a private civil RICO action.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**
(Commercially Unreasonable Disposition)

In the alternative, and only in the event A-CAP or King is held liable as an alter ego of, or otherwise responsible for the obligations of, any borrower or guarantor, any deficiency must be reduced or eliminated because Plaintiffs' May 2025 disposition of the collateral was not conducted in a commercially reasonable manner, as required by UCC §§ 9-610 and 9-626, as adopted in New York.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**
(No Basis for Equitable Relief Against A-CAP)

Plaintiffs are not entitled to injunctive or other equitable relief against A-CAP because they have an adequate remedy at law and because they hold no lien on, or equitable interest in, the assets they seek to reach, as the Court of Appeals recognized in vacating the injunction against the Guarantors' assets.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**
(No Double Recovery)

Plaintiffs are entitled to only one satisfaction for a single alleged loss and may not obtain duplicative or cumulative recovery of the same approximately $609.5 million loss under their contract, fraud, and treble-damages RICO theories.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**
(FUFTA Statutory Defenses to Insider-Preference Claims)

To the extent Plaintiffs' fraudulent-transfer claims attack the JARM obligation or any transfer as a preferential transfer to an insider for an antecedent debt, those claims are barred by the statutory defenses available under Florida's Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101 et seq., including that the challenged transfers were made in the ordinary course of business of the debtor and the insider, were made in exchange for new value given to the debtor, and/or resulted from a good-faith effort to rehabilitate the debtor.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**
(Reservation of Rights)

A-CAP and King have not knowingly or intentionally waived, and do not waive, any applicable defense. A-CAP and King will seek leave to amend this Answer pursuant to Federal Rule of Civil Procedure 15 to assert additional defenses if and as warranted by information developed in discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants Advantage Capital Holdings LLC and Kenneth King respectfully request that the Court enter judgment in their favor and against Plaintiffs as follows:

(a) dismissing the Corrected Amended Complaint, and each claim asserted therein, with prejudice, as against A-CAP and King, and denying all relief requested by Plaintiffs as against A-CAP and King;

(b) awarding A-CAP and King their costs and disbursements, including reasonable attorneys' fees, to the extent permitted by law or contract; and

(c) granting A-CAP and King such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, A-CAP and King hereby demand a trial by jury on all claims and issues so triable.

Dated: October 20, 2026
New York, New York

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: *<u>/s/ Phara A. Guberman</u>*
Phara A. Guberman
David Jordan (admitted pro hac vice)
F. Phillip Hosp (admitted pro hac vice)
Andrew A. Howell (admitted pro hac vice)
90 Park Avenue
New York, New York 10016-1314
Telephone: (212) 338-3514
Facsimile: (212) 687-2329
phara.guberman@foley.com
djordan@foley.com
phosp@foley.com
ahowell@foley.com

*Counsel for Defendants Advantage Capital Holdings LLC and Kenneth King*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, I caused a true and correct copy of the foregoing Answer and Affirmative Defenses of Advantage Capital Holdings LLC and Kenneth King to Plaintiffs' Corrected Amended Complaint to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic service in this action. I further certify that any party not registered to receive electronic notice through the CM/ECF system will be served in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

Dated: October 20, 2026
New York, New York

*/s/ Phara A. Guberman*
Phara A. Guberman