**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEADENHALL CAPITAL PARTNERS LLP and LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOSH WANDER, STEVEN PASKO, KENNETH KING, 777 PARTNERS LLC, 600 PARTNERS LLC, SPLCSS III LLC, SIGNAL SML 4 LLC, INSURETY AGENCY SERVICES LLC, DORCHESTER RECEIVABLES II LLC, SUTTONPARK CAPITAL LLC, SIGNAL MEDICAL RECEIVABLES LLC, INSURETY CAPITAL LLC, SUTTONPARK SERVICING LLC, SIGNAL SERVICING LLC, INSURETY SERVICING LLC, and ADVANTAGE CAPITAL HOLDINGS LLC,<br><br>*Defendants*. | Civil Action No. 1:24-CV-03453 (JGK) |

**ANSWER OF STEVEN PASKO**

Defendant Steven Pasko, by and through his undersigned counsel, hereby answers the allegations of the Corrected Amended Complaint (ECF 187, the "Complaint") of Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC ("Plaintiffs") as follows:

**INTRODUCTION***

1. Mr. Pasko denies the allegations in the first sentence of Paragraph 1. The second sentence of Paragraph 1 states a legal conclusion to which no response is required; to the extent a

* The repetition of the headings and subheadings contained in Plaintiffs' Complaint is not an adoption of these headings, nor an admission of their truth. Rather, Mr. Pasko includes such headings and subheadings in this Answer for the Court's ease of reference. For the avoidance of doubt, to the extent the headings contain factual assertions, Mr. Pasko denies them.

response is required, Mr. Pasko denies the allegations in the second sentence of Paragraph 1.

2. Mr. Pasko denies the allegations in Paragraph 2.

3. Mr. Pasko denies the allegations in Paragraph 3.

4. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. The first sentence of Paragraph 5 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the first sentence of Paragraph 5. Mr. Pasko denies the allegations in the second sentence of Paragraph 5, except admits that he was a co-founder and had the title of Managing Partner of 777 Partners and 600 Partners and that Wander was a co-founder and had the title of Managing Partner of 777 Partners.

6. Paragraph 6 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 6.

7. Mr. Pasko denies the allegations in Paragraph 7.

8. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Mr. Pasko denies knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 12.

13. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, except denies the allegations in the second sentence of Paragraph 13.

14. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Paragraph 15 purports to describe public reporting concerning 777 Partners and A-CAP, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 15.

16. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Mr. Pasko denies the allegations in Paragraph 18.

19. Mr. Pasko denies the allegations in Paragraph 19.

20. Mr. Pasko denies the allegations in Paragraph 20.

21. Mr. Pasko denies the allegations in Paragraph 21, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 21.

22. Mr. Pasko denies the allegations in Paragraph 22.

## PARTIES

### A. Plaintiffs

23. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 23. The fourth and

fifth sentences of Paragraph 23 purport to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the fourth and fifth sentences of Paragraph 23.

24. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 24. The second sentence of Paragraph 24 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 24.

**B. Defendants**

25. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25, except admits that 777 Partners is a private investment firm organized as a limited liability company under the laws of Delaware and which had its principal place of business at 600 Brickell Avenue, 19th Floor, Miami, Florida 33131. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 25, except admits that 777 focused on a range of investments, including in the insurance, aviation, sports, and media sectors. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 25, except admits that 777 Partners has one member, SuttonPark Acquisition LLC, which is organized under the laws of Delaware. Mr. Pasko admits the allegations in the fourth and fifth sentences of Paragraph 25. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 25.

26. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 26, except admits that 600 Partners is a Miami-based private equity firm organized as a limited liability company under the laws of

Delaware and which had its principal place of business at the 600 Brickell Avenue, 19th Floor, Miami, Florida 33131. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 26, except admits that 600 Partners had investments in the insurance, aviation, sports, and media sectors. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 26, except admits that 600 Partners has one member: SPA II LLC, which is organized under the laws of Delaware and had its principal place of business in Florida; and admits that SPA II LLC has two members, MTCP LLC and himself.

27. Paragraph 27 purports to describe an April 19, 2023, certification by Jonathan Walder and certain attachments thereto, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Paragraph 28 purports to describe an e-mail sent to Leadenhall on September 23, 2022 and an organizational chart sent to Leadenhall in June 2022, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Paragraph 29 purports to describe *Financial Times* reporting—including the article cited in footnote 1 thereto—which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 29.

30. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 30. Mr. Pasko denies the allegations in

the second sentence of Paragraph 30.

31. Mr. Pasko denies the allegations in the first sentence of Paragraph 31, except admits that Josh Wander was a co-founder and had the title of Managing Partner of 777 Partners. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 31.

32. Mr. Pasko denies the allegations in Paragraph 32, except admits that he was a co-founder and had the title of Managing Partner of 777 Partners and 600 Partners; that, from in or about 2019 through the present, his permanent residence has been 1451 Brickell Avenue, PH54, Miami Beach, Florida 33131; and that until in or about May 2023, he owned a property at 47 Annfield Ct., Staten Island, NY, 10304.

33. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 38. The third sentence of Paragraph 38 purports to define terms in the Complaint and does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in the third sentence of Paragraph

38.

## JURISDICTION AND VENUE

39. Paragraph 39 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 39.

40. Paragraph 40 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 40.

41. Paragraph 41 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 41.

42. Paragraph 42 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Paragraph 43 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 43.

44. Paragraph 44 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Paragraph 45 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 45.

## STATEMENT OF THE CASE

### I. Leadenhall Enters into a Credit Facility with 777 Partners Secured by Collateral.

#### A. The Credit Facility

46. Mr. Pasko denies the allegations in Paragraph 46, except admits that 777 Partners, through certain subsidiaries and affiliates, invested in structured settlement and lottery receivables and admits the allegations in the third sentence of Paragraph 46.

47. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Paragraph 49 purports to describe the LSA, Sale Agreements, Servicing Agreements, Pledge Agreements, and Guaranty Agreement, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 49.

50. Paragraph 50 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 50.

51. Paragraph 51 purports to describe the LSA, Sale Agreements, Servicing Agreements, Pledge Agreements, and Guaranty Agreement, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 51.

52. Mr. Pasko denies the allegations in Paragraph 52 of the Complaint.

**B. The Loan and Security Agreement**

53. Paragraph 53 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 53.

54. Paragraph 54 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 54.

55. The first, second, and third sentences of Paragraph 55 purport to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the first, second, and third sentences of Paragraph 55. The fourth, fifth, and sixth sentences of Paragraph 55 purport to describe certain Borrowing Requests and pro forma Compliance Reports, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth, fifth, and sixth sentences of Paragraph 55. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the seventh sentence of Paragraph 55.

56. Paragraph 56 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 56.

57. Paragraph 57 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 57.

58. Paragraph 58 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 58.

59. Paragraph 59 purports to describe the LSA and Sale Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 59.

60. Paragraph 60 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko

denies the allegations in Paragraph 60.

61. Paragraph 61 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 61.

62. Paragraph 62 purports to describe the LSA, Sale Agreements, Servicing Agreements, Pledge Agreements, and Guaranty Agreement, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 62.

63. Paragraph 63 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 63.

64. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, except admits that he was an authorized signatory on behalf of the Servicers for Monthly Reports and Compliance Reports.

65. Paragraph 65 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 65.

66. Paragraph 66 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 66.

67. Paragraph 67 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 67.

68. Paragraph 68 purports to describe the LSA, which speaks for itself and to which

Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 68.

**C. The Pledge Agreements**

69. Paragraph 69 purports to describe the Pledge Agreements, Sale Agreements, Servicing Agreements, and Guaranty Agreement, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 69.

70. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 70. The second sentence of Paragraph 70 purports to describe the Pledge Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the second sentence of Paragraph 70.

71. Paragraph 71 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 71.

72. Paragraph 72 purports to describe the Pledge Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 72.

73. Paragraph 73 purports to describe the Pledge Agreements and LSA, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 73.

74. Paragraph 74 purports to describe the Pledge Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 74.

**D. The Sale Agreements**

75. Paragraph 75 purports to describe the Sale Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 75.

76. The first and second sentences in Paragraph 76 purport to describe the Sale Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the first and second sentences of Paragraph 76. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 76. The fifth sentence of Paragraph 76 purport to describe the assignments, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 76, except admits that he was an authorized signatory on sales or assignments from the Sellers to the Borrowers.

77. Paragraph 77 purports to describe the Sale Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 77.

78. Paragraph 78 purports to describe the Sale Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 78.

**E. The Servicing Agreements**

79. Paragraph 79 purports to describe the Servicing Agreements and LSA, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 79.

80. Paragraph 80 purports to describe the Servicing Agreements and LSA, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 80.

81. Paragraph 81 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 81.

82. Paragraph 82 purports to describe the Servicing Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 82.

83. Paragraph 83 purports to describe the Servicing Agreements and LSA, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 83.

**F. The Guaranty Agreement**

84. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 84. The second, third and fourth sentences of Paragraph 84 purport to describe the Guaranty Agreement, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the second, third and fourth sentences of Paragraph 84.

85. Paragraph 85 purports to describe the Guaranty Agreement, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 85.

86. Paragraph 86 purports to describe the Guaranty Agreement, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 86.

87. Paragraph 87 purports to describe the Guaranty Agreement and LSA, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 87.

**G. Central to the Credit Facility Is That All Collateral Remain "Free and Clear" of Any Other Interests.**

88. Mr. Pasko denies the allegations in Paragraph 88.

89. Paragraph 89 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 89.

90. Paragraph 90 purports to describe the LSA, Pledge Agreements, Sale Agreements, and Guaranty Agreement, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 90.

91. Paragraph 91 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 91.

92. Paragraph 92 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 92.

93. Paragraph 93 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 93.

94. Paragraph 94 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 94.

95. Paragraph 95 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 95.

96. Paragraph 96 purports to describe the Sale Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 96.

97. Paragraph 97 purports to describe the Guaranty Agreement, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 97.

98. Mr. Pasko denies the allegations in Paragraph 98.

## II. Leadenhall Uncovers a Pattern of Knowing Misrepresentations Concerning Its Collateral.

### A. Leadenhall Receives an Anonymous Tip Sounding the Alarm on Wander's "Criminal" Scheme.

99. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99.

100. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 100, except admits that Nicholas Bennett and Alexander Adnani were 777 Partners employees. Mr. Pasko denies the allegations in the second sentence of Paragraph 100.

101. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, except admits that Bennett and Adnani reported to then-Chief Financial Officer of 777 Partners Damien Alfalla and to Josh Wander.

102. Paragraph 102 purports to describe a May 2021 compliance report, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 102.

103. Paragraph 103 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 103.

104. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104.

105. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105.

**B. Leadenhall Visits 777 Partners' Offices in Miami, During Which Wander Tries to Assure Leadenhall That Any problems with Its Collateral Are Limited and Under Control.**

106. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 106. The second sentence of Paragraph 106 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the second sentence of Paragraph 106.

107. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.

108. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, except admits that Leadenhall personnel visited 777 Partners' offices on-site in Miami in or about November 2022.

109. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, except admits that Leadenhall personnel visited 777

Partners' offices on-site in Miami in or about November 2022 and were presented with overviews of 777 Partners' businesses.

110. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

112. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112.

113. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 114. The second sentence of Paragraph 114 purports to describe the November 2022 and December 2022 monthly compliance reports from the Dorchester Borrower, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 114.

115. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117.

### C. In Early 2023, Wander Confirms That "Around $100 Million" of Collateral Had Been Double-Pledged to a Third-Party Lender Called Credigy.

118. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 118. The second sentence of Paragraph

118 purports to describe the January 2023 monthly compliance reports for the Dorchester and SuttonPark Borrowers, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 118.

119. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120.

121. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the main text of Paragraph 121. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of footnote 5 to Paragraph 121, except admits that he was an authorized signatory on the sale agreements between the Sellers and the Borrowers. Mr. Pasko denies the allegations in the second sentence of footnote 5 to Paragraph 121.

122. Paragraph 122 purports to describe a March 24, 2023 letter from Craig Gillespie, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 122.

123. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123.

124. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124.

125. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125.

126. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126.

127. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128.

129. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129.

130. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130.

131. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131.

132. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132.

133. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133.

134. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134.

135. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135.

136. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence Paragraph 136. The second sentence of Paragraph 136 purports to describe the February 2023 monthly Compliance Report for the SuttonPark Borrower, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a

further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 136.

137. Paragraph 137 purports to describe the February 2023 monthly Compliance Report for the Dorchester Borrower, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137.

138. Paragraph 138 purports to describe the March 2023 monthly Compliance Reports for the Dorchester and SuttonPark Borrowers, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138.

**D. Despite Defendants' Efforts to Stonewall Leadenhall's Investigation, Leadenhall Discovers That the Borrowers Had Pledged Assets They Never Even Owned, and Leadenhall Formally Notices the Borrowers' Breaches of the Agreements.**

139. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139.

140. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.

141. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

142. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142.

143. Paragraph 143 purports to describe the November 29, 2023 "Notice of Breach," which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 143.

144. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144.

145. Mr. Pasko denies the allegations in Paragraph 145.

146. Paragraph 146 purports to describe the original and revised March 2023 monthly Compliance Reports for the SuttonPark Borrower, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146.

147. Paragraph 147 purports to describe the original March 2023 monthly Compliance Report for the SuttonPark Borrower, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147.

148. Paragraph 148 purports to describe the original and revised March 2023 monthly Compliance Reports for the Dorchester Borrower, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148.

149. Paragraph 149 purports to describe the original March 2023 monthly Compliance Report for the Dorchester Borrower, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149.

150. Paragraph 150 purports to describe the Additional Interest Amendment, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 150.

151. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151.

152. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152.

153. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153.

154. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 154. The second sentence of Paragraph 154 purports to describe the Servicing Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the second sentence of Paragraph 154.

155. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155.

156. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156.

157. Paragraph 157 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 157.

158. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158, except admits the allegations in the third sentence of Paragraph 158.

159. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159.

160. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160.

161. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 161. The second sentence of Paragraph 161 purports to describe monthly Compliance Reports issued by the SuttonPark Servicer, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161.

162. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 162. Mr. Pasko denies the allegations in the third sentence of Paragraph 162.

**E. Leadenhall Learns That 777 Partners and the Borrowers Forged and Altered Financial Records to Conceal the Fraud.**

163. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163.

164. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164.

165. Paragraph 165 purports to describe the November 2022 monthly Compliance Report for the SuttonPark Borrower, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165.

166. Paragraph 166 purports to describe the November 2022 monthly Compliance Report for the SuttonPark Borrower, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166.

167. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167.

168. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168.

169. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169.

170. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170.

171. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171.

172. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172.

173. Paragraph 173 purports to describe the September 2021 monthly Compliance Report for the SuttonPark Borrower, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 173.

174. Mr. Pasko denies the allegations in Paragraph 174.

**F. Leadenhall Exercises Remedies under the LSA, and 777 Partners Admits It Lacks Authority to Agree to a Repayment Plan without A-CAP.**

175. Mr. Pasko denies the allegations in Paragraph 175.

176. The first sentence of Paragraph 176 purports to describe the March 12, 2024 written notices of Events of Default, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the first sentence of Paragraph 176. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 176.

177. The first and second sentences of Paragraph 177 purport to describe a March 15, 2024 written notice, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the first sentence Paragraph 176. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence and footnote 7 of Paragraph 177.

178. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178.

179. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179.

180. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180.

181. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181.

182. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182.

183. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183.

184. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184.

185. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185.

186. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186.

187. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187.

188. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188.

189. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189.

190. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190.

191. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191.

192. Mr. Pasko denies the allegations in Paragraph 192.

## III. The Collateral Scam Furthered a Broader Fraudulent Enterprise Between 777, ACAP, and Their Principals.

193. Mr. Pasko denies the allegations in Paragraph 193.

194. Mr. Pasko denies the allegations in Paragraph 194.

195. Paragraph 195 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195.

196. Mr. Pasko denies the allegations in Paragraph 196.

197. Mr. Pasko denies the allegations in Paragraph 197.

**A. King and A-CAP Controlled 777 Partners' Operations During the Fraudulent Scheme Against Leadenhall.**

198. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198.

199. Mr. Pasko denies the allegations in Paragraph 199, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 199.

200. Mr. Pasko denies the allegations in Paragraph 200.

201. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 201. The remainder of Paragraph 201 purports to describe an A-CAP memo, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the remainder of Paragraph 201.

202. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, except admits that certain A-CAP employees worked out of 777 Partners' headquarters around March 2023.

203. Mr. Pasko denies the allegations in Paragraph 203.

204. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204.

205. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 205. The remainder of Paragraph 205 purports to describe filings in lawsuits captioned *Advantage Capital Holdings and Kenneth King v. Beruff*, 24-cv-22620 (S.D. Fla., filed July 10, 2024) and *Advantage Capital Holdings and Kenneth King v. Arciniegas*, 24-cv-22621 (S.D. Fla., filed July 10, 2024), which speak for

themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the remainder of Paragraph 205.

206. Paragraph 206 purports to describe filings in lawsuits captioned *Advantage Capital Holdings and Kenneth King v. Beruff*, 24-cv-22620 (S.D. Fla., filed July 10, 2024) and *Advantage Capital Holdings and Kenneth King v. Arciniegas*, 24-cv-22621 (S.D. Fla., filed July 10, 2024), which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 206.

207. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of allegations in the first sentence of Paragraph 207.

**B. A-CAP Was Well Aware of and Participated in 777's Fraud on Leadenhall.**

**1. The False Compliance Reports**

208. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208.

209. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209.

210. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210.

**2. The Sham "Restructuring" Negotiations**

211. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211.

212. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212.

213. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213.

214. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214.

215. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215.

### 3. A-CAP's Attempts to Prevent Leadenhall from Auditing Its Collateral

216. Mr. Pasko denies the allegations in the first sentence of Paragraph 216, except admits that Paul Kosinski was SuttonPark Capital's former Chief Operating Officer. The second sentence of Paragraph 216 purports to describe a November 2023 email sent by Mr. Pasko, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the second sentence of Paragraph 216.

217. The first sentence of Paragraph 217 purports to describe a November 2023 email sent by Mr. Pasko, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the first sentence of Paragraph 217. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 217.

218. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218, except denies the allegations in the fourth sentence of Paragraph 218.

## C. A-CAP Exercised and Continues to Exercise Its Control Over 777 Partners to Advantage Itself Over Other Creditors, Including Leadenhall.

219. Mr. Pasko denies the allegations in Paragraph 219.

220. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220.

221. Mr. Pasko denies the allegations in Paragraph 221.

222. Mr. Pasko denies the allegations in Paragraph 222.

223. Paragraph 223 purports to describe March 2021 loan documents, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 223.

224. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224.

225. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 225. Mr. Pasko denies the allegations in the second sentence of Paragraph 225.

226. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226.

227. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227.

228. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228.

229. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 229.

**D. The Tangled Web of A-CAP and 777 Partners**

230. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 230. Mr. Pasko denies the allegations in the second and third sentences of Paragraph 230, except admits that 777 Re was a reinsurance company affiliated with 777 Partners.

231. Mr. Pasko denies the allegations in Paragraph 231, including footnote 11 thereto, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 231.

232. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232.

233. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233.

234. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234.

235. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 235.

236. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 236.

237. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 237, except admits that 777 Asset Management LLC was an asset manager affiliate of 777 Partners that managed the assets supporting the insurance reserves. Mr. Pasko denies the allegations in the second and third sentences of Paragraph 237.

238. Mr. Pasko denies the allegations in Paragraph 238.

239. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239, except admits that A-CAP (inclusive of its affiliates) lent to 777 Partners and certain of its affiliates outside of the reinsurance relationship.

240. Paragraph 240 purports to describe press reports—including the articles cited in footnotes 14 and 15 thereto—which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240.

241. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241.

242. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 242, except admits that the loans and financing activity from A-CAP (inclusive of its affiliates) to 777 Partners have taken multiple forms and have been extended to multiple affiliates of 777 Partners, including through a revolving credit facility, 2021 preferred equity raise, and loans to a 777 Partners affiliate that invested in professional football teams.

243. Paragraph 243 purports to describe public filings, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243.

244. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244.

245. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 245.

246. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246; except admits that Flair is a budget Canadian airline and that James Rothman worked at A-CAP before becoming Chief Investment Officer of 777 Asset Management LLC, a 777 Partners subsidiary, and that he subsequently left 777 Asset Management LLC.

**E. Wander, Pasko, and the 777 Entities Operate as Alter Egos.**

247. Mr. Pasko denies the allegations in Paragraph 247.

248. Mr. Pasko denies the allegations in Paragraph 248.

249. Paragraph 249 purports to describe a June 21, 2023 memorandum, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 249.

250. Mr. Pasko denies the allegations in the first and second sentences of Paragraph 250. The third sentence of Paragraph 250 purports to describe a June 21, 2023 memorandum, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the third sentence of Paragraph 250.

251. Mr. Pasko denies the allegations in Paragraph 251, except admits that, shortly after the original Complaint was filed, 777 Partners appointed representatives of B. Riley Advisory Services to serve as independent fiduciaries to facilitate a restructuring.

252. Paragraph 252 purports to describe a May 16, 2024 letter filed with the Court, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 252.

253. Paragraph 253 purports to describe affidavits filed in this action, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 253.

254. Paragraph 254 purports to describe *Financial Times* reporting—including the article cited at footnote 21 thereto—which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 254.

255. Paragraph 255 purports to describe *Josimar* reporting—including the article cited at footnote 22 thereto—which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 255.

256. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 256.

**F. As Creditors and Counterparties Learn the Truth, the A-CAP/777 Scheme Begins to Crumble.**

257. Mr. Pasko denies the allegations in the first sentence of Paragraph 257. The second and third sentences of Paragraph 257 purport to describe public reporting—including the articles cited at footnotes 23 and 24 thereto—which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the second and third sentences of Paragraph 257.

258. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 258.

259. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 259.

260. Paragraph 260 purports to describe public reporting—including the articles cited at footnotes 25 and 26 thereto—which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 260.

261. Paragraph 261 purports to describe public reporting—including the articles cited at footnotes 28 and 29 thereto—which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261.

262. Paragraph 262 purports to describe public reporting—including the articles cited at footnotes 30 and 31 thereto—which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 262.

263. Paragraph 263 purports to describe public reporting—including the articles cited at footnotes 33, 34, and 35 thereto—which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 263.

264. Paragraph 264 purports to describe public reporting—including the article cited at footnote 37 thereto—which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 264.

265. The first and second sentences of Paragraph 265 purport to describe public reporting—including the article cited at footnote 38 thereto—which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the first and second sentences of Paragraph 265. Mr. Pasko denies the allegations in the third sentence of Paragraph 265.

266. Paragraph 266 purports to describe public reporting—including the articles cited at footnotes 40 and 41 thereto—which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 266.

267. Paragraph 267 purports to describe public reporting—including the articles cited at footnotes 42, 43, and 44 thereto—which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 267.

268. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 268.

269. Paragraph 269 purports to describe public reporting—including the articles cited at footnotes 46 and 47 thereto—which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 269.

270. Paragraph 270 purports to describe *Forbes* reporting—including the article cited at footnote 49 thereto—which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 270, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 270.

271. Paragraph 271 purports to describe *Josimar* reporting—including the article cited at footnote 50 thereto—which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 271.

272. Paragraph 272 purports to describe *Josimar* reporting—including the article cited at footnote 51 thereto—which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 272.

273. Paragraph 273 purports to describe *New York Times* reporting—including the article cited at footnote 52 thereto—which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 273.

274. Paragraph 274 purports to describe public reporting—including the articles cited at footnotes 54 and 55 thereto—which speak for themselves and to which Mr. Pasko refers for their

complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 274.

275. Paragraph 275 purports to describe public reporting—including the articles cited in footnotes 56 and 57 thereto—which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 275.

276. Mr. Pasko denies the allegations in Paragraph 276.

**IV. Absent Injunctive Relief, the Enterprise Would Frustrate Any Recovery by Pushing Itself to the Brink of Insolvency and Transferring Assets to A-CAP to Avoid Satisfying Creditors.**

277. Mr. Pasko denies the allegations in Paragraph 277.

278. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 278.

279. Paragraph 279 purports to describe a February 2024 AM Best report, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 279.

280. The first sentence of Paragraph 280 purports to describe a February 2024 AM Best report, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the first sentence of Paragraph 280. Mr. Pasko denies the allegations in the second sentence of Paragraph 280.

281. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the body of Paragraph 281. Footnote 59 to Paragraph 281 purports to describe filings in *Atlantic Coast Life Insurance Company and Sentinel Security Life Insurance Company v. A.M. Best Rating Services, Inc.*, No. 24-CV-5470 (D.N.J.), which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further

response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 59 to Paragraph 281.

282. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282.

283. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283.

284. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 284.

285. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 285.

286. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 286. Mr. Pasko denies the allegations in the second sentence of Paragraph 286.

287. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 287.

288. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 288.

289. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 289.

290. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 290.

291. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291.

292. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 292.

293. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 293.

294. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 294.

295. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 295.

296. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 296.

297. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 297.

298. Paragraph 298 purports to describe filings in this action, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 298.

299. The first and second sentences of Paragraph 299 purport to describe statements by the Court in this action, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the first and second sentences of Paragraph 299. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 299.

300. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 300.

301. Paragraph 301 purports to describe public reporting—including the articles cited at footnotes 69, 73, and 74 thereto—which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 301.

302. The first and third sentences of Paragraph 302 purport to describe a report issued by Bonza's court-appointed administrators, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the first and third sentences of Paragraph 302. The fourth, fifth, and sixth sentences of Paragraph 302 purport to describe public reporting—including the articles cited at footnotes 76 and 77 thereto—which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the fourth, fifth and sixth sentences of Paragraph 302. Mr. Pasko denies the allegations in the second sentence of Paragraph 302, except admits he sat on the board of Bonza with Adam Weiss.

303. Paragraph 303 purports to describe a report issued by Bonza's court-appointed administrators, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 303.

304. Paragraph 304 purports to describe *Josimar* reporting—including the article cited in footnote 83 thereto—which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 304.

305. Mr. Pasko denies the allegations in the first sentence of Paragraph 305. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of Paragraph 305.

306. Mr. Pasko denies the allegations in the first and second sentences of Paragraph 306. The third, fourth, and fifth sentences of Paragraph 306 purport to describe an October 13, 2023 letter by James Rothman, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the third, fourth, and fifth sentences of Paragraph 306. Mr. Pasko denies the allegations in the sixth sentence of Paragraph 306, except admits that James Rothman left his position at 777 Asset Management.

307. Mr. Pasko denies the allegations in the first sentence of Paragraph 307. The remainder of Paragraph 307 purports to describe *RTBF* reporting—including the article cited in footnote 84 thereto—which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the remainder of Paragraph 307.

308. Mr. Pasko denies the allegations in Paragraph 308.

309. Paragraph 309 purports to describe public filings in the lawsuits identified in Paragraphs 309(a)-(p), which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 309.

310. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310.

311. Paragraph 311 purports to describe filings in this action, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 311.

312. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 312.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
**(Breach of LSA Against Wander, Pasko, King, A-CAP, 777 Partners, 600 Partners, SuttonPark Servicing, Signal Medical, Insurety Capital, SuttonPark Borrower, Dorchester Borrower, Signal Borrower, Insurety Borrower)**

313. In response to Paragraph 313, Mr. Pasko incorporates his responses to the foregoing paragraphs as if fully set forth herein.

314. Paragraph 314 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 314.

315. Paragraph 315 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 315.

316. Paragraph 316 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 316.

317. Paragraph 317 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 317.

318. Paragraph 318 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 318.

319. Paragraph 319 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 319.

320. The first and second sentences of Paragraph 320 purport to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the first and second sentences of Paragraph 320. Mr. Pasko denies knowledge or information sufficient to form a belief as to the allegations in the third sentence of Paragraph 320.

321. Paragraph 321 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 321.

322. Paragraph 322 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 322.

323. Paragraph 323 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 323.

**SECOND CLAIM FOR RELIEF**
**(Breach of Sale Agreement Against Wander, Pasko, King, A-CAP, 777 Partners, 600 Partners, SuttonPark Capital, Signal Medical, Signal Borrower, Insurety Borrower, Insurety Capital)**

324. In response to Paragraph 324, Mr. Pasko incorporates his responses to the foregoing paragraphs as if fully set forth herein.

325. Paragraph 325 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 325.

326. Paragraph 326 purports to describe the Sale Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 326.

327. Paragraph 327 purports to describe the Sale Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 327.

328. Paragraph 328 purports to describe the Sale Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 328.

329. Paragraph 329 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 329.

330. Paragraph 330 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 330.

331. Paragraph 331 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 331.

332. Paragraph 332 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 332.

**THIRD CLAIM FOR RELIEF**
**(Breach of Servicing Agreement and LSA Against Wander, Pasko, King, A-CAP, 600 Partners, SuttonPark Capital, SuttonPark Servicer)**

333. In response to Paragraph 333, Mr. Pasko incorporates his responses to the foregoing paragraphs as if fully set forth herein.

334. Paragraph 334 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 334.

335. Paragraph 335 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 335.

336. Paragraph 336 purports to describe the Servicing Agreements and LSA, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 336.

337. Paragraph 337 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 337.

338. Paragraph 338 purports to describe the Servicing Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 338.

339. Paragraph 339 purports to describe the Servicing Agreements, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 339.

340. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 340. The remainder of Paragraph 340 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in the remainder of Paragraph 340.

341. The first, second, third, and fourth sentences of Paragraph 341 purport to describe the Servicing Agreements and the LSA, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in the first, second, third and fourth sentences of Paragraph 341. Mr. Pasko denies the allegations in the fifth sentence of Paragraph 341.

342. Paragraph 342 purports to describe the LSA, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 342.

343. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 343.

344. Paragraph 344 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 344.

345. Paragraph 345 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 345.

## FOURTH CLAIM FOR RELIEF
## (Breach of Guaranty Agreement Against Wander, Pasko, 777 Partners, 600 Partners)

346. In response to Paragraph 346, Mr. Pasko incorporates his responses to the foregoing paragraphs as if fully set forth herein.

347. Paragraph 347 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 347.

348. Paragraph 348 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 348.

349. Paragraph 349 purports to describe the Guaranty Agreement, which speaks for itself and to which Mr. Pasko refers for its complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 349.

350. Paragraph 350 purports to describe the Guaranty Agreement and LSA, which speak for themselves and to which Mr. Pasko refers for their complete contents; to the extent a further response is required, Mr. Pasko denies the allegations in Paragraph 350.

351. Paragraph 351 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 351.

352. Paragraph 352 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 352.

353. Paragraph 353 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 353.

354. Paragraph 354 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 354.

355. Paragraph 355 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 355.

## FIFTH CLAIM FOR RELIEF
## (Civil RICO, 18 U.S.C. § 1962(c), Against Wander, Pasko, King, A-CAP, 777 Partners, 600 Partners, SuttonPark Capital, SuttonPark Servicer, SuttonPark Borrower, Dorchester Borrower)

356. In response to Paragraph 356, Mr. Pasko incorporates his responses to the foregoing

paragraphs as if fully set forth herein.

357. Paragraph 357 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 357.

358. Paragraph 358 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 358.

359. Paragraph 359 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 359.

360. Mr. Pasko denies the allegations in paragraph 360.

361. Mr. Pasko denies the allegations in paragraph 361.

362. Paragraph 362 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 362.

363. Paragraph 363 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 363.

364. Paragraph 364 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 364.

365. Paragraph 365 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 365.

366. Paragraph 366 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 366.

367. The first and second sentences of Paragraph 367 state legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in the first and second sentences Paragraph 367. Mr. Pasko denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 367.

368. Paragraph 368 states a legal conclusion to which no response is required; to the

extent a response is required, Mr. Pasko denies the allegations in Paragraph 368.

369. Paragraph 369 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 369.

370. Paragraph 370 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 370.

371. Paragraph 371 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 371.

**SIXTH CLAIM FOR RELIEF**
**(Civil RICO Conspiracy, 18 U.S.C. § 1962(d), Against All Defendants)**

372. In response to Paragraph 372, Mr. Pasko incorporates his responses to the foregoing paragraphs as if fully set forth herein.

373. Paragraph 373 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 373.

374. Paragraph 374 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 374.

375. Paragraph 375 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 375.

376. Paragraph 376 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 376.

377. Paragraph 377 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 377.

378. Paragraph 378 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 378.

379. Paragraph 379 states a legal conclusion to which no response is required; to the

extent a response is required, Mr. Pasko denies the allegations in Paragraph 379.

380. Paragraph 380 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 380.

381. Paragraph 381 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 381.

382. Paragraph 382 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 382.

383. Paragraph 383 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 383.

## SEVENTH CLAIM FOR RELIEF
## (Fraudulent Misrepresentation Against Wander, Pasko, King, A-CAP, 777 Partners, 600 Partners, SuttonPark Capital, SuttonPark Servicer, SuttonPark Borrower, Dorchester Borrower)

384. In response to Paragraph 384, Mr. Pasko incorporates his responses to the foregoing paragraphs as if fully set forth herein.

385. Paragraph 385 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 385.

386. Paragraph 386 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 386.

387. Paragraph 387 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 387.

388. Paragraph 388 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 388.

**EIGHTH CLAIM FOR RELIEF**
**(Civil Conspiracy to Commit Fraud Against All Defendants)**

389. In response to Paragraph 389, Mr. Pasko incorporates his responses to the foregoing paragraphs as if fully set forth herein.

390. Paragraph 390 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 390.

391. Paragraph 391 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 391.

392. Paragraph 392 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 392.

393. Paragraph 393 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 393.

**NINTH CLAIM FOR RELIEF**
**(Aiding and Abetting Fraud Against Wander, Pasko, King, A-CAP, 777 Partners, 600 Partners, SuttonPark Capital)**

394. In response to Paragraph 394, Mr. Pasko incorporates his responses to the foregoing paragraphs as if fully set forth herein.

395. Paragraph 395 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 395.

396. Paragraph 396 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 396.

397. Paragraph 397 states legal conclusions to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 397.

398. Paragraph 398 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 398.

**TENTH CLAIM FOR RELIEF**
**(Unjust Enrichment Against All Defendants)**

399. In response to Paragraph 399, Mr. Pasko incorporates his responses to the foregoing paragraphs as if fully set forth herein.

400. Paragraph 400 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 400.

401. Paragraph 401 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 401.

402. Paragraph 402 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 402.

**ELEVENTH CLAIM FOR RELIEF**
**(Actual Fraudulent Transfer Under N.Y. Debtor and Creditor Law § 273(a)(1) Against 777 Partners, Wander, Pasko, A-CAP)**

403. Paragraph 403 concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 403 therefore does not require a response; to the extent a response is required, Mr. Pasko incorporates his responses to the foregoing paragraphs as if fully set forth herein.

404. Paragraph 404 states a legal conclusion and concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 404 therefore does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 404.

405. Paragraph 405 concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 405 therefore does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 405.

406. Paragraph 406 concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 406 therefore does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 406.

407. Paragraph 407 states a legal conclusion and concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 407 therefore does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 407.

408. Paragraph 408 states a legal conclusion and concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 408 therefore does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 408.

**TWELFTH CLAIM FOR RELIEF**
**(Constructive Fraudulent Transfer Under N.Y. Debtor and Creditor Law §§ 273(a)(2), 274 Against 777 Partners, Wander, Pasko, A-CAP )**

409. Paragraph 409 concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 409 therefore does not require a response; to the extent a response is required, Mr. Pasko incorporates his responses to the foregoing paragraphs as if fully set forth herein.

410. Paragraph 410 states a legal conclusion and concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 410 therefore does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 410.

411. Paragraph 411 concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 411 therefore does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 411.

412. Paragraph 412 states a legal conclusion and concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 412 therefore does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 412.

413. Paragraph 413 states a legal conclusion and concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 413 therefore does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 413.

414. Paragraph 414 states a legal conclusion and concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 414 therefore does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 414.

415. Paragraph 415 states a legal conclusion and concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 415 therefore does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 415.

416. Paragraph 416 states a legal conclusion and concerns a Count that has been dismissed as against Mr. Pasko, and Paragraph 416 therefore does not require a response; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 416.

## PRAYER FOR RELIEF

417. Paragraph 417 states a legal conclusion to which no response is required; to the extent a response is required, Mr. Pasko denies the allegations in Paragraph 417.

## GENERAL DENIAL

Mr. Pasko denies, or denies knowledge or information sufficient to form a belief as to the truth of, each and every allegation in the Complaint except to the extent expressly admitted above.

## AFFIRMATIVE DEFENSES

In asserting the following defenses, Mr. Pasko does not assume the burden of proof on any defenses that would otherwise rest on Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, including because Plaintiffs have not alleged misrepresentations with the particularity required by Federal Rule of Civil Procedure 9(b).

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to allege any tort

separate and apart from breaches of the LSA, Sale Agreements, Servicing Agreements, Guaranty Agreement, and other transaction documents, and because Plaintiffs seek duplicative damages for their tort and breach of contract claims.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or jurisdictional prerequisites.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, waiver, and/or other equitable defenses.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the claims have been or will be discharged in bankruptcy.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of ratification because, to the extent that Plaintiffs' allegations are proven true, Plaintiffs unreasonably delayed in bringing this action and continued to accept benefits under the contracts despite the fact that Plaintiffs knew or should have known of the alleged misrepresentations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of waiver, including because Plaintiffs did not require Defendants to adhere to contractual requirements.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because, to the extent the facts alleged are proven true, Plaintiffs could not have justifiably relied on the alleged misrepresentations made by Defendants over the extensive period of time alleged when Plaintiffs knew or should have known

of the factual circumstances giving rise to the alleged fraudulent misrepresentations.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches because, to the extent that Plaintiffs' allegations are proven true, Plaintiffs unreasonably delayed in bringing this action given the extensive period of time alleged between Plaintiffs advancing the at-issue loans and Plaintiffs seeking relief.

**TENTH AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transaction and occurrences alleged are barred by Plaintiffs' failure to mitigate damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of third parties for whose conduct Mr. Pasko is not legally responsible and over whom Mr. Pasko had no authority or control.

**TWELFTH AFFIRMATIVE DEFENSE**

Any alleged losses suffered by Plaintiffs were caused in whole or in part by pre-existing or intervening or superseding events, factors, occurrences, or conditions, which were not caused by Mr. Pasko and for which he is not liable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs fail to adequately plead the elements of a RICO violation, including but not limited to a RICO enterprise, pattern of racketeering activity, predicate acts, continuity of conduct, and injury to the Plaintiffs—including because Plaintiffs have not suffered any domestic injury.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of in pari delicto.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The damages claimed by Plaintiffs are all barred to the extent they are speculative in nature.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any alleged false or misleading statements were not material.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries that Plaintiffs allegedly suffered were caused by their own conduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, for failure to satisfy conditions precedent under the LSA, Sale Agreements, Servicing Agreements, Guaranty Agreement, and/or other transaction documents.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, and any recovery should be diminished, reduced, or offset, due to Plaintiffs' comparative and/or contributory negligence. Should Defendants be held liable to Plaintiffs, which liability is specifically denied, Defendants should be entitled to a set-off for the total of all amounts paid to Plaintiffs from all collateral sources.

**TWENTIETH AFFIRMATIVE DEFENSE**

The claims arising out of the subject matter of the transactions and occurrences alleged

are the result of mutual mistake.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, for lack of standing to enforce the contracts at issue.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Mr. Pasko hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by any other defendant to the extent Mr. Pasko may share in such defense.

**RESERVATION**

Mr. Pasko reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

**WHEREFORE**, Mr. Pasko prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint;
2. That Plaintiffs be denied all relief sought;
3. For costs of suit herein; and
4. For such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mr. Pasko demands a jury trial in this matter for all issues so triable.

Dated: October 20, 2026
New York, New York

s/ *Christopher B. Harwood*

Christopher B. Harwood
Thomas A. McKay
MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.
565 Fifth Avenue
New York, New York 10017
Tel. 212.856.9600
Fax. 212.856.9494

*Attorneys for Steven Pasko*