**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LEADENHALL CAPITAL PARTNERS LLP AND LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC,

Plaintiffs,

vs.

JOSH WANDER, STEVEN PASKO, KENNETH KING, 777 PARTNERS LLC, 600 PARTNERS LLC, SPLCSS III LLC, SIGNAL SML 4 LLC, INSURETY AGENCY SERVICES LLC, DORCHESTER RECEIVABLES II LLC, SUTTONPARK CAPITAL LLC, SIGNAL MEDICAL RECEIVABLES LLC, INSURETY CAPITAL LLC, SUTTONPARK SERVICING LLC, and ADVANTAGE CAPITAL HOLDINGS LLC,

Defendants.

Civil Action No. 1:24-cv-03453

**DEFENDANT JOSH WANDER'S ANSWER TO PLAINTIFFS' CORRECTED AMENDED COMPLAINT**

Defendant Josh Wander ("Wander") hereby answers Plaintiffs' Leadenhall Capital Partners LLP ("Leadenhall Capital") and Leadenhall Life Insurance Linked Investments Fund PLC ("Leadenhall Life," and collectively, "Leadenhall") Corrected Amended Complaint (ECF 187). Mr. Wander pleaded guilty to one count of securities fraud and one count of wire fraud on October 15, 2026, and as part of his plea agreement, he agreed not to contest the allegations in paragraphs 1-30 of the Superseding Indictment (the "Indictment Allegations"). *See US v. Wander*, 25 Cr. 473, Dkt. Entry 50. Nothing herein is intended to contradict anything in the plea agreement or the Indictment Allegations.

## INTRODUCTION[1]

1. Wander admits this is a civil action brought by Leadenhall. Paragraph 1 states legal conclusions regarding Leadenhall's authority to bring this action, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 1.

2. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 2.

3. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP in paragraph 3, and on that basis denies them. Wander denies the remaining allegations and characterizations in paragraph 3.

4. Paragraph 4 purports to characterize the contents of written documents, which speak for themselves.

[1] The repetition of the headings and subheadings contained in Plaintiffs' Corrected Amended Complaint is not an adoption of these headings, nor an admission of their truth. Rather, Wander includes such headings and subheadings in this Answer for the Court's ease of reference. For the avoidance of doubt, to the extent the headings contain factual assertions, Wander denies them.

5. Paragraph 5 purports to characterize the contents of written documents, which speak for themselves. Wander admits that he was a co-founder and Managing Partner of 777 Partners. Wander admits that Pasko was a co-founder and Managing Partner of 777 Partners and 600 Partners. Wander denies the remaining allegations and characterizations in paragraph 5.

6. Paragraph 6 purports to characterize the contents of written documents, which speak for themselves.

7. Paragraph 7 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 7.

8. Paragraph 8 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the receipt or contents of an anonymous e-mail in paragraph 8, and on that basis denies them.

9. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Leadenhall's investigation in paragraph 9, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 9.

10. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding purported communications involving Credigy, Leadenhall, and the anonymous "tip" in paragraph 10, and on that basis denies them.

11. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Leadenhall's review and analysis of Credigy's asset list in paragraph 11, and on that basis denies them.

12. Paragraph 12 purports to characterize the contents of recorded communications, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 12.

13. Paragraph 13 purports to characterize the contents of recorded communications, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Leadenhall's perceptions and A-CAP's conduct in paragraph 13, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 13.

14. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP's alleged offer and Leadenhall's response in paragraph 14, and on that basis denies them.

15. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP, King, and the cited press reporting in paragraph 15, and on that basis denies them.

16. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements allegedly made by an unnamed employee in paragraph 16, and on that basis denies them. Wander admits the allegations herein to the extent they are

consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 16.

17. Paragraph 17 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the knowledge of A-CAP and King in paragraph 17, and on that basis denies them.

18. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding public scrutiny in paragraph 18, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 18.

19. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 19.

20. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 20.

21. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP's conduct and the date, participants, and contents of the communication quoted in paragraph 21, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 21.

22. Paragraph 22 states legal conclusions, to which no response is required. Wander denies the remaining allegations and characterizations in paragraph 22.

## PARTIES

**A. Plaintiffs**

23. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the identity and domicile of Leadenhall Capital's partners in paragraph 23, and on that basis denies them. Wander does not contest Leadenhall Capital's organization structure or principal place of business. Paragraph 23 otherwise states legal conclusions regarding Leadenhall Capital's authority to bring this action, to which no response is required.

24. Wander does not contest the allegations in paragraph 24 regarding Leadenhall Life's organization structure or principal place of business. Paragraph 24 otherwise states legal conclusions, to which no response is required.

**B. Defendants**

25. Wander does not contest the allegations in paragraph 25 regarding the organization structure and principal place of business of 777 Partners. Wander denies the remaining allegations and characterizations in paragraph 25.

26. Wander admits the allegations in paragraph 26.

27. Paragraph 27 purports to characterize the contents of written documents, which speak for themselves.

28. Paragraph 28 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis denies them.

29. Paragraph 29 purports to characterize the contents of written documents, which speak for themselves.

30. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 30.

31. Wander admits that he is a Florida resident with a permanent address at 1300 Monad Terrace, Penthouse B, Miami Beach, FL 33139. Wander admits that he was a co-founder and Managing Partner of 777 Partners. Wander denies the remaining allegations and characterizations in paragraph 31.

32. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Pasko in paragraph 32, and on that basis denies them.

33. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and on that basis denies them.

34. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and on that basis denies them.

35. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and on that basis denies them.

36. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and on that basis denies them.

37. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and on that basis denies them.

38. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and on that basis denies them.

## JURISDICTION AND VENUE

39. Paragraph 39 states legal conclusions, to which no response is required.

40. Paragraph 40 states legal conclusions, to which no response is required.

41. Paragraph 41 states legal conclusions, to which no response is required.

42. Paragraph 42 states legal conclusions, to which no response is required. Wander admits the remaining allegations in paragraph 42.

43. Paragraph 43 states legal conclusions, to which no response is required. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and on that basis denies them.

44. Paragraph 44 states legal conclusions, to which no response is required.

45. Paragraph 45 states legal conclusions, to which no response is required.

## STATEMENT OF THE CASE

### I. Leadenhall Enters into a Credit Facility with 777 Partners Secured by Collateral.

#### A. The Credit Facility

46. Wander admits that 777 Partners, through certain subsidiaries and affiliates, has invested in receivables, including structured settlement and lottery receivables. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 46.

47. Wander admits that businesses that purchase structured settlement and lottery receivables generally pay lump sums in exchange for future payment streams. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 47.

48. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 48.

49. Paragraph 49 purports to characterize the contents of written documents, which speak for themselves.

50. Paragraph 50 purports to characterize the contents of written documents, which speak for themselves.

51. Paragraph 51 purports to characterize the contents of written documents, which speak for themselves.

52. Paragraph 52 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and on that basis denies them.

**B. The Loan and Security Agreement**

53. Paragraph 53 purports to characterize the contents of written documents, which speak for themselves.

54. Paragraph 54 states legal conclusions, to which no response is required. Paragraph 54 also purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and on that basis denies them.

55. Paragraph 55 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and on that basis denies them.

56. Paragraph 56 purports to characterize the contents of written documents, which speak for themselves.

57. Paragraph 57 purports to characterize the contents of written documents, which speak for themselves.

58. Paragraph 58 states legal conclusions, to which no response is required. Paragraph 58 also purports to characterize the contents of written documents, which speak for themselves.

59. Paragraph 59 purports to characterize the contents of written documents, which speak for themselves.

60. Paragraph 60 purports to characterize the contents of written documents, which speak for themselves.

61. Paragraph 61 purports to characterize the contents of written documents, which speak for themselves.

62. Paragraph 62 purports to characterize the contents of written documents, which speak for themselves.

63. Paragraph 63 purports to characterize the contents of written documents, which speak for themselves.

64. Paragraph 64 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and on that basis denies them.

65. Paragraph 65 purports to characterize the contents of written documents, which speak for themselves.

66. Paragraph 66 purports to characterize the contents of written documents, which speak for themselves.

67. Paragraph 67 purports to characterize the contents of written documents, which speak for themselves.

68. Paragraph 68 purports to characterize the contents of written documents, which speak for themselves.

**C. The Pledge Agreements**

69. Paragraph 69 purports to characterize the contents of written documents, which speak for themselves.

70. Paragraph 70 purports to characterize the contents of written documents, which speak for themselves.

71. Paragraph 71 purports to characterize the contents of written documents, which speak for themselves.

72. Paragraph 72 purports to characterize the contents of written documents, which speak for themselves.

73. Paragraph 73 purports to characterize the contents of written documents, which speak for themselves.

74. Paragraph 74 purports to characterize the contents of written documents, which speak for themselves.

**D. The Sale Agreements**

75. Paragraph 75 purports to characterize the contents of written documents, which speak for themselves.

76. Paragraph 76 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Pasko in paragraph 76, and on that basis denies them.

77. Paragraph 77 purports to characterize the contents of written documents, which speak for themselves.

78. Paragraph 78 purports to characterize the contents of written documents, which speak for themselves.

**E. The Servicing Agreements**

79. Paragraph 79 purports to characterize the contents of written documents, which speak for themselves.

80. Paragraph 80 purports to characterize the contents of written documents, which speak for themselves.

81. Paragraph 81 purports to characterize the contents of written documents, which speak for themselves.

82. Paragraph 82 purports to characterize the contents of written documents, which speak for themselves.

83. Paragraph 83 purports to characterize the contents of written documents, which speak for themselves.

**F. The Guaranty Agreement**

84. Paragraph 84 purports to characterize the contents of written documents, which speak for themselves.

85. Paragraph 85 purports to characterize the contents of written documents, which speak for themselves.

86. Paragraph 86 purports to characterize the contents of written documents, which speak for themselves.

87. Paragraph 87 states legal conclusions, to which no response is required. Paragraph 87 also purports to characterize the contents of written documents, which speak for themselves.

**G. Central to the Credit Facility Is That All Collateral Remain "Free and Clear" of Any Other Interests.**

88. Paragraph 88 purports to characterize the contents of written documents, which speak for themselves.

89. Paragraph 89 purports to characterize the contents of written documents, which speak for themselves.

90. Paragraph 90 purports to characterize the contents of written documents, which speak for themselves.

91. Paragraph 91 purports to characterize the contents of written documents, which speak for themselves.

92. Paragraph 92 purports to characterize the contents of written documents, which speak for themselves.

93. Paragraph 93 purports to characterize the contents of written documents, which speak for themselves.

94. Paragraph 94 purports to characterize the contents of written documents, which speak for themselves.

95. Paragraph 95 purports to characterize the contents of written documents, which speak for themselves.

96. Paragraph 96 purports to characterize the contents of written documents, which speak for themselves.

97. Paragraph 97 states legal conclusions, to which no response is required. Paragraph 97 also purports to characterize the contents of written documents, which speak for themselves.

98. Paragraph 98 states legal conclusions, to which no response is required. Paragraph 98 also purports to characterize the contents of written documents, which speak for themselves.

## II. Leadenhall Uncovers a Pattern of Knowing Misrepresentations Concerning Its Collateral.

### A. Leadenhall Receives an Anonymous Tip Sounding the Alarm on Wander's "Criminal" Scheme.

99. Paragraph 99 purports to characterize the contents of written documents, which speak for themselves.

100. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 100.

101. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 101.

102. Paragraph 102 purports to characterize the contents of written documents, which speak for themselves.

103. Paragraph 103 purports to characterize the contents of written documents, which speak for themselves.

104. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 104..

105. Paragraph 105 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, and on that basis denies them.

**B. Leadenhall Visits 777 Partners' Offices in Miami, During Which Wander Tries to Assure Leadenhall That Any problems with Its Collateral Are Limited and Under Control.**

106. Paragraph 106 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106, and on that basis denies them.

107. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 107.

108. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 108.

109. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 109.

110. Paragraph 110 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110, and on that basis denies them.

112. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and on that basis denies them.

113. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 113.

114. Paragraph 114 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 114.

115. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 115.

116. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, and on that basis denies them.

117. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Leadenhall's correspondence and agreements with 777 Partners in paragraph 117, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 117.

### C. In Early 2023, Wander Confirms That "Around $100 Million" of Collateral Had Been Double-Pledged to a Third-Party Lender Called Credigy.

118. Paragraph 118 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to allegations regarding Leadenhall's monitoring of, and reliance on, the Compliance Reports in paragraph 118, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 118..

119. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, and on that basis denies them.

120. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Leadenhall's analysis of Credigy's asset inventory in paragraph 120, and on that basis denies them.

121. Paragraph 121 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 121..

122. Paragraph 122 purports to characterize the contents of written documents, which speak for themselves.

123. Paragraph 123 purports to characterize the contents of recorded communications, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 123.

124. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 124.

125. Paragraph 125 purports to characterize the contents of recorded communications, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 125.

126. Paragraph 126 purports to characterize the contents of recorded communications, which speak for themselves.

127. Paragraph 127 purports to characterize the contents of recorded communications, which speak for themselves. Wander otherwise denies the allegations and characterizations in paragraph 127.

128. Paragraph 128 purports to characterize the contents of recorded communications, which speak for themselves.

129. Paragraph 129 purports to characterize the contents of recorded communications, which speak for themselves.

130. Paragraph 130 purports to characterize the contents of written documents, which speak for themselves.

131. Paragraph 131 purports to characterize the contents of recorded communications, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 131.

132. Paragraph 132 purports to characterize the contents of recorded communications, which speak for themselves.

133. Paragraph 133 purports to characterize the contents of recorded communications, which speak for themselves.

134. Paragraph 134 purports to characterize the contents of recorded communications and written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 134.

135. Paragraph 135 purports to characterize the contents of written documents, which speak for themselves.

136. Paragraph 136 purports to characterize the contents of written documents, which speak for themselves.

137. Paragraph 137 purports to characterize the contents of written documents, which speak for themselves.

138. Paragraph 138 purports to characterize the contents of written documents, which speak for themselves.

### D. Despite Defendants' Efforts to Stonewall Leadenhall's Investigation, Leadenhall Discovers That the Borrowers Had Pledged Assets They Never Even Owned, and Leadenhall Formally Notices the Borrowers' Breaches of the Agreements.

139. Wander admits that he was in communication with representatives at Leadenhall about a range of business issues.

140. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 140.

141. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Leadenhall's determinations in paragraph 141, and on that basis denies them.

142. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Leadenhall's determinations in paragraph 142, and on that basis denies them.

143. Paragraph 143 purports to characterize the contents of written documents, which speak for themselves.

144. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Leadenhall's notice of breach in paragraph 144, and on that basis denies them.

145. Paragraph 145 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 145.

146. Paragraph 146 purports to characterize the contents of written documents, which speak for themselves.

147. Paragraph 147 purports to characterize the contents of written documents, which speak for themselves. 147.

148. Paragraph 148 purports to characterize the contents of written documents, which speak for themselves.

149. Paragraph 149 purports to characterize the contents of written documents, which speak for themselves.

150. Paragraph 150 purports to characterize the contents of written documents, which speak for themselves.

151. Wander admits that JG Wentworth is a financial services company with the tagline "It's my money, and I need it now!" Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 151.

152. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152, and on that basis denies them.

153. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 153.

154. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 154.

155. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 155.

156. Paragraph 156 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 156.

157. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 157.

158. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 158.

159. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the programming of the MP Fin system in paragraph 159, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 159.

160. Paragraph 160 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 160.

161. Paragraph 161 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Pasko in paragraph 161, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 161.

162. Wander lacks knowledge or information sufficient to form a belief as to allegations regarding Leadenhall's reliance and state of mind in paragraph 162, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 162.

### E. Leadenhall Learns That 777 Partners and the Borrowers Forged and Altered Financial Records to Conceal the Fraud.

163. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements allegedly made by an unnamed insider in paragraph 163, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 163.

164. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Leadenhall's re-examination of the Compliance Reports in paragraph 164, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 164.

165. Paragraph 165 purports to characterize the contents of written documents, which speak for themselves.

166. Paragraph 166 purports to characterize the contents of written documents, which speak for themselves.

167. Paragraph 167 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167, and on that basis denies them.

168. Paragraph 168 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168, and on that basis denies them.

169. Paragraph 169 purports to characterize the contents of written documents, which speak for

170. Paragraph 170 purports to characterize the contents of written documents, which speak for themselves.

171. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Leadenhall's discoveries in paragraph 171, and on that basis denies them.

172. Paragraph 172 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172, and on that basis denies them.

173. Paragraph 173 purports to characterize the contents of written documents, which speak for themselves.

174. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 174.

**F. Leadenhall Exercises Remedies under the LSA, and 777 Partners Admits It Lacks Authority to Agree to a Repayment Plan without A-CAP.**

175. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 175.

176. Paragraph 176 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176, and on that basis denies them.

177. Paragraph 177 states legal conclusions, to which no response is required. Paragraph 177 also purports to characterize the contents of written documents, which speak for themselves.

178. Wander admits that he was in communication with representatives at Leadenhall about a range of business issues.

179. Paragraph 179 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179, and on that basis denies them.

180. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 regarding the date, participants, and contents of the communication described, and on that basis denies them.

181. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 regarding the date, participants, and contents of the communication described, and on that basis denies them.

182. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 regarding the date, participants, and contents of the communication described, and on that basis denies them.

183. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements allegedly made by Walder in paragraph 183, and on that basis denies them.

184. Wander admits that he was in communication with representatives at Leadenhall about a range of business issues. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 184.

185. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 regarding the date, participants, and contents of the communication described, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 185.

186. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186 regarding the date, participants, and contents of the communication described, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 186.

187. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 regarding the date, participants, and contents of the communication described, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 187.

188. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 regarding the date, participants, and contents of the communication described, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 188.

189. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 regarding the date, participants, and contents of the communication described, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 189.

190. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 regarding the date, participants, and contents of the communication described, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 190.

191. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the dates, participants, and contents of the communications described in paragraph 191 and its subparagraphs (a) through (l), and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 191.

192. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192.

## III. The Collateral Scam Furthered a Broader Fraudulent Enterprise Between 777, A-CAP, and Their Principals.

193. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 193.

194. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP and King in paragraph 194, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 194.

195. Paragraph 195 states legal conclusions, to which no response is required. Paragraph 195 also purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP in paragraph 195, and on that basis denies them.

196. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP in paragraph 196, and on that basis denies them.

197. Paragraph 197 states legal conclusions, to which no response is required. Wander denies the remaining allegations and characterizations in paragraph 197.

### A. King and A-CAP Controlled 777 Partners' Operations During the Fraudulent Scheme Against Leadenhall.

198. Paragraph 198 purports to characterize the contents of recorded communications, which speak for themselves.

199. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP's role in 777 Partners' affairs and statements allegedly made by unnamed employees in paragraph 199, and on that basis denies them. Wander admits the

allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 199.

200. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 200.

201. Paragraph 201 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 201.

202. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding King's role at 777 Partners in paragraph 202, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 202.

203. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203, and on that basis denies them.

204. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Bennett's employment search in paragraph 204, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 204.

205. Paragraph 205 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205, and on that basis denies them.

206. Paragraph 206 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206 regarding the date, participants, and contents of the communications described, and on that basis denies them.

207. Paragraph 207 purports to characterize the contents of written documents, which speak for themselves.

**B. A-CAP Was Well Aware of and Participated in 777's Fraud on Leadenhall.**

**1. The False Compliance Reports**

208. Paragraph 208 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 208.

209. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP's knowledge in paragraph 209, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 209.

210. Wander denies the allegations and characterizations in paragraph 210.

**2. The Sham "Restructuring" Negotiations**

211. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP's alleged offer and Leadenhall's response in paragraph 211, and on that basis denies them. Wander denies the remaining allegations and characterizations in paragraph 211.

212. Wander lacks knowledge or information sufficient to form a belief as to allegations regarding A-CAP's knowledge and Leadenhall's perceptions in paragraph 212, and on that basis

denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 212..

213. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP's alleged conduct and intent in paragraph 213, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 213..

214. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP, King, and statements allegedly made by unnamed 777 Partners personnel in paragraph 214, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 214..

215. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP and statements allegedly made by an unnamed employee in paragraph 215, and on that basis denies them.

**3. A-CAP's Attempts to Prevent Leadenhall from Auditing Its Collateral**

216. Paragraph 216 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP in paragraph 216, and on that basis denies them.

217. Paragraph 217 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP and Kosinski in paragraph 217, and on that basis denies them.

218. Paragraph 218 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP and Kosinski in paragraph 218, and on that basis denies them.

**C. A-CAP Exercised and Continues to Exercise Its Control Over 777 Partners to Advantage Itself Over Other Creditors, Including Leadenhall.**

219. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP's intentions in paragraph 219, and on that basis denies them.

220. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP in paragraph 220, and on that basis denies them.

221. Paragraph 221 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP in paragraph 221, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 221..

222. Paragraph 222 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Haymarket's purposes and Pasko in paragraph 222, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 222.

223. Paragraph 223 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with

the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 223.

224. Paragraph 224 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP and Haymarket in paragraph 224, and on that basis denies them.

225. Paragraph 225 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP and King in paragraph 225, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 225.

226. Paragraph 226 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP in paragraph 226, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 226.

227. Paragraph 227 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227, and on that basis denies them.

228. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 228, and on that basis denies them.

229. Paragraph 229 states legal conclusions, to which no response is required. Wander otherwise lacks knowledge or information sufficient to form a belief as to allegations regarding A-CAP's motives in paragraph 229, and on that basis denies them.

**D. The Tangled Web of A-CAP and 777 Partners**

230. Wander admits that 777 Re is a reinsurance company affiliated with 777 Partners. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Leadenhall's investigation in paragraph 230, and on that basis denies them.

231. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 231.

232. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 232, and on that basis denies them.

233. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 233, and on that basis denies them.

234. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 234, and on that basis denies them.

235. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235, and on that basis denies them.

236. Paragraph 236 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236, and on that basis denies them.

237. Paragraph 237 purports to characterize the contents of written documents, which speak for themselves.

238. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 238.

239. Paragraph 239 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding King in paragraph 239, and on that basis denies them.

240. Paragraph 240 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 240, and on that basis denies them.

241. Paragraph 241 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241, and on that basis denies them.

242. Paragraph 242 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP in paragraph 242, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 242.

243. Paragraph 243 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243, and on that basis denies them.

244. Paragraph 244 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 244, and on that basis denies them.

245. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245, and on that basis denies them.

246. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246, and on that basis denies them.

**E. Wander, Pasko, and the 777 Entities Operate as Alter Egos.**

247. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 247.

248. Paragraph 248 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 248.

249. Paragraph 249 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 249.

250. Paragraph 250 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 250.

251. Paragraph 251 purports to characterize the contents of written documents, which speak for themselves. Wander admits that 777 Partners appointed B. Riley Advisory Services as an independent fiduciary, but otherwise denies the allegations and characterizations in paragraph 251.

252. Paragraph 252 purports to characterize the contents of written documents, which speak for themselves.

253. Paragraph 253 purports to characterize the contents of written documents, which speak for themselves.

254. Paragraph 254 purports to characterize the contents of written documents, which speak for themselves.

255. Paragraph 255 purports to characterize the contents of written documents, which speak for themselves.

256. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the bankruptcy filing of Employee Funding of America LLC in paragraph 256, and on that basis denies them.

**F. As Creditors and Counterparties Learn the Truth, the A-CAP/777 Scheme Begins to Crumble.**

257. Paragraph 257 purports to characterize the contents of written documents, which speak for themselves. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 257, and on that basis denies them.

258. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 258.

259. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP's business and financial condition in paragraph 259, and on that basis denies them.

260. Paragraph 260 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with

the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 260.

261. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 261.

262. Paragraph 262 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 262.

263. Paragraph 263 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 263.

264. Paragraph 264 purports to characterize the contents of written documents, which speak for themselves. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 264, and on that basis denies them.

265. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 265.

266. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 266.

267. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 267.

268. Paragraph 268 purports to characterize the contents of written documents, which speak for themselves.

269. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 269.

270. Paragraph 270 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 270.

271. Paragraph 271 purports to characterize the contents of written documents, which speak for themselves.

272. Paragraph 272 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 272.

273. Paragraph 273 purports to characterize the contents of written documents, which speak for themselves.

274. Paragraph 274 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with

the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 274.

275. Paragraph 275 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 275.

276. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 276.

## IV. Absent Injunctive Relief, the Enterprise Would Frustrate Any Recovery by Pushing Itself to the Brink of Insolvency and Transferring Assets to A-CAP to Avoid Satisfying Creditors.

277. Paragraph 277 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 277.

278. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Bermuda Monetary Authority's state of mind in paragraph 278, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 278.

279. Paragraph 279 purports to characterize the contents of written documents, which speak for themselves.

280. Paragraph 280 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with

the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 280.

281. Paragraph 281 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 281.

282. Paragraph 282 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282, and on that basis denies them.

283. Paragraph 283 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding King and A-CAP in paragraph 283, and on that basis denies them.

284. Paragraph 284 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 284.

285. Paragraph 285 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 285..

286. Paragraph 286 states legal conclusions, to which no response is required. Paragraph 286 also purports to characterize the contents of written documents, which speak for themselves.

Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 286..

287. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 287 regarding the date, participants, and contents of the communication described, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 287.

288. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 288 regarding the date, participants, and contents of the communication described, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 288.

289. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 289, and on that basis denies them.

290. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 290, and on that basis denies them.

291. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP's alleged conduct in paragraph 291, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 291.

292. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 292, and on that basis denies them.

293. Paragraph 293 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP in paragraph 293, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 293.

294. Paragraph 294 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 294, and on that basis denies them.

295. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 295, and on that basis denies them.

296. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 296, and on that basis denies them.

297. Wander denies the allegations and characterizations in paragraph 297.

298. Paragraph 298 purports to characterize the contents of written documents, which speak for themselves.

299. Paragraph 299 purports to characterize the contents of written documents, which speak for themselves.

300. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP's motives in paragraph 300, and on that basis denies them.

301. Paragraph 301 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise denies the allegations and characterizations in paragraph 301.

302. Paragraph 302 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise denies the allegations and characterizations in paragraph 302.

303. Paragraph 303 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise denies the allegations and characterizations in paragraph 303.

304. Paragraph 304 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 304.

305. Paragraph 305 purports to characterize the contents of written documents, which speak for themselves. Wander otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP in paragraph 305, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 305.

306. Paragraph 306 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 306.

307. Paragraph 307 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 307.

308. Paragraph 308 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 308.

309. Wander admits that 777 Partners and its affiliates have been named in several lawsuits. Paragraph 309 otherwise purports to characterize the contents of written documents, which speak for themselves.

310. Paragraph 310 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 310.

311. Paragraph 311 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 311.

312. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding A-CAP's knowledge and intentions in paragraph 312, and on that basis denies them. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 312.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Breach of LSA Against Wander, Pasko, King, A-CAP, 777 Partners, 600 Partners, SuttonPark Servicing, Signal Medical, Insurety Capital, SuttonPark Borrower, Dorchester Borrower, Signal Borrower, Insurety Borrower)

313. Wander incorporates by reference his responses to all allegations set forth in paragraphs 1-312 as if set forth fully herein.

314. Paragraph 314 states legal conclusions, to which no response is required. Paragraph 314 also purports to characterize the contents of written documents, which speak for themselves.

315. Paragraph 315 states legal conclusions, to which no response is required.

316. Paragraph 316 purports to characterize the contents of written documents, which speak for themselves.

317. Paragraph 317 states legal conclusions, to which no response is required. Paragraph 317 also purports to characterize the contents of written documents, which speak for themselves.

318. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 318.

319. Paragraph 319 states legal conclusions, to which no response is required. Paragraph 319 also purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 319.

320. Paragraph 320 states legal conclusions, to which no response is required. Paragraph 320 also purports to characterize the contents of written documents, which speak for themselves.

321. Paragraph 321 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 321.

322. Paragraph 322 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 322.

323. Paragraph 323 states legal conclusions, to which no response is required. Paragraph 323 also purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 323.

## SECOND CLAIM FOR RELIEF
## (Breach of Sale Agreement Against Wander, Pasko, King, A-CAP, 777 Partners, 600 Partners, SuttonPark Capital, Signal Medical, Signal Borrower, Insurety Borrower, Insurety Capital)

324. Wander incorporates by reference his responses to all allegations set forth in paragraphs 1-312 as if set forth fully herein.

325. Paragraph 325 states legal conclusions, to which no response is required. Paragraph 325 also purports to characterize the contents of written documents, which speak for themselves.

326. Paragraph 326 purports to characterize the contents of written documents, which speak for themselves.

327. Paragraph 327 purports to characterize the contents of written documents, which speak for themselves.

328. Paragraph 328 purports to characterize the contents of written documents, which speak for themselves.

329. Paragraph 329 states legal conclusions, to which no response is required.

330. Paragraph 330 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 330.

331. Paragraph 331 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 331.

332. Paragraph 332 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 332.

**THIRD CLAIM FOR RELIEF**
**(Breach of Servicing Agreement and LSA Against Wander, Pasko, King, A-CAP, 600 Partners, SuttonPark Capital, SuttonPark Servicer)**

333. Wander incorporates by reference his responses to all allegations set forth in paragraphs 1-312 as if set forth fully herein.

334. Paragraph 334 states legal conclusions, to which no response is required. Paragraph 334 also purports to characterize the contents of written documents, which speak for themselves.

335. Paragraph 335 states legal conclusions, to which no response is required.

336. Paragraph 336 purports to characterize the contents of written documents, which speak for themselves.

337. Paragraph 337 purports to characterize the contents of written documents, which speak for themselves.

338. Paragraph 338 states legal conclusions, to which no response is required. Paragraph 338 also purports to characterize the contents of written documents, which speak for themselves.

339. Paragraph 339 purports to characterize the contents of written documents, which speak for themselves.

340. Paragraph 340 states legal conclusions, to which no response is required. Paragraph 340 also purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 340.

341. Paragraph 341 purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 341.

342. Paragraph 342 purports to characterize the contents of written documents, which speak for themselves.

343. Wander lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 343, and on that basis denies them.

344. Paragraph 344 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 344.

345. Paragraph 345 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 345.

## FOURTH CLAIM FOR RELIEF
## (Breach of Guaranty Agreement Against Wander, Pasko, 777 Partners, 600 Partners)

346. Wander incorporates by reference his responses to all allegations set forth in paragraphs 1-312 as if set forth fully herein.

347. Paragraph 347 states legal conclusions, to which no response is required. Paragraph 347 also purports to characterize the contents of written documents, which speak for themselves.

348. Paragraph 348 states legal conclusions, to which no response is required.

349. Paragraph 349 purports to characterize the contents of written documents, which speak for themselves.

350. Paragraph 350 purports to characterize the contents of written documents, which speak for themselves.

351. Paragraph 351 states legal conclusions, to which no response is required. Paragraph 351 also purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 351.

352. Paragraph 352 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 352.

353. Paragraph 353 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 353.

354. Paragraph 354 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 354.

355. Paragraph 355 states legal conclusions, to which no response is required. Paragraph 355 also purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 355.

**FIFTH CLAIM FOR RELIEF**
**(Civil RICO, 18 U.S.C. § 1962(c), Against Wander, Pasko, King, A-CAP, 777 Partners, 600 Partners, SuttonPark Capital, SuttonPark Servicer, SuttonPark Borrower, Dorchester Borrower)**

356. Wander incorporates by reference his responses to all allegations set forth in paragraphs 1-312 as if set forth fully herein.

357. Paragraph 357 states legal conclusions, to which no response is required. Wander denies the remaining allegations and characterizations in paragraph 357.

358. Paragraph 358 states legal conclusions, to which no response is required. Wander denies the remaining allegations and characterizations in paragraph 358.

359. Paragraph 359 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 359.

360. Paragraph 360 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 360.

361. Paragraph 361 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 361.

362. Paragraph 362 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 362.

363. Paragraph 363 states legal conclusions, to which no response is required. Paragraph 363 also purports to characterize the contents of written documents, which speak for themselves.

Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 363.

364. Paragraph 364 states legal conclusions, to which no response is required. Paragraph 364 also purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 364.

365. Paragraph 365 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 365.

366. Paragraph 366 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 366.

367. Paragraph 367 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 367.

368. Paragraph 368 states legal conclusions, to which no response is required. Paragraph 368 also purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 368.

369. Paragraph 369 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 369.

370. Paragraph 370 states legal conclusions, to which no response is required.

371. Paragraph 371 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 371.

**SIXTH CLAIM FOR RELIEF**
**(Civil RICO Conspiracy, 18 U.S.C. § 1962(d), Against All Defendants)**

372. Wander incorporates by reference his responses to all allegations set forth in paragraphs 1-312 as if set forth fully herein.

373. Paragraph 373 states legal conclusions, to which no response is required. Wander denies the remaining allegations and characterizations in paragraph 373.

374. Paragraph 374 states legal conclusions, to which no response is required. Paragraph 374 also purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 374.

375. Paragraph 375 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 375.

376. Paragraph 376 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 376.

377. Paragraph 377 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 377.

378. Paragraph 378 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 378.

379. Paragraph 379 states legal conclusions, to which no response is required.

380. Paragraph 380 states legal conclusions, to which no response is required.

381. Paragraph 381 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 381.

382. Paragraph 382 states legal conclusions, to which no response is required.

383. Paragraph 383 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 383.

**SEVENTH CLAIM FOR RELIEF**
**(Fraudulent Misrepresentation Against Wander, Pasko, King, A-CAP, 777 Partners, 600 Partners, SuttonPark Capital, SuttonPark Servicer, SuttonPark Borrower, Dorchester Borrower)**

384. Wander incorporates by reference his responses to all allegations set forth in paragraphs 1-312 as if set forth fully herein.

385. Paragraph 385 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 385.

386. Paragraph 386 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 386.

387. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 387.

388. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 388.

## EIGHTH CLAIM FOR RELIEF
## (Civil Conspiracy to Commit Fraud Against All Defendants)

389. Wander incorporates by reference his responses to all allegations set forth in paragraphs 1-312 as if set forth fully herein.

390. Paragraph 390 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 390.

391. Paragraph 391 states legal conclusions, to which no response is required. Paragraph 391 also purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 391.

392. Paragraph 392 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 392.

393. Paragraph 393 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 393.

**NINTH CLAIM FOR RELIEF**
**(Aiding and Abetting Fraud Against Wander, Pasko, King, A-CAP, 777 Partners, 600 Partners, SuttonPark Capital)**

394. Wander incorporates by reference his responses to all allegations set forth in paragraphs 1-312 as if set forth fully herein.

395. Paragraph 395 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 395.

396. Paragraph 396 states legal conclusions, to which no response is required. Paragraph 396 also purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 396.

397. Paragraph 397 states legal conclusions, to which no response is required. Paragraph 397 also purports to characterize the contents of written documents, which speak for themselves. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 397.

398. Paragraph 398 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 398.

**TENTH CLAIM FOR RELIEF**
**(Unjust Enrichment Against All Defendants)**

399. Wander incorporates by reference his responses to all allegations set forth in paragraphs 1-312 as if set forth fully herein.

400. Paragraph 400 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 400.

401. Paragraph 401 states legal conclusions, to which no response is required. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 401.

402. Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraph 402.

## ELEVENTH CLAIM FOR RELIEF
## (Actual Fraudulent Transfer Under N.Y. Debtor and Creditor Law § 273(a)(1) Against 777 Partners, Wander, Pasko, A-CAP)

Count Eleven was dismissed by the Court's Order dated September 21, 2026 (ECF No. 605). No response is required. To the extent a response is deemed required, Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraphs 403-408.

## TWELFTH CLAIM FOR RELIEF
## (Constructive Fraudulent Transfer Under N.Y. Debtor and Creditor Law §§ 273(a)(2), 274 Against 777 Partners, Wander, Pasko, A-CAP )

Count Twelve was dismissed by the Court's Order dated September 21, 2026 (ECF No. 605). No response is required. To the extent a response is deemed required, Wander admits the allegations herein to the extent they are consistent with the Indictment Allegations, but denies the remaining allegations and characterizations in paragraphs 409-416.

## PRAYER FOR RELIEF

417. Wander denies that Plaintiff is entitled to the requested relief, or any relief, against him. He requests that the Court dismiss all claims against him with prejudice and enter judgment

in his favor, an award of his costs incurred in this action, and any other available relief the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

In further answer to the allegations made by Plaintiffs, Wander asserts the following affirmative defenses, incorporating by reference all of the preceding material. Wander does not concede that he has the burden of proof on the defenses listed below, or element of a cause of action where such burden properly belongs to Plaintiffs. Wander reserves the right to rely on all further affirmative defenses that become available or appear during discovery proceedings and amend this Answer for the purpose of asserting any such additional affirmative defenses.

**First Affirmative Defense**
**(Contributory Negligence)**

Plaintiffs' claims are barred, in whole or in part, because and/or to extent the facts alleged are proven true, Plaintiffs could not have justifiably relied on the alleged misrepresentations made by Defendant over the extensive period of time alleged, and any damages were therefore caused by Plaintiffs' own contributory and/or comparative negligence.

**Second Affirmative Defense**
**(Failure to Mitigate)**

Plaintiffs' claims are barred, in whole or in part, because and/or to the extent that Plaintiffs failed to mitigate their alleged damages.

**Third Affirmative Defense**
**(Speculative Damages)**

Plaintiffs' claims are barred, in whole or in part, because their purported damages are unduly speculative.

**Fourth Affirmative Defense**
**(Failure To State A Claim)**

Plaintiffs' claims are barred, in whole or in part, because the Corrected Amended Complaint fails to state a claim upon which relief may be granted.

**Fifth Affirmative Defense**
**(No Independent Tort)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to allege any tort separate and apart from breaches of the transaction documents, and because Plaintiffs seek duplicative damages for their tort and breach of contract claims.

**Sixth Affirmative Defense**
**(Lack of Standing)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing or authority to enforce the transaction documents at issue and to assert the claims in this action.

**Seventh Affirmative Defense**
**(Failure to Plead a RICO Violation)**

Plaintiffs fail to adequately plead the elements of a RICO violation, including because Plaintiffs, as foreign entities, fail to allege a domestic injury.

WHEREFORE, Defendant Wander requests that the Court dismiss all claims against him with prejudice and enter judgment in his favor, an award of his costs incurred in this action, and any other available relief the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Wander demands a jury trial in this matter for all issues so triable.

Dated: New York, New York
October 20, 2026

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Alex Rossmiller*

Alex Rossmiller
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
Tel. (212) 849-7000
alexrossmiller@quinnemanuel.com

Katherine Schroeder
555 13th Street NW, Suite 600
Washington, D.C. 20004
Tel. (202) 538-8000
katherineschroeder@quinnemanuel.com

*Attorneys for Defendant Josh Wander*