FOLEY

FOLEY & LARDNER LLP

90 PARK AVE
37TH FLOOR
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
FOLEY.COM

WRITER'S DIRECT LINE
212.338.3514
Phara.guberman@foley.com

**Via ECF** November 12, 2026

Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**RE: *Leadenhall Capital Partners LLP et al. v. Wander et al., 24-cv-03453-JGK***

Dear Judge Koeltl:

Defendants Advantage Capital Holdings LLC ("A-CAP") and Kenneth King (collectively, "A-CAP Defendants") respectfully request that this Court take judicial notice of the transcript of a recent hearing in the related bankruptcy proceedings, *In re Signal National LLC*, Case No. 26-90190 (ELM) (Bankr. N.D. Tex.) (the "Bankruptcy"). During the hearing on November 4, 2026 (the "Hearing"), the Bankruptcy Court opined on the scope of the automatic stay as it applies to this action and stated its expectation that the A-CAP Defendants share those views with this Court. Leadenhall declined to do so in the joint Rule 26(f) filing. The A-CAP Defendants respectfully do so now, which is also consistent with this Court's previous directive that, to the extent there is any overlap or conflict between the Bankruptcy and this litigation, it "be brought to the attention of this court or the bankruptcy court." ECF No. 606 at 2–3. Attached as Exhibit A is a transcript of the Hearing.

As background, following the initiation of the Bankruptcy, this action was automatically stayed as to 777 Partners, 600 Partners, Signal Medical Receivables, LLC, SuttonPark Capital LLC, SuttonPark Servicing LLC, and Signal Servicing LLC (collectively, the "Debtor Defendants"), and, by stipulation, as to the non-debtor 777 entities. ECF No. 589. Leadenhall, however, declined to consent to a temporary discretionary stay as to the other defendants (the "Non-Stayed Defendants"), and, on September 21, 2026, this Court denied the A-CAP Defendants' motion for a temporary stay. ECF No. 606.

A-CAP then moved the Bankruptcy Court under 11 U.S.C. § 362(d)(1) for limited relief from the automatic stay to serve written discovery on and related to the Debtors. Motion for Relief from Automatic Stay to Issue Written Discovery in the SDNY Litigation, *In re Signal National LLC*, ECF No. 367. Following the November 4, 2026 Hearing, the Honorable Edward L. Morris denied the motion without prejudice for the reasons set forth on the record. Order, *In re Signal National LLC*, ECF No. 445.

At the conclusion of the Hearing, however, Judge Morris stated his expectation that A-CAP "include in [the] Rule 26(f) report what has happened here and the impact that that ought to have with respect to a discovery cutoff." Ex. A at 79:2–5. The transcript of the Hearing sets forth

the Bankruptcy Court's observations on whether the present action should continue against the Non-Stayed Defendants at this time.

The Bankruptcy Court stated that the continuance of this action is "a patent violation of 11 U.S.C. Section 362(a)(1)" and expressed frustration that "the approved DIP Lender [Leadenhall] in this case is monkeying around in ways that appears to be about as black letter law violation of the automatic stay as you can get." *Id.* at 45:3–4; 8–11. In particular, the Bankruptcy Court observed that "when we have breach claims going on with respect to the Debtors and A-CAP relating to the same agreements; when we have civil RICO claims being asserted against the Debtors and A-CAP; when we have conspiracy and aiding and abetting claims going on that involve fraud against the Debtors and A-CAP … allowing discovery to be ongoing among the other parties … is absolutely one hundred percent prejudicial to the Debtors." *Id.* at 71:14–22.

Similarly, the Bankruptcy Court stated that this litigation "is certainly prejudicial to the Debtors because the Debtors are party to the litigation. There is no way that the Debtors can get the breathing spell from the litigation and sit on the sidelines completely and focus on the bankruptcy case, which is exactly what early Supreme Court case law talked about in the context of automatic stay issues, while collateral activity is going on among other parties to the action, including, without limitation, codefendants on causes of action as to which the Debtors and another party are named as co-parties." *Id.* at 70:23–25; 71:1–7; *see also id.* at 73:4–8 ("Even if we pretend that the case isn't proceeding against the Debtors, they're a party. . . So it's clearly going to involve the Debtor one way or the other.").

The Bankruptcy Court finally observed that even a three-month pause would allow the Debtors to focus on the Bankruptcy, based on the "tight timeline" that Leadenhall, as DIP Lender, "cabined the Debtor[s in]to." *Id.* at 78:2–13.

Following the Hearing, the A-CAP Defendants repeated their written request to Plaintiffs that they stipulate to a four-month stay of this proceeding and all related deadlines. Plaintiffs declined to stipulate to a stay.

We thank the Court for its consideration, including as it assesses the parties' respective positions in the Joint Rule 26(f) Report and Proposed Discovery Plan.

Respectfully submitted,

*/s/ Phara A. Guberman*

**Phara A. Guberman**