King & Spalding LLP
1290 Avenue of the Americas
New York, New York 10104

**Leigh M. Nathanson**
Partner
T: (212) 790-5359
lnathanson@kslaw.com

November 16, 2026

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Leadenhall Capital Partners LLP et al. v. Wander et al.*, 24-cv-03453-JGK

Dear Judge Koeltl,

We write on behalf of Plaintiffs Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (together "Leadenhall" or "Plaintiffs") in response to Defendants' Advantage Capital Holdings LLC's ("A-CAP") and Kenneth King's letter filed November 12, 2026, asking that this Court take judicial notice of the transcript of a recent hearing in connection with the Debtor Defendants'[1] chapter 11 cases in the Bankruptcy Court for the Northern District of Texas.

Plaintiffs take no position as to A-CAP's request. As the hearing transcript reflects, after A-CAP unsuccessfully moved this Court to *impose* a stay of claims against it due to the bankruptcy, it then asked the Bankruptcy Court to *lift* the stay of claims against the Debtors based on the same fairness arguments that this Court rejected—*i.e.*, that A-CAP would be prejudiced by having to defend claims while certain co-defendants are stayed. ECF 645 at 1; ECF 645-1 at 8-12. The Bankruptcy Court denied A-CAP's motion without prejudice to renewal in the event that the discovery schedule in this case fails to provide sufficient time and flexibility for A-CAP to take discovery from the stayed defendants once the stay is lifted. As reflected in the parties' joint 26(f) report, submitted on November 12, 2026, that will not be an issue. Under either the schedule proposed by Plaintiffs or the schedule proposed by the Non-Stayed Defendants,[2] A-CAP will have at least three months after the anticipated effective date for a chapter 11 plan to take any additional fact discovery from the stayed defendants (setting aside the two years A-CAP had to take discovery from those parties prior to the bankruptcy). *See* ECF 643 at 11 (close of fact discovery either July 1, 2027 or September 23, 2027); ECF 645-1 at 66 (plan effective-date milestone of February 5, 2027). And the parties have expressly agreed to extend the discovery schedule as necessary given developments in the bankruptcy. ECF 643 at 2, 12.

Nonetheless, the Non-Stayed Defendants now state their intention to ask the Bankruptcy Court to impose the stay this Court denied, to the extent they have standing to do so, and Mr. Pasko

[1] The Debtor Defendants are 777 Partners LLC, 600 Partners LLC, SuttonPark Capital LLC, SuttonPark Servicing LLC, and Signal Medical Receivables LLC.
[2] The Non-Stayed Defendants are A-CAP, Kenneth King, Joshua Wander, and Steven Pasko.

filed an adversary proceeding Friday in the Bankruptcy Court seeking a declaration that proceeding with claims against him is a violation of the automatic stay or alternatively that the stay should be extended to protect him. *Pasko v. Leadenhall Capital Partners, LLP*, Adv. Proc. No. 26-09018 (ELM) (Bankr. N.D. Tex. Nov. 13, 2026), ECF No. 1. Leadenhall will respond to Mr. Pasko's complaint in due course and is confident that this Court, in adjudicating Defendants' prior stay request with the benefit of briefing on the relevant law and facts, appropriately accounted for the concerns voiced by Judge Morris in the Bankruptcy Court. Judge Morris' surprise that the Debtors had not sought to stay this action in its entirety is understandable given that the Bankruptcy Court had not been briefed on the fact that the Debtors had already moved, and Leadenhall had voluntarily agreed, to extend the stay as to proceedings against non-debtor co-defendants "that seek to establish guaranteed obligations or otherwise impose an immediate adverse economic consequence on 777 Partners or its alleged estate." ECF 578 at 2-3; ECF 588 (stipulating to extension of stay). Those Defendants included the 777 Entity Defendants,[3] whose liabilities were guaranteed by the Debtors, but not A-CAP, King, Wander, or Pasko.

While the automatic stay (as extended by agreement) is in place, Plaintiffs are seeking no discovery from the stayed defendants, nor any discovery from other parties or third parties that would require any expenditure of assets by the Debtors (such as third-party documents implicating the Debtors' privilege). As this Court noted in denying A-CAP's motion for a discretionary stay, the issuance of any decisions adjudicating the merits of this action as to the Non-Stayed Defendants is unlikely before a chapter 11 plan is made effective. ECF 606 at 3. And, in any event, decisions about the independent liability of joint tortfeasors do not give rise to "immediate adverse economic consequence[s]" on the Debtors' estates. *See Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287–88 (2d Cir. 2003) (declining to extend stay to separately liable co-defendants despite risk of collateral estoppel or adverse precedent); *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (automatic stay "applies only to the debtor, not to co-debtors . . . nor to co-tortfeasors").

Respectfully submitted,

*/s/ Leigh M. Nathanson*

Leigh M. Nathanson

[3] Specifically, Insurety Capital LLC, Insurety Agency Services, LLC, SPLCSS III LLC, Dorchestor Receivables II LLC, and Signal SML 4 LLC.